Peter Strojnik (Sr.),
7847 N. Central Ave.
Phoenix, Arizona 85020
602-524-6602
ps@strojnik.com

**FILED**
Nov 20 2019
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY  s/ SuzanneA  DEPUTY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Peter Strojnik (Sr.),<br><br>Plaintiff,<br><br>vs.<br><br>Village 1017 Coronado, Inc. dba Hotel Marisol Coronado<br><br>Defendant. | Case No: **'19CV2210 BAS MSB**<br><br>**COMPLAINT**<br><br>1. Americans with Disabilities Act<br>2. Discrimination in Public Accommodations (State Law)<br>3. Negligence<br><br>**JURY TRIAL REQUESTED** |

1. Plaintiff brings this action pursuant to the (1) Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.* and corresponding regulations, 28 CFR Part 36 and Department of Justice Standards for Accessible Design ("ADA"), (2) California Unruh Civil Rights Act, California Civil Code § 51, 52 ("Unruh") (3) the California Disabled Persons Act ("DPA") and (4) common law of negligence per se.

**PARTIES**

2. Plaintiff Peter Strojnik is a veteran and a disabled person as defined by the ADA, Unruh and DPA.

3. Plaintiff is a single man currently residing in Maricopa County, Arizona. Plaintiff is and, at all times relevant hereto has been, legally disabled by virtue of a severe right-sided neural foraminal stenosis with symptoms of femoral neuropathy, prostate cancer and renal cancer, missing part of a limb (prosthetic right knee) and is therefore a member of a protected class under the ADA and Unruh.

4. Plaintiff suffers from physical impairments described above which impairments substantially limit his major life activities. Plaintiff walks with difficulty and pain and requires compliant mobility accessible features at places of public accommodation. Plaintiff's impairment is constant, but the degree of pain is episodic ranging from dull and numbing pain to extreme and excruciating agony.

5. Defendant, owns, operates leases or leases to a lodging business ("Hotel") located at 1017 Park Place, Coronado, CA 92118 which is a public accommodation pursuant to 42 U.S.C. § 12181(7)(A) and Unruh.

## JURISDICTION

6. District Court has jurisdiction over this case or controversy by virtue of 28 U.S.C. §§ 28-1331 and 42 U.S.C. § 12188 and 28 U.S.C. § 1367.

7. Plaintiff brings this action as a private attorney general who has been personally subjected to discrimination on the basis of his disability, *see* 42 U.S.C.12188 and 28 CFR §36.501.

8. This Court has continuing subject matter jurisdiction by virtue of, *inter alia,* Plaintiff's claim for equitable nominal damages.

9. Venue is proper pursuant to 28 U.S.C. § 1391.

10. The ADAAG AND Unruh violations in this Complaint relate to barriers to Plaintiffs mobility. This impairs Plaintiff's full and equal access to the Hotel which, in turn, constitutes discrimination satisfying the "injury in fact" requirement of Article III of the United States Constitution.

11. Plaintiff is deterred from visiting the Hotel based on Plaintiff's knowledge that the Hotel is not ADA or State Law compliant as such compliance relates to Plaintiff's disability.

12. Plaintiff intends to visit Defendant's Hotel at a specific time when the Defendant's noncompliant Hotel becomes fully compliant with ADAAG; just as a disabled individual who intends to return to a noncompliant facility suffers an imminent injury from the facility's existing or imminently threatened noncompliance with the ADA, a plaintiff who is deterred from patronizing a hotel suffers the ongoing actual injury of lack of access to the Hotel.

## COUNT ONE
### Violation of Plaintiff's Civil Rights under the ADA

13. Plaintiff realleges all allegations heretofore set forth.
14. By virtue of his disability, Plaintiff requires an ADA compliant lodging facility particularly applicable to his mobility, both ambulatory and wheelchair assisted.
15. Plaintiff visited Coronado area on June 25 and 26, 2019.
16. Plaintiff encountered barriers to accessibility documented in Addendum A which is by this reference incorporated herein.
17. The ADA and Unruh violations described in Addendum A relate to Plaintiff's disability and interfere with Plaintiff's full and complete enjoyment of the Hotel.
18. The removal of accessibility barriers listed above is readily achievable.
19. As a direct and proximate result of ADA Violations, Defendant's failure to remove accessibility barriers prevented Plaintiff from equal access to the Defendant's public accommodation.

**WHEREFORE,** Plaintiff prays for all relief as follows:

    A. Relief described in 42 U.S.C. §2000a – 3; and

    B. Relief described in 42 U.S.C. § 12188(a) and (b) and, particularly -

    C. Injunctive relief order to alter Defendant's place of public accommodation to make it readily accessible to and usable by ALL individuals with disabilities; and

    D. Requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods, to the extent required by Subchapter III of the ADA; and

    E. Equitable nominal damages; and

    F. For costs, expenses and attorney's fees; and

    G. All remedies provided for in 28 C.F.R. 36.501(a) and (b).

## COUNT TWO
### (Violation of the California Unruh Civil Rights Act, Cal. Civ. Code §§51, 52)

20. Plaintiff realleges all allegations heretofore set forth.

21. Defendant has violated the Unruh by denying Plaintiff equal access to its public accommodation on the basis of his disability as outlined above.
22. Unruh provides for declaratory and monetary relief to "aggrieved persons" who suffer from discrimination on the basis of their disability.
23. Plaintiff has been damaged by the Defendant's non-compliance with Unruh and is thereby aggrieved.
24. Pursuant to Cal Civ. Code §52, Plaintiff is further entitled to such other relief as the Court considers appropriate, including monetary damages in an amount to be proven at trial, but in no event less than $4,000.00 per encounter with each barrier to accessibility.
25. Pursuant to Unruh, Plaintiff is entitled to costs and expenses in an amount to be proven at trial.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

a. A Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of Unruh; and

b. Irrespective of Defendants "voluntary cessation" of the ADA violation, if applicable, a permanent injunction pursuant to Unruh which directs Defendant to take all steps necessary to bring its accommodation into full compliance with the requirements set forth in the Unruh, and its implementing regulations, so that the Hotel facilities are fully accessible to, and independently usable by, disabled individuals, and which further directs that the Court shall retain jurisdiction for a period to be determined after Defendant certifies that its facilities are fully in compliance with the relevant requirements of the Unruh to ensure that Defendant has adopted and is following an institutional policy that will in fact cause Defendant to remain fully in compliance with the law; and

c. Irrespective of Defendants "voluntary cessation" of the ADA violation, if applicable, the payment of costs of suit; and

d. Order closure of the Defendant's place of public accommodation until Defendant has fully complied with the Unruh; and

e. For damages in an amount no less than $4,000.00 per encounter with barrier; and

f. For treble damages pursuant to Cal Civ. Code. §3345.

g. The provision of whatever other relief the Court deems just, equitable and appropriate.

### COUNT THREE
**(Violation of the California Disabled Persons Act, Cal. Civ. Code §§54-54.3)**

26. Plaintiff realleges all allegations heretofore set forth.

27. Defendant has violated the DPA by denying Plaintiff equal access to its public accommodation on the basis of his disability as outlined above.

28. The DPA provides for monetary relief to "aggrieved persons" who suffer from discrimination on the basis of their disability.

29. Plaintiff has been aggrieved by the Defendant's non-compliance with the DPA.

30. Pursuant to the DPA, Plaintiff is further entitled to such other relief as the Court considers appropriate, including monetary damages in an amount to be proven at trial, but in no event less than $1,000.00. Cal. Civ. Code § 54.3.

31. Pursuant to the DPA, Plaintiff is entitled to costs in an amount to be proven at trial. Cal. Civ. Code § 54.3.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

a. A Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of Unruh; and

b. Irrespective of Defendants "voluntary cessation" of the ADA violation, if applicable, a permanent injunction pursuant to Unruh which directs Defendant to take all steps necessary to bring its facilities into full compliance with the requirements set forth in the Unruh, and its implementing regulations, so that the facilities are fully accessible to, and independently usable by, disabled individuals as required by law, and which further directs that the Court shall retain jurisdiction

for a period to be determined after Defendant certifies that its facilities are fully in compliance with the relevant requirements of the Unruh to ensure that Defendant has adopted and is following an institutional policy that will in fact cause Defendant to remain fully in compliance with the law; and

c. Irrespective of Defendants "voluntary cessation" of the ADA violation, if applicable, the payment of costs of suit; and

d. Order closure of the Defendant's place of public accommodation until Defendant has fully complied with the DPA; and

e. For damages in an amount no less than $1,000.00 per violation per encounter; and

f. For treble damages pursuant to Cal Civ. Code. §3345.

g. The provision of whatever other relief the Court deems just, equitable and appropriate.

## COUNT FOUR
### Negligence

32. Plaintiff realleges all allegations heretofore set forth.
33. Defendant owed Plaintiff a duty to remove ADA accessibility barriers so that Plaintiff as a disabled individual would have full and equal access to the public accommodation.
34. Defendant breached this duty.
35. Defendant's knowing, and intentional discrimination has worked counter to our Nation's goals enumerated in 42 U.S.C. 12101(a), causing Plaintiff damage.
36. By engaging in negligent conduct described herein, Defendant engaged in intentional, aggravated and outrageous conduct.
37. Defendant either intended to cause injury to Plaintiff or defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.
38. Defendant is liable to Plaintiff for punitive damages in an amount to be proven at trial sufficient, however, to deter this Defendant and others similarly situated from pursuing similar acts.

6

**WHEREFORE,** Plaintiff prays for relief as follows:

    A. For finding of negligence; and

    B. For damages in an amount to be proven at trial; and

    C. For punitive damages to be proven at trial; and

    D. For such other and further relief as the Court may deem just and proper.

**REQUEST FOR TRIAL BY JURY**

Plaintiff respectfully requests a trial by jury in issues triable by a jury.

RESPECTFULLY SUBMITTED this 18th day of November, 2019.

                                              PETER STROJNIK

                                              Plaintiff

# ADDENDUM A

| BOOKING WEBSITES – ACCESSIBILITY INFORMATION |
|---|
| **HOTELS.COM** |

| Accessibility | Accessible bathroom | In-room accessibility | Roll-in shower |

**INSUFFICIENT ACCESSIBILITY DISCLOSURE**

| 1st PARTY WEBSITE |
|---|
| www.marisolcoronado.com |

**Outdoors**
- Garden

**Pets**
- Pets are allowed on request. Charges may apply.

**Activities**
- Bikes available (free)

**Internet**
- WiFi is available in all areas and is free of charge.

**Parking**
- No parking available.

**Services**
- Daily housekeeping
- Concierge
- 24-hour front desk

**General**
- WiFi in all areas
- Air conditioning
- Smoke-free property
- Heating
- Safe
- Elevator
- Facilities for disabled guests
- Non-smoking rooms
- Pet friendly

**NO ACCESSIBILITY DISCLOSURE**

| | |
|---|---|
| **Identification of Specific Barrier in Plain Language:** | Booking websites fail to provide information required by 28 CFR §36.302(e) |
| **The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** | Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs. |
| **The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** | On or about July 26-27 6, 2019. |

**PERSONAL BARRIER ECOUNTERS**

| | | |
|---|---|---|
| ✓ Identification | ✓ Improperly configured hardare | ✓ Naccessible check in counter |
| ✓ Improperly configured handrails | ✓ Improperly configured stairs | ✓ Inaccessible route |
| ✓ Hamdrails one side only | ✓ Improperly configured handrails | ✓ Inaccessible check in counter |

**Identification of Specific Barrier in Plain Language:** As indicate below each photo.

9

> The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel: On or about July 26-27, 2019.

**END**

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS117104
Cashier ID: akukura
Transaction Date: 11/20/2019
Payer Name: lunar eclipse 1
------------------------------------
CIVIL FILING FEE
 For: lunar eclipse 1
 Case/Party: D-CAS-3-19-CV-002210-001
 Amount:         $400.00
------------------------------------
CHECK
 Check/Money Order Num: 440
 Amt Tendered:  $400.00
------------------------------------
Total Due:      $400.00
Total Tendered: $400.00
Change Amt:     $0.00


There will be a fee of $53.00
charged for any returned check.
```