1  Philip H. Stillman, Esq. SBN# 152861
   STILLMAN & ASSOCIATES
2  3015 North Bay Road, Suite B
   Miami Beach, Florida 33140
3  Tel. and Fax:  (888) 235-4279
   pstillman@stillmanassociates.com
4
   Attorneys for defendant VILLAGE 1107 CORONADO, INC.
5

6              UNITED STATES DISTRICT COURT FOR THE
7               SOUTHERN DISTRICT OF CALIFORNIA

8                                      Case No. 19-cv-2210 BAS MSB

9  PETER STROJNIK,                  )
                                    )
10              Plaintiff,          )  **REPLY IN SUPPORT OF**
        vs.                         )  **DEFENDANT'S MOTION TO DISMISS**
                                    )  **COMPLAINT PURSUANT TO FED. R.**
11                                  )  **CIV. P. 12(B)(1) AND (6)**
                                    )
12 VILLAGE 1107 CORONADO INC. dba   )  **NO ORAL ARGUMENT UNLESS**
   Hotel Marisol Coronado,          )  **REQUESTED BY THE COURT.**
13                                  )
                Defendant.          )  Date:  February 18, 2020
14 _____ )  Courtroom: 4B, 4th Fl.

15

16                                     Hon. Cynthia A. Bashant

17                                     Complaint filed: November 20, 2019

18

19

20

21

22

23

24

25

26

27

28

**INTRODUCTION**

Despite a final judgment of dismissal based on Strojnik's inability to tie any alleged "barriers" that he might have experienced at a hotel in five separate cases, Strojnik continues to rely on the same boilerplate complaint that the Court in *Strojnik v. Pasadena Robles Acquisition, LLC*, Case No. 2:19-CV-02067-AB (PJWx) (C.D.Cal. August 14, 2019), *Strojnik v. Four Sisters Inns, Inc.*, No. 2:19-CV-02991-ODW (JEMx), 2019 WL 6700939, (C.D. Cal. Dec. 9, 2019), *Strojnik v. Orangewood*, LLC, Case No. 19-00946-DSF-(JCx) (C.D.Cal. January 22, 2020), *Strojnik v. 1315 Orange LLC*, 2019 U.S. Dist. LEXIS 185481 (S.D. Cal. Oct. 25, 2019) and *Strojnik v. Hotel Circle GL Holdings, LLC*, Case No. 1:19-cv-01194-DAD-EPG (E.D.Cal. November 21, 2019) have already found lacking to establish standing.  Accordingly, the Complaint can be dismissed based purely on collateral estoppel.

However, even ignoring the binding effect of those cases on Strojnik, Strojnik's Opposition does nothing to establish standing.  Whether by alleging "injury in fact coupled with an intent to return"or "deterrence," he has failed to establish standing.  First, he cannot avoid relating any barriers that he claims to have experienced to his specific disabilities – that is a bare minimum for standing.  The allegations that Strojnik cites in his Opposition simply are inadequate, as clearly argued in Defendant's Memorandum.

Second, for the same reasons that Strojnik cannot establish "intent to return," his deterrence claim is inadequate.  Strojnik does not even address the Ninth Circuit's four part test for determining whether an ADA plaintiff is deterred from returning, which he erroneously contends he does not have to meet.

Third, Strojnik fails to point to any allegations that show any type of concrete plans to return to the Hotel.  Other courts have already rejected Strojnik's allegation at Complaint, ¶ 12 that "Plaintiff intends to visit Defendant's Hotel at a specific time when the Defendant's noncompliant Hotel becomes fully compliant with ADAAG" as merely "some day" allegations."  *See e.g.*, *Strojnik v. Pasadena Robles Acquisition, LLC*, Case No. 2:19-CV-02067-AB (PJWx) (C.D.Cal. August 14, 2019); . Accordingly, his ADA

claim should be dismissed.

His state claims fare no better. Strojnik relies entirely on the alleged violation of the ADA to establish his Unruh Act claim, which is completely inadequate. Other than to claim in his Opposition that the violation of the ADA is therefore apparently negligence *per se*, Strojnik fails to even discuss or distinguish any of the cases cited in Defendant's Memorandum which hold that violation of the ADA *does not* support a negligence cause of action. *See, e.g., Strojnik v. Bakersfield Convention Hotel I, LLC,* Case No. 1:19-cv-01098-NONE-JLT (E.D.Cal. January 31, 2020) dismissing negligence claims, citing *Strojnik v. Landry's Inc.*, 2019 U.S. Dist. LEXIS 223873, at *15 (S.D. Tex. Dec. 9, 2019) (holding that Strojnik has failed to allege his negligence claim because the "allegations do not support the existence of a duty outside that imposed by the ADA"). Strojnik makes no argument at all regarding how he can be entitled to punitive damages based on his negligence count and that request should be stricken as it was in *Strojnik v. Orangewood, LLC*, No. 19-00946-DSF-(JCx) (C.D.Cal. August 8, 2019) (striking punitive damages).

Strojnik should be given no slack as a *pro se* litigant. As one Court recently held in dismissing a Strojnik ADA case with prejudice:

> A search of pacer.gov, sorted by date, reveals that three months after Plaintiff's law license was suspended, he began filing ADA access cases as a pro se litigant instead of filing them on behalf of clients. [citation omitted] Indeed, in less than four months, Plaintiff has filed twenty-six ADA actions as a pro se litigant. Rather than being a befuddled pro se litigant . . . Plaintiff is an experienced litigator who appears to have altered his business model to work around the loss of his license.

*Strojnik v. Singpoli Grp., LLC*, 2019 U.S. Dist. LEXIS 24494, at *3-4 (C.D. Cal. Feb. 14, 2019). Strojnik's boilerplate complaints all suffer from the same defects, pointed out repeatedly by the federal courts in California. His complaint should be dismissed with prejudice.

## ARGUMENT
### I.
### PLAINTIFF LACKS STANDING ON HIS ADA CLAIM

Because its jurisdiction is limited, "[a] federal court is presumed to lack jurisdiction

in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989).  To show standing under the ADA, a plaintiff must demonstrate that he has suffered an "injury-in-fact coupled with an intent to return to a noncompliant facility," or alternatively "deterrence from returning to the premises." *Chapman v. Pier 1 Imports, Inc.,* 631 F.3d 939, 946 (9th Cir. 2011).  Plaintiff has the burden of establishing the existence of these three elements, and must clearly allege *facts* demonstrating each element.  *Id*.  Since injunctive relief is the only remedy to individuals under Title III of the ADA, Plaintiff must also show he faces a "'real and immediate threat of repeated injury'" to establish an injury-in-fact for purposes of standing. *Chapman*, 631 F.3d at 946.

A.    Strojnik Has Not Alleged An Injury In Fact.

        The "injury in fact" element is met when a disabled plaintiff has personally encountered a barrier violating the ADA, *based on his specific disability. Chapman*, 631 F.3d at 947 (citing *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1044 (9th Cir. 2008)). *See also, Zimmerman v. GJS Grp.*, 2018 U.S. Dist. LEXIS 148816, at *15-16 (D. Nev. Aug. 30, 2018) (Plaintiff failed to satisfy the injury in fact requirement because Plaintiff does not relate the alleged ADA barriers to his particular disability, and cannot establish a concrete and particularized injury or a real and immediate threat of future injury).  However, despite fully briefing this issue, and despite not one or two but *five* courts dismissing Strojnik's cookie-cutter complaints for that very reason, Strojnik has not even offered facts in his Opposition to address his injury in fact, other than to rely on the already deficient allegations in the Complaint.

        The sum total of his "injury in fact" allegations are four:

        •    "The ADAAG  and  Unruh violations in this Complaint relate to barriers to Plaintiffs mobility. This impairs Plaintiffs full and equal access to the Hotel which,  in turn, constitutes  discrimination  satisfying  the 'injury  in  fact' requirement of Article III of the United States Constitution." Compl., ¶ 10;

        •    "By virtue of his disability, Plaintiff requires an ADA compliant lodging

1  facility particularly applicable to his mobility, both ambulatory and wheelchair assisted."

2  Compl., ¶ 14;

3      • "Plaintiff encountered barriers to accessibility documented in Addendum A

4  which is by this reference incorporated herein." Compl., ¶16.

5      • "The  ADA and Unruh violations described in Addendum A relate to Plaintiffs

6  disability and interfere with Plaintiffs full and complete enjoyment of the Hotel." Compl., ¶

7  17.

8      First, the cursory captions for the barely legible photographs in Addendum A are

9  purely legal conclusions which the Court should disregard. In *Strojnik v. Pasadena Robles*

10  *Acquisition, LLC*, Case No. 2:19-CV-02067-AB (PJWx) (C.D.Cal. August 14, 2019), the

11  Court held that

12      Plaintiff's Complaint also attaches printouts of photos from the hotel's website
       depicting what he states are ADA violations. See Compl. Addendum A. But
13      the Complaint does not spell out what each of the alleged ADA violations are,
       it simply attaches photos with captions in which Plaintiff states the photos
14      depict violations—but *such assertions are legal conclusions not factual*
       *allegations, so the Court disregards them.*

15  *Id.* (emphasis added).  Moreover, listing procedural violations without connecting them to

16  any particular harm is insufficient to plead standing. *Spokeo*, 136 S. Ct. at 1550.  None of

17  Plaintiff's allegations describe the architectural barriers at the Hotel and how those relate to

18  his disability. This is insufficient under *Chapman*, 631 F.3d at 954.  *See also*, *Strojnik v.*

19  *Orangewood, LLC*, No. 19-00946-DSF-(JCx) (C.D.Cal. January 22, 2020)(granting motion

20  to dismiss with prejudice for lack of standing for inadequate allegations relating Stojnik's

21  alleged disability with ADA violations); *Strojnik v. 1315 Orange LLC*, 2019 U.S. Dist.

22  LEXIS 185481 (S.D. Cal. Oct. 25, 2019)("series of grainy, murky photographs titled

23  "Personal Barrier Encounters," with brief captions . . . does not identify any barriers that

24  would affect Strojnik, deny him equal access, or deter him from staying at the hotel,"

25  dismissing complaint); *Strojnik v. Bakersfield Convention Hotel I, LLC,* Case No.

26  1:19-cv-01098-NONE-JLT (E.D.Cal. January 31, 2020) (same and warning Strojnik re

27  Rule 11 violation).  Plaintiff must do more than merely identify barriers that he

28  encountered—he must plead how each barrier affected him because of his disability.

1  *Chapman*, 631 F.3d at 954.  The complaint is devoid of any such allegations and therefore,

2  Plaintiff has not pled an injury in fact.

3       Second, because the Complaint does not spell out what each of the alleged violations

4  are, Strojnik obviously has not tied any alleged barriers to any disability.  The *Pasadena*

5  *Robles* court held:

6       Thus, while Plaintiff asserts that he was deterred from staying at Defendant's
   hotel because of access barriers he became aware of, the Complaint is devoid

7       of facts alleging what these access barriers are. And, having failed to articulate
   in allegations what the specific barriers are, Plaintiff also failed to tie them to

8       his alleged disability as required to show that the violation "affect[s] the
   plaintiff in a personal and individual way." *Lujan*, 504 U.S. at 560 n. 1.

9
   *Id.  See also*, *Cuadra v. George Brown Sports Club-Palm, Inc.*, 2019 U.S. Dist. LEXIS

10  70256, at *10-12 (E.D. Cal. Apr. 24, 2019) ("Plaintiff here has alleged an ADAAG

11  violation in no more than a conclusory fashion. . . .Although plaintiff references the

12  ADAAG requirements in his complaint, he does not specifically allege what provision of

13  the ADAAG the handicapped shower seat purportedly violated."); *Strojnik v. Orangewood,*

14  *LLC*, No. 19-00946-DSF-(JCx) (C.D.Cal. January 22, 2020).  Strojnik's conclusory

15  captions below illegible pictures on "Addendum A" do not even plead how any particular

16  photograph is either a violation of ADAAG (and which version of ADAAG) or how any of

17  those photographs depict ADAAG violations based on Strojnik's alleged disabilities (if

18  any).

19       Third, Plaintiff fails to allege how any purported violation listed in Addendum A

20  "relates to" his own disability. *Chapman*, 631 F.3d at 947. The Ninth Circuit has held that a

21  plaintiff "does not have standing to challenge those barriers that would burden or restrict

22  access for a person" with a disability different than the plaintiff's disability. *See Doran*, 524

23  F.3d at 1044 n.7 (holding that plaintiff, a wheelchair user, "cannot challenge all of the ADA

24  violations in the 7-Eleven store. . . . Doran may challenge only those barriers that might

25  reasonably affect a wheelchair user's full enjoyment of the store."); *see also Chapman*, 571

26  F.3d at 858 n.2 ("The Ninth Circuit does not . . . grant a plaintiff standing to challenge

27  un-encountered barriers not related to his or her disability. For example, a non-blind, non

28

sight-impaired person who needs a wheelchair for mobility cannot challenge barriers that would only restrict access for a person who is blind or sight-impaired."); *O'Campo v. Bed Bath & Beyond of Cal., LLC*, 610 F. App'x 706, 708 (9th Cir. 2015) ("The district court properly concluded that the barriers O'Campo alleged would not interfere with the full and equal access of a mobility-impaired person who requires the use of a cane, rather than a wheelchair," affirming dismissal of complaint).   Strojnik fails to allege any kind of facts that would tend to show that he requires a wheelchair.[1] Thus, there is no alleged disability that Strojnik can even tie *to* any alleged barrier.

As Strojnik clearly knows – because several courts have dismissed the identical complaint on those grounds – Plaintiff cannot merely identify barriers not associated with his particular disability to satisfy Article III standing. *See Chapman*, 631 F.3d at 947.  A barrier in a public accommodation must "interfere with the plaintiff's full and equal enjoyment of the facility." *Id.*  A barrier, however, will "only amount to such interference if it affects *the plaintiff's* full and equal enjoyment of the facility on account of his particular disability." *Id.* (emphasis added). A "bare procedural violation," divorced from any concrete harm, cannot satisfy the demands of Article III standing. *Spokeo, Inc. v. Robbins*, 136 S. Ct. 1540, 1550 (2016).

Here, Plaintiff only includes photographs of alleged barriers at the Hotel. See Addendum A. Addendum A is captioned "Personal Barrier Ecounters [sic]."  Each photograph is accompanied a generic descriptive caption, such as "identification," "Naccessible [sic] check in counter," "improperly configured stairs," and "inaccessible route." Listing procedural violations without connecting them to any particular harm is insufficient to plead standing. *Spokeo*, 136 S. Ct. at 1550; *Strojnik v. 1315 Orange LLC*, 2019 U.S. Dist. LEXIS 185481, at *2 (S.D. Cal. Oct. 25, 2019) ("Addendum A does not

---

[1] In a video clip, Strojnik is seen checking into another hotel in Bakersfield on June 5, 2019, and can clearly be seen pulling a large suitcase to the front desk and carrying a large "over the shoulder" luggage – directly contradicting his claimed disabilities.  A copy of this video can be viewed at https://youtu.be/pnZ2I4yQ3ss.

document any barriers or ADA violations."); *Strojnik v. Orangewood, LLC*, No. 19-00946-DSF-(JCx) (C.D.Cal. January 22, 2020) (same, additionally specifically rejecting Strojnik's "inaccessible route" claim).

2.  **Plaintiff Has Not Shown That He Has A Disability That Relates To The Alleged Barriers.**

Although the complaint is totally lacking any allegations that explain how the purported procedural violations in Addendum A affected Plaintiff because of his disability, it is not even clear what that disability is. No where in his complaint does he claim to use a wheelchair. The closest that he gets to such an allegation is where he alleges at Complaint, ¶ 14 that "By virtue of his disability, Plaintiff requires an ADA compliant lodging facility particularly applicable to his mobility, both ambulatory and wheelchair assisted." This solitary allegation is a far cry from identifying either his disability or that he uses a wheelchair. Strojnik thus cannot complain of any of the alleged barriers that would apply to disabled people in wheelchairs, such as counter heights or width of aisles. *O'Campo v. Bed Bath & Beyond of Cal., LLC*, 610 F. App'x 706, 708 (9th Cir. 2015) ("The district court properly concluded that the barriers O'Campo alleged would not interfere with the full and equal access of a mobility-impaired person who requires the use of a cane, rather than a wheelchair," affirming dismissal of complaint).

Moreover, the surveillance video referenced above of Strojnik checking into a hotel in Bakersfield on June 5 taken by the Hotel belies his claim of any disability that would justify standing to sue. No reasonable person viewing that video would conclude that he has any alleged "mobility" impairments that would conceivably permit him to claim that barriers to a wheelchair-bound person are also barriers to him.[2]

The only reasonable inference is that Strojnik is not disabled, or to the extent that he may have any medical conditions that technically qualify as a disability, nothing on

_____

[2] This video is in addition to the videos cited in Defendant's Memorandum that show the lack of "mobility impairment."

Addendum A could have been a barrier to him.[3]

B.   Strojnik Has Failed To Allege An Intent To Return.

An injury in fact must be coupled with an intent to return. *Chapman*, 631 F.3d at 946. As set forth in Defendant's Memorandum, Strojnik has failed to allege an intent to return. In his Opposition, Strojnik merely relies on the same verbatim allegation already found insufficient in *Pasadena Robles, Orangewood* and *1315 Orange LLC*. Based on this, Strojnik's sole "argument" is that "intent to return" can be alleged generally and Defendant is making a facial attack, not a factual attack on subject matter jurisdiction. However, *Strojnik* has the burden of proving an "intent to return" as an element of standing, not just as an element of an ADA claim.

When a Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction, no presumption of truthfulness attaches to the plaintiff's allegations *Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). Plaintiff then has the burden of establishing that such jurisdiction does in fact exist. *Id*. Since Strojnik does not even attempt to satisfy any of the elements for alleging an intent to return to a noncompliant facility, the only inference is that he cannot do so and the claim should be dismissed for lack of standing. *Johnson v. Overlook At Blue Ravine, Ltd. Liab. Co.*, 2012 U.S. Dist. LEXIS 102056 (E.D. Cal. July 20, 2012).

C.   Strojnik Has Not Pled "Deterrence."

---

[3] Merely having an impairment does not make one disabled for ADA purposes. 29 C.F.R. § 1630.2(j)"[C]ourts have generally required the plaintiff to plead the [element of] disability with some factual specificity." *Klamut v. Cal. Highway Patrol*, 2015 U.S. Dist. LEXIS 169074, at *7 (N.D. Cal. Dec. 16, 2015) (rejecting the adequacy of the plaintiff's allegations that he suffered "a psychotic episode secondary to sleep deprivation over a two-week period" and that he "suffered from a mental illness."); *see also Sanders v. Arneson Prods.*, 91 F.3d 1351, 1354 n.2 (9th Cir. 1996) ("We note that 'disability' is susceptible to a broad variety of definitions and usages. . . . The ADA defines 'disability' with specificity as a term of art. Hence, a person may be 'disabled' in the ordinary usage sense, or even for purposes of receiving disability benefits from the government, yet still not be 'disabled' under the ADA.").

To adequately plead deterrence, a plaintiff must provide more than the empty allegation that he or she "was deterred;" rather, some sort of corroborating facts are necessary to demonstrate to the court that the "threat of future injury [is] sufficiently 'imminent' to permit a plaintiff to sue for injunctive relief." *Blue Ravine*, 2012 U.S. Dist. LEXIS 102056, at *11-12 (quoting *Chapman*, 631 F.3d at 949). A plaintiff's claimed deterrence cannot be merely "conjectural or hypothetical." *Strojnik v. Pasadena Robles Acquisition, LLC*, Case No. 2:19-CV-02067-AB (PJWx)(C.D.Cal. Aug. 14, 2019) citing *Vogel v. Salazar*, 2014 WL 5427531, at *2 (C.D. Cal. Oct. 24, 2014). A plaintiff must allege facts to show that he "would return to the establishment if the establishment were compliant with the ADA." *Id.* Both *Pasadena Robles* and *Vogel* analyze the same language that Strojnik uses in the Complaint, which is apparently his stock in trade. For the same reasons that Judge Birotte held that Strojnik failed to allege deterrence in *Pasadena Robles*, Strojnik's meager attempt to plead deterrence in the Complaint is insufficient to carry his burden of proof.

In *Vogel v. Salazar*, 2014 WL 5427531, at *2 (C.D. Cal. Oct. 24, 2014), the plaintiff merely stated that due to "physical and intangible" barriers, he was "deterred" and "continue[d] to be deterred from visiting" the defendant's public accommodation. *Id.* at *2. The court stated that the plaintiff "failed to assert or point to any colorable facts to prove that his assertion of deterrence is not merely hypothetical" because the plaintiff did not provide any evidence that he would return to the public accommodation if it were ADA compliant. *Id.*

Strojnik cites to *Civil Rights Education & Enforcement Center v. Hospitality Properties Trust*, 867 F.3d 1093 (9th Cir. 2017) for the notion that he can simply allege that he is "deterred" from returning to the Hotel because of his knowledge of alleged barriers. Not only was this exact argument conclusively rejected in *Strojnik v. Pasadena Robles Acquisition*, but it is based on a faulty premise – that Strojnik experienced any barriers *to him* that are tied to his specific alleged disability. *O'Campo v. Bed Bath & Beyond of Cal., LLC*, 610 F. App'x 706, 708 (9th Cir. 2015); *Strojnik v. Orangewood, LLC*, No.

1  19-00946-DSF-(JCx) (C.D.Cal. January 22, 2020) (rejecting Strojnik's argument that

2  *CREEC* supports his allegation of general deterence.

3  In another final and binding recent decision against Strojnik, the court in *Strojnik v.*

4  *Kapalua Land Co.*, 2019 U.S. Dist. LEXIS 165525 (D. Haw. Aug. 26, 2019) held:

> Plaintiff alleges that he is deterred from visiting the Property based on his knowledge that the Property is not ADA or state law compliant. ECF No. 25 at 3. Plaintiff fails, however, to establish that anything on the Property is indeed not compliant with the ADA. Plaintiff does not allege any facts demonstrating any imminent injury or that there is an actual ADA violation on the Property. Thus, Plaintiff fails to allege any facts demonstrating that he was injured by Outrigger's alleged failure to comply with the ADA.

9  *Id.* at *23 (dismissing Complaint without leave to amend).[4]

10  **II.**

11  **STROJNIK'S STATE LAW CLAIMS FAIL AS A MATTER OF LAW**

12  A.    The Unruh and DPA Claims Fail.

13  Strojnik's sole basis for asserting standing here is Civil Code § 51(f), making a

14  violation of the ADA a violation of the Unruh Act.  However, as set forth above, although

15  Stronnik *claims* to have experienced "barriers to accessibility," he fails to do more than

16  point to his "murky and grainy" Addendum A. Therefore Strojnik lacks standing under

17  either the Unruh Act or the DPA.

18  B.    Strojnik's Negligence Claim Should Be Dismissed With Prejudice.

19  "Negligence per se is not an independent cause of action." *Quiroz v. Seventh Ave.*

20  *Ctr.*, 140 Cal.App.4th 1256, 1285 (2006). "The doctrine does not provide a right of action

21  for violation of a statute." *Id.*  Strojnik neither responds to nor distinguishes any of the

22  cases cited in Defendant's Memorandum.  Instead, he merely claims that a violation of the

23  ADA constitutes negligence *per se*.

24  The ADA does not fall under the class of statutes that serve as a predicate for

25  

---

26  [4]  Although Strojnik does not make any allegations to support a claim that the Hotel's

27  website does not adequately disclose sufficient information for Strojnik, that exact claim was rejected by the courts in *Kapalua Land Co.* and most recently, in *Strojnik v.*

28  *Orangewood, LLC*, No. 19-00946-DSF-(JCx) (C.D.Cal. January 22, 2020) at *13-18.

negligence per se. *Westbrook v. DTG Operations, Inc.*, 2007 U.S. Dist. LEXIS 14653, at *18-19 (D. Nev. Feb. 28, 2007). "[A]n underlying claim of ordinary negligence must be viable before the presumption of negligence of Evidence Code section 669 can be employed. … '[I]t is the tort of negligence, and not the violation of the statute itself, which entitles a plaintiff to recover civil damages. …'" *Rice v. Ctr. Point, Inc.*, 154 Cal. App. 4th 949, 958-59 (2007).

As the Court held in *Estate of Saylor*, 54 F.Supp.3d 409 (D. Md. 2014), negligence cannot be based on a breach of the ADA because, for a breach of a statute to be evidence of negligence, the statute typically must pertain to public safety or health, whereas the ADA is an anti-discrimination statute. Similarly in *White v. NCL America, Inc.*, 2006 WL 1042548 (S.D. Fla. 2006), the Court held that "[b]ecause the ADA was not designed to protect those with disabilities from personal injuries, Plaintiff is unable to state a claim for negligence per se." *Guerra v. W. L.A. Coll.*, 2018 U.S. Dist. LEXIS 141029, at *19-20 (C.D. Cal. Aug. 20, 2018) (under either the ADA or the Unruh Act, there are no accessibility guidelines that if not met are per se unreasonable or that constitutes a per se barrier under the ADA Guidelines).  Transforming ordinary ADA claims into negligence claims would be inappropriate expansion of ADA law. The Negligence cause of action should be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, Defendant requests that this Court grant its Motion to Dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and (6) with prejudice and without leave to amend.

STILLMAN & ASSOCIATES

Dated:  February 11, 2020          By:_____
                                        Philip H. Stillman, Esq.
                                   Attorneys for defendant VILLAGE 1107
                                   CORONADO, INC.

**PROOF OF SERVICE**

I, the undersigned, certify under penalty of perjury that on February 11, 2020 or as soon as possible thereafter, copies of the foregoing Reply in support of Motion to Dismiss was served electronically by the Court's ECF notice to all persons/entities requesting special notice or otherwise entitled to the same and via email to Plaintiff's email address listed with this Court.

By: /s/ *Philip H. Stillman*
Attorneys for VILLAGE 1107 CORONADO, INC.