Philip H. Stillman, Esq. SBN# 152861
STILLMAN & ASSOCIATES
3015 North Bay Road, Suite B
Miami Beach, Florida 33140
Tel. and Fax: (888) 235-4279
pstillman@stillmanassociates.com

Attorneys for defendant VILLAGE 1107 CORONADO, INC.

# UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER STROJNIK,<br><br>   Plaintiff,<br>vs.<br><br>VILLAGE 1107 CORONADO INC. dba Hotel Marisol Coronado,,<br><br>   Defendant. | Case No. 19-cv-2210 BAS MSB<br><br>**NOTICE OF SUPPLEMENTAL AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(1) AND (6)** |

PLEASE TAKE NOTICE THAT Defendant hereby notifies the Court of several decisions filed after Defendant's Motion to Dismiss was file in this case. Those decisions are:

1. In *Strojnik v. Pasadena Robles Acquisition*, No. 19-56037, 2020 U.S. App. LEXIS 11896 (9th Cir. Apr. 15, 2020), the Ninth Circuit affirmed *Strojnik v. Pasadena Robles Acquisition, LLC*, 2019 U.S. Dist. LEXIS 213070 (C.D.Cal. August 14, 2019), which is cited in the Motion, where the District Court dismissed the virtually identical complaint to the one *sub judice* for failing to allege standing, whether by alleging an injury in fact coupled with an intent to return, or alleging deterrence based on his knowledge of barriers coupled with an intent to return when the alleged barriers had been remedied. The allegations in that case regarding both deterrence and an intent to return are identical to those in this case. The District Court rejected Strojnik's identical arguments made here, *i.e.*, that *CREEC* only required an allegation that he knew of barriers and would return when the barriers were removed. Strojnik appealed, and on April 15, 2020, the Ninth Circuit affirmed the district court's dismissal without leave to amend, agreeing that *CREEC* did not mandate a different result *and* that granting leave to amend would have been futile. *Strojnik v. Pasadena Robles Acquisition*, No. 19-56037, 2020 U.S. App. LEXIS 11896 (9th Cir. Apr. 15, 2020).

> The district court properly dismissed Strojnik's ADA claim for lack of standing because Strojnik failed to demonstrate an intent to return to defendant's hotel or that he was deterred from visiting defendant's hotel. *See Chapman v. Pier1 Imports (U.S.) Inc.*, 631 F.3d 939, 950 (9th Cir. 2011) (an ADA plaintiff may establish injury for standing purposes by showing an "inten[t] to return to a noncompliant accommodation" or that the noncompliant accommodation deterred the plaintiff from visiting and the plaintiff "plans to visit [the] [*2] noncompliant accommodation in the future"); see also *Civil Rights Educ. & Enf'tCtr. v. Hosp.Props. Trust*, 867 F.3d 1093, 1100 (9th Cir. 2017) (district courts make "case-by-case determinations about whether a particular plaintiff's injury is imminent").

*Id.* at *1-2.

2. In *Strojnik v. Kapalua Land Co.*, Case: 19-17110 (9th Cir. April 14, 2020), the Ninth Circuit affirmed the dismissal of Strojnik's initial complaint without leave to amend in *Strojnik v. Kapalua Land Co.*, 2019 U.S. Dist. LEXIS 165525 (D. Haw. Aug. 26, 2019),

Notice of Supplemental Authorities in Support of Motion to Dismiss  -1-

which is cited in Defendant's Motion to Dismiss. There, the district court dismissed Strojnik's initial complaint with prejudice for lack of standing, which was also affirmed on appeal in for failing to allege that any injury was "imminent." The Ninth Circuit also again held that amendment of the complaint was futile, and reiterated that in accordance with *CREEC*, district courts must make "case-by case determinations about whether a particular plaintiff's injury is imminent."

3. In *Strojnik v. San Diego Farah Partners*, L.P., 2020 U.S. Dist. LEXIS 36536 (S.D. Cal. Mar. 2, 2020), Judge Burns dismissed Plaintiff's complaint for lack of standing. "Despite its laundry list of purported ADA violations, Strojnik's Complaint is silent as to how the barriers affected him personally. It is not enough for an ADA litigant to inspect a property and identify potential violations—he must specifically plead 'how his disability was affected by [the barriers] so as to deny him the "full and equal" access that would satisfy the injury-in-fact requirement.'" *Farah Partners*, 2020 U.S. Dist. LEXIS 36536, at *2 (quoting *Chapman*, 631 F.3d at 954). Citing Plaintiff's "vague assertion that these barriers 'impair [his] full and equal access to the hotel,'" the Court found that the subject complaint did "not plead any facts regarding how specifically these barriers affected his ability to access the hotel's facilities." *Id*. "Strojnik, a litigant who has filed roughly 20 ADA suits in this district over the past year, is well aware that a 'list of alleged [statutory] violations cannot substitute for the factual allegations required . . . to satisfy Article III's requirement of an injury-in-fact.'" *Id.* granting defendant's motion to dismiss for lack of standing. The allegations of deterrence and intent to return are identical to those in this case.

4. In *Strojnik v. The Victus Group,* 2020 U.S. Dist. LEXIS 54117 (E.D. Cal. Mar. 27, 2020), the District Court refused to accept the magistrate's unopposed Report and Recommendation recommending the entry of *default judgment*. The Court stated that since the magistrate's ruling on September 9, 2019, a substantial body of case law has developed establishing that Strojnik's complaints did not adequately plead standing. Even though the magistrate's Report was unopposed, the Court declined to enter default judgment and

instead gave Strojnik leave to amend the complaint (if he could). The *Victus Group* decision provides a thorough summary of the above cases and adopts the reasoning of those cases in full. The Court also declined to exercise supplemental jurisdiction over Strojnik's state law claims. The allegations of deterrence and intent to return are identical to those in this case.

5. In *Strojnik v. Wickstrom Hosp., LLC*, 2020 U.S. Dist. LEXIS 52889 (E.D. Cal. Mar. 25, 2020), the magistrate issued a Report and Recommendation that Strojnik's complaint be dismissed for lack of standing, ruling that Strojnik's conclusory allegations were insufficient to establish an injury in fact, an intent to return to the specific hotel or deterrence. The allegations of deterrence and intent to return are identical to those in this case. The magistrate also recommended that the Court decline to exercise supplemental jurisdiction over Strojnik's state law claims.

6. Finally, although not a *Strojnik* decision, the magistrate's Report and Recommendation in *Wickstrom Hospitality* was recently cited with approval in *Johnson v. Mantena LLC*, No. 5:19-cv-06468-EJD, 2020 U.S. Dist. LEXIS 56457, at *14-15 (N.D. Cal. Mar. 31, 2020). In *Johnson*, the court rejected another serial litigant's complaint for failing to allege either an intent to return or deterrence, rejecting the plaintiff's "formulaic" recitation that he would return when the barriers were remediated. In addition, the *Johnson* court rejected the same contention that Strojnik makes here, *i.e.*, that *CREEC* somehow lowered the showing required for standing under the ADA. Although this contention has now been rejected by the Ninth Circuit in *Strojnik* cases, the Court stated:

> Finally, and as noted, Plaintiff's reliance on *CREEC* is misplaced. *CREEC* did not involve the issue in this case, i.e. what must a plaintiff allege to support standing. See 867 F.3d at 1096 ("We must decide (1) whether a plaintiff may rely on the 'deterrent effect doctrine' to establish constitutional standing under the ADA where she lacks firsthand knowledge that an establishment is not in ADA compliance; and (2) whether a plaintiff has constitutional standing where her only motivation for visiting a facility is to test it for ADA compliance."); see also *Strojnik v. Bakersfield Convention Hotel I, LLC*, 2020 U.S. Dist. LEXIS 16339, 2020 WL 509156, at *7 (E.D. Cal. Jan. 31, 2020) ("Plaintiff's implicit suggestion that *CREEC* somehow undid decades of Ninth Circuit and Supreme Court precedents to hold for the first time that conclusory allegations of one's intent to return and deterrence from returning to a place to be sufficient to establish imminent future harm is neither logical nor rooted in the

1  four corners of the case.").

2  *Id.* at *14-15.

Respectfully Submitted,

STILLMAN & ASSOCIATES

Dated: April 28, 2020            By: _____
                                     Philip H. Stillman, Esq.
                                 Attorneys for defendant VILLAGE 1107
                                 CORONADO INC.

## PROOF OF SERVICE

I, the undersigned, certify under penalty of perjury that on April 28, 2020 or as soon as possible thereafter, copies of the foregoing Notice of Supplemental Authorities was served electronically by the Court's ECF notice to all persons/entities requesting special notice or otherwise entitled to the same and via email to Plaintiff's email address listed with this Court.

By: /s/ *Philip H. Stillman*
Attorneys for VILLAGE 1107 CORONADO INC.