

NUNC PRO TUNC
5/5/20

**FILED**

May 06 2020

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____s/ Julieo_____ DEPUTY

Peter Strojnik (Sr.),
7847 N. Central Ave.
Phoenix, Arizona 85020
602-524-6602
ps@strojnik.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

PETER STROJNIK,

Plaintiff,

vs.

VILLAGE 1017 CORONADO, INC. DBA
HOTEL MARISOL CORONADO

Defendant.

Case No: 3:19-cv-2210 BAS MSB

**RESPONSE TO NOTICE OF**
**SUPPLEMENTAL AUTHORITIES**
**[8]**

Defendant's Notice of Supplemental Authorities is symptomatic of confusion between facial and factual jurisdictional attack under 12(b)(1) and the 12(b)(6) challenge to the sufficiency of the statement of claim. At the pleading level as in this case, the review standards are different, and the quantum of proof is different for each. This sometimes leads to unsupportable results and conclusions. This paper addresses these standard in order to correct erroneous conclusions in Defendant's notice.

**SUMMARY**

Plaintiff's Complaint [1], facially challenged by Defendant's Complaint under Fed. R. Civ. P. 12(b)(1) and 12(b)(6), is cautiously drafted to comply with jurisdictional pleading requirements of *Warth v. Seldin,* 422 U.S. 490, 501, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975), *Maya v. Centex Corp.,* 658 F.3d 1060, 1067 (9th Cir. 2011), *Wilson v. Kayo Oil Co.*, 563 F.3d 979 (9th Cir. 2009), *Civil Rights Education and Enforcement Center v. Hospitality Properties Trust*, 867 F.3d 1093, 1099 (9th Cir. 2017) (*CREEC*) and Fed. R. Civ. P. 9(b).  Claims for relief are similarly drafted in compliance with *Ashcroft v. Iqbal,*

556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

Plaintiff's Complaint is flawless. Defendant's Motion must be denied.

# ARGUMENT

## A. LEGAL STANDARDS

### I. Distinction Between Facial and Factual Challenges to Jurisdiction

A motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction may be "facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Where a defendant makes a facial attack on jurisdiction, factual allegations of the complaint are taken as true. *Fed'n of African Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir. 1996); *see also Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) ("At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion dismiss, [courts] presume that general allegations embrace those specific facts that are necessary to support the claim.") (internal citation and quotations omitted). The plaintiff is then entitled to have those facts construed in the light most favorable to him or her. *Fed'n of African Am. Contractors*, 96 F.3d at 1207.

In contrast, a factual attack on subject matter jurisdiction occurs when, as here, a defendant challenges the actual lack of jurisdiction with affidavits or other evidence. *See Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). "When the defendant raises a factual attack, the plaintiff must support ... jurisdictional allegations with 'competent proof,' under the same evidentiary standard that governs in the summary judgment context." *Leite*, 749 F.3d at 1121 (quoting *Hertz Corp. v. Friend*, 559 U.S. 77, 96-97 (2010)). The district court may resolve those factual disputes itself, unless "the existence of jurisdiction turns on disputed factual issues[.]" *Id.* at 1121-22 (citations omitted). "To the extent that the jurisdictional facts are disputed . . ., the parties should be allowed to conduct discovery for the limited purpose of establishing jurisdictional facts before the claims can be dismissed." *Siderman de Blake v. Republic of Argentina*, 965 F.2d 699, 713 (9th Cir. 1992)

Where a defendant brings a factual challenge, "a court may look beyond the complaint to matters of public record without having to convert the motion into one for

summary judgment." *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000) (citation omitted). Once the moving party has made a factual challenge by offering affidavits or other evidence to dispute jurisdictional allegations in the complaint, the party opposing the motion must "present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction." *Colwell v. Dep't of Health & Human Servs.*, 558 F.3d 1112, 1121 (9th Cir. 2009) (quoting *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989)).

Here, Defendant does not produce any extrinsic evidence relating to jurisdiction; therefore, the challenge is facial.

**II. Elements of Proof under Rule 12(b)(1) and 12(b)(6) are Different.**

In *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 101, 118 S. Ct. 1003 (1998), the Supreme Court emphasized that a federal court must first establish as "an antecedent" matter that it has jurisdiction.

The standing inquiry requires a plaintiff to show (1) he suffered an "injury in fact; (2) there is a causal connection between that injury and the defendant's conduct; and (3) a favorable decision would likely redress the injury. *Civil Rights Educ. & Enforce. Ctr. v. Hosp. Properties Trust* ("CREEC"), 867 F.3d 1093, 1098 (9th Cir. 2017) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). When a plaintiff seeks injunctive relief, he must also "allege 'continuing, present adverse effects' stemming from the defendant's actions." *Id.* (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983)). Federal courts must "take a broad view of constitutional standing in civil rights cases, especially where, as under the ADA, private enforcement suits are the primary method of obtaining compliance with the act." *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1039-40 (9th Cir. 2008) ((quoting *Trafficante v. Metro Life Ins. Co.*, 409 U.S. 205, 209 (1972)).

On the other hand, to statement of an ADA claim requires plaintiff to show that (1) he is an individual with a disability; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of her disability. 42 U.S.C. §§ 12182(a)-(b); *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007); *Arizona ex rel. Goddard v. Harkins Amusement Enter. Inc.*, 603 F.3d 666, 670 (9th Cir. 2010).

### III.    Pleading Standards under Rule 12(b)(1) and 12(b)(6) are Different.

*Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (*Ashcroft*) and *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544,127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (*Twombly*) apply to 12(b)(6) motions. *Twombly* and *Iqbal* addressed the pleading required to survive a motion to dismiss for failure to state a claim, and, distilled to their essence, impose two requirements. First, the reviewing court, though crediting factual assertions made in the pleadings, is not required to credit legal conclusions. *Ashcroft,* 129 S.Ct. at 1949-50 (citing *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955). Second, the complaint cannot survive a motion to dismiss unless it alleges facts that plausibly (not merely conceivably) entitle plaintiff to relief. *Id.* at 1950-51.

However, *Twombly* and *Iqbal* are ill-suited to application in the constitutional standing context because in determining whether plaintiff states a claim under 12(b)(6), the court necessarily assesses the merits of plaintiff's case. But the threshold question of whether plaintiff has standing (and the court has jurisdiction) is distinct from the merits of his claim. Rather, "[t]he jurisdictional question of standing precedes, and does not require, analysis of the merits." *Equity Lifestyle Props., Inc. v. Cnty. of San Luis Obispo,* 548 F.3d 1184, 1189 n. 10 (9th Cir. 2008); *see also Seldin,* 422 U.S. at 500, 95 S.Ct. 2197 (Standing "in no way depends on the merits of the contention that particular conduct is illegal.") (*Seldin*); *Bell v. Hood,* 327 U.S. 678, 682, 66 S.Ct. 773, 90 L.Ed. 939 (1946); *Catholic League for Religious and Civil Rights v. City & Cnty. of San Francisco,* 624 F.3d 1043, 1049 (9th Cir. 2010) (en banc) ("Nor can standing analysis, which prevents a claim from being adjudicated for lack of jurisdiction, be used to disguise merits analysis, which determines whether a claim is one for which relief can be granted if factually true.").

The proper 12(b)(1) analysis is subject to a different standard. *Maya v. Centex Corp.,* 658 F.3d 1060, 1067 (9th Cir. 2011) (quoting *Warth v. Seldin,* 422 U.S. 490, 501, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975).) "For purposes of ruling on a motion to dismiss for want of standing, both the trial and reviewing courts must accept as true all material allegations of the complaint and must construe the complaint in favor of the complaining party." *Seldin,* 422 U.S. at 501, 95 S.Ct. 2197. "**At the pleading stage... we `presum[e] that general allegations embrace those specific facts that are necessary to support the**

claim.'" *Defenders of Wildlife,* 504 U.S. at 561, 112 S.Ct. 2130 (emphasis supplied) (quoting *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 889, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990)); *see also Lucas v. S.C. Coastal Council,* 505 U.S. 1003, 1014 n. 3, 112 S.Ct. 2886, 120 L.Ed.2d 798 (1992) (cautioning that while at the summary judgment stage, the court "require[s] specific facts to be adduced by sworn testimony," a "challenge to a generalized allegation of injury in fact made at the pleading state ... would have been unsuccessful"). *See also Wilson v. Kayo Oil Co.,* 563 F.3d 979, 980 (9th Cir. 2009) (*Wilson*) (per curiam) (noting that the minimal allegations that a plaintiff intends to return is sufficient to defeat a motion to dismiss).

### IV.    Fed. R. Civ. P. 9(b) is Consistent with *Defenders of Wildlife, Seldin, Centex,* and *Wilson.*

Fed. R. Civ. P. 9(b) is consistent with *Seldin, Mayo* and *Wilson.* It provides that "intent (*to return*) ... and other conditions of a person's mind (*being deterred*) may be alleged generally". Fed. R. Civ. P. 9(b).

### V. The *CREEC* Pleading Standard is Also Consistent with *Defenders of Wildlife, Seldin, Centex, Wilson* and Fed. R. Civ. P. 9(b)

The Court in *CREEC,* 867 F.3d at 1099, addressed the very jurisdictional issue facing the court here: The Court confirmed that ADA plaintiffs may demonstrate a likelihood of future harm in one of two ways. They may either show (1) injury in fact coupled with an intent to return to the offending facility; or (2) deterrence from visiting or returning to the facility because of the ADA violation(s). *Id.* at 1098-99.

> A plaintiff experiences continuing adverse effects where a defendant's failure to comply with the ADA deters her from making use of the defendant's facility. *Chapman v. Pier 1 Imports (U.S.) Inc.,* 631 F.3d 939, 953 (9th Cir. 2011) (en banc). We have dubbed this the "deterrent effect doctrine." *Id.* at 949-50. "[W]hen a plaintiff who is disabled within the meaning of the ADA has actual knowledge of illegal barriers at a public accommodation to which he or she desires access, that plaintiff need not engage in the 'futile gesture' of attempting to gain access in order to show actual injury. . . ." *Pickern v. Holiday Quality Foods Inc.,* 293 F.3d 1133, 1135 (9th Cir. 2002) (quoting 42 U.S.C. § 12188(a)(1)). "So long as the discriminatory conditions continue, and so long as a plaintiff is aware of them and remains deterred, the injury under the ADA continues." *Id.* at 1137.

5

\*\*\*

**The Named Plaintiffs have alleged in the First Amended Complaint that they intend to visit the relevant hotels, but have been deterred from doing so by the hotels' non-compliance with the ADA. They further allege that they will visit the hotels when the non-compliance is cured.** Thus, the ADA violations have prevented them from staying at the hotels. Without such averments, they would lack standing. However, "construing the factual allegations in the complaint in favor of the plaintiffs, " as we must at this preliminary stage, *Mont. Shooting Sports Ass'n v. Holder*, 727 F.3d 975, 979 (9th Cir. 2013), we conclude that the Named Plaintiffs have sufficiently alleged injury in fact. *Chapman*, 631 F.3d at 953. **Their harm is "concrete and particularized, " and their intent to visit the hotels once they provide equivalent shuttle service for the disabled renders their harm "actual or imminent, not conjectural or hypothetical."** (*Emphasis supplied*)

*CREEC* 867 F.3d at 1100-01.

## B. APPLICATION OF LEGAL STANDARDS TO THE COMPLAINT

The application of legal standards to the Complaint is addressed in Plaintiff's Response to Motion to Dismiss [6] which is incorporated herein.

## CONCLUSION AND PRAYER FOR RELIEF

For the foregoing reasons, Defendant's motion to dismiss must be denied. With respect to jurisdictional allegations, it complies with *Defenders of Wildlife, Seldin, CREEC, Mayo,* and Fed. R. Civ. P. 9(b). With respect to stating a cause of action it complies with *Iqbal* and *Twombly.*

RESPECTFULLY SUBMITTED [mailed] this 29th day of April 2020.

**PETER STROJNIK**

Plaintiff

Mailed to the Court this 29th day of April 2020.

Courtesy copy mailed to Phil Stillman.







UNITED STATES
POSTAL SERVICE

1000

92101

U.S. POSTAGE PAID
FCM LG ENV
PHOENIX, AZ
85020
APR 29 20
AMOUNT

**$3.00**

R2305K134621-15

Peter Strojnik
7847 N Central Avenue
Phoenix, Arizona 85020

**Clerk of Court**
**United States District Court**
**Southern District of California**
**333 West Broadway, Ste 420**
**San Diego, CA 92101**