# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER STROJNIK,<br><br>                           Plaintiff,<br><br>    v.<br><br>VILLAGE 1017 CORONADO, INC.,<br><br>                           Defendant. | Case No. 19-cv-02210-BAS-MSB<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS THE ADA CLAIM FOR LACK OF STANDING AND DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION OVER STATE LAW CLAIMS**<br><br>**[ECF No. 4]** |

Plaintiff Peter Strojnik ("Plaintiff"), proceeding pro se,[1] filed this Complaint alleging three counts for violations of the Americans with Disabilities Act ("ADA"), the California Unruh Act and the California Disabled Persons Act ("DPA"), and one count of negligence. (Compl. ECF No. 1.) Defendant Village 1017 Coronado ("Defendant" or the "Hotel") has moved to dismiss for lack of standing. (Mot. to Dismiss, ECF No. 4.) Plaintiff has responded (Opp'n, ECF No. 6) and Defendant has replied (ECF No. 7). The Court finds this motion suitable for determination on the papers submitted and without oral argument. *See* Civ. L.R. 7.1(d)(1). For the reasons stated below, the Court **GRANTS** Defendant's Motion to Dismiss ("Motion") (ECF No. 4).

---

[1] Although Plaintiff was a practicing attorney in Arizona, he has been disbarred by that state, so in this case he is representing himself.

## I. STATEMENT OF FACTS

### A. Allegations in the Complaint

Plaintiff claims he is disabled "by virtue of a severe right-sided neural foraminal stenosis with symptoms of femoral neuropathy, prostate . . . and renal cancer [and] missing part of a limb (prosthetic right knee)." (Compl. ¶¶ 2–3.) Plaintiff says he "walks with difficulty and pain and requires compliant mobility accessible features at places of public accommodation." (*Id.* ¶ 4.) Plaintiff does not provide greater detail as to the "mobility accessible features" he requires, but he claims that "[b]y virtue of his disability, [he] requires an ADA compliant lodging facility particularly applicable to his mobility, both ambulatory and wheelchair assisted." (*Id.* ¶ 14.)

Plaintiff says he visited "the Coronado area" on June 25 and 26, 2019 and "encountered barriers to accessibility documented in Addendum A" to the Complaint. (Compl. ¶¶ 15–16.) Addendum A provides blurry photographs, presumably taken from Defendant's website purporting to show:

- "Improperly configured hardare [sic]"—showing photo of a door handle without further explanation;
- "Naccessible [sic] check-in counter"
- "Improperly configured handrails"—showing an indistinguishable photo without detailing where these handrails are or how they are improperly configured;
- "Improperly configured stairs"—again showing a photo of stairs without detailing where these stairs lead or how they are improperly configured;
- "Inaccessible route"—showing an indistinguishable photo and not explaining where this route leads from or to;
- "Hamdrails [sic] one side only"—without explaining where this route leads from or to;
- "Improperly configured handrails"—again without explaining where this route leads from or to and how the handrails are improperly configured.

(Compl., Addendum A.) Notably, Plaintiff does not allege that he personally encountered these barriers, visited the hotel at 1017 Coronado, or called the facility to see if these barriers exist or if alternative options are available for those with Plaintiff's disabilities.

Plaintiff alleges "Defendant owed Plaintiff a duty to remove ADA accessibility barriers so that Plaintiff as a disabled individual would have full and equal access to the public accommodation." (Compl. ¶ 33.)

### B.      Additional Evidence

Defendant presents a surveillance video from June 5, 2019, ostensibly showing Plaintiff checking into a hotel without the need of a wheelchair. (Decl. of Philip Stillman, ¶ 1, ECF No. 4-2.)[2] The Court further notes that in *Strojnik v. Torrey Pines Club Corp.*, Case No. 19-cv-650-BAS-AHG (S.D. Cal. filed Apr. 8, 2019), involving the same Plaintiff as in this case, the Court held an oral hearing on December 10, 2019. Plaintiff was able to enter the courtroom at that time unassisted by a wheelchair and did not appear to have difficulty ambulating. In that case, the Court has an evidentiary hearing scheduled for July 24, 2020 on the issue of whether Plaintiff should be declared a vexatious litigant in part for misrepresenting his disability status in that complaint.

### II.     ANALYSIS

A motion to dismiss for lack of standing is properly brought under Rule 12(b)(1) of the Federal Rules of Civil Procedure. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). "Rule 12(b)(1) jurisdictional attacks can be either facial or factual." *Id.* With a facial attack, the Court assumes the allegations in the Complaint are true. *Id.* However, with a factual attack, "a court may look beyond the [C]omplaint to matters of public record without having to convert the motion into one for summary judgment." *Id.* (citations omitted). The Court also "need not presume the truthfulness of Plaintiff's allegations." *Id.; see also McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988) ("[W]hen considering a motion to dismiss pursuant to Rule 12(b)(1), the district court is not

---

[2] The Court was unable to access this video.

restricted to the fact of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction.").

Plaintiff, as the party asserting federal jurisdiction, has the burden of establishing standing. *Lujan v. Defs. of Wildlife*, 504 US 555, 561 (1992). A court may only exercise jurisdiction if a plaintiff has standing on the date the lawsuit is filed; a plaintiff may not supplement facts supporting standing by visiting a facility after filing. *Brooke v. H.P. Hospitality*, No. ED CV 17-0456-DOC (DTBx), 2017 WL 4586349, at *3 (C.D. Cal. July 11, 2017.)

An ADA plaintiff can establish standing to sue for injunctive relief (the only relief available to a plaintiff under the ADA) either by demonstrating that he was deterred from visiting the facility because of the barriers, or by demonstrating injury-in-fact. *Chapman v. Pier 1 Imports*, 631 F.3d 939, 944 (9th Cir. 2011) (en banc). Injury-in fact "'requires that the party seeking review be himself among the injured." *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1044 (9th Cir. 2008) (quoting *Sierra Club v. Morton*, 405 U.S. 727, 734–35 (1972)). A "desire to lodge in a hotel that provides equal access to persons of all disabilities is insufficient to provide [a plaintiff] with standing to represent such persons' claims." *Gastelum v. Canyon Hospitality, LLC*, No. CV-17-02792-PHX-GMS, 2018 WL 2388047, at *4 (D. Ariz. May 25, 2018.)

However, a party seeking to establish standing by alleging deterrence from visiting the facility may do so without actually visiting the facility. *Civil Rights Educ. and Enforcement Ctr. ("CREEC") v. Hospitality Prop. Trust,* 867 F. 3d 1093, 1098 (9th Cir. 2017). If the plaintiff has "'actual knowledge of illegal barriers at a public accommodation to which he or she desires access, that plaintiff need not engage in the futile gesture of attempting to gain access in order to show actual injury.'" *Id.* (quoting *Pickern v. Holiday Quality Foods Inc.,* 293 F.3d 1133, 1135 (9th Cir. 2002)). "'So long as the discriminatory conditions continue, and so long as a plaintiff is aware of them and remains deterred, the injury under the ADA continues.'" *Id.* at 1099.

Additionally, the plaintiff "must demonstrate a real and immediate threat of repeated injury in the future." *Chapman*, 631 F.3d at 946 (quotation omitted). "[D]emonstrating an intent to return to a noncompliant accommodation" is one way to establish this threat of future harm. *Id.* at 949. To determine "whether a plaintiff's likelihood of returning to a defendant is sufficient to confer standing," courts consider factors including "'(1) the proximity of the place of public accommodation to plaintiff's residence, (2) plaintiff's past patronage of defendant's business, (3) the definitiveness of plaintiff's plans to return, and (4) the plaintiff's frequency of travel near defendant.'" *Harris v. Del Taco*, 396 F. Supp. 2d 1107, 1113, (C.D. Cal. 2005) (quoting *Molski v. Arby's Huntington Beach*, 359 F. Supp. 2d 938, 947 (C.D. Cal. 2005)).

In this case, even if the Court was to construe this solely as a facial attack, Plaintiff has alleged insufficient facts to support standing. He does not allege he ever visited the Hotel. Instead, he apparently looked online and took screenshots of photographs that he believed showed barriers to his entering the property. He does not claim that he called and confirmed that these barriers existed. He does not allege that he attempted to see if alternate accommodations were available to him. Clearly, he does not establish "injury-in-fact." However, he also does not establish deterrence. He does not allege sufficient facts to show actual knowledge of anything about the Hotel. And his claims about the alleged barriers he would encounter, accompanied by grainy photographs of undistinguishable features, are insufficient to show that any barriers existed at the Hotel.

Furthermore, Plaintiff alleges insufficient facts to show that he intends to return to the Hotel. He lives in Phoenix, quite a distance from San Diego. He has apparently never visited the Hotel. Although Plaintiff initially counters that his "past patronage of the Napa area is confirmed by Exhibit 1," (Opp'n at 6:26–28), he fails to attach any Exhibit 1, and the Court notes that the Napa area is hundreds of miles and a full day's drive from San Diego. Plaintiff then alleges he traveled to the San Diego area five times in 2019. (*Id.* at 7:3-19). However, the Court takes judicial notice of the fact that Plaintiff filed recent

lawsuits against at least 22 other lodging establishments in San Diego.[3] In each of these cases, Plaintiff alleges that he plans to return to this lodging establishment when the alleged barriers he encountered online are removed. It defies credulity that Plaintiff intends to visit over twenty different establishments in San Diego when he lives in Phoenix. *See Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996) (a complaint must plead "enough facts to state a claim to relief that is plausible on its face").

And the Court may look beyond the allegations in the Complaint. The Court has observed personally that, at least on some occasions, Plaintiff is able to walk without the assistance of a wheelchair or walker. Plaintiff does not allege when he needs the assistance of a wheelchair or that he needed the assistance of a wheelchair at the time he wished to visit the Hotel. As such, he has alleged insufficient facts to show even that he was disabled at the time he intended to visit San Diego. *See Rutherford v. Caesar's Mexican Rest., LLC*, No. 19-cv-1416-LAB (JLB), 2019 WL 4193392 (S.D. Cal. Sept. 3, 2019) (finding lack of standing because plaintiff did not indicate when or how often he uses a wheelchair or a cane).

Since Plaintiff has failed to demonstrate standing for his ADA claim, the Motion to Dismiss this claim is **GRANTED**. Generally, the Court would give Plaintiff leave to file an amended Complaint, but the Court need not do so if amendment would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (although amendment should be freely allowed

---

[3] *Strojnik v. Pendry San Diego* (No. 3:19-cv-00305-LAB-AGS); *Strojnik v. Torrey Pines Club* (No. 3:19-cv-00650-BAS-AHG), *Strojnik v. Host Hotels and Resorts* (No. 3:19-cv-00909-WQH-WVG), *Strojnik v. La Jolla Bed and Breakfast* (No. 3:19-cv-01186-WQH-KSC), *Strojnik v. GHAP Partnership* (No. 3:19-cv-01187-LAB-RBB), *Strojnik v. CWI 2 La Jolla Hotel* (No. 3:19-cv-01381-GPC-MDD), *Strojnik v. Prospect Hospitality* (No. 3:19-cv-01386-WQH-AHG), *Strojnik v. Lizerbram* (No. 3:19-cv-01390-LAB-BLM), *Strojnik v. Bartell Hotels Management Co.* (No. 3:19-cv-01391-DMS-MSB), *Strojnik v. RNM Hospitality Inc.* (No. 3:19-cv-01445-WQH-WVG), *Strojnik v. Braemer Partnership* (No. 3:19-cv-01446-BAS-AHG), *Strojnik v. 1315 Orange LLC* (No. 3:19-cv-01991-LAB-JLB), *Strojnik v. Indoc Partners* (No. 3:19-cv-02211-LAB-BLM), *Strojnik v. Kamla Hotels* (No. 3:19-cv-02212-AJB-AHG), *Strojnik v. Barrigon Inc.* (No. 3:19-cv-02147-AJB-RBB), *Strojnik v. Cherokee Lodge LLC* (No. 3:19-cv-02148-AJB-AHG); *Strojnik v. San Diego Farah Partners* (No. 3:20-cv-00358-LAB-BGS), *Strojnik v. Souldriver Lessee* (No. 3:20-cv-00359-JAH-LL), *Strojnik v. RBI Investors* (No. 3:20-cv-00360-BAS-LL), *Strojnik v. Lafayette Landlord* (No. 3:20-cv-00387-GPC-AGS), *Strojnik v. Rio San Diego Mission Valley Owner* (No. 3:20-cv-00384-DMS-MSB), *Strojnik v. Pacifica Stratford Three* (No. 3:20-cv-00868-GPC-AHG).

when justice so requires, repeated failure to cure deficiencies can demonstrate futility of amendment).

Plaintiff, both as a lawyer in Arizona, and now acting *pro se*, has filed identical allegations in multiple courts and has been repeatedly told that the allegations are insufficient for standing. *See e.g. Gastelum*, 2019 WL 2388047, at *10 (finding Mr. Strojnik's allegations as a lawyer that plaintiff had viewed defendant's website and was deterred from visiting were insufficient to show standing); *Brooke,* 2017 WL 4586349, at *4 (informing Mr. Strojnik, as attorney, that "the 'call-and-confirm' method, together with a site visit from an agent, even when combined with photographs, does not grant plaintiff actual notice or actual notice of ADA violations") (quotations omitted); *Strojnik v. Victus Group, Inc.* No. 1:18-cv-1620-AWI SKO, 2020 WL 1492664, at *1–*3 (E.D. Cal. Mar. 27, 2020) (holding that allegations that defendant's websites did not identify and describe accessible features in enough detail to permit plaintiff to assess whether it meets his disability needs, with attached black and white grainy photographs of the website, were insufficient to confer standing); *Strojnik v. Pasadena Robles Acquisition LLC,* No. 2:19-cv-02067-AB-PJW, (C.D. Cal. Aug. 14, 2019), *aff'd*, 801 Fed. App'x 569 (9th Cir. 2020) (dismissed without leave to amend for lack of standing); *Strojnik v. Four Sisters Inns, Inc.,* No. 2:19-cv-2991-ODW (JEMx), 2019 WL 6700939 (C.D. Cal. Dec. 9, 2019) (same).[4]

In fact, in *Strojnik v. IA Lodging Napa First LLC*, No. 19-cv-3983-DMR, 2020 WL 2838814 (N.D. Cal. June 1, 2020), the district court found Plaintiff to be a vexatious litigant for his repeated filings of formulaic complaints that lack sufficient allegations to establish standing. The court noted, "Strojnik has a longstanding practice of failing to allege basic facts about standing such as a connection between a barrier and plaintiff's disability." *Id.* at *11. He continues to file these formulaic complaints "that fail to allege

---

[4] Defendant filed Notices of Supplemental Authorities to inform the Court of some of the aforementioned decisions. (ECF Nos. 8, 9.) Plaintiff moved to strike these notices because the cited authorities do not reflect a "change in binding intervening law." (ECF No. 13.) Plaintiff's argument is without merit. The Court can take notice of "proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007). Accordingly, the Court **DENIES** Plaintiff's Motion to Strike (ECF No. 13).

Article III standing, despite being on notice from multiple courts in every federal district in California that his pleading practices are inadequate." *Id.* at *12.

At this point, Mr. Strojnik is on notice what needs to be alleged to establish standing and yet he has not done so in this case. The Court can only conclude that he has not done so because he cannot do so. Therefore, the Court dismisses Count One with prejudice.

Because the only federal cause of action has been dismissed, the Court declines to exercise supplemental jurisdiction over the remaining state law claims and dismisses these as well. *Ove b. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001) ("A court may decline to exercise supplemental jurisdiction over related state law claims once it has 'dismissed all claims over which it has original jurisdiction.'") (quoting 28 U.S.C. §1367(c)(3).

## III.   CONCLUSION AND ORDER

Defendant's Motion to Dismiss (ECF No. 4) is **GRANTED.** Count One is dismissed with prejudice. The Court declines to exercise supplemental jurisdiction over the remaining claims. The Clerk is directed to close the case.

**IT IS SO ORDERED.**

**DATED: June 16, 2020**

Hon. Cynthia Bashant
United States District Judge