Philip H. Stillman, Esq. SBN# 152861
STILLMAN & ASSOCIATES
3015 North Bay Road, Suite B
Miami Beach, Florida 33140
Tel. and Fax:  (888) 235-4279
pstillman@stillmanassociates.com

Attorneys for defendant VILLAGE 1107 CORONADO, INC.

# UNITED STATES DISTRICT COURT FOR THE

# SOUTHERN DISTRICT OF CALIFORNIA

PETER STROJNIK,

                 Plaintiff,

vs.

VILLAGE 1107 CORONADO, INC.,

                 Defendant.

Case No. 19-cv-2210 BAS MSB

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR ATTORNEY'S FEES OR IN THE ALTERNATIVE, FOR SANCTIONS PURSUANT TO 28 U.S.C § 1927 AND THIS COURT'S INHERENT POWERS**

Date:  August 3, 2020
Courtroom: 4B

Hon. Cynthia A. Bashant

**NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT**

# TABLE OF CONTENTS

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    A.    Factual Background Of This Case. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    B.    Procedural Background. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

LEGAL STANDARD. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    I.    DEFENDANT IS ENTITLED TO AN AWARD OF ATTORNEY'S FEES. . 6

        A.    Standards For An Award Of Attorney's Fees Under The ADA. . . . . . 6

        B.    Attorney's Fees Are Warranted Here. . . . . . . . . . . . . . . . . . . . . . . . . . . 8

    II.    ALL OF DEFENDANT'S ATTORNEY'S FEES SHOULD BE AWARDED AGAINST STROJNIK . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

        A.    The Reasonable Hourly Rate. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

        B.    Reasonable Number Of Hours Expended. . . . . . . . . . . . . . . . . . . . . . . 14

    III.    THIS COURT CAN AND SHOULD ALTERNATIVELY AWARD SANCTIONS TO DEFENDANT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

        A.    28 U.S.C § 1927 Justifies An Award Of All Fees. . . . . . . . . . . . . . . 14

            1.    Strojnik's Continuation Of This Case After It Was Filed Was Frivolous And Filed For An Improper Purpose. . . . . . . . . . . . . 16

            2.    The Complaint's Factual Contentions of Purported "Disability" Were Made To Harass Defendant. . . . . . . . . . . . . . . . . . . . . . . 19

        B.    Sanctions Are Appropriate Under This Court's Inherent Powers. . . . 20

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

# TABLE OF AUTHORITIES

*Advocates for Individuals with Disabilities Found., Inc. v. Golden Rule Props., LLC*, 2017 U.S. Dist. LEXIS 103538, at *5 (D. Ariz. Mar. 20, 2017) . . . . . . . . . . . . . . . . . . . . . . . . 10

*Advocates for Individuals with Disabilities LLC v. MidFirst Bank*, 279 F. Supp. 3d 891, 893 (D. Ariz. 2017). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Advocates for Individuals with Disabilities, LLC v. MidFirst Bank*, 2018 U.S. Dist. LEXIS 123795, at *11 (D. Ariz. July 24, 2018). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 9, 10

*Amphastar Pharm. Inc. v. Aventis Pharma SA*, 856 F.3d 696, 709-10 (9th Cir. 2017) . . . . . 6

*Brown v. Lucky Stores*, 246 F.3d 1182, 1190 (9th Cir. 2001). . . . . . . . . . . . . . . . . . . . . . . 6

*Chambers v. NASCO, Inc.*, 501 U.S. 32, 115 L. Ed. 2d 27, 111 S. Ct. 2123 (1991). . . . . . 20

*Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422, 54 L. Ed. 2d 648, 98 S. Ct. 694 (1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Civil Rights Education and Enforcement Center v. Hospitality Properties Trust*, 867 F.3d 1093 (9th Cir. 2017) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*CRST Van Expedited Inc. v. E.E.O.C.*, __ U.S. __, 136 S. Ct. 1642, 1646, 194 L. Ed. 2d 707 (2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Fink v. Gomez*, 239 F.3d 989, 993 (9th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 20

*Harrell v. Hornbrook Cmty. Servs. Dist.*, 2018 U.S. Dist. LEXIS 25351, at *26 (E.D. Cal. Feb. 15, 2018). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983). . . . . . 13

*Hoffman v. Cty. of L.A.*, 2018 U.S. Dist. LEXIS 1162, at *20-23 (C.D. Cal. Jan. 3, 2018) 13

*Hughes v. Rowe*, 449 U.S. 5, 14, 66 L. Ed. 2d 163, 101 S. Ct. 173 (1980). . . . . . . . . . . . . 7

*Korotkova v. United States*, 990 F. Supp. 2d 324 (E.D.N.Y. 2014) . . . . . . . . . . . . . . . . . 18

*Molski v. Mandarin Touch Rest.*, 347 F. Supp. 2d 860, 864 (C.D. Cal. 2004) . . . . . . . . . . 7

*Neitzke v. Williams*, 490 U.S. 319, 325, 104 L. Ed. 2d 338, 109 S. Ct. 1827 (1989) . . . . . 7

*New Alaska Dev. Corp. v. Guetschow*, 869 F.2d 1298, 1306 (9th Cir. 1989) . . . . . . . . . . 10

*Sophia & Chloe, Inc. v. Brighton Collectibles, Inc.*, 2019 U.S. Dist. LEXIS 54576, at *8 (S.D. Cal. Mar. 29, 2019) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Strojnik v. 1315 Orange LLC*, 2019 U.S. Dist. LEXIS 185481 (S.D. Cal. Oct. 25, 2019). . 3

*Strojnik v. Bakersfield Convention Hotel I, LLC*, 2020 U.S. Dist. LEXIS 16339 (January 31, 2020) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Strojnik v. Evans Hotels, LLC*, 3:19-CV-00650-BAS-AGH (S.D.Cal. 2019). . . . . . . . . . . 11

*Strojnik v. Four Sisters Inns, Inc.*, 2019 U.S. Dist. LEXIS 212094 (C.D.Cal. December 9, 2019) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Strojnik v. Host Hotels & Resorts*, 2020 U.S. Dist. LEXIS 92386 (D. Haw. May 26, 2020) 9

*Strojnik v. Hotel Circle GL Holdings, LLC*, 2019 U.S. Dist. LEXIS 20259 (E.D.Cal. November 21, 2019) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Strojnik v. IA Lodging Napa First LLC*, 2020 U.S. Dist. LEXIS 32075 (N.D. Cal. Feb. 25, 2020) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 8, 9, 17, 18

*Strojnik v. Kapalua Land Co.*, 2019 U.S. Dist. LEXIS 165525 (D. Haw. Aug. 26, 2019) . . 2, 5

*Strojnik v. Kapalua Land Co.*, 379 F. Supp. 3d 1078, 1080 (D. Haw. 2019) . . . . . . . . . . . 1

*Strojnik v. Landry's Inc.*, 2019 U.S. Dist. LEXIS 223873 (S.D. Tex. Dec. 9, 2019) . . . . 2, 8

*Strojnik v. Lee Family Trust*, Case No. 20-0257-DOC (ADSx) (C.D.Cal. May 5, 2020) . . . 3

*Strojnik v. Orangewood, LLC*,  2020 U.S. Dist. LEXIS 11743(C.D.Cal. January 22, 2020) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 4

*Strojnik v. Pasadena Robles Acquisition, LLC*, 2019 U.S. Dist. LEXIS 213070 (C.D.Cal. August 14, 2019) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 5

*Strojnik v. San Diego Farah Partners, L.P.*, 2020 U.S. Dist. LEXIS 36536, at *2 (S.D. Cal. Mar. 2, 2020) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Strojnik v. SCG American Construction, Inc.*, 8:19-cv-01560-JVS-JDE (C.D.Cal. April 19, 2020) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 5, 8, 16

*Strojnik v. Shandilya, Inc.*, Case No. 20-cv-00254-DOC (ADSx) (C.D.Cal. May 5, 2020) . 2

*Strojnik v. Singpoli Grp., LLC*, 2019 U.S. Dist. LEXIS 24494, at *3-4 (C.D. Cal. Feb. 14, 2019) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Strojnik v. SWK Properties*, Case No. 20-00255-DOC (ADSx) (C.D.Cal. May 5, 2020) . . 3

*Strojnik v. The Victus Group*, 2020 U.S. Dist. LEXIS 54117 (E.D. Cal. Mar. 27, 2020) . . . 3

*Strojnik v. Wickstrom Hosp., LLC*, 2020 U.S. Dist. LEXIS 52889 (E.D. Cal. Mar. 25, 2020) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Summers v. A. Teichert & Son, Inc.*, 127 F.3d 1150, 1154 (9th Cir. 1997) . . . . . . . . . . . . 6

*Towa v. Harl*, 2012 U.S. Dist. LEXIS 27369, at *6-7 (C.D. Cal. Feb. 29, 2012) . . . . . . . 15

*Wages v. I.R.S.*, 915 F.2d 1230, 1235 (9th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Widrig v. Apfel*, 140 F.3d 1207, 1209 (9th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . 13

**INTRODUCTION**

Defendant VILLAGE 1107 CORONADO, INC. (the "Hotel"), moves for an award of attorney's fees after this Court dismissed Strojnik's Complaint without leave to amend on June 16, 2020. Defendant alternatively seeks an award of its attorney's fees as a sanction pursuant to 28 U.S.C § 1927 and this Court's "inherent powers."

As this Court is aware, Strojnik is a serial, high volume Americans with Disabilities Act plaintiff and has been declared to be a vexatious litigant in both the Central District on April 19, 2020 and in the Northern District on June 1, 2020.  Virtually all of his vexatious complaints have been dismissed at least once well before he filed this action and therefore Strojnik was unquestionably aware of what was necessary to properly plead standing to sue pursuant to the Americans with Disabilities Act. *Strojnik v. IA Lodging Napa First LLC*, 2020 U.S. Dist. LEXIS 95738 (N.D. Cal. June 1, 2020) ("the record demonstrates that Strojnik has continued to file formulaic complaints that fail to allege Article III standing, despite being on notice from multiple courts in every federal district in California that his pleading practices are inadequate.")[1]  He was disbarred in Arizona as a result of his filing over 1,700 fraudulent ADA lawsuits.[2]  In placing Strojnik on interim suspension on July 11, 2018, the Arizona State Bar stated that:

> Strojnik filed more than 1,700 complaints in a State Court and more than 160 complaints in a District Court alleging violations of the Americans with Disabilities Act (ADA) and the Arizonans with Disabilities Act (AzDA). In most cases, he would demand $5,000 in attorney's fees, regardless if the business remedied the violation. The cases filed were all very similar, alleging vague and non-specific violations. He collected approximately $1.2 million in settlements, which mainly consisted of attorney's fees. . .

*See also*, *Strojnik v. Kapalua Land Co.*, 379 F. Supp. 3d 1078, 1080 (D. Haw. 2019)(citing State Bar Press Release). He was ultimately disbarred in May 2019.  Not deterred, as one Court recently held in dismissing a Strojnik ADA case with prejudice:

---

[1]  In *IA Napa Lodging First*, the Court conducted an extensive review of Strojnik's litigation history in California and his dubious practices.

[2]  www.azbar.org/newsevents/newsreleases/2018/07/interimsuspension-peterstrojnik/

A search of pacer.gov, sorted by date, reveals that three months after Plaintiff's law license was suspended, he began filing ADA access cases as a pro se litigant instead of filing them on behalf of clients. [citation omitted] Indeed, in less than four months, Plaintiff has filed twenty-six ADA actions as a pro se litigant. Rather than being a befuddled pro se litigant . . . Plaintiff is an experienced litigator who appears to have altered his business model to work around the loss of his license.

*Strojnik v. Singpoli Grp., LLC*, 2019 U.S. Dist. LEXIS 24494, at *3-4 (C.D. Cal. Feb. 14, 2019).[3]  *See also, Strojnik v. SCG America Construction Inc.,* Case No. 19-1560 JVS (JDE) (C.D.Cal. April 19, 2020)("Although Strojnik is a pro se litigant in this case, he is also a former attorney with vast knowledge and experience in the realm of ADA cases. Strojnik should be very well aware of the type of conduct that is permissible, yet despite repeated questioning of his intentions, he continues to file countless ADA cases in an effort to obtain money from his victims.").  Strojnik's boilerplate complaints all suffer from the same defects, pointed out repeatedly by the federal courts in California – five dismissal orders *prior* to Strojnik filing this case.  His boilerplate complaints have been dismissed now over 22 times, each time given explicit reasons why his complaints were defective.[4]  Yet Strojnik

---

[3]  A search of PACER shows that Strojnik has filed over 150 ADA cases in California since his suspension and ultimate disbarment.

[4]  The following courts have dismissed Strojnik's complaints with prejudice containing the identical language as in the Complaint, not including this case:  *Strojnik v. Pasadena Robles Acquisition, LLC*, 2019 U.S. Dist. LEXIS 213070 (C.D.Cal. August 14, 2019), *aff'd*, 801 F. App'x 569, 570 (9th Cir. Apr. 15, 2020) *Strojnik v. Kapalua Land Co.*, 2019 U.S. Dist. LEXIS 165525 (D. Haw. Aug. 26, 2019), *aff'd* 801 F. App'x 531 (9th Cir. Apr. 15, 2020); *Strojnik v. Four Sisters Inns, Inc.*, 2019 U.S. Dist. LEXIS 212094 (C.D.Cal. December 9, 2019), *aff'd*, Case No.19-56523 (9th Cir. June 26, 2020); *Strojnik v. Landry's Inc.*, 2019 U.S. Dist. LEXIS 223873 (S.D. Tex. Dec. 9, 2019); *Strojnik v. Orangewood, LLC*,  2020 U.S. Dist. LEXIS 11743(C.D.Cal. January 22, 2020), *aff'd*, 801 F. App'x 569, 570 (9th Cir. Apr. 15, 2020); and *Strojnik v. Host Hotels & Resorts*, 2020 U.S. Dist. LEXIS 92386 (D. Haw. May 26, 2020)("the court finds Plaintiff has acted in bad faith and granting leave to amend would be futile because Plaintiff has been placed on notice by multiple courts of these deficiencies, and yet, he has failed to cure them" dismissing Second Amended Complaint); *Strojnik v. President Hotel Investment, LLC*, Case No. 8:20-cv-00258-DOC (ADSx) (C.D.Cal. May 28, 2020); *Strojnik v. Shandilya, Inc.*, Case

has repeatedly failed to cure those defects despite all of those warnings. As Judge Selna recently held,

> countless courts have questioned Strojnik's motives in pursuing the litigation and whether he has a good faith basis for his claims. This is based on the fact that he files near identical lawsuits, save a few photographs and name changes, in what is apparently an effort to pressure ADA defendants into settlements before courts can reach the merits. . .

*Strojnik v. SCG American Construction, Inc.*, 8:19-cv-01560-JVS-JDE (C.D.Cal. April 19, 2020).

Moreover, in three of the cases that have reached the Ninth Circuit, the Ninth Circuit has affirmed those courts' dismissal of his *initial* complaint without leave to amend for failing to allege either an injury in fact, an intent to return or deterrence, rejecting the identical verbiage that Strojnik used in his Complaint in this case and rejecting Strojnik's

---

No. 20-cv-00254-DOC (ADSx) (C.D.Cal. May 28, 2020); *Strojnik v. Lee Family Trust*, Case No. 20-0257-DOC (ADSx) (C.D.Cal. May 28, 2020); *Strojnik v. SWK Properties*, Case No. 20-00255-DOC (ADSx) (C.D.Cal. May 28, 2020); and *Strojnik v. IA Lodging Napa First LLC*, 2020 U.S. Dist. LEXIS 95738 (N.D. Cal. June 1, 2020).

In addition, the following courts have dismissed Strojnik's complaints with leave to amend: *Strojnik v. 1315 Orange LLC*, 2019 U.S. Dist. LEXIS 185481 (S.D. Cal. Oct. 25, 2019) ("series of grainy, murky photographs titled "Personal Barrier Encounters," with brief captions . . . does not identify any barriers that would affect Strojnik, deny him equal access, or deter him from staying at the hotel," *sua sponte* dismissing complaint); *Strojnik v. Hotel Circle GL Holdings, LLC*, 2019 U.S. Dist. LEXIS 20259 (E.D.Cal. November 21, 2019); *Strojnik v. Resort at Indian Springs, Inc.*, 2019 U.S. Dist. LEXIS 218559 (N.D. Cal. Dec. 19, 2019); *Strojnik v. Bakersfield Convention Hotel I, LLC*, 2020 U.S. Dist. LEXIS 16339 (E.D.Cal. January 31, 2020), *Strojnik v. IA Lodging Napa First LLC,* 2020 U.S. Dist. LEXIS 32075 (N.D. Cal. Feb. 25, 2020), *Strojnik v. San Diego Farah Partners, L.P.*, 2020 U.S. Dist. LEXIS 36536, at *2 (S.D. Cal. Mar. 2, 2020) ("Strojnik, a litigant who has filed roughly 20 ADA suits in this district over the past year, is well aware that a 'list of alleged [statutory] violations cannot substitute for the factual allegations required . . . to satisfy Article III's requirement of an injury-in-fact.'"), *Strojnik v. Wickstrom Hosp., LLC*, 2020 U.S. Dist. LEXIS 52889 (E.D. Cal. Mar. 25, 2020); *Strojnik v. The Victus Group,* 2020 U.S. Dist. LEXIS 54117 (E.D. Cal. Mar. 27, 2020)(denying unopposed entry of default judgment and dismissing case); *Strojnik v. SCG American Construction, Inc.*, 8:19-cv-01560-JVS-JDE (C.D.Cal. April 19, 2020).

broad interpretation of *Civil Rights Education and Enforcement Center v. Hospitality Properties Trust ("CREEC")*, 867 F.3d 1093 (9th Cir. 2017). *Strojnik v. Pasadena Robles Acquisition, LLC*, 2019 U.S. Dist. LEXIS 213070 (C.D.Cal. August 14, 2019), *aff'd*, 801 F. App'x 569, 570 (9th Cir. Apr. 15, 2020); *Strojnik v. Kapalua Land Co.*, 2019 U.S. Dist. LEXIS 165525 (D. Haw. Aug. 26, 2019), *aff'd* 801 F. App'x 531 (9th Cir. Apr. 15, 2020); *Strojnik v. Four Sisters Inns, Inc.*, 2019 U.S. Dist. LEXIS 212094 (C.D.Cal. December 9, 2019), *aff'd*, Case No.19-56523 (9th Cir. June 26, 2020)("the questions raised in this appeal are so insubstantial as not to require further argument."). Thus, no later than April 15, 2020, and regardless of the many prior district court orders dismissing his complaints, Strojnik knew without any doubt that the continuation of *this* case was vexatious and unreasonable.

## STATEMENT OF FACTS

A.    <u>Factual Background Of This Case.</u>[5]

Plaintiff, appearing pro se, is a resident of Maricopa County, Arizona. Compl. ¶ 3. Plaintiff alleges that he has severe right-sided neural foraminal stenosis with symptoms of femoral neuropathy, prostate cancer, and renal cancer, and a degenerative right knee. *Id.* Plaintiff's physical impairments substantially limit his major life activities. *Id.* ¶ 4. Plaintiff contends that he walks with difficulty and pain. *Id.* Plaintiff also claims that as a result of his physical impairments, he requires compliant "mobility accessible" features at places of public accommodation. *Id.* However, he does not allege what those mobility accessible features are, and as discussed below, video footage from June 5, 2019 taken at the Bakersfield Marriott (which Strojnik also sued) and footage from Phoenix ABC affiliate Channel 15 shows Plaintiff ambulating without limit or restriction.

Defendant owns, operates, or leases a lodging facility located at located at 1017 Park Place, Coronado, CA 92118. *Id.* ¶ 5. Plaintiff claims to have "visited" the "Coronado area"

---

[5]  *See also*, *Strojnik v. Vill. 1017 Coronado, Inc.*, 2020 U.S. Dist. LEXIS 106175, at *2 (S.D. Cal. June 16, 2020)(dismissing complaint with prejudice).

on June 25 and 26, 2019. Complaint,¶ 15.  Strojnik claims to have encountered "barriers to accessibility documented in Addendum A."  Compl., ¶ 16.  "Addendum A" contains photographs that Plaintiff apparently contends show "barriers to accessibility."  Under each photograph is a cryptic description, such as "identification," "inaccessible check in counter," "improper hardware," and "improperly configured stairs."  Complaint, Addendum A.  Plaintiff alleges that he intends to visit Defendant's Hotel at a specific time when the Defendant's noncompliant Hotel becomes fully compliant with ADAAG.  Compl., ¶ 12.

At the time that Defendant's Motion to Dismiss was filed, *five* courts had specifically ruled that Strojnik's "Addendum A" complaints are pure legal conclusions that fail to establish Article III standing, including two separate orders in *Strojnik v. Orangewood, LLC*.  Yet, even as the orders dismissing the various iterations of Strojnik's complaints began to pile up, Strojnik refused to dismiss his Complaint, seek leave to amend, or take any action in this case to mitigate Defendant's attorney's fees, and to the contrary, made frivolous submissions to this Court such as a surreply filed on May 6, 2020 without leave of this Court and a motion to strike Defendant's obviously proper notices of supplemental authorities on May 11, 2020.

 B.    Procedural Background.

Strojnik filed this action on November 20, 2019. ECF 1.  Defendant moved to dismiss the Complaint for lack of standing on January 6, 2020. (ECF 4) While the motion stood submitted, orders dismissing Strojnik's complaints, including complaints identical to the one filed in this case began piling up.  *See* n. 4, *supra*.

April was particularly bad month for Strojnik.  On April 15, 2020, the Ninth Circuit affirmed the District Court's dismissal of Strojnik's identical complaint in *Strojnik v. Pasadena Robles Acquisition, LLC*, 801 F. App'x 569, 570 (9th Cir. Apr. 15, 2020) and in *Strojnik v. Kapalua Land Co.*, 801 F. App'x 531 (9th Cir. Apr. 15, 2020).  On April 19, 2020, Judge Selna declared Strojnik to be a vexatious litigant in the Central District of California. *Strojnik v. SCG American Construction, Inc.*, 8:19-cv-01560-JVS-JDE (C.D.Cal. April 19, 2020).  Things did not improve for Strojnik afterwards. By May 31,

2020, more than 22 district courts had ruled that Strojnik's "addendum A" complaints or his subsequent "disability chart" complaints failed to allege standing. On June 1, 2020, Strojnik was declared a vexatious litigant in the Northern District in a comprehensive order surveying 118 of Strojnik's cases. *Strojnik v. IA Lodging Napa First LLC*, 2020 U.S. Dist. LEXIS 95738 (N.D. Cal. June 1, 2020). As this Court noted in its June 16, 2020 Order dismissing Strojnik's complaint,

> the district court found Plaintiff to be a vexatious litigant for his repeated filings of formulaic complaints that lack sufficient allegations to establish standing. The court noted, 'Strojnik has a longstanding practice of failing to allege basic facts about standing such as a connection between a barrier and plaintiff's disability.' He continues to file these formulaic complaints 'that fail to allege Article III standing, despite being on notice from multiple courts in every federal district in California that his pleading practices are inadequate.'

*Strojnik v. Vill. 1017 Coronado, Inc.*, 2020 U.S. Dist. LEXIS 106175, at *11 (S.D. Cal. June 16, 2020)(citations omitted).

## LEGAL STANDARD

The attorney's fee provision of the ADA allows the court to award a prevailing private party "a reasonable attorney's fee, including litigation expenses, and costs." *Brown v. Lucky Stores*, 246 F.3d 1182, 1190 (9th Cir. 2001) quoting 42 U.S.C. § 12205. Attorney's fees under § 12205 should be awarded to a prevailing defendant only if "'the plaintiff's action was frivolous, unreasonable, or without foundation.'" *Id.* quoting *Summers v. A. Teichert & Son, Inc.*, 127 F.3d 1150, 1154 (9th Cir. 1997). A defendant that is successful in getting a case dismissed for lack of standing is a "prevailing party" for the purposes of an award of attorney's fees. *Amphastar Pharm. Inc. v. Aventis Pharma SA*, 856 F.3d 696, 709-10 (9th Cir. 2017), holding that *CRST Van Expedited Inc. v. E.E.O.C.,* __ U.S. __, 136 S. Ct. 1642, 1646, 194 L. Ed. 2d 707 (2016) effectively overruled prior Ninth Circuit precedent.

## ARGUMENT

## I.

## <u>DEFENDANT IS ENTITLED TO AN AWARD OF ATTORNEY'S FEES</u>

A.    <u>Standards For An Award Of Attorney's Fees Under The ADA.</u>

A prevailing civil rights defendant may be awarded attorney fees under 42 U.S.C. §
12205 if the plaintiff's claim was frivolous, unreasonable, vexatious or groundless ab initio,
or if the plaintiff continued to litigate after the claim clearly became so. *Hughes v. Rowe*,
449 U.S. 5, 14, 66 L. Ed. 2d 163, 101 S. Ct. 173 (1980) (quoting *Christiansburg Garment
Co. v. EEOC*, 434 U.S. 412, 422, 54 L. Ed. 2d 648, 98 S. Ct. 694 (1978)).  An action is
frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319,
325, 104 L. Ed. 2d 338, 109 S. Ct. 1827 (1989).

A "vexatious suit" is a "lawsuit instituted maliciously and without good cause."
*Molski v. Mandarin Touch Rest.*, 347 F. Supp. 2d 860, 864 (C.D. Cal. 2004) quoting
Black's Law Dictionary 1596 (8th ed. 2004). "After examining Plaintiff's extensive
collection of lawsuits, the Court believes that most, if not all, were filed as part of a scheme
of systematic extortion, designed to harass and intimidate business owners into agreeing to
cash settlements." *Id.*

"'Unreasonable' means '[n]ot guided by reason; irrational or capricious.'" *Advocates
for Individuals with Disabilities, LLC v. MidFirst Bank*, 2018 U.S. Dist. LEXIS 123795, at
*11 (D. Ariz. July 24, 2018)(imposing § 1927 sanctions on Strojnik).  Bad faith is not
required to award fees.  *Christiansburg*, 434 U.S. at  at 419.  However, "if a plaintiff is
found to have brought or continued such a claim in bad faith, there will be an even stronger
basis for charging him with the attorney's fees incurred by the defense." *Christiansburg
Garment Co.*, 434 U.S. at 422.  "Bad faith is present when an attorney knowingly or
recklessly raises a frivolous argument or argues a meritorious claim for the purpose of
harassing an opponent. Tactics undertaken with the intent to increase expenses may also
support a finding of bad faith." *Advocates for Individuals with Disabilities, LLC v. MidFirst
Bank*, 2018 U.S. Dist. LEXIS 123795, at *12-13 (D. Ariz. July 24, 2018)(imposing § 1927
sanctions on Strojnik).

Strojnik's complaints are the epitome of frivolous, unreasonable, vexatious,
groundless *and* Strojnik continued to litigate well after the claim became so.

B.     Attorney's Fees Are Warranted Here.

The Court need not labor long on whether Strojnik's complaint meets the standard

for an award of attorney's fees here. Numerous courts have not only dismissed Strojnik's

boilerplate complaints repeatedly prior to his filing his initial complaint in this case, but

several courts have made specific findings that Strojnik's litigation tactics are baseless and

harassing.  Based thereon, two courts have found Strojnik to be a vexatious litigant in the

Central District and in the Northern District.

Judge Selna has already made such a finding based on Strojnik's almost identical

complaint filed in this case.  As Judge Selna recently held,

> countless courts have questioned Strojnik's motives in pursuing the litigation
> and whether he has a good faith basis for his claims. This is based on the fact
> that he files near identical lawsuits, save a few photographs and name changes,
> in what is apparently an effort to pressure ADA defendants into settlements
> before courts can reach the merits. . . Strojnik should be very well aware of the
> type of conduct that is permissible, yet despite repeated questioning of his
> intentions, he continues to file countless ADA cases in an effort to obtain
> money from his victims . . . ***Strojnik's history contains countless filings of
> frivolous complaints and instances of directly ignoring court orders.***

*Strojnik v. SCG American Construction, Inc.*, 8:19-cv-01560-JVS-JDE (C.D.Cal. April 19,

2020) (emphasis added).  *See also*, *Strojnik v. Landry's Inc.*, 2019 U.S. Dist. LEXIS

223873, at *2 n.1 (S.D. Tex. Dec. 9, 2019)("Given the multiplicity of suits filed by

Strojnik, which may suffer the same lack of standing issue addressed herein, it may be that

Strojnik should be treated as a vexatious litigant."); *Strojnik v. IA Lodging Napa First LLC*,

2020 U.S. Dist. LEXIS 32075, at *13-14 (N.D. Cal. Feb. 25, 2020)("Strojnik's form

complaint and generic opposition brief raise the question of whether his pleadings are made

in good faith . . . The number of other, essentially identical, complaints he has filed in this

district raise a concern that Strojnik files bare-bones complaints that do not meet pleading

standards in order to pressure ADA defendants into settlements before the court can reach

the merits of his claims."); *Advocates for Individuals with Disabilities LLC v. MidFirst

Bank*, 279 F. Supp. 3d 891, 893 (D. Ariz. 2017) ("Template complaints filled with

non-specific allegations have become the stock-in-trade of attorneys Peter Strojnik . . .

Strojnik and Zazueta generally refuse to dismiss the cases they bring unless the defendants

pay them attorney's fees, in this case 'no less than $5,000'. . . . That then forces the

defendants to retain counsel to resist the fee claim—or to pay Strojnik and Zazueta their fee

demands to avoid retaining and paying their own attorneys. This extortionate practice has

become pervasive."); *Strojnik v. Host Hotels & Resorts*, 2020 U.S. Dist. LEXIS 92386 (D.

Haw. May 26, 2020)("the court finds Plaintiff has acted in bad faith and granting leave to

amend would be futile"). Strojnik's "meritless fee demands of $5,000 or more appear in all

his template complaints, which he files to obtain a nuisance-value settlement. . . . 'A

compromise for less than the costs of defense is a good working definition of a

nuisance-value settlement.'" *Advocates for Individuals with Disabilities, LLC v. MidFirst

Bank*, 2018 U.S. Dist. LEXIS 123795, at *8 (D. Ariz. July 24, 2018).

In the court's second ruling in *IA Napa Lodging*, holding that Strojnik is a vexatious

litigant and dismissing his First Amended Complaint with prejudice, the Court held that

"Strojnik's litigation tactics are frivolous and harassing." *Strojnik v. IA Lodging Napa First

LLC*, 2020 U.S. Dist. LEXIS 95738, at *36 (N.D. Cal. June 1, 2020).  *See also*, *Advocates

for Individuals with Disabilities, LLC v. MidFirst Bank*, 2018 U.S. Dist. LEXIS 123795, at

*8 (D. Ariz. July 24, 2018):

> In 2017 the Legislature amended the AZDA fee provision to permit courts to
> "impose a sanction on a plaintiff or the plaintiff's attorney if the court
> determines that an action or series of actions is brought under this article for
> the primary purpose of obtaining a payment from the defendant due to the
> costs of defending the action in a court." . . . Indeed, as the Legislature stated it
> in its legislative findings, the amendment was made "in response to thousands
> of lawsuits and complaints that were filed against Arizona businesses by the
> same lawyers and generally the same plaintiff." 2017 Ariz. Sess. Laws, ch.
> 175, § 4. ***The amendment might as well have been called the Strojnik
> Amendment***.

*Advocates for Individuals with Disabilities, LLC v. MidFirst Bank*, 2018 U.S. Dist. LEXIS

123795, at *12 (D. Ariz. July 24, 2018)(emphasis added).

Moreover, it is indisputable that more than 5 courts dismissed Strojnik's complaints

prior to the filing of his Complaint in this case, repeatedly pointing out the specific

deficiencies in his boilerplate complaints.  Although his complaints were dismissed in this

District as early as August 8, 2019 <u>without</u> prejudice in *Orangewood* and with prejudice as

early as August 14, 2019 in *Pasadena Robles*, his complaint was again dismissed with prejudice on December 9, 2019 in *Four Sisters* and again on January 22, 2020 in *Orangewood* with prejudice in a very comprehensive decision that detailed the continuing defects in his complaints, commented on his refusal to correct those defects despite the Court's orders, and dismissed with prejudice in its *third* order.  Thus, it is absolutely without question that not only did Strojnik know that the complaints that he continued to file, including the one in this case (filed on November 20, 2019), were defective as a matter of law and therefore lacking legal foundation and unreasonable, but he continued to fail to cure them. *Strojnik v. Host Hotels & Resorts*, 2020 U.S. Dist. LEXIS 92386 (D. Haw. May 26, 2020)("the court finds Plaintiff has acted in bad faith and granting leave to amend would be futile because Plaintiff has been placed on notice by multiple courts of these deficiencies, and yet, he has failed to cure them" dismissing Second Amended Complaint).

Despite the mounting number of decisions rejecting his iterations of his Strojnik complaints, Strojnik has persisted in this case and continues to persist in filing the same improper complaints over and over.  Strojnik has often driven up the costs of litigation by filing an overtly improper "Strojnik Version I" complaint, refusing to file an amended complaint when asked to do so by opposing counsel (as counsel did on March 16 in the related *Strojnik v. President Hotel Investment, LLC* case) in several cases, and then waiting until after the defendant has filed a Motion to Dismiss to file a superseding amended complaint which then forces the defendant to have to prepare and file yet another motion to dismiss.  Stillman Decl., ¶¶ 3, 5. This has been Strojnik's stock in trade even before he was disbarred. *Advocates for Individuals with Disabilities Found., Inc. v. Golden Rule Props., LLC*, 2017 U.S. Dist. LEXIS 103538, at *5 (D. Ariz. Mar. 20, 2017) (Strojnik's tactic "was a bait-and-switch maneuver aimed at 'prolonging litigation and imposing costs on the opposing party.'").  *Advocates for Individuals with Disabilities, LLC v. MidFirst Bank*,, 2018 U.S. Dist. LEXIS 123795, at *13 (D. Ariz. July 24, 2018)("Tactics undertaken with the intent to increase expenses may also support a finding of bad faith," imposing § 1927 sanctions against Strojnik) quoting *New Alaska Dev. Corp. v. Guetschow*, 869 F.2d 1298,

1306 (9th Cir. 1989).

This Court dismissed Strojnik's cookie cutter complaint with prejudice on June 16, 2020. It has first hand knowledge of the number of courts that have repeatedly explained to Strojnik that his complaints failed to plead standing and why, including the Ninth Circuit, and yet, Strojnik persisted in continuing those cases and this one. His litigation history was extensively reviewed in *IA Napa First Lodging* in that court's order declaring Strojnik to be a vexatious litigant. As this Court stated, "At this point, Mr. Strojnik is on notice what needs to be alleged to establish standing and yet he has not done so in this case. The Court can only conclude that he has not done so because he cannot do so." *Strojnik v. Vill. 1017 Coronado, Inc.*, 2020 U.S. Dist. LEXIS 106175, at *11 (S.D. Cal. June 16, 2020).

In addition to the demonstrable bad faith of repeatedly filing what more than 22 district courts have said is a defective complaint, and in addition to his shenanigans in filing a superceding complaint to hinder and delay Defendant and drive up expenses for the Defendant – which, although not done in this case, demonstrates Strojnik's bad faith, evidence also shows that his allegations regarding his alleged disabilities are filed in bad faith without any reasonable factual foundation.

For example, although he claims that his disabilities cause him excruciating pain while sitting, it does not prevent him from driving thousands of miles in California, stopping at hotels and then suing them. He also routinely claims that doors require more than 5lbs of force to open, yet clearly has no problem opening and closing his car door all day long. Another indicia of unreasonableness and vexatiousness in this case is the fact that Strojnik's behavior is long-standing, since even before he was disbarred for filing fraudulent ADA lawsuits. A true and correct copy of the Arizona State Bar's Order of Interim Suspension, *In re Peter Strojnik*, Case No. PDJ 2019-9018 is attached hereto as Exhibit 1.

The suspicions about his phony claims were confirmed on March 9, 2020, when, pursuant to this Court's order, Strojnik submitted to a Rule 35 examination by an orthopedist. A true and correct copy of the Rule 35 examination in *Strojnik v. Evans*

1    *Hotels, LLC*, 3:19-CV-00650-BAS-AGH (S.D.Cal. 2019) is attached hereto as <u>Exhibit 2</u>.

2    The Court should note that this copy of the Rule 35 report was filed by Strojnik in the

3    *Evans* case.

4          Then there are the surveillance videos.  Counsel for Defendant has obtained each of

5    the videos from hotels showing Strojnik walking aroun the hotel with no apparent problem,

6    discomfort or disability whatsoever.  The June 5, 2019 surveillance video shows plaintiff

7    Peter Strojnik checking into the Bakersfield Marriott, who he then sued, a true and correct

8    copy of which is posted on YouTube at https://youtu.be/pnZ2I4yQ3ss for the Court's

9    convenience. A copy of the February 10, 2020 surveillance video of Strojnik striding

10    around a hotel in the Bay Area is posted on YouTube at

11    https://www.youtube.com/watch?v=VebdlEcVh4E . A copy of the February 11, 2020 video

12    showing Strojnik at a Los Angeles area hotel is attached at

13    https://youtu.be/GRnXOCeh8Pc.

14          The surveillance video obtained from Strojnik's victims show that his alleged

15    "excruciating pain" while walking and his alleged need for "mobility assistance devices is

16    just so much malarkey, made solely because Strojnik thinks that it will cost defendants

17    more to show that he is not disabled than it would to simply pay him off.  That is the

18    epitome of bad faith and vexatious litigation and *demands* an award of attorney's fees

19    against Strojnik for his conduct. "[T]he existence of bad faith or an improper motive in

20    bringing or pursuing an action weighs in favor of an award of fees to a prevailing party."

21    *Sophia & Chloe, Inc. v. Brighton Collectibles, Inc*., 2019 U.S. Dist. LEXIS 54576, at *8

22    (S.D. Cal. Mar. 29, 2019).  Accordingly, Strojnik's actions justify an award of attorney's

23    fees under the ADA.  Disbarment has had no effect on him.  Only by imposing attorney's

24    fees on Strojnik – that he caused to be high by his own actions – will Strojnik take his

25    obligations under Rule 11 seriously.

26    **II.**

27    **ALL OF DEFENDANT'S ATTORNEY'S FEES SHOULD BE AWARDED AGAINST**

28    **STROJNIK**

In determining the amount of reasonable attorney's fees, this circuit uses the lodestar method of determining a reasonable attorney's fee award. *Widrig v. Apfel*, 140 F.3d 1207, 1209 (9th Cir. 1998)(citing *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983).   The lodestar is calculated by multiplying the number of hours the prevailing party "reasonably" expended in the litigation by a "reasonable" hourly rate. *Id.*

In support of this Motion, Defendant has submitted the Declaration of Philip H. Stillman, which not only establishes a reasonable hourly rate of $500 per hour for lawyers of Mr. Stillman's skill and experience in the San Diego area, but also attaches a detailed itemization of the time spent on this case by attaching Mr. Stillman's computerized billing records for this case as <u>Exhibit 3.</u>

A.    <u>The Reasonable Hourly Rate.</u>

The "reasonable hourly rate is the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008) (internal quotations and citations omitted).   "[T]he relevant community is the forum in which the district court sits." *Id.* As set forth in the Stillman Declaration, Mr. Stillman has been litigating complex cases for over thirty years. $500 per hour is actually below the market rate for attorneys with his level of experience in the San Diego area.  The September 2018 Real Rate Report shows the median hourly rate for San Diego partners is $535 per hour, with the median hourly rate for attorneys with over 21 years of experience is $624.  This is roughly consistent with hourly rates in other Southern District cases.

For example, in *Chamberlin v. Charat*, 2017 U.S. Dist. LEXIS 141166, at *2 (S.D. Cal. Aug. 31, 2017), the court found that $500 per hour was reasonable for partners as of 2017.  In *NuVasive, Inc. v. Madsen Med., Inc.*, 2016 U.S. Dist. LEXIS 86870, 2016 WL 5118325, at *4 (S.D. Cal. 2016) the Court found that $500 hourly rate for attorney with over ten years' experience was reasonable in breach of contract action. In *Nguyen v. HOVG, LLC*, 2015 U.S. Dist. LEXIS 124019 at *3 (S.D. Cal. 2015), the Court found that as of 2015, $450 per hour was the reasonable hourly rate for FDCPA-related litigation by a

senior partner.[6]  Accordingly, $500 per hour is a reasonable hourly rate for in the Southern District in 2020.

B.    Reasonable Number Of Hours Expended.

Mr. Stillman had to prepare one motion to dismiss Strojnik's bad faith complaint in this case.  In addition to preparing the motion, reviewing Strojnik's Opposition, drafting the Reply and obtaining supporting evidence, Mr. Stillman was forced to address Strojnik's vague allegations regarding his purported disabilities.  As set forth in the Stillman Declaration and the billing records attached thereto as Exhibit 4, the hours expended in this case were both necessary and reasonable.

**III.**

**THIS COURT CAN AND SHOULD ALTERNATIVELY AWARD SANCTIONS TO DEFENDANT**

Alternatively, Defendant requests that this Court impose sanctions against Strojnik pursuant to 28 U.S.C § 1927 or this Court's inherent powers.  Each is an independent justification for awarding Defendant all of its reasonable attorney's fees.

A.    28 U.S.C § 1927 Justifies An Award Of All Fees.

"Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927.  The Ninth Circuit has held that § 1927 may be applied to a *pro se* litigant. *Wages v. I.R.S.*, 915 F.2d 1230, 1235 (9th Cir. 1990).  Sanctions under § 1927 require a showing of at least recklessness, or conduct tantamount to bad faith. *Fink v. Gomez*, 239 F.3d 989, 993 (9th Cir. 2001).  "Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument or argues a meritorious claim for the purpose of harassing an opponent. Tactics

---

[6]  According to the Real Rate Report from September 2018, the rates for Los Angeles law firm litigation partners was $535 as of that publication date.  A copy of the September 2018 Real Rate Report is attached to the Stillman Declaration as Exhibit 3.

undertaken with the intent to increase expenses may also support a finding of bad faith." *New Alaska Dev. Corp. v. Guetschow*, 869 F.2d 1298, 1306 (9th Cir. 1989) (internal quotation marks and citations omitted).  *See also*, *Advocates for Individuals with Disabilities, LLC v. MidFirst Bank*, 2018 U.S. Dist. LEXIS 123795, at *12-13 (D. Ariz. July 24, 2018)(imposing § 1927 sanctions on Strojnik for similar conduct as in this case). Although § 1927 does not reach the filing of the original complaint, unlike Rule 11, § 1927 reaches the continuation of Strojnik's conduct in this case.

In *Wages*, the Ninth Circuit affirmed a sanction under § 1927 against a pro se litigant who repeatedly attempted "to file an amended complaint that did not materially differ from one which the district court had already concluded did not state a claim." *Wages*, 915 F.2d at 1235. The court held that this conduct evidenced bad faith. *Id.* Similarly, in *Towa v. Harl*, 2012 U.S. Dist. LEXIS 27369, at *6-7 (C.D. Cal. Feb. 29, 2012), the Court previously warned the plaintiff "to desist in pursuing the same already-adjudicated claims. By filing another nearly identical complaint, that he knew would be removed to this Court, Towa unreasonably and vexatiously multiplied the proceedings and acted in bad faith."  *Id.*

In *Harrell v. Hornbrook Cmty. Servs. Dist.*, 2018 U.S. Dist. LEXIS 25351, at *26 (E.D. Cal. Feb. 15, 2018)*,* the Court imposed § 1927 sanctions, similarly holding that "plaintiff, a serial litigator who knew better, continued prosecution of this lawsuit after a time it became unreasonable to do so, and in bad faith, *i.e.*, he intentionally flouted a court order designed to get the case on a reasonable track for ultimate adjudication and vexatiously multiplied the proceedings herein . . . In the process he not only prejudicially impacted the Hornbrook defendants, he also took unnecessarily of the court's time which could have been much better spent on reasonable litigants trying to move their matters to resolution who deserved the time spent here to be spent on their cases."

In *Advocates for Individuals with Disabilities, LLC v. MidFirst Bank*, 2018 U.S. Dist. LEXIS 123795, at *12-13 (D. Ariz. July 24, 2018), Strojnik's actions warranted sanctions against him under 28 U.S.C. § 1927 for bad faith prolongation of the proceedings. "His tactics had the sole purpose of increasing the expense of this litigation—to drive up its

nuisance value so he could unethically extort excessive and unreasonable attorney fees for himself." *Id.*

Those statements dovetail perfectly with Judge Selna's finding that "Although Strojnik is a pro se litigant in this case, he is also a former attorney with vast knowledge and experience in the realm of ADA cases. Strojnik should be very well aware of the type of conduct that is permissible, yet despite repeated questioning of his intentions, he continues to file countless ADA cases in an effort to obtain money from his victims." *Strojnik v. SCG America Construction Inc.,* Case No. 19-1560 JVS (JDE) (C.D.Cal. April 19, 2020). The facts in this case are also consistent with the findings in *IA Lodging Napa First*: "In sum, the record demonstrates that Strojnik has continued to file formulaic complaints that fail to allege Article III standing, despite being on notice from multiple courts in every federal district in California that his pleading practices are inadequate. *Strojnik v. IA Lodging Napa First LLC*, 2020 U.S. Dist. LEXIS 95738, at *35 (N.D. Cal. June 1, 2020). Accordingly, by repeatedly filing improper complaints and refusing to withdraw them when he knew that the complaint lacked any merit, Strojnik has vexatiously multiplied this litigation. Strojnik should be sanctioned pursuant to § 1927.

1.  **Strojnik's Continuation Of This Case After It Was Filed Was Frivolous And Filed For An Improper Purpose.**

As discussed above, "Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument or argues a meritorious claim for the purpose of harassing an opponent." As discussed above, Strojnik's initial complaint was objectively frivolous. At the time that Strojnik filed his complaint on November 20, 2020, five courts had already entered orders dismissing the identical complaint for lack of subject matter jurisdiction – differing only in the names of the defendant and the pictures included in the Complaint's Addendum A. Thus, as of November 20, Strojnik was on notice that his "Version I" complaint did not allege standing under the ADA. *See e.g.*, *Strojnik v. 1315 Orange LLC*, 2019 U.S. Dist. LEXIS 185481 (S.D. Cal. Oct. 25, 2019) ("series of grainy, murky photographs titled "Personal Barrier Encounters," with brief captions . . . does not identify

any barriers that would affect Strojnik, deny him equal access, or deter him from staying at the hotel," *sua sponte* dismissing complaint).

Strojnik, an experienced ADA lawyer before his disbarment, clearly knew better, and his belief to the contrary was objectively unreasonable and his conduct harassing. "Here, Strojnik has filed a large volume of cases containing boilerplate allegations that omit basic details necessary to establish standing. He has also demonstrated a pattern of failure to address this fundamental flaw despite rulings from multiple judges. The record as a whole therefore "might indicate an intent to harass defendants." *Strojnik v. IA Lodging Napa First LLC*, 2020 U.S. Dist. LEXIS 95738, at *32 (N.D. Cal. June 1, 2020)

Well before this Court dismissed his complaint with prejudice on June 16, 2020, even more orders had been entered holding that his amended complaints did not properly relate his purported disabilities to the purported barriers that he claims to have experienced, that the complaints failed to satisfactorily allege an intent to return to the subject hotel, and that Strojnik failed to allege deterrence.  Yet despite all of those orders stating that his complaints were insufficient, questioning his motives and cautioning him to abide by Rule 11, Strojnik still persisted in filing carbon copy complaints in various districts that had been repeatedly rejected, several in final judgments entitled to collateral estoppel and refused to dismiss this case or at a minimum, file a motion for leave to amend.

Moreover, by the time that Strojnik had filed his First Amended Complaint, two Ninth Circuit decisions had upheld the district courts' findings that he failed to plead an injury in fact, an intent to return or deterrence. *See Pasadena Robles, supra* and *Kapalua Land Co., supra*.  Thus, no reasonable person – and especially a person clearly familiar with the requirements of ADA standing, could have believed that the complaints had any merit.

It should also come as no surprise that repetitively filing complaints that courts have rejected over and over again violates § 1927. *See Zaldivar v. City of L.A.*, 780 F.2d 823, 830 (9th Cir. 1986), which although applying Rule 11, is equally applicable as a vexatious and harassing litigation tactic here: "In the present case, the district court noted that the issue raised by the plaintiffs in federal court had been rejected in a different case filed in

state court. Without question, successive complaints based upon propositions of law
previously rejected may constitute harassment under Rule 11." *Id.* As the court stated in
*Korotkova v. United States*, 990 F. Supp. 2d 324 (E.D.N.Y. 2014):

> It has not escaped this Court's notice that the complaints filed in each case are
> strikingly similar, lacking in factual allegations, and presenting identical issues
> to various jurists in this courthouse. With the issuance of this opinion,
> Plaintiff's counsel now has at least three separate, written judicial opinions
> from the United States District Court for the Eastern District setting forth the
> basis for dismissal of these substantially similar claims on jurisdictional and
> other grounds. Enough is enough. Irrespective of whether Plaintiff's counsel is
> engaged in forum-shopping and filing frivolous and duplicative claims, or
> whether there is some reasonable explanation for this conduct, counsel is on
> notice that filing frivolous, vexatious, harassing, or duplicative claims
> constitutes sanctionable conduct, subject to disciplinary action under the
> Federal Rules, see F.R.C.P. Rule 11, federal statutes, see 7 U.S.C. § 1927(a),
> [and] our local civil rules . . .

*Id.* at 331.

By repetitively filing the Strojnik Version I Complaint and his subsequent iterations
that Strojnik knows have been repeatedly held to be insufficient as a matter of law to plead
standing under the ADA, Strojnik has violated § 1927 and his complaints are frivolous as a
matter of law and totally without merit. "Although he is self-represented, he is no lay
person. Given his long history and experience as a lawyer in disability access litigation
which has resulted in significant judicial rulings on the issue of standing, he cannot base his
pleading failures on a lack of knowledge or unfamiliarity with that legal doctrine." *Strojnik
v. IA Lodging Napa First LLC*, 2020 U.S. Dist. LEXIS 95738, at *16 (N.D. Cal. June 1,
2020). As one court explained, "After its filing, this action served no further purpose but to
expand the nuisance value for leverage on the defendant and to collect fees." *Advocates for
Individuals with Disabilities, LLC v. MidFirst Bank*, 2018 U.S. Dist. LEXIS 123795, at
*13-14 (D. Ariz. July 24, 2018).

Furthermore, for the same reasons, his legal contentions in his Opposition, his
Surreply and his Motion to Strike were frivolous, since he knew without any room for doubt
that his complaints were legally insufficient. Specifically as to his Surreply filed on May 6,
which was vexatious in itself for violating Local Rules and this Court's Standing Order
regarding surreplies, that was filed three weeks after the Ninth Circuit rejected Strojnik's

arguments regarding *CREEC* and standing, and therefore, Strojnik knew without any doubt that those legal arguments had been rejected by the Ninth Circuit twice.

### 2. The Complaint's Factual Contentions of Purported "Disability" Were Made To Harass Defendant.

As set forth above, Strojnik's factual allegations regarding his purported disabilities lacked any good faith evidentiary support and were made purely to vex and harass the Defendant in this case. Although Strojnik has repeatedly asserted ADA violations that might be a barrier to someone in a wheelchair, as in this case, Strojnik is *not* in a wheelchair and despite various district courts repeatedly finding that he lacked standing to assert claims unrelated to his purported disabilities, he persisted in doing so over and over. "Strojnik broadly alleges non-specific violations of the ADA with no supporting authority. As a result, his pleadings provide little information that can either be confirmed or discredited. The pervasiveness of Strojnik's pleading flaws, coupled with his refusal to correct the issues, suggest that he may be deliberately evading the kind of scrutiny" applied by the courts. *Strojnik v. IA Lodging Napa First LLC*, 2020 U.S. Dist. LEXIS 95738, at *32-33 (N.D. Cal. June 1, 2020).

The Court need look no further than the surveillance videos taken on February 10 and 11, 2020 to see that Strojnik has no problems walking, opening doors or standing. Moreover, his travel history shows driving in his car for thousands of miles between Arizona and California, showing that his claim that he cannot "sit" because of his disabilities is actually false. Finally, although the videos are sufficient to establish the lack of evidentiary support for his claims, Dr. Greenfield's examination of Strojnik establishes that his alleged "disabilities" are no substantial limitation on any of his daily activities. Moreover, as this Court noted, Strojnik has appeared in this Court without any signs of the disabilities that he regularly pled in this case and in every other. Thus, his complaints are based on one tactic only, as already held in *SCG American Construction* and *IA Napa Lodging First*, to use the litigation process to coerce defendants into settlement rather than hire an attorney to defend the case.

1    Accordingly, sanctions against Strojnik are required to curtail this frivolous and

2    harassing conduct.

3    B.    Sanctions Are Appropriate Under This Court's Inherent Powers.

4    Under the Court's inherent power, "every federal court" may sanction "abusive

5    litigation practices." *Marrama v. Citizens Bank of Massachusetts*, 549 U.S. 365, 127 S.Ct.

6    1105, 1112, 166 L. Ed. 2d 956 (2007).  "At the very least, the inherent power must continue

7    to exist to fill in the interstices."  *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46-47, 111 S. Ct.

8    2123, 115 L. Ed. 2d 27 (1991).  In *Chambers*, the Court left "no question that a court may

9    levy fee-based sanctions when a party has acted in bad faith, vexatiously, wantonly, or for

10   oppressive reasons, delaying or disrupting litigation, or has taken actions in the litigation

11   for an improper purpose." *Fink v. Gomez*, 239 F.3d 989, 992 (9th Cir. 2001). "For purposes

12   of imposing sanctions under the inherent power of the court, a finding of bad faith 'does not

13   require that the legal and factual basis for the action prove totally frivolous; where a litigant

14   is substantially motivated by vindictiveness, obduracy, or mala fides, the assertion of a

15   colorable claim will not bar the assessment of attorney's fees.'" *Fink*, 239 F.3d at 992.

16   Sanctions are available for a variety of types of willful actions, including recklessness when

17   combined with an additional factor such as frivolousness, harassment, or an improper

18   purpose. "Therefore, we hold that an attorney's reckless misstatements of law and fact,

19   when coupled with an improper purpose, such as an attempt to influence or manipulate

20   proceedings in one case in order to gain tactical advantage in another case, are sanctionable

21   under a court's inherent power." *Fink*, 239 F.3d at 994.  "Filling the interstices" is

22   particularly appropriate here where § 1927 does not reach the filing of Strojnik's bad faith

23   complaint, but is sanctionable under this Court's inherent powers.

24   As discussed above, Strojnik's history of bad faith litigation in this case, this District

25   and in the other federal courts in California show conclusively that Strojnik has filed and

26   litigated this case in bad faith, with an intent to harass the Defendant, and despite the

27   district courts' repeated explanation to Strojnik that his complaints did not plead standing or

28   relate any purported disability to the alleged "barriers" he found while running around the

hotels taking pictures.  The mere fact that the videos show that he has no mobility-related disabilities yet he continues to file complaints alleging that he does demonstrates his subjective bad faith in filing these cookie-cutter complaints.  This Court needs no more to impose sanctions pursuant to its inherent powers.

## CONCLUSION

To quote Strojnik himself, referring to Evans Hotels LLC, "There is nothing more pathetic that [sic] a whining and sniveling lawbreaker." Strojnik's Opp. To Motion to Compel, *Strojnik v. Evans Hotels LLC*, Case No. 3:19-cv-00650 BAS, Dkt. No. 103, p. 10. However, it is *Strojnik*, not the defendants who are his victims, that is the "whining and sniveling lawbreaker."  For the foregoing reasons, Defendant requests that this Court award Defendant $21,995 in reasonable attorney's fees under the ADA or alternatively, as sanctions pursuant to 28 U.S.C § 1927 or the Court's inherent powers.

STILLMAN & ASSOCIATES

Dated: June 30, 2020            By:_____
                                          Philip H. Stillman, Esq.
                                 Attorneys for defendant VILLAGE 1107
                                 CORONADO, INC.

**PROOF OF SERVICE**

I, the undersigned, certify under penalty of perjury that on June 30, 2020 or as soon as possible thereafter, copies of the foregoing Motion for Attorney's Fees and Sanctions, Memorandum of Points and Authorities, the Declaration of Philip H. Stillman and proposed Order were served electronically by the Court's ECF notice to all persons/entities requesting special notice or otherwise entitled to the same and via email to Plaintiff's email address listed with this Court.

By: /s/ *Philip H. Stillman*
Attorneys for VILLAGE 1107 CORONADO, INC.