NUNC PRO TUNC
7/10/20

**FILED**

Jul 10 2020

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ s/ Julieo _____ DEPUTY

1   Peter Strojnik (Sr.),
2   7847 N. Central Ave.
    Phoenix, Arizona 85020
3   602-524-6602
4   ps@strojnik.com

5   **UNITED STATES DISTRICT COURT**
    **SOUTHERN DISTRICT OF CALIFORNIA**

6

7                                          Case No: 19-cv-2210 BAS MSB

8   PETER STROJNIK,                        **PLAINTIFF'S OBJECTION TO**
                                           **DEFENDANT'S MOTION FOR**
9                           Plaintiff,     **ATTORNEY'S FEES OR**
                                           **SANCTIONS PURSUANT TO RULE**
10                                         **11, 28 U.S.C. §1927 AND THIS**
11                   vs.                   **COURT'S INHERENT POWERS**

12  VILLAGE 1017 CORONADO, INC. DBA        **and**
13  HOTEL MARISOL CORONADO
                                           **REQUEST FOR LIMITED**
14                                         **DISCOVERY**
                            Defendant.
15

16                        **INTRODUCTION**

17      On Jun 16, 2020, the Court dismissed federal ADA claim for lack of standing

18  without leave to amend. Dkt. at 15. [15] The dismissal was based on two basic factual

19  findings:

20      First, that Plaintiff never visited Hotel Marisol and never personally experienced 9

21  distinct personal encounters with accessibility barriers.   This factual finding was

22  predicated on the Complaint, [1] which lists 9 "PERSONAL BARRIER ENCOUNTERS"

23  (capitalized in original), see [1] at Addendum A, pp. 8-9. *See also* Plaintiff's Verified

    Response to Defendant's Motion to Dismiss [6] where the personal encounters were
24
    confirmed three separate times, see id. at 4:16-19, 8:16-17, 9 at n. 6 and 10:20-21.
25
        Second, that Strojnik does not *appear* to be ADA disabled. *But see* Motion for
26
    Summary Judgment in *Strojnik v. Evans* pending before this Court (S.D. Cal. 3:19-cv-
27
    00650-BAS-AHG at Dkt. Nos 196, 107) that highlights the differences between pre and
28

post 2008 ADA Amendments Act definitions of disability[1], and confirms, through the disclosure of independent medical examination, that Strojnik *is* ADA disabled as defined in the 2008 ADAAA and 28 C.F.R. 36.105.

As matters stand at this writing, there has been no alteration of the legal relationship between the parties: As before the lawsuit was filed, Defendant is *still* ADA non-compliant. Plaintiff is *still* deterred from visiting there. Plaintiff *still* has causes of action for violations of is civil rights except he now has to file them in State Court. All that has occurred is that the Court decided to leave the parties in the same position as before the lawsuit, except denying Plaintiff the right to vindicate his claims in Federal District Court.

By dismissing the ADA claims on procedural grounds, the court decided not to alter the parties relationship, not to put judicial imprimatur on any change in the relationship between the parties, but to place the parties to their status quo ante. Therefore, Defendant is not the "prevailing party" entitled to attorney's fees. ." *Jankey v. Poop Deck*, 537 F.3d 1122, 1129-30 (9th Cir. 2008)

The ADA provides that a district court, "in its discretion, may allow the prevailing party . . . a reasonable attorney's fee, including litigation expenses, and costs." 42 U.S.C. § 12205. A prevailing party is one who "achieve[s] a material alteration of the legal relationship of the parties" that is "judicially sanctioned." *Jankey v. Poop Deck*, 537 F.3d 1122, 1129-30 (9th Cir. 2008) (internal quotation marks omitted).

The record indicates that the Complaint in this matter is legally indistinguishable from the complaints that Northern District have found jurisdictionally sufficient. *See e.g. Denial of Motion to Dismiss* in in *Strojnik v. 574 Escuela, LLC.*(N.D. Cal. 3:18-cv-06777-JD at Dkt. 13), Exhibit 1, *Denial of Motion for Reconsideration*, in *Strojnik v. 574 Escuela* at Dkt. 24, Exhibit 3, *Denial of Motion to Dismiss* in *Strojnik v. GF Carneros Tenant* (N.D. Cal. 3:19-cv-03583-JSC at Dkt. 28), Exhibit 3 and *Order Denying Motion to Dismiss* in

---

[1] 2008 ADAAA specifically overturned U.S. Supreme Court decisions in Court in *Sutton v. United Air Lines, Inc.*, 527 U.S. 471 (1999) and *Toyota Motor Manufacturing, Kentucky, Inc. v. Williams*, 534 U.S. 184 (2002) to broaden the scope of the definition and interpretation of ADA disability.

*Strojnik v. Resort at Indian Springs, LLC.* (N.D. 5:19-cv-04616-SVK at Dkt. 35), Exhibit 4.

In *Strojnik v. 574 Escuela*, a Northern District case, Mr. Stillman's virtually identical motion to dismiss was soundly rejected by the Court, *see* [38-2], as was Mr. Stillman's subsequently filed Motion for Reconsideration, *see* [38-3].

Despite this divergence among the district courts,  Defendant now files for sanctions and attorney's fees. Defendant proposes that the standing allegations in Plaintiff's Complaint that would (and have) otherwise pass[ed] muster in the Northern District warrant sanctions in this case because this District found the same standing allegations insufficient.

A dismissal for lack of supplemental jurisdiction and a dismissal for lack of ADA standing resolve no issues between a plaintiff and a defendant. The plaintiff is still disabled, he still encountered the barrier to accessibility, the segregation continues and Defendant is still responsible. As indicated below, only when a party secures an enforceable judgment **on the merits** is the party a "prevailing party" because it has received a judicially sanctioned change in the legal relationship. *Buckhannon* infra.

Since the dismissal of the ADA, Unruh, DPA and negligence claims was jurisdictional, the Court never reached the merits of the claims. There is no prevailing party here.

## DISCUSSION

### 1. DEFENDANT IS NOT ENTITLED TO ATTORNEY'S FEES.

The ADA provides that a district court, "in its discretion, may allow the prevailing party . . . a reasonable attorney's fee, including litigation expenses, and costs." 42 U.S.C. § 12205. A prevailing party is one who "achieve[s] a material alteration of the legal relationship of the parties" that is "judicially sanctioned." *Jankey v. Poop Deck*, 537 F.3d 1122, 1129-30 (9th Cir. 2008) (internal quotation marks omitted).

Federal law "encourage[s] individuals to seek relief for violations of their civil rights" and an award of fees to a prevailing defendant is properly limited to exceptional circumstances. *Harris v. Maricopa Cty. Super. Ct.*, 631 F.3d 963, 968 (9th Cir. 2011). "In any action or proceeding to enforce a provision of [section 1983] . . . the court, in its

discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988. However, where a prevailing defendant seeks fees, the plaintiff should not be ordered to pay "unless a court finds that his **claim** was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." (Emphasis suppled) *Christiansburg Garment Co.*, 434 U.S. at 422. "In determining whether this standard has been met, a district court must assess the claim at the time the complaint was filed, and must avoid post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Tutor-Saliba Corp. v. City of Hailey,* 452 F.3d 1055, 1060 (9th Cir. 2006) (quotation marks and citations omitted). The same standard applies to the recovery of fees for claims brought under the ADA. *See Summers v. Teichert & Son, Inc.,* 127 F.3d 1150, 1154 (9th Cir. 1997).

There is no indication that any "claim" by Plaintiff was frivolous, unreasonable and groundless. The "claim" remains alive and undecided. All that has been decided is that Plaintiff cannot bring his "claim" in the district court.

## 2. DEFENDANT DID NOT "PREVAIL" BECAUSE THERE HAS BEEN MATERIAL ALTERATION OF THE LEGAL RELATIONSHIP OF THE PARTIES.

Before deciding whether an award of attorney's fees is appropriate in a given case, a court must determine whether the party seeking fees has prevailed in the litigation. *Texas State Teachers Assn. v. Garland Independent School Dist.,* 489 U.S. 782, 789, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989); *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983).

Congress has included the term "prevailing party" in various fee-shifting statutes, and it has been the Court's approach to interpret the term in a consistent manner. See *Buckhannon Board & Care Home, Inc. v. West Virginia Dept. of Health and Human Resources,* 532 U.S. 598, 602-603, and n. 4, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001). The Court has said that the "touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties." *Texas State Teachers Assn., supra,* at 792-793, 109 S.Ct. 1486. This change must be marked by "judicial *imprimatur.*"

*Buckhannon,* 532 U.S., at 605, 121 S.Ct. 1835. The Court has explained that, when a plaintiff secures an "enforceable judgmen[t] on the merits" or a "court-ordered consent decre[e]," that plaintiff is the prevailing party because he has received a "judicially sanctioned change in the legal relationship of the parties." *Id.,* at 604-605, 121 S.Ct. 1835.

Neither the dismissal of supplemental claims nor the dismissal of the ADA claim "achieve[d] a material alteration of the legal relationship of the parties" that is "judicially sanctioned." *Jankey,* 537 F. 3d 1129-30. Plaintiff remains disabled. Defendant remains ADA and Unruh non-compliant. Plaintiff's claims against Defendant remain unaffected. There has been no "material alteration of the legal relationship between the parties". The fact of dismissal on procedural grounds itself is proof of the fact that the relationship has not changed.

## 3. FILING A COMPLAINT FOUND ADEQUATE BY A DIFFERENT DISTRICT COURT CANNOT BE SANCTIONABLE.

The standards for various forms of sanctions sought by Defendant all have one element in common:  Some form of wrongfulness[2]. Here, all that Defendant can show is

---

[2]

A. Rule 11 sanctions should be reserved for the "rare and exceptional case where the action is clearly frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose." *Operating Eng'rs Pension Trust v. A-C Co.,* 859 F.2d 1336, 1344 (9th Cir. 1988). Here, the Complaint has been found valid by two different district court decisions.

B. 28 U.S.C. § 1927 does not apply to initial pleadings. *Matter of Yagman,* 796 F.2d 1165, 1187 (9th Cir. 1986) ("Section 1927 does not apply to initial pleadings since it addresses only the multiplication of proceedings. It is only possible to multiply or prolong proceedings after the complaint is filed.") Defendant's entire § 1927 argument is off base.

C. "[T]he district court has the inherent authority to impose sanctions for bad faith, which includes a broad range of willful improper conduct." *Fink v. Gomez,* 239 F.3d 989, 992 (9th Cir. 2001). "To impose sanctions under its inherent authority, the district court must make an explicit finding ., . that counsel's conduct constituted or was tantamount to bad faith." *Christian v. Mattel, Inc.,* 286 F.3d 1118, 1131 (9th Cir. 2002)

that Plaintiff followed Northern District's interpretation of standing but that the Southern District disagrees with it. There is no wrongfulness here.

### 4. PLAINTIFF'S CLAIMS ARE NOT FRIVOLOUS, UNREASONABLE OR GROUNDLESS.

The Court in this matter never reached the merits of the claims and, therefore, never considered whether Plaintiff's claim satisfy the ADA cause of action that (1) Plaintiff is an individual with a disability; (2) Defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) Plaintiff was denied public accommodations by the defendant because of his disability. 42 U.S.C. §§ 12182(a)-(b); *Molski v. M.J. Cable, Inc.,* 481 F.3d 724, 730 (9th Cir. 2007); *Arizona ex rel. Goddard v. Harkins Amusement Enter. Inc.*, 603 F.3d 666, 670 (9th Cir. 2010).

There is no indication that any claim brought by Plaintiff was not substantively and factually supported.

### 5. PLAINTIFF REQUIRES ADDITIONAL INFORMATION TO OBJECT TO MR. STILLMAN'S DECLARATION REGARDING CLAIMED ATTORNEY'S FEES.

Defendant's current Motion is not supported with a declaration of Defendant. Nowhere does Defendant disclose

- Whether it has a fee agreement with Mr. Stillman; or
- The terms of the fee agreement, if one exists; or
- Whether Defendant agreed to pay Mr. Stillman at the rate of $500 per hour as claimed in this case, or $450 per hour or $595 per hour claimed in other cases by Mr. Stillman for filing similar cut and paste motions to dismiss, and advising the Courts that a defense of a simple federal ADA claim costs his client $200,000[3], or
- Whether Defendant owes Mr. Stillman $20,995 for a cut and paste motion to dismiss and whether the invoice in [17-2] was ever event sent to Defendant ; or

---

While there is no bad faith in filing a complaint that had been found adequate by a different district court, it is sanctionable bad faith to misstate facts or law, combined with an improper purpose. *Fink v. Gomez,* 239 F.3d 989, 993-94 (9th Cir. 2001) But the bad faith here goes to Mr. Stillman's misrepresentations in his sworn declarations, not to Plaintiff's filing of a complaint found adequate by a different district court.

[3] This is why limited discovery in this case is necessary.

- Why Defendant did not receive any interim monthly invoices for a period between August 8, 2019 and June 30, 2020; or

- Whether Defendant is even aware of Mr. Stillman's computerized, automated system of standard forms that require no more than the change of names in the caption for which Mr. Stillman charges his client over $22,000.00; or

- Whether Defendant is even aware that Mr. Stillman's fully computerized, automated cut and paste motions filed in this and other cases should have taken no more than 2 hours in total.

Plaintiff is not in position to determine whether the fees incurred by Mr. Stillman's are reasonable both as to the hourly rate of either $450, $500 or $595 as claimed in various contemporaneous declarations in this and other cases and as to the overall fee in light of Mr. Stillman's use of cut and paste computerized motions to dismiss practice. Further, in light of the existence of one invoice covering a period of August 8, 2019 and June 30, 2020 which is the date of the filing of the Motion for Attorney's Fees, Plaintiff needs to see contemporaneous notes. Lastly, Plaintiff needs to determine whether Mr. Stillman's client actually agreed to pay Mr. Stillman's fees and, if so, under what terms.

**REQUEST FOR LIMITED DISCOVERY IN AID OF PLAINTIFF'S RESPONSE**

Plaintiff requests leave to conduct limited discovery of the agreement between Defendant and Mr. Stillman relating to both this and *President* cases and to discern the actual payments made by Defendant to Mr. Stillman and as otherwise indicated above

**CONCLUSION AND PRAYER FOR RELIEF**

For the foregoing reasons, Mr. Stillman's Motion must be denied.

DATED this 3rd day of July 2020.

**PETER STROJNIK**

Plaintiff

Mailed to the Court this 3rd day of July, 2020.

Courtesy copy emailed to Mr. Stillman on same date.

/s/

EXHIBIT 1


UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PETER STROJNIK,

        Plaintiff,

    v.

574 ESCUELA, LLC,

        Defendant.

Case No.  3:18-cv-06777-JD

**ORDER RE MOTION TO DISMISS**

Re: Dkt. No. 13

Pro se plaintiff Peter Strojnik, a resident of Arizona, alleges that defendant's hotel, the Monte Cristo Inn B&B ("Monte Cristo") in San Francisco, California, violated his rights of equal access under the Americans with Disabilities Act ("ADA"), the California Unruh Civil Rights Act ("Unruh"), and the California Disabled Persons Act ("DPA"). Dkt. No. 1.  He also sues for negligence per se. *Id.*

Monte Cristo filed an oversize motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), and failure to state a claim under Rule 12(b)(6). Dkt. No. 7. Strojnik filed an opposition to the motion. Dkt. No. 8. The Court struck the oversize brief, Dkt. No. 12, and defendant filed a substantially similar conforming motion, Dkt. No. 13. Plaintiff did not file a response to Docket Number 13 and stands on his original opposition. Monte Cristo elected not to reply to Strojnik's opposition brief.

The Court finds the motion suitable for decision on the papers pursuant to Civil Local Rule 7-1(b).  Defendant's motion to dismiss is granted in part and denied in part, and plaintiff is granted leave to amend.

**BACKGROUND**

The salient facts are straightforward and undisputed for purposes of the motion to dismiss. Strojnik lives in Arizona and is disabled because of spinal stenosis and a degenerative right knee

United States District Court
Northern District of California

1    condition that make it difficult for him to walk. Dkt. No. 1 ¶¶ 3-4. He also suffers from prostate

2    and renal cancers. *Id.* Defendant owns the Monte Cristo hotel in San Francisco. *Id.* ¶ 5.

3        Strojnik says that he intended to visit San Francisco, without specifying a time or purpose.

4    *Id.* ¶ 15. He looked at hotel booking websites that described the Monte Carlo. *Id.* ¶ 16. Strojnik

5    was unable to determine through these third-party sites, or defendant's own reservation website,

6    whether the Monte Carlo met his accessibility needs. *Id.* ¶¶ 17-22.

7        Strojnik did not travel to San Francisco. *Id.* ¶ 25. He claims that he was "deterred from

8    visiting the Hotel based on [his] knowledge that the Hotel is not ADA or State Law compliant,"

9    but that he "intends to visit Defendant's Hotel at a specific time when the Defendant's

10    noncompliant Hotel becomes fully compliant." *Id.* ¶¶ 11-12.

11    **DISCUSSION**

12    **I.    LEGAL STANDARDS**

13        Well-established standards govern the motions. "A Rule 12(b)(1) jurisdictional attack may

14    be facial or factual. In a facial attack, the challenger asserts that the allegations contained in a

15    complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual

16    attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise

17    invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004)

18    (citations omitted). Defendant raises a facial jurisdictional challenge, so the Court takes all factual

19    allegations in the complaint as true and draws all reasonable inferences in plaintiff's favor. *Pride*

20    *v. Correa*, 719 F.3d 1130, 1133 (9th Cir. 2013).

21        Federal courts are courts of limited jurisdiction, and the "case or controversy" requirement

22    of Article III of the U.S. Constitution "limits federal courts' subject matter jurisdiction by

23    requiring, inter alia, that plaintiffs have standing." *Chandler v. State Farm Mut. Auto. Ins.*, 598

24    F.3d 1115, 1121 (9th Cir. 2010). A plaintiff must demonstrate standing to sue by alleging the

25    "irreducible constitutional minimum" of (1) an "injury in fact" (2) that is "fairly traceable to the

26    challenged conduct of the defendants" and (3) "likely to be redressed by a favorable decision."

27    *Spokeo v. Robins*, 136 S. Ct. 1540, 1547 (2016). The specific element of injury in fact is satisfied

28    when the plaintiff has "suffered 'an invasion of a legally protected interest' that is 'concrete and

United States District Court
Northern District of California

2

1   particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id* at 1548 (quoting

2   *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).

3       "Article III standing must be measured claim by claim." *Razuki v. Nationstar Mortg.,*

4   *LLC*, Case No. 18-cv-03343-JD, 2020 WL 1478374, at *3 (N.D. Cal. Mar. 26, 2020) (citations

5   omitted). The relevant standing analysis here is under the ADA, the sole federal claim. Damages

6   are not available, so Strojnik is limited to injunctive relief.[1] *Pickern v. Holiday Quality Foods*

7   *Inc.*, 293 F.3d 1133, 1136 (9th Cir. 2002) (citing 42 U.S.C. § 12188(a)). This means that Strojnik,

8   "must not only demonstrate the familiar requirements for standing -- injury-in-fact, traceability,

9   redressability -- but also a sufficient likelihood that he will be wronged in a similar way." *Ervine*

10  *v. Desert View Reg'l Med. Ctr. Holdings, LLC*, 753 F.3d 862, 867 (9th Cir. 2014) (internal

11  quotation and citation omitted). The plaintiff must allege "continuing, present adverse effects,"

12  and "past exposure to illegal conduct does not in itself show a present case or controversy." *City*

13  *of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983).

14      An ADA plaintiff meets these standards if "he intends to return to a noncompliant place of

15  public accommodation where he will likely suffer repeated injury." *Chapman v. Pier 1 Imports*

16  *(U.S.) Inc.*, 631 F.3d 939, 948 (9th Cir. 2011) (en banc). Alternatively, "when a plaintiff who is

17  disabled within the meaning of the ADA has actual knowledge of illegal barriers at a public

18  accommodation to which he or she desires access . . . and remains deterred, the injury under the

19  ADA continues." *Pickern*, 293 F.3d at 1135-37.

20      At the motion to dismiss stage, Article III standing is adequately demonstrated through

21  allegations of "specific facts plausibly explaining" why the standing requirements are met.

22  *Barnum Timber Co. v. Envtl. Prot. Agency*, 633 F.3d 894, 899 (9th Cir. 2011).

23      To survive a Rule 12(b)(6) motion, a plaintiff must also meet a plausibility standard. *Bell*

24  *Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This one calls for enough "factual content that

25  allows the court to draw the reasonable inference that the defendant is liable for the misconduct

26

27  _____

28  [1] Strojnik's prayer for costs cannot "confer Article III jurisdiction," and he has not alleged "unique circumstances" that would justify the award of nominal damages. *Bayer v. Neiman Marcus Grp.*, 861 F.3d 853, 866-67, 874 (9th Cir. 2017).

United States District Court
Northern District of California

1    alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  The

2    plausibility analysis is "context-specific" and not only invites, but "requires the reviewing court to

3    draw on its judicial experience and common sense."  *Id.* at 679.

## II.    ADA

5        Strojnik has been a pro se plaintiff in "thousands of disability discrimination cases against

6    hotel defendants in state and federal courts."  *Strojnik v. Bakersfield Convention Hotel I, LLC,*

7    ___ F. Supp. 3d ___, 2020 WL 509156, at *1 (E.D. Cal. 2020).  He is, or was, an attorney licensed

8    to practice in Arizona, and appears to have been the subject of a State Bar of Arizona conduct

9    investigation with respect to these lawsuits.  *Strojnik v. Kapalua Land Co.*, 379 F. Supp. 3d 1078,

10   1080 (D. Haw. 2019).  This case follows the pattern of Strojnik's other lawsuits, where he alleges

11   ADA claims against a hotel that he has never visited and expresses only the vaguest of intentions

12   of ever doing so.  *See, e.g., id.*

13       A good argument can be made that Strojnik has not alleged facts sufficient to demonstrate

14   a concrete and particularized injury in fact for standing purposes.  As in his other cases, Strojnik's

15   "knowledge" that the Monte Carlo is not ADA or state law compliant comes entirely from his

16   review of websites.  He never actually visited the hotel.

17       Strojnik's contacts with San Francisco are equally thin.  He is a resident of Arizona, and

18   the record before the Court indicates that Strojnik has never been to San Francisco, has no

19   particular reason to visit, and in fact may never come to San Francisco.  Strojnik filed a

20   declaration stating that "[o]ver the last 40 years or so [he] has regularly submitted himself to the

21   territorial jurisdiction of the State of California by traveling there for business and pleasure. . . . He

22   has also been subjected to the territorial jurisdiction by being subjected to at least three traffic

23   tickets there."  Dkt. No. 8, Ex. 1 at ECF p.11.  At most, these averments show merely a chance,

24   but hardly a likelihood, that Strojnik will ever travel to San Francisco.  *See Summers v. Earth*

25   *Island Inst.*, 555 U.S. 488, 495 (2009).

26       Strojnik's suggestion that he "intends to visit Defendant's Hotel at a specific time when the

27   Hotel becomes fully compliant" does not add any element of concreteness.  Dkt. No. 1 ¶ 12.  The

28   Supreme Court largely held as much in *Lujan*, when it determined that environmental groups

1    could not demonstrate standing to challenge a regulation based on their members' general intent to

2    travel to affected areas across the globe. "Such 'some day' intentions -- without any description of

3    concrete plans, or indeed even any specification of *when* the some day will be -- do not support a

4    finding of the 'actual or imminent' injury that our cases require." *Lujan*, 504 U.S. at 564.

5        That fully applies here. Strojnik's reference to "a specific time" when he intends to use the

6    Monte Cristo hotel is anything but specific about that time. He also does not allege any specific

7    plan or reason for a visit, such as a professional or social event, or an invitation, that would render

8    his expression of intent anything but hypothetical. *Ibrahim v. Dep't of Homeland Sec.*, 669 F.3d

9    983, 993-94 (9th Cir. 2012).

10        In addition, the complaint is devoid of other factual allegations that have established

11    standing in the ADA context in previous cases. An ADA plaintiff can demonstrate a cognizable

12    injury by showing an intent "to return to a noncompliant accommodation and is therefore likely to

13    reencounter a discriminatory architectural barrier" or "when discriminatory architectural barriers

14    deter him from returning to a noncompliant accommodation." *Chapman*, 631 F.3d at 950. In

15    *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1040-41 (9th Cir. 2008), the plaintiff was found to have

16    suffered an actual or imminent injury sufficient to challenge barriers at a store 550 miles from his

17    home because he "alleged that he had visited the 7-Eleven store on ten to twenty prior occasions,

18    that he is currently deterred from visiting the store because of its accessibility barriers, that the

19    store is conveniently located near his favorite fast food restaurant in Anaheim, [] that he plans to

20    visit Anaheim at least once a year on his annual trips to Disney," and that he planned to return

21    once those barriers were removed. The same plaintiff also had standing to sue a grocery store 70

22    miles from his home in *Pickern v. Holiday Quality Foods Inc.* because he submitted a declaration

23    that Holiday was his favorite grocery chain and but for the barriers to access he would frequent the

24    store at issue while visiting his grandmother on a near weekly basis. 293 F.3d at 1135, 1138. No

25    similar allegations are made in Strojnik's complaint or motion papers.

26        Even so, Strojnik says the Ninth Circuit's decision in *Civil Rights Education &*

27    *Enforcement Center v. Hospitality Properties Trust* (*CREEC*), 867 F.3d 1093 (9th Cir. 2017),

28    saves his case. *CREEC* found that testers for a civil rights group had standing to sue a real estate

United States District Court
Northern District of California

investment trust based on allegations its hotels did not provide shuttle services for mobility-impaired people.  In response to a challenge to the plaintiffs' Article III standing, *CREEC* held in pertinent part:

> The Named Plaintiffs have alleged in the First Amended Complaint that they intend to visit the relevant hotels, but have been deterred from doing so by the hotels' noncompliance with the ADA.  They further allege that they will visit the hotels when the non-compliance is cured.  Thus, the ADA violations have prevented them from staying at the hotels.  Without such averments, they would lack standing.  However, 'construing the factual allegations in the complaint in favor of the plaintiffs,' as we must at this preliminary stage, *Mont. Shooting Sports Ass'n v. Holder*, 727 F.3d 975, 979 (9th Cir. 2013), we conclude that the Named Plaintiffs have sufficiently alleged injury in fact.  *Chapman*, 631 F.3d at 953.  Their harm is 'concrete and particularized,' and their intent to visit the hotels once they provide equivalent shuttle service for the disabled renders their harm 'actual or imminent, not conjectural or hypothetical.' *Lujan*, 504 U.S. at 560.

*CREEC*, 867 F.3d at 1099.

Although the court cited *Lujan*, it is not readily apparent how these allegations are meaningfully different from the "some day" travel plans the Supreme Court found to be insufficient for standing in that case.  The same tension is evident with the holding in *Summers*, where the Supreme Court concluded that a statement by a member of an environmental group that he "want[s] to" go to a certain location was insufficient to "satisfy the requirement of imminent injury." 555 U.S. at 496.

The Ninth Circuit has also interpreted *Lujan* in ways arguably inconsistent with *CREEC*.  In *Bain v. California Teachers Association*, 891 F.3d 1206, 1214 (9th Cir. 2018), the circuit rejected the standing of a disassociated member of a union on the basis of an "assertion that [she] could *conceivably* return to her old job, without more," finding that it was "precisely the type of speculative 'some day' intention the Supreme Court has rejected as insufficient to confer standing" in *Lujan*.  In *Munns v. Kerry*, 782 F.3d 402, 410 (9th Cir. 2015), the plaintiff's standing to challenge new government hostage response policies in the Middle East was denied because he alleged "no concrete plans to return, only an abstract 'wish[]' to do so."  This decision predates *CREEC* but shows the continuity of the circuit's holdings in this area.

United States District Court
Northern District of California

6

1         In contrast, *Montana Shooting Sports Association*, which was quoted by *CREEC* in the

2    passage above, denied dismissal because of "specific allegations substantiating [plaintiff's] claim"

3    that federal regulations would impact his manufacture and sale of firearms. 727 F.3d at 980.

4    Those allegations were: "He has a background in running his own shooting range equipment

5    manufacturing business, has identified suppliers for the component parts . . . , has design plans for

6    the firearm ready to load into manufacturing equipment, and has identified hundreds of customers

7    who have ordered . . . at his asking price." *Id.* This is illustrative of the degree of concreteness

8    and particularity standing typically requires.

9         The Court also notes that *CREEC*'s test for standing appears to be in tension with ADA

10   cases like *Pickern* and *Doran*, which go to some length to confirm that the plaintiff had

11   documented habits of visiting locations 70 and 550 miles from his home, to see his grandmother

12   and for annual trips to Disneyland, respectively. Strojnik offers nothing like that in the complaint.

13   *See also D'Lil v. Best W. Encina Lodge & Suites*, 538 F.3d 1031, 1037 (9th Cir. 2008) ("In order

14   to show the actual and imminent nature of her injury, then, D'Lil must demonstrate her intent to

15   return to the Santa Barbara area and, upon her return, her desire to stay at the Best Western Encina

16   if it is made accessible.").

17        Nevertheless, *CREEC* governs the standing challenge here, and requires that the question

18   be answered in Strojnik's favor. *See Head v. Wilkie*, 936 F.3d 1007, 1008 (9th Cir. 2019) (quoting

19   *Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir. 2003) (en banc)). Strojnik has alleged that he

20   intends to visit the Monte Carlo, but that he has been deterred from doing so because of its

21   noncompliance with the ADA. He further alleges that he intends to go to the hotel when it

22   becomes compliant. Dkt. No. 1 ¶ 11-12. These are the same "averments" that "sufficiently

23   alleged injury in fact" in *CREEC*, and so they must be accepted here. 867 F.3d at 1099.

24        Review of Strojnik's ADA claim under Rule 12(b)(6) is straightforward. ADA regulations

25   require "places of lodging" to "[i]dentify and describe accessible features in the hotels and guest

26   rooms offered through its reservation service in enough detail to reasonably permit individuals

27   with disabilities to assess independently whether a given hotel or guest room meets his or her

28   accessibility needs." 28 C.F.R. § 36.302(e)(1)(ii); *see Fortyune v. Am. Multi-Cinema, Inc.*, 364

United States District Court
Northern District of California

7

United States District Court
Northern District of California

1  F.3d 1075, 1084 (9th Cir. 2004) (public accommodations responsible for "ADA and its

2  implementing regulations"). Strojnik alleges that he reviewed the Monte Carlo's reservation

3  website and that it failed to meet the requirements of 28 C.F.R. § 36.302(e)(1)(ii). Dkt. No. 1 ¶

4  19. That is enough to survive under Rule 12(b)(6).

5  **III.   STATE LAW CLAIMS**

6      **A.   Unruh Act**

7          The Unruh Act claim is dismissed for failure to state a claim. California's civil rights act

8  is limited to "persons within the jurisdiction of this state." Cal. Civ. Code § 51(b). The complaint

9  does not claim that Strojnik was in California when he viewed the reservation websites at issue.

10  In fact, Strojnik alleges that he is a resident of Arizona and that he did not travel to San Francisco.

11  Dkt. No. 1 ¶¶ 1, 25.

12          Strojnik's opposition emphasizes "exposing himself to the territorial jurisdiction of

13  California" in support of his Unruh Act claim. Dkt. No. 8 at 7. But this concept is never defined,

14  nor does it appear to be relevant to review of his Unruh Act claim. The California Supreme Court

15  has interpreted the phrase "within the jurisdiction of this state" in accord with its plain meaning as

16  "within the state." *Munson v. Del Taco, Inc.*, 46 Cal. 4th 661, 668 n.4 (2009); 1959 Cal. Stat.

17  4424. Since Strojnik has not alleged he was in California when his claim arose, the cause of

18  action under the Unruh Act is not plausible.

19      **B.   Disabled Persons Act**

20          The focus of the DPA is "[m]ore narrow . . . than the Unruh Civil Rights Act, [and] it

21  generally guarantees people with disabilities equal rights of access to 'to public places, buildings,

22  facilities and services, as well as common carriers, housing and places of public accommodation."

23  *Jankey v. Lee*, 55 Cal. 4th 1038, 1044-45 (2012) (quoting *Munson*, 46 Cal. 4th at 674 n.8).

24  However, California "amended the Disabled Persons Act to incorporate ADA violations and make

25  them a basis for relief under the act." *Id.* at 1045 (citing Cal. Civ. Code §§ 54(c), 54.1(d)).

26          Since Strojnik has plausibly alleged a violation of the ADA, and the DPA does not contain

27  the same "within the jurisdiction of this state" language as the Unruh Act, or its equivalent, Monte

28  Carlo's motion to dismiss the DPA claim is denied.

### C.   Negligence

Strojnik has adequately alleged a claim for negligence per se.  There are four elements:  (1) violation of a public statute or regulation; (2) the violation proximately caused injury; (3) the injury resulted from an occurrence of the sort which the statute or regulation was designed to prevent; and (4) the person suffering the injury was one of the class of persons for whose protection the law or regulation was adopted.  Cal. Evid. Code § 669; *see Safari Club Int'l v. Rudolph*, 862 F.3d 1113, 1126-27 (9th Cir. 2017) (recognizing negligence per se).  Strojnik has plausibly alleged that the hotel violated a regulation that itself results in violations of federal and state law; that he was injured by this violation due to "the feeling of segregation, discrimination, [and] relegation to second class citizen status," Dkt. No. 1 ¶ 62; that the ADA and DPA were designed to protect disabled persons, *id.* ¶¶ 43, 58, 64; and that he is disabled, *id.* ¶¶ 2-3.

### CONCLUSION

The motion is granted and denied in part.  Plaintiff's ADA, DPA, and negligence per se claims will go forward.  Since the Court cannot say that any amendment would necessarily be futile and leave to amend "when justice so requires" is to be granted with "extreme liberality," Strojnik may amend his complaint by May 1, 2020.  *Hoang v. Bank of Am., N.A.*, 910 F.3d 1096, 1102 (9th Cir. 2018) (citations omitted).  No new claims or parties may be added without the Court's prior approval.

If this deadline is not feasible in light of the public health situation, the parties may agree on a new date by stipulation.  If the parties cannot agree, a party may ask the Court to extend the deadline.  Failure to respond to this order by May 1, 2020, will result in dismissal of Strojnik's Unruh Act claim with prejudice under Rule 41(b).

**IT IS SO ORDERED.**

Dated: March 31, 2020

JAMES DONATO
United States District Judge

9

EXHIBIT 2

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER STROJNIK,<br><br>Plaintiff,<br><br>v.<br><br>574 ESCUELA, LLC,<br><br>Defendant. | Case No.  3:18-cv-06777-JD<br><br>**ORDER RE MOTION FOR LEAVE TO SEEK RECONSIDERATION**<br><br>Re:  Dkt. No. 21 |

The Court granted in part, and denied in part, defendant's motion to dismiss.  Dkt. No. 20. Defendant, who does business as Monte Cristo Inn B&B ("Monte Cristo"), has filed for leave to seek reconsideration of that order.  Dkt. No. 21.  The request is denied.

In a motion for leave to file a motion for reconsideration, the moving party must show: (1) a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought; (2) the emergence of new material facts or a change of law occurring after the time of such order; or (3) manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.  Civil L.R. 7-9(b).  Reconsideration is "an extraordinary remedy" and "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law."  *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation and citation omitted).  These standards are not met here.

Contrary to Monte Cristo's suggestion, it has not identified a change in controlling law since the Court's order was filed on March 31, 2020.  The subsequent circuit memorandum decisions *Strojnik v. Pasadena Robles Acquisition, LLC*, ___ Fed. App'x ___, 2020 WL 1875249

1  (9th Cir. Apr. 15, 2020), and *Strojnik v. Kapalua Land Co.*, ___ Fed. App'x ___, 2020 WL

2  1866856 (9th Cir. Apr. 14, 2020), "lack[] precedential value." *Singh v. Holder*, 753 F.3d 826,

3  833-34 (9th Cir. 2014). So too for the district court orders cited in the motion and notice of

4  supplemental authorities, Dkt. No. 22. *Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011).

5  Ultimately, as on the motion to dismiss, Monte Cristo fails to show that Strojnik's allegations are

6  distinguishable from those that our circuit held were sufficient to establish Article III standing in

7  *Civil Rights Education & Enforcement Center v. Hospitality Properties Trust* (*CREEC*), 867 F.3d

8  1093, 1099 (9th Cir. 2017).

9       Nor has Monte Cristo demonstrated a manifest failure to consider facts or arguments

10  previously presented. Strojnik's serial pattern of ADA litigation in state and federal courts was

11  recognized and considered in the Court's order. Dkt. No. 20 at 4.

12       The presumption against extraterritoriality also does not support granting leave to seek

13  reconsideration. This point was well-raised in the original briefing and so is not properly

14  supplemented now. In any event, it is wrong as stated. Strojnik's claim is that Monte Cristo's

15  California-based website violated his rights by making it impossible for him to assess whether the

16  hotel met his accessibility needs. Dkt. No. 1 ¶ 17; Cal. Civ. Code § 54(c). As alleged, "the

17  conduct which gives rise to liability . . . occurs in California," and the presumption against

18  extraterritoriality "has never been applied to an injured person's right to recover damages suffered

19  as a result of an unlawful act or omission committed in California." *Diamond Multimedia Sys.,*

20  *Inc. v. Superior Court*, 19 Cal. 4th 1036, 1059 (1999).

21       The motion for leave to seek reconsideration is denied. Strojnik's motion to strike, Dkt.

22  No. 23, Monte Cristo's notice of supplemental authorities, Dkt. No. 22, is dismissed as moot.

23       **IT IS SO ORDERED.**

24  Dated: May 4, 2020

25

26

27                                                                            JAMES DONATO
                                                                         United States District Judge

28

     United States District Court
     Northern District of California

EXHIBIT 3

United States District Court<br>Northern District of California

1

2

3

4                UNITED STATES DISTRICT COURT

5             NORTHERN DISTRICT OF CALIFORNIA

6

| | |
|---|---|
| 7   PETER STROJNIK (Sr.), | Case No. 19-cv-03583-JSC |
| 8          Plaintiff, | |
| 9         v. | **ORDER RE: MOTION TO DISMISS** |
| 10   GF CARNEROS TENANT, LLC dba<br>CARNEROS RESORT AND SPA, | Re: Dkt. No. 20 |
| 11         Defendant. | |

12

13       Peter Strojnik brings this action for injunctive relief and monetary damages against GF

14  Carneros Tenant, LLC dba Carneros Resort and Spa.[1]  Mr. Strojnik alleges (1) a violation of the

15  Americans with Disabilities Act ("ADA"); (2) violation of California's Unruh Act, Cal. Civ. Code

16  §§51-52; (3) violation of the California Disabled Persons Act, Cal. Civ. Code §§ 54-54.3

17  ("DPA"); and (4) a negligence claim.  Now pending before the Court is Carneros Resort's motion

18  to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). After consideration of the parties'

19  briefing and having had the benefit of oral argument on November 7, 2019, the Court DENIES

20  Carneros Resort's motion to dismiss as Mr. Strojnik has sufficiently pled that he has standing to

21  bring this suit.

22                       **BACKGROUND**

23   **A. Complaint Allegations**

24       Mr. Strojnik is a disabled person as defined by the ADA. (Complaint at ¶¶ 2, 11.)[2] In

25  particular, Mr. Strojnik is "legally disabled by virtue of a severe right-sided neural foraminal

26  stenosis with symptoms of femoral neuropathy, prostate cancer and renal cancer" and

27  [1] All parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). (Dkt. Nos. 7 and 15.)

28  [2] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

"degenerative right knee." (*Id.* at ¶ 3.) Mr. Strojnik planned to visit "California Wine Country" and on or around April 18, 2019 reviewed hotel booking websites. (*Id.* at ¶ 15 and pp. 13, 16, 17, 18.) When perusing third-party booking websites, such websites "failed to identify and describe mobility related accessibility features and guest rooms offered through its reservations service in enough detail to reasonably permit Plaintiff to assess independently whether Defendant's Hotel meets his accessibility needs." (*Id.* at ¶ 17.) In addition, the third-party sites "failed to make reservations for accessible guest rooms available in the same manner as individuals who do not need accessible rooms." (*Id.* at ¶ 18.) Mr. Strojnik alleges the same issues with information related to accessibility when he accessed Carneros Resort's first party booking website. (*Id.* at ¶ 19, 20.) He also relied on online information and photos on the third-party website and Carneros Resort's website to conclude that the hotel has barriers to accessibility. (*Id.* at ¶ 21, 22.) Because the violations "relate to Plaintiff's disability and interfere with Plaintiff's full and complete enjoyment of the hotel," he opted to book a room at a different hotel. (*Id.* at ¶ 24-25.) Carneros Resort's "failure to remove accessibility barriers prevented Plaintiff from equal access to the Defendant's public accommodation." (*Id.* at ¶ 27.) Included in Mr. Strojnik's complaint are photos and descriptions of various barriers to access taken of Carneros Resort. (*Id.* at 18-33.)

**B. Procedural Background**

Mr. Strojnik filed the Complaint against Carneros Resort on June 20, 2019, alleging violations of (1) the ADA, (2) the Unruh Act, (3) the California Disabled Persons Act, and (4) negligence based on Carneros Resort's failure to accommodate his disability.

In his initial complaint, Mr. Strojnik did not properly name the Defendant, and thus, filed a First Amended Complaint on August 13, 2019 (Dkt No. 1; No. 9.) Carneros Resort answered the First Amended Complaint on September 20, 2019 and a week later filed the underlying motion to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). (Dkt. Nos. 13; 20.) The motion is fully briefed.

## LEGAL STANDARD

Pursuant to Rule 12(b)(1), a district court must dismiss an action if it lacks jurisdiction over the subject matter of the suit. *See* Fed. R. Civ. P. 12(b)(1). "A party invoking federal jurisdiction has the burden of establishing that it has satisfied the 'case-or-controversy'

1  requirement of Article III of the Constitution [and] standing is a 'core component' of that

2  requirement." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).  "The doctrine of

3  standing asks whether a litigant is entitled to have a federal court resolve his grievance." *Kowalski*

4  *v. Tesmer,* 543 U.S. 125, 128 (2004).  "[T]he Supreme Court has instructed [the court] to take a

5  broad view of constitutional standing in civil rights cases, especially where, as under the ADA,

6  private enforcement suits are the primary method of obtaining compliance with the act." *Doran v.*

7  *7-Eleven, Inc.,* F.3d 1034, 1039 (9th Cir. 2008) (internal quotation marks omitted).

## DISCUSSION

9       Carneros Resort moves to dismiss for lack of subject matter jurisdiction insisting that Mr.

10  Strojnik does not have standing.  The standing analysis considers whether the plaintiff has

11  demonstrated (1) an injury in fact that is (a) concrete and particularized and (b) actual or

12  imminent; (2) causation; and (3) a likelihood that a favorable decision will redress the injury.

13  *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992).  Carneros Resort makes a facial attack

14  on Mr. Strojnik's complaint as it is not challenging the truth of the complaint's allegations, but

15  instead argues that the allegations are "insufficient on their face to invoke federal jurisdiction."

16  *Safe Air for Everyone v. Meyer,* 373 F.3d 1035, 1039 (9th Cir. 2004) (internal quotation marks

17  omitted).  As such, allegations of the complaint are taken as true and construed in the light most

18  favorable to the complaining party. *Levine v. Vilsack,* 587 F.3d 986, 991 (9th Cir. 2009).

19       Carneros Resort contends that Mr. Strojnik's allegations do not satisfy the injury-in-fact

20  requirement. Its argument is defeated by *Civil Rights Education and Enforcement Center v.*

21  *Hospitality Properties Trust,* 867 F.3d 1093, 1098-1099 (9th Cir. 2017).  There, the Ninth Circuit

22  held in an ADA access case:

> The Named Plaintiffs have alleged in the First Amended Complaint
> that they intend to visit the relevant hotels, but have been deterred
> from doing so by the hotels' noncompliance with the ADA. They
> further allege that they will visit the hotels when the non-compliance
> is cured. Thus, the ADA violations have prevented them from staying
> at the hotels. Without such averments, they would lack standing.
> However, "construing the factual allegations in the complaint in favor
> of the plaintiffs," as we must at this preliminary stage, we conclude
> that the Named Plaintiffs have sufficiently alleged injury in fact. Their
> harm is "concrete and particularized," and their intent to visit the
> hotels once they provide equivalent shuttle service for the disabled
> renders their harm "actual or imminent, not conjectural or
> hypothetical."

*United States District Court*
*Northern District of California*

1    *Civil Rights Educ. & Enf't Ctr. v. Hosp. Properties Tr.*, 867 F.3d 1093, 1099 (9th Cir. 2017).

2    Here, as described above, Mr. Strojnik similarly alleges that he intends to visit the defendant hotel

3    but has been deterred from doing so by what he alleges constitutes the hotel's noncompliance with

4    the ADA. He also alleges that he will visit the hotel when the non-compliance is cured. Plaintiff

5    has therefore alleged standing sufficient to withstand a facial standing attack.

6    Carneros Resort nonetheless insists that Mr. Strojnik cannot demonstrate an injury because

7    Mr. Strojnik has not demonstrated a genuine intent to return to the hotel. Its argument, however,

8    requires the Court to disregard the Ninth Circuit's command that it accept Plaintiff's allegations as

9    true. *Civil Rights Educ. & Enf't Ctr.*, 867 F.3d at 1099. If Carneros Resort was making a factual

10   attack on standing the Court would not have to accept Mr. Strojnik's factual allegations. *See Safe*

11   *Air for Everyone v. Meyer,* 373 F.3d 1035, 1039 (9th Cir. 2004). But Carneros Resort's motion is

12   a facial attack on standing on which the Court is required to draw all reasonable inferences from

13   the alleged facts in Mr. Strojnik's favor.

14   At oral argument Carneros Resort also appeared to argue that Mr. Strojnik had not

15   encountered or been made aware of any ADA violations. But to accept this argument the Court

16   would again have to violate the directive that it construe the allegations of the complaint in Mr.

17   Strojnik's favor. He specifically alleges the online reservation systems failed to identify the

18   hotel's accessibility and contends that this omission is an ADA violation. He also identifies what

19   he contends are other barriers to access. At this stage, Carneros Resort has not proved that

20   drawing all factual inferences in Mr. Strojnik's favor, he has not sufficiently alleged that he

21   became aware of accessibility barriers.

**CONCLUSION**

For the reasons stated above, the Court DENIES Carneros Resort's motion to dismiss.

This Order disposes of Docket No. 20.

**IT IS SO ORDERED.**

Dated: November 13, 2019

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

United States District Court
Northern District of California

EXHIBIT 4

1
2
3               UNITED STATES DISTRICT COURT
4               NORTHERN DISTRICT OF CALIFORNIA
5

| | |
|---|---|
| 6   PETER STROJNIK, | Case No.  19-cv-04616-SVK |
| 7           Plaintiff, | |
| 8        v. | **ORDER DENYING MOTION TO DISMISS FIRST AMENDED COMPLAINT** |
| 9   RESORT AT INDIAN SPRINGS, LLC, | |
| 10          Defendant. | Re: Dkt. No. 25 |

11         Plaintiff Peter Strojnik, representing himself *pro se*, alleges that Defendant Resort at Indian

12   Springs, LLC, which owns, operates, or leases a hotel in Calistoga, California (the "Hotel"),

13   violates the Americans with Disabilities Act ("ADA"), the California Unruh Civil Rights Act

14   ("Unruh Act"), and the California Disabled Persons Act ("DPA") and is liable for negligence.

15   According to Plaintiff, first-party and third-party booking websites did not describe the Hotel's

16   accessibility features in sufficient detail to permit Plaintiff to assess whether the Hotel meets his

17   accessibility needs; he was unable to reserve accessible guest rooms in the same manner as

18   individuals who do not need accessible rooms; and the Hotel has architectural barriers to

19   accessibility.  Dkt. 1 (Complaint) at ¶¶ 16-22; Dkt. 24 (First Amended Complaint ("FAC")) at

     ¶¶ 51-57, 63-64.

20         On December 19, 2019, the Court granted Defendant's motion to dismiss the original

21   complaint.  Dkt. 23.  The Court dismissed Plaintiff's ADA claim with leave to amend, holding that

22   Plaintiff had failed to tie the alleged barriers at the Hotel to his particular disability and failed to

23   allege facts showing that he has suffered continuing adverse effects.  *Id.* at 7-9.  The Court also

24   dismissed Plaintiff's Unruh Act and DPA claims with leave to amend on the ground that Plaintiff

25   had not pleaded facts showing that he is a "person[] within the jurisdiction of this state" for

26   purposes of bringing an Unruh Act claim or that he is afforded protections under the DPA.  *Id.* at

27   11.  The Court dismissed Plaintiff's negligence claim because, having dismissed the ADA claim,

     there was no basis for supplemental jurisdiction over Plaintiff's negligence claim.  *Id.*  The Court

28

*United States District Court*
*Northern District of California*

stated that dismissal of the negligence claim was "without prejudice to Plaintiff filing the claim in state court or including the claim in an amended complaint in this case" and that if Plaintiff included a negligence claim in his amended complaint, "Defendant may renew its arguments regarding dismissal of that claim." *Id.*

Defendant now seeks to dismiss all claims in the FAC pursuant to Federal Rule of Civil Procedure 12(b)(1) (lack of subject matter jurisdiction) and 12(b)(6) (failure to state a claim). Dkt. 25. The parties have consented to the jurisdiction of a magistrate judge. Dkt. 6, 11.

Pursuant to Civil Local Rule 7-1(b), the Court deems the pending motion to dismiss suitable for determination without oral argument. After considering the parties' submissions, the case file, and relevant law, the Court **DENIES** Defendant's motion to dismiss for the reasons that follow.

## I.    BACKGROUND

Plaintiff Peter Strojnik, a resident of Arizona, alleges that he has "a severe right-sided neural foraminal stenosis with symptoms of femoral neuropathy, prostate cancer and renal cancer, [and a] degenerative right knee." that "substantially limit his major life activities." Dkt. 24 ¶¶ 3, 8. According to Plaintiff, he "walks with difficulty and pain and requires compliant mobility accessible features at places of public accommodation." *Id.* ¶ 16.

Plaintiff claims that he sought information about Defendant's Hotel in connection with a planned trip to the California Wine Country. *Id.* ¶ 52. According to Plaintiff, he noted that first-party and third-party booking websites "failed to identify and describe accessible features in the Hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs." *Id.* Plaintiff alleges that third party booking websites also "failed to make reservations for accessible guest rooms available in the same manner as individuals who do not need accessible rooms." *Id.* ¶ 63. Nevertheless, Plaintiff alleges that he lodged at the Hotel on April 17, 2019. *Id.* ¶ 54. Plaintiff contends that he "personally encountered accessibility barriers at Defendant's Hotel" that "did not completely preclude Plaintiff from entering or using a facility" but "interfered with the plaintiff's 'full and equal enjoyment'" of the Hotel. *Id.* ¶ 55. Plaintiff's complaint is accompanied by an addendum containing screen shots from booking websites and photographs of the Hotel. Addendum C to Dkt. 24.

1    On August 9, 2019, Plaintiff filed this action, asserting causes of action for: (1) violation

2    of the ADA, 42 U.S.C. § 12101 *et seq.*; (2) violation of the California Unruh Civil Rights Act,

3    California Civil Code §§ 51 *et seq.*; (3) the California Disabled Person Act, California Civil Code

4    §§ 54-54.3; and (4) negligence. Dkt. 1. Defendant moved to dismiss the complaint, and Plaintiff

5    sought summary judgment in his favor. Dkt. 5; Dkt. 13.

6        As discussed above, the Court granted the motion to dismiss with leave to amend. Dkt. 23.

7    The Court also denied Plaintiff's motion for summary judgment. *Id.*

8        Plaintiff filed a First Amended Complaint ("FAC"). Dkt. 24. The FAC asserts four causes

9    of action under the same legal theories as the original complaint: violations of the ADA, Unruh

10   Act, and DPA; and negligence. *Id.* Now before the Court is Defendant's motion to dismiss the

11   FAC under Rule 12(b)(1) for lack of subject matter jurisdiction and under Rule 12(b)(6) for failure

12   to state a claim. Dkt. 25.

## II.    LEGAL STANDARD

### A.    Rule 12(b)(1)

Rule 12(b)(1) allows the Court to dismiss a complaint for lack of subject matter

jurisdiction. A challenge to a plaintiff's Article III standing is properly challenged by a Rule

12(b)(1) motion to dismiss. *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th

Cir. 2010).

Rule 12(b)(1) motions can challenge subject matter jurisdiction in two different ways:

(1) a facial attack based solely on the allegations of the complaint, or (2) a factual attack based on

extrinsic evidence apart from the pleadings. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035,

1039 (9th Cir. 2004). If a defendant initiates a factual attack by submitting a declaration with

extrinsic evidence of the plaintiff's lack of standing, the plaintiff must then "present affidavits or

any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses

subject matter jurisdiction." *Colwell v. Dep't of Health and Human Svcs.*, 558 F.3d 1112, 1121

(9th Cir. 2009) (citation omitted).

### B.    Rule 12(b)(6)

Under Rule 12(b)(6), a district court must dismiss a complaint if it fails to state a claim

3

United States District Court
Northern District of California

1   upon which relief can be granted.  In ruling on a motion to dismiss, the court may consider only

2   "the complaint, materials incorporated into the complaint by reference, and matters of which the

3   court may take judicial notice."  *Metzler Inv. GmbH v. Corinthian Colls., Inc.*, 540 F.3d 1049,

4   1061 (9th Cir. 2008).  In deciding whether the plaintiff has stated a claim, the court must assume

5   the plaintiff's allegations are true and draw all inferences in the plaintiff's favor.  *Usher v. City of*

6   *L.A.*, 828 F.2d 556, 561 (9th Cir. 1987).  However, the court is not required to accept as true

7   "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable

8   inferences."  *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted).

9          To survive a motion to dismiss under Rule 12(b)(6), the plaintiff must allege "enough facts

10   to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

11   570 (2007).  This "facial plausibility" standard requires the plaintiff to allege facts that add up to

12   "more than a sheer possibility that a defendant has acted unlawfully."  *Ashcroft v. Iqbal*, 556 U.S.

13   662, 678 (2009).

14          Leave to amend must be granted unless it is clear that the complaint's deficiencies cannot

15   be cured by amendment.  *Lucas v. Dept' of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

16   **III.   DISCUSSION**

17          **A.   ADA Claim**

18          In the order dismissing the original complaint, the Court pointed out two key flaws in the

19   ADA claim.  First, Plaintiff failed to allege facts establishing how the alleged barriers at the Hotel

20   impair his full use and equal enjoyment of that facility, given his alleged mobility limitations.

21   Dkt. 23 at 5-7.  Specifically, the Court found that Plaintiff described his disability in only the most

22   vague, general terms, and Plaintiff had identified the barriers only by conclusory captions to the

23   photographs in Addendum C to the complaint.  *Id.* at 7.  Second, Plaintiff failed to demonstrate a

24   true desire to visit the property, absent the alleged barriers.  *Id.* at 8-9.  As a result of these flaws,

25   the Court dismissed Plaintiff's ADA claim with leave to amend.  *Id.* at 9.

26          In reviewing the FAC, the Court concludes that Plaintiff has corrected the defect the Court

27   identified in the ADA claim in the original complaint.

28

United States District Court
Northern District of California

**1.    Allegations regarding link between alleged barriers and Plaintiff's condition**

As to the first defect—Plaintiff's failure to link his disability to the alleged barriers—the FAC describes Plaintiff's illnesses and conditions in substantially more detail. *See, e.g.,* Dkt. 24 at ¶¶ 16, 30-41. Although the allegations in Paragraph 16 that Plaintiff "suffers from physical impairments [that] substantially limit his major life activities" are not sufficiently detailed by themselves, much more detail is provided in Paragraphs 30-41. Coupled with this more detailed explanation of Plaintiff's physical condition, the FAC contains a more specific enumeration of barriers and how they impact Plaintiff's limited mobility. *See id.* at ¶ 56. Although Defendant is correct that the statements in Addendum C to the FAC remain conclusory, when read together with Paragraph 56, Plaintiff's FAC sufficiently states a claim.

**2.    Allegations regarding Plaintiff's intent to visit property**

Paragraph 14 of the FAC addresses the Court's concern about Plaintiff's attempt in the original complaint to plead a threat of repeated injury. *See* Dkt. 23 at 7-9. That paragraph establishes Plaintiff's frequent past and planned future visits to Napa. Dkt. 24 at ¶ 14. Plaintiff also alleges he stays near the Hotel and would stay there but for the barriers. *Id.*

Because the FAC addresses both defects the Court identified in the ADA claim in the original complaint, Defendant's motion to dismiss the ADA claim in the FAC is **DENIED.**

**B.    State Law Claims**

**1.    Unruh Act and DPA claims**

In the order dismissing the original complaint, the Court pointed out inconsistent allegations as to whether the Plaintiff had visited Defendant's Hotel. Dkt. 23 at 10-11. On that record, the Court found that Plaintiff had not pleaded facts that he is a "person[] within the jurisdiction of this state" for purposes of bringing claims under the California Unruh Act of DPA. *Id.* As a result, the Court dismissed Plaintiff's Unruh Act and DPA claims with leave to amend. *Id.* at 11. The FAC corrects this defect because Plaintiff alleges that he stayed at the Hotel on April 17, 2019. Dkt. 24 at ¶ 54.

Defendant nevertheless argues that the Court should exercise its discretion to decline supplemental jurisdiction over Plaintiff's state law claims because the state law claims

5

United States District Court
Northern District of California

1   substantially dominate and/or because the compelling interests of comity and the discouragement

2   of forum shopping support an order declining to exercised supplemental jurisdiction. *See* Dkt. 25

3   at 15-19 (citing 28 U.S.C. § 1367(c)(2) and (4)). The Court disagrees. Neither party challenges

4   the Court's authority to exercise supplemental jurisdiction under section 1367(a) because

5   Plaintiff's state law claims plainly share a "common nucleus of operative fact" with his federal

6   ADA claim. *See Lane v. Landmark Theatre Corp.*, No. 16-cv-06790-BLF, 2020 WL 1976420, at

7   *11 (N.D. Cal. Apr. 24, 2020) (citing *Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004)).

8   The Court is not persuaded that the section 1367(c) factors cited by Defendant warrant a refusal to

9   exercise supplemental jurisdiction. Plaintiff's state law claims do not predominate over the ADA

10  claim, which has not been dismissed, and retention of the state law claims would serve values of

11  "economy, convenience, [and] fairness." *Lane*, 2020 WL 1976429 at *11.

12          Accordingly, Defendant's motion to dismiss the Unruh Act and DPA claims is **DENIED**.

13                      **2.      Negligence claim**

14          The Court dismissed the negligence claim in Plaintiff's original complaint because there

15  was no basis for supplemental jurisdiction over the negligence claim as a result of the Court's

16  dismissal of the ADA claim. Dkt. 23 at 11. Because the Court has denied Defendant's motion to

17  dismiss the ADA claim in the FAC, there is now a basis for supplemental jurisdiction over

18  Plaintiff's negligence claim. Although, as discussed above, Defendant urges the Court not to

19  exercise supplemental jurisdiction over Plaintiff's state law claims, the Court finds that the

20  exercise of supplemental jurisdiction over the state law claims, including the negligence claim, is

21  appropriate for the reasons discussed above.

22          Defendant also argues that Plaintiff has failed to state a plausible claim for negligence.

23  Dkt. 25 at 19. Defendant notes that Plaintiff's FAC introduces Count 4 as a cause of action under

24  the "common law of negligence per se." *Id.* (citing Dkt. 24 ¶ 1.) According to Defendant, the

25  doctrine of negligence per se "define[s] situations in which the failure to comply with a statutory

26  requirement may be presumed to be actionable negligence." Dkt. 25 at 19. Defendant argues that

27  the claim for negligence per se in this case fails because (1) the FAC omits allegations describing

28  any cognizable injury to Plaintiff's person or property; and (2) even if the FAC is interpreted to

United States District Court
Northern District of California

6

1   claim personal injury, a claim for negligence per se cannot be predicated on an ADA violation. *Id.*
2   at 19-20.

3        The reference to "negligence per se" appears in the first, introductory paragraph in the
4   FAC. Dkt. 24 at ¶ 1. The paragraphs setting forth Plaintiff's negligence cause of action do not
5   expressly refer to "negligence per se." *Id.* at ¶¶ 90-109. However, even if it construes Plaintiff's
6   negligence claim as being premised on a negligence per se theory, the Court finds that the FAC
7   adequately alleges such a claim because Plaintiff has plausibly alleged that (1) the Hotel violated a
8   regulation that itself results in violations of federal and state law; (2) he was injured by the
9   violation; (3) the ADA and DPA were designed to protect disabled persons; and (4) he is disabled.
10  *Id.*; *see also Strojnik v. 574 Escuela, LLC*, No. 3:18-cv-06777-JD, 2020 WL 1557434, at *5 (N.D.
11  Cal. Mar. 31, 2020) (denying motion to dismiss negligence per se claim premised on ADA and
12  DPA violations).

13       Accordingly, Defendant's motion to dismiss the negligence claim is **DENIED.**

14  **IV.   CONCLUSION**

15       For the reasons discussed above, Defendant's motion to dismiss is **DENIED.** The Court
16  **ORDERS** as follows:

17      1.   Defendant's answer to the FAC is due within **21 days** of the date of this order.
18      2.   Within **30 days** of the date of this order, the parties must file a joint proposed
19          schedule to proceed under General Order 56 (*i.e.*, an update to the joint status
20          report at Dkt. 28).
21      3.   A Case Management Conference is scheduled for **November 10, 2020.** The parties
22          must file a Joint Case Management Conference Statement by **November 3, 2020.**

23       **SO ORDERED.**

24  Dated: June 25, 2020

25

26

27  SUSAN VAN KEULEN
    United States Magistrate Judge

28

*United States District Court*
*Northern District of California*



**UNITED STATES POSTAL SERVICE**®

Peter Strojnik
7847 N. Central Avenue
Phoenix, AZ 85020

CLERK US District Court


SOUTHERN DISTRICT OF CALIFORNIA
**RECEIVED**

# PRIORITY
# MAIL

Clerk of Court
**United States District Court**
**Southern District of California**
333 West Broadway, Ste 420
San Diego, CA 92101

▫ Date of delivery specified*

▫ USPS TRACKING™ included to many major
 international destinations.

▫ Limited international insurance.

▫ Pick up available.*

▫ Order supplies online.*

▫ When used internationally, a customs
 declaration label may be required.

\* Domestic only



**UNITED STATES POSTAL SERVICE**®

**USPS TRACKING #**

9114 9023 0722 4699 1158 72

Label 400 Jan. 2013
7690-16-000-7948

To schedule free
Package Pickup,
scan the QR code.



USPS.COM/PICKUP



P S 0 0 0 0 1 0 0 0 0 1 4

EP14F Oct 2018
OD: 12 1/2 x 9 1/2

estic only.    ⌧ For Domestic shipments, the maximum weight is 70 lbs. For International shipments, the maximum weight is