1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

PETER STROJNIK, SR.,

Plaintiff,

v.

1017 CORONADO, INC.,

Defendant.

Case No. 19-cv-02210-BAS-MSB

**ORDER GRANTING DEFENDANT'S
MOTION FOR ATTORNEY'S FEES**

**(ECF No. 17)**

On November 20, 2019, Peter Strojnik, proceeding pro se, filed a Complaint alleging violations of the Americans with Disabilities Act ("ADA"), the California Unruh Act, the California Disabled Persons Act ("DPA") and one count of negligence. (Compl., ECF No. 1.) On June 16, 2020, the Court granted Defendant's Motion to Dismiss for lack of standing. (ECF No. 15.) Defendant now moves for Attorney's Fees or in the Alternative for Sanctions ("Motion"). (ECF No. 17). Plaintiff objects to the Motion (ECF No. 19), and Defendant replies to the objection. (ECF No. 20.)

The Court finds this Motion is suitable for determination on the papers submitted and without oral argument. *See* Civ. LR 7.1(d)(1). For the reasons stated below, the Court **GRANTS** Defendant's Motion. (ECF No. 17.)

## I.    STATEMENT OF FACTS

In the Complaint, Mr. Strojnik alleged he is disabled and "walks with difficulty and pain" requiring "compliant mobility accessible features at places of public accommodation." (Compl. ¶¶ 2–4.) Plaintiff did not provide greater detail as to the "mobility accessible features" he requires but claims that "[b]y virtue of his disability, [he]

requires an ADA compliant lodging facility particularly applicable to his mobility, both ambulatory and wheelchair assisted." (*Id.* ¶ 14.)  Plaintiff provided blurry photographs purporting to show barriers that he encountered on Defendant's website depicting Defendant's lodging facility. (Compl. ¶¶ 15–16, Addendum A.)  Plaintiff did not allege that he personally encountered these barriers, visited the hotel at 1017 Coronado, or called the facility to see if these barriers exist or if alternative options are available for those with Plaintiff's disabilities.

Defendant presents surveillance videos from June 5, 2019, February 10, 2020, and February 11, 2020, ostensibly showing Plaintiff walking around various hotels without the need of a wheelchair. (ECF Nos. 4-2, 17-2.)  The Court further notes that in a case involving the same Plaintiff before this Court, Plaintiff attended a hearing on December 10, 2019, and was able to enter the courtroom unassisted by a wheelchair and did not appear to have difficulty ambulating. (*See Strojnik v. Torrey Pines Club Corp.* ("*Torrey Pines*"), No. 19-cv-00650-BAS-AHG, (S.D. Cal. Apr. 8, 2019), ECF No. 56.)  In that case, the Court ordered Mr. Strojnik to submit to an Independent Medical Examination ("IME") and set an evidentiary hearing on the issue of whether Plaintiff should be declared a vexatious litigant, in part, for misrepresenting his disability status in that complaint. (*Id.*)  The IME concluded that Mr. Strojnik "ambulates relatively well with a very slight limp and has an erect posture." (*See* Decl. of Philip Stillman ("Stillman Dec."), Ex. 2 to Mot., ECF No. 17-2.)  The parties settled the case before the evidentiary hearing, and the Defendant in that case withdrew the request to have Mr. Strojnik declared a vexatious litigant. (*See Torrey Pines*, ECF No. 125.)

The Defendant in this case moved to dismiss the Complaint for lack of standing. (ECF No. 4.)  The Court granted the motion, finding Plaintiff never alleged he actually encountered the barriers or contacted the hotel to see if the barriers actually existed. (Order Granting Def.'s Mot. to Dismiss at 5, ECF No. 15.)  Furthermore, the Court found Plaintiff alleged insufficient facts to show that he was disabled at the time he intended to visit San Diego. (*Id.* at 6.)  And finally, the Court found Mr. Strojnik's claims in multiple lawsuits

throughout the state that he planned to return to all of the various lodging establishments "defie[d] credulity." (*Id.*) The Court refused to give Plaintiff leave to amend the Complaint, finding that Mr. Strojnik had been repeatedly informed that his formulaic complaints lacked standing yet he persisted in filing the same boilerplate allegations. (*Id.* at 7–8.)

## II.   BACKGROUND

Mr. Strojnik is no stranger to having his ADA lawsuits thrown out for lack of standing. On November 16, 2018, the State Bar of Arizona filed a complaint alleging that Mr. Strojnik, then licensed to practice law in the state, had filed thousands of ADA complaints against small businesses in Arizona and then used false statements to pressure the defendants to settle the cases. More than a thousand of these identical cases were consolidated in Arizona Superior Court and all but one were dismissed with prejudice for lack of standing on March 2, 2017. *See Advocates for Individuals with Disabilities, LLC v. MidFirst Bank*, No. CV-16-01989-PHX-NVW, 2018 U.S. Dist. Lexis 123795, at **6–8 (D. Ariz. July 24, 2018). The Arizona State Bar alleged that Mr. Strojnik had perpetrated a fraud on the court and made a number of misrepresentations to the court in an attempt to avoid sanctions. (*See* Ex. 1 to Stillman Decl..) Plaintiff consented to disbarment and was disbarred on May 10, 2019.

Plaintiff now appears before this Court and many other courts throughout California, not as a lawyer, but as a litigant, making identical allegations (including the typographic errors) about various lodging facilities throughout California. In the Southern District of California alone, Mr. Strojnik has filed 22 identical ADA complaints against various hotels in the Southern District of California.[1, 2]

---

[1] In each of these cases, Plaintiff alleges that he "requires compliant mobility accessible features at places of public accommodation" and that he requires "an ADA compliant lodging facility particularly applicable to his mobility, both ambulatory and wheelchair assisted." In particular, Plaintiff alleges that the hotel rooms and bathrooms are inaccessible to him because they are not wheelchair accessible and their websites fail to identify whether they are wheelchair accessible.

[2] *See Strojnik v. Pendry San Diego, LLC*, No. 19-cv-00305-LAB-AGS; *Strojnik v. Host Hotels and Resorts*, No. 19-cv-00909-WQH-WVG; *Strojnik v. La Jolla Bed and Breakfast, Inc.*, No. 19-cv-01186-

In an extensive analysis of the cases Mr. Strojnik has filed in California, the district court in *Strojnik v. IA Lodging Napa First LLC,* No. 19-cv-3983-DMR, 2020 WL 2838814 (N.D. Cal. June 1, 2020), reviewed 114 of these ADA cases in which Mr. Strojnik appeared as a plaintiff.  The court concluded that "the vast majority of courts who have reached the issue have granted Rule 12(b)(1) motions for lack of standing or dismissed Strojnik's complaints *sua sponte* on that basis."  *Id.* at *12; *see, e.g.*, *Strojnik v. Pasadena Robles Acquisition, LLC*, No. 19-cv-2067, 2019 U.S. Dist. Lexis 213070, at *4 n.1 (C.D. Cal. Aug. 14, 2019) ("[H]aving failed to articulate . . . what the specific barriers are, Plaintiff also failed to tie them to his alleged disability as required to show that the violation affects the plaintiff in a personal and individual way.") (quotations omitted), *aff'd* 801 Fed. App'x 569 (9th Cir. 2020); *Strojnik v. Hotel Circle GL Holdings LLC*, No. 19-cv-1194, 2019 U.S. Dist. Lexis 202591, at **18–19 (E.D. Cal. Nov. 21, 2019) ("Several district courts have dismissed complaints similar to the one before this court filed by plaintiff after finding that he did not properly allege standing to invoke the court's jurisdiction in those cases. Plaintiff is therefore well aware of the applicable Ninth Circuit law governing standing to assert an ADA claim[.]").  The court also pointed out that "[a]s early 2017, courts in the Ninth Circuit have repeatedly admonished Strojnik for failing to allege a connection between ADA violations and a plaintiff's particular disabilities."  *IA Lodging Napa First*, at *10.   The Court further concluded that "Strojnik has a longstanding practice of failing

WQH-KSC; *Strojnik v. GHALP Partnership LP*, No. 19-cv-01187-LAB-RBB; *Strojnik v. CWI 2 La Jolla Hotel LP*, No. 19-cv-01381-GPC-MDD; *Strojnik v. Prospect Hospitality LP*, No. 19-cv-01386-WQH-AGS; *Strojnik v. Lizerbram*, No. 19-cv-01390-LAB-BLM ; *Strojnik v. Bartell Hotels Management Co.*, No. 19-cv-01391-DMS-MSB.; *Strojnik v. RNM Hospitality*, No. 19-cv-01455-WQH-WVG; *Strojnik v. Marla K Hicks Trust*, No. 19-cv-01446-BAS-AHG; *Strojnik v. 1315 Orange LLC*, No. 19-cv-01991-LAB-JLB; *Strojnik v. Barrigon, Inc.*, No. 19-cv-02147-AJB-RBB; *Strojnik v. Cherokee Lodge*, No. 19-cv-02148-AJB-AHG; *Strojnik v. Village 1017 Coronado*, No. 19-cv-02210-BAS-MSB; *Strojnik v. INdoc Partners, LLC*, No. 19-cv-02211-LAB-BLM; *Strojnik v. Kamla Hotels Inc.*, No. 19-cv-02212-AJB-AHG; *Strojnik v. San Diego Farah Partners, LP*, No. 20-cv-00358-LAB-BGS; *Strojnik v. Souldriver Lessee, Inc.*, No. 20-cv-00359-JAH-LL; *Strojnik v. RBI Investors, L.P.*, No. 20-cv-00360-BAS-LL; *Strojnik v. Lafayette Landlord, LLC*, No. 20-cv-00387-GPC-AGS; *Strojnik v. Driftwood Capital Partners, LLC*, No. 20-cv-00384-DMS-MSB; *Strojnik v. Pacifica Stratford Three, LLC*, No. 20-cv-00868-GPC. The vast majority of these cases have either been immediately settled with no litigation or dismissed for want of prosecution.

to allege basic facts about standing such as a connection between a barrier and plaintiff's disability." *Id.* at \*11. The Court expressed concern that Strojnik carefully alleged broad non-specific allegations with insufficient details that could neither be confirmed nor discredited. *Id.* Ultimately the court declared Mr. Strojnik to be a vexatious litigant because of his "frivolous and harassing" litigation tactics. *Id.* at \*13.

## III.   ANALYSIS

### A.   Entitlement to Attorney's Fees

Defendant first requests attorneys' fees under 42 U.S.C. §12205. Under this statute, the court may award a party who prevails in a lawsuit filed under the ADA "a reasonable attorney's fee, including litigation expenses and costs." The purpose of awarding fees to a prevailing defendant is "'to deter the bringing of lawsuits without foundation.'" *CRST Van Expedited, Inc., v. E.E.O.C.*, 136 S. Ct. 1642, 1652 (2016) (quoting *Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 420 (1978)). "The Court, therefore, has interpreted the statute to allow prevailing defendants to recover [only] when the Plaintiff's 'claim was frivolous, unreasonable or groundless.'" *Id.* (quoting *Christiansburg*, 434 U.S. at 421).

Plaintiff argues first that Defendant was not the prevailing party in this case because the case was dismissed for lack of subject matter jurisdiction. However, as Mr. Strojnik well knows, the Ninth Circuit has rejected this argument. *Amphastar Pharmaceuticals Inc. v. Aventis Pharma SA*, 856 F.3d 696, 709 (9th Cir. 2017) (dismissing a case for lack of subject matter jurisdiction is "a significant victory and permanently changes the legal relationship of the parties"). He raised this exact argument in *Advocates for Individuals with Disabilities*, where the Arizona court pointed out to him that *Amphastar* allows a Defendant to recover attorney's fees in similar circumstances. 2018 U.S. Dist. Lexis 123795, at \*13-14.

Next the Court must determine whether this lawsuit was "frivolous, unreasonable or groundless." "'Frivolous' means '[l]acking in legal basis or legal merit[.]" *Id.* at \*11 (quoting Blacks' Law Dictionary 739 (9th ed. 2009)). "Bad faith" in bringing the lawsuit

is not required, but a showing of bad faith could support a finding that the lawsuit was "frivolous, unreasonable or groundless." *Id.*

Mr. Strojnik has had thousands of cases filed pursuant to the ADA dismissed for lack of standing.  He has been repeatedly told that he must articulate: (1) the specific barriers that he encountered; and (2) must tie them to any alleged disability he suffers from. *See Pasadena Robles Acquisition*, 2019 U.S. Dist. Lexis 213070, at *4 n.1 ("("[H]aving failed to articulate . . . what the specific barriers are, Plaintiff also failed to tie them to his alleged disability as required to show that the violation affects the plaintiff in a personal and individual way.") (quotation omitted); *IA Lodging Napa First LLC*, 2020 WL 2838814, **7–13 (analyzing 114 ADA cases filed by Mr. Strojnik in California and concluding that he should be declared a vexatious litigant for failing to attempt to cure his standing issues). As the Court concluded in *IA Lodging Napa First*, "[a]s early as 2017, courts in the Ninth Circuit have repeatedly admonished Strojnik for failing to allege a connection between ADA violations and plaintiff's particular disabilities." *Id.* at *10.  For example, in *Hotel Circle GL Holdings*, filed at the same time as this case, the Court concluded that Mr. Strojnik is "well aware of the applicable Ninth Circuit law governing standing to assert an ADA." *Id.* at *11.

The Court finds the lack of specificity in Mr. Strojnik's complaints particularly troubling because it allows Mr. Strojnik to avoid alleging the specifics of his disability and how this disability has been affected by the alleged barriers he allegedly encountered. *See IA Lodging Napa First*, 2020 WL 2838814, at *11 (noting the concern that "Strojnik files bare-bones complaints that do not meet pleading standards in order to pressure ADA defendants into settlement before the Court can reach the merits of his claims").  Mr. Strojnik appears to suggest that he is wheelchair-bound, a fact that clearly is not true.  In the case most recently before the Court, the Court ordered an IME to determine whether Mr. Strojnik was truly disabled as he claimed in his lawsuit.  The case settled after the IME was conducted but the examiner concluded Mr. Strojnik "ambulates relatively well with a very slight limp and has an erect posture."  (*See* Ex. 2 to Stillman Decl.)  Similarly, at a

Court hearing on December 10, 2019 (a month after this lawsuit was filed), the Court observed Plaintiff able to walk into a courtroom unassisted by a wheelchair.  At that time Plaintiff did not appear to have difficulty walking.

Mr. Strojnik also appears to suggest that he encountered these barriers without ever traveling to the lodging facilities.  In other words, he looks at photos online and, without reaching out to the lodging facilities, files a lawsuit claiming that they are not ADA accessible.  This is particularly troubling given Mr. Strojnik's history of filing meritless lawsuits and using misrepresentations to encourage small business defendants into quick settlements.  These tactics led Mr. Strojnik to be disbarred by the State of Arizona.  He appears to be using similar tactics in California, using himself as a questionable plaintiff.

The fact remains that Mr. Strojnik files lawsuits with broad, non-specific allegations that he knows will be dismissed for lack of standing.  This conduct is clearly frivolous, unreasonable, and groundless.

Mr. Strojnik counters that two lawsuits filed in California were not dismissed for lack of standing based on *Civil Rights Education and Enforcement Center v. Hospitality Properties Trust ("CREEC")*, 867 F.3d 1093 (9th Cir. 2017).  (*See Strojnik v. 574 Escuela LLC*, No. 18-cv-6777, Ex. 1. to Pl.'s Obj. to Def.'s  Mot., ECF No. 19; *Strojnik v. GF Carneros Tenant, LLC*, No. 19-cv-3583-JSC, Ex. 3 to Pl.'s Obj. to Def.'s Mot.)  But, as the Arizona court in *Advocates for Individuals with Disabilities* points out, these cases addressed the issue of whether Mr. Strojnik's allegations that he was deterred from visiting the lodging facilities at issue without actually visiting them established standing.  2018 U.S. Dist. Lexis 123795, at **27–28.  They do not address Mr. Strojnik's failure to allege specifically what his disability is and what the barriers are that affect that disability.  These shortfalls have been pointed out to Mr. Strojnik on many, many occasions, yet he continues to file boilerplate complaints lacking in substance sufficient to establish standing.

In the alternative Defendant requests sanctions under 28 U.S.C. § 1927 for multiplying the proceedings "unreasonably and vexatiously."  Although the Court finds it is likely that Defendant can establish evidence to justify sanctions under this statute,

because it has already found that attorney's fees are justified under § 12205, it does not reach this issue.

### B.      Amount of Attorney's Fees

Defendant provides billing records justifying its claim that the lodestar for defending this claim is $21,995.  (Ex. 4 to Stillman Decl.).  The Court finds the rate of $500 an hour is the prevailing rate for an attorney of Mr. Stillman's experience in San Diego, and, having reviewed the billing records, finds the hours spent defending this action to be reasonable.

Plaintiff argues that Defendant fails to establish that Plaintiff's counsel actually billed Plaintiff this amount for attorney's fees and requests discovery as to the terms and existence of a fee agreement between Defendant and its counsel and any invoices sent by counsel to Defendant.  (Pl.'s Obj. at 6–7.)  However, "the award of attorneys' fees under civil rights fee-shifting statutes is not cost-based" and "an award of attorneys' fees . . . is not necessarily contingent upon an obligation to pay counsel." *Nadarajah v. Holder*, 569 F.3d 906, 916 (9th Cir. 2009).  "The presence of an attorney-client relationship suffices to entitle prevailing litigants to receive fee awards." *Id.*  Mr. Stillman has appeared as counsel for Defendant throughout this litigation, so there is no question that an attorney-client relationship exists between them.  Whether or not Defendant is required to pay this amount to Mr. Stillman is irrelevant.  Therefore, Mr. Strojnik's objection on this ground is overruled and his request for discovery is denied.

## IV.   CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendant's Motion for Attorney's Fees (ECF No. 17) and awards Defendant $21,995 in attorney's fees.  Plaintiff is ordered to pay this amount forthwith.

**IT IS SO ORDERED.**

**DATED: January 12, 2021**

Hon. Cynthia Bashant
United States District Judge

19cv2210