**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PETER STROJNIK,<br><br>                                    Plaintiff,<br><br>   v.<br><br>VILLAGE 1107 CORONADO, INC.,<br><br>                                    Defendant. | Case No. 19-cv-02210-BAS-MSB<br><br>**ORDER REQUIRING DEFENDANT TO SUBMIT EVIDENCE IN SUPPORT OF PLAINTIFF'S CONTEMPT OF COURT ORDER** |

On March 29, 2021, the Court issued an Order to Show Cause ("OSC") why Plaintiff Peter Strojnik should not be held in contempt for failing to comply with the Court's Order to pay attorney's fees in this action.  (ECF No. 27.)  Mr. Strojnik was required to show cause by April 5, 2021, either by filing a sworn affidavit affirming that he paid the attorney's fees or a response to the OSC explaining his noncompliance.  (*Id.*)  Mr. Strojnik did not file any affidavits or responses to the OSC by this date.  The Court now turns to whether Defendant has met its burden to hold Mr. Strojnik in contempt.

"A district court has the power to adjudge in civil contempt any person who willfully disobeys a specific and definite order of the court."  *Gifford v. Heckler*, 741 F.2d 263, 265 (9th Cir. 1984).  "The contempt 'need not be willful,' and there is no good faith exception to the requirement of obedience to a court order."  *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993).

"To establish a prima facie case for civil contempt, the moving party must show, by clear and convincing evidence, that the non-moving party disobeyed a specific and definite

court order, and that such disobedience was (1) beyond substantial compliance, and (2) not based on a good faith and reasonable interpretation of the Court's order." *DeMichiel v. AEG Live NJ, LLC*, No. CV 16-00913-BRO (AGRx), 2017 WL 8114930, at *3 (C.D. Cal. Jan. 24, 2017) (citing *In re Dual-Deck*, 10 F.3d at 695). If the moving party makes its prima facie case, the burden shifts to the alleged contemnor to demonstrate an inability to comply. *Stone v. City & Cty. of S.F.*, 968 F.2d 850, 856 n.9 (9th Cir. 1992). The accused party must demonstrate that it was unable to comply despite taking all reasonable steps to do so. *Id.* at 856. To determine whether the non-moving party has met its burden, the Court may consider evidence, including their history of noncompliance. *Id.* at 857.

Defendant states in its Application for an OSC that Mr. Strojnik had not paid the required attorney's fees despite repeated reminders. (ECF No. 26.) However, Defendant provides no evidence in support of this assertion and instead raises it only as a statement in its Application. *See Fed. Trade Comm'n v. Kutzner*, No. SACV 16-00999-BRO-AFMx, 2017 WL 2985397, at *8 (C.D. Cal. June 12, 2017) (citing *Fed. Trade Comm'n v. Affordable Media*, 179 F.3d 1228, 1239 (9th Cir. 1999) (the "well settled" civil contempt standard requires the moving party to provide "clear and convincing evidence")), *aff'd sub nom. Fed. Trade Comm'n v. Marshall*, 781 F. App'x 599 (9th Cir. 2019); *cf. Perez v. i2a Techs., Inc.*, No. C 15-04963 WHA, 2015 WL 7753330, at *3 (N.D. Cal. Dec. 2, 2015) (finding sworn statements from employees constituted clear and convincing evidence to hold defendant in contempt of temporary restraining order requiring payment of wages).

Because Defendant has not presented clear and convincing evidence of Mr. Strojnik's failure to pay attorney's fees, the Court cannot find Mr. Strojnik in contempt of violating this Order. Defendant may submit such evidence to support a finding of contempt on or before **April 20, 2021**.

**IT IS SO ORDERED.**

**DATED: April 12, 2021**

Hon. Cynthia Bashant
United States District Judge

- 2 -