1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Philip H. Stillman, Esq. SBN# 152861
STILLMAN & ASSOCIATES
3015 North Bay Road, Suite B
Miami Beach, Florida 33140
Tel. and Fax:  (888) 235-4279
pstillman@stillmanassociates.com

Attorneys for defendant VILLAGE 1107 CORONADO, INC.

## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF CALIFORNIA

PETER STROJNIK,

                    Plaintiff,

         vs.

VILLAGE 1107 CORONADO, INC.,

                    Defendant.

)
)
)
)
)
)
)
)
)
)
)

Case No. 19-cv-2210 BAS MSB

**DECLARATION IN SUPPORT OF FINDING OF CONTEMPT PURSUANT TO THIS COURT'S APRIL 13, 2021 ORDER**

**NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT.**

Date:  None set
Courtroom: 4B, 4th Fl.

Hon. Cynthia A. Bashant

Declaration of Philip H. Stillman in support of Contempt Order

# DECLARATION OF PHILIP H. STILLMAN

I, Philip H. Stillman, declare the following:

1.     I am a member of the California State Bar in good standing and counsel for Defendant in the above-captioned action.  I have personal knowledge of the facts stated herein and if called as a witness, I could and would testify competently to them.

2.     On January 12, 2021, this Court issued a clear and definite order directing plaintiff Peter Strojnik to pay $21,995 in attorney's fees "forthwith." (Dkt. 22).

3.     On January 13, 2021, I had to attend a court-ordered mediation in another case pending in the Eastern District.  During that mediation, I asked when Strojnik was going to pay the attorney's fees as ordered, as I intended to file a Notice of Lien on that case.  The mediator told me that Mr. Strojnik enjoyed the "sport" of sparring in these cases with me and even though there was no possibility of him receiving any money, he would not dismiss the case against my client.

4.     As of February 22, 2021, Strojnik had still failed and refused to comply with the Order and pay the $21,995 as ordered.

5.     I thereupon filed an Application for an Order to Show Cause re Contempt with this Court, asking that Peter Strojnik be held in Contempt for failing to pay the attorney's fees as ordered. (Dkt. 26).

6.     This Court issued an Order to Show Cause re Contempt on March 27, 2021, Dkt. 27, ordering Strojnik to pay the amount of the attorney's fees and file a Declaration so stating by April 5, 2021.  *Id.*

7.     From February 22, 2021 through the present, Strojnik has not communicated with me in any fashion to discuss payment of the amount due pursuant to this Court's Order.

8.     However, on March 1, 2021, I received a telephone call from Mr. Strojnik regarding a case in the Eastern District where a colleague had filed a Motion for a Costs Bond that was substantially similar to ones that I had filed in cases with Mr. Strojnik that had been granted.  During that telephone call, I reminded him that he had been ordered to

pay $21,995 in attorneys fees "forthwith," and asked when he intended to pay it.  I do not recall his exact words in response, but it was something to the effect of "good-bye, always nice speaking with you" and terminated the call.

9.     On April 12, 2021, I notified the Court that Strojnik had neither paid the $21,995 as ordered, nor had I received any declaration to that effect, nor had he contacted me at all regarding payment of the $21,995. (Dkt. 28).

10.     This Court's Order could not be more clear and definite.  It ordered Strojnik to pay the $21,995 "forthwith."  In the context of a warrant, the Ninth Circuit has determined in *United States v. Nepstead*, 424 F.2d 269, 271 (9th Cir. 1970) that "forthwith" means any time within 10 days after the warrant is issued, for example.  "Forthwith" clearly does not mean 3 months.

11.     If there was any uncertainty regarding when Mr. Strojnik had to comply with this Court's order, it was dispelled on March 27, 2021, when this Court ordered Mr. Strojnik to pay the $21,995 on or before April 5, 2021, which he still did not do.

12.     Strojnik has not complied with the Court's January 12, 2021 Order or its March 27, 2021 Order nor offered any excuse for failing to pay the $21,995 as ordered, but it is clear that he can easily comply with the Order *if he wanted to*.

13.     As a practical matter, Strojnik claims to spend most of the year traveling and staying hotels in California. *See* Second Amended Complaint, *Strojnik v. Kamla Hotels, Inc.* Case 3:19-cv-02212-AJB-AHG (S.D.Cal. Jan. 26, 2021), at ¶19(c), listing or purportedly listing all of Strojnik's travel in California through February 2020.  A copy of this complaint is attached hereto as Exhibit 1.

14.     Strojnik claims to be retired, but he admits to having received $249,079 from 117 ADA settlements in the last two years in California through April 2020.  *Strojnik v. IA Lodging Napa First LLC*, 2020 U.S. Dist. LEXIS 95738, at *18-19 (N.D. Cal. June 1, 2020).

15.     In *Strojnik v. Driftwood Hosp. Mgmt. LLC*, 2021 U.S. Dist. LEXIS 1720, at *24 (D. Ariz. Jan. 6, 2021) the Court ordered Strojnik to provide evidence of the amount of

all of his settlements in the Arizona courts in the last *year*.  The Court specifically held that Strojnik misrepresented the amount that he received, holding that "To date, he says he has settled thirteen cases, which would amount to just over $100,000. Even if the Court accepted Mr. Strojnik's claimed 'initial expenses' beyond fees and service costs as legitimate, he would still be making about $75,000."  Given his admission that he has received $249,000 in settlements since May 2018 (when he was suspended as a lawyer) through April 2020 in California, approximately $100,000 in the past year in Arizona, claims to have donated  $1.2 million in settlement proceeds to an unspecified "charity" that he no doubt controls and according to Zillow.com, lives in a house valued at $1.6 million,[1] Strojnik has no legitimate excuse for his contumacious conduct in violating the terms of this Court's clear and definite Order.

16.     Moreover, while he is refusing to pay the attorney's fees incurred in this case due to his vexatious conduct, he is continuing to litigate fourteen cases in federal court in the Northern, Southern and Eastern District.  A copy of the PACER report showing Strojnik's open cases in the California federal courts is attached hereto as <u>Exhibit 2.</u>

17.     I have thought about the ways that could effectively force Strojnik to comply with this Court's orders without something as severe as incarceration.  However, a coercive fine does nothing because Strojnik still won't pay it.  An injunction against Strojnik continuing to prosecute any cases where he is a plaintiff and which contains an ADA claim or is based on a violation of the ADA may prevent further harassment of other defendants, but it again does not force Strojnik to pay the court-ordered $21,995.  Accordingly, given Mr. Strojnik's violation of this Court's Orders, it appears that only a significant coercive incentive such as incarceration until such time as he purges the contempt will force Mr. Strojnik to take this Court's Orders seriously.

---

[1] https://www.zillow.com/homedetails/7847-N-Central-Ave-Phoenix-AZ-85020/71619720_zpid/

1

2    I declare under the penalty of perjury under the laws of the State of California and

3    the United States that the foregoing is true and correct.  Signed this 13th day of April, 2021

4

5                                                    By:_____

6                                                          Philip H. Stillman, Esq.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

I, the undersigned, certify under penalty of perjury that on April 13, 2021 or as soon as possible thereafter, copies of the foregoing Declaration of Philip Stillman in Support of Finding of Contempt was served electronically by the Court's ECF notice to all persons/entities requesting special notice or otherwise entitled to the same and via email to Plaintiff's email address listed with this Court.

By: /s/ *Philip H. Stillman*

Attorneys for VILLAGE 1107 CORONADO, INC.

# Exhibit 1

Peter Strojnik (Sr.),
7847 N. Central Ave.
Phoenix, Arizona 85020
602-524-6602
ps@strojnik.com

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| | Case No: 3:19-cv-02212-AJB-AHG |
| PETER STROJNIK, | **SECOND AMENDED COMPLAINT** |
| Plaintiff, | **1. Americans with Disabilities Act** |
| vs. | **JURY TRIAL REQUESTED** |
| KAMLA HOTELS, INC. dba GLORIETTA BAY INN CORONADO ISLAND | |
| Defendant. | |

1. Plaintiff brings this action pursuant to the (1) Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.* and corresponding regulations, 28 CFR Part 36 and Department of Justice Standards for Accessible Design ("ADA").

## PARTIES

2. Plaintiff Peter Strojnik is a veteran and a disabled person as defined by the ADA.

3. Plaintiff is a single man currently residing in Maricopa County, Arizona. Plaintiff is disabled as defined in the 2008 ADA Amendment Act and 28 C.F.R. 36.105 by virtue of (i) prostate cancer and genitourinary impairment, (ii) renal cancer, (iii) severe right-sided neural foraminal stenosis with symptoms of femoral neuropathy, (iv) degenerative right knee (replaced with a prosthesis), (v) degenerative shoulders and limitation on the use of both shoulders, and attendant impairment of elbows and wrists to reach and twist, (vi) pleurisy, (vii) severed 4th and 5th digits on left hand, reattached

with limited utility, (viii) hyper blood pressure.  Plaintiff has been declared as disabled by the Arizona Department of Transportation pursuant to doctor's report of disability.

4. Plaintiff's Impairments Substantially Limit Related[1] Major Life Activities: At all times relevant hereto, Plaintiff suffered from the musculoskeletal impairments constituting ADA "disability" that substantially limit major life activities: (i) Severe right and left-sided neural foraminal stenosis with symptoms of femoral neuropathy substantially limits the major life activities of walking, standing and bending, climbing stairs, pushing, kicking and other life activities. (ii)Missing right knee with or without regard to ameliorative effects of mitigating measures of prosthetic replacement knee  substantially limits major life activities of walking, standing and bending, climbing stairs, pushing, kicking and other life activities. (iii) Limitation on the use of both shoulders, elbows and wrists substantially limits the major life activities of holding and grasping, such as handlebars or handrails, pushing open doors with a force greater than 5 lbs, twisting the wrist and using ball-type door hardware. (iv) Severed 4th  and 5th digits on the left hand, reattached with partially frozen 2nd joint on 4th finger and completely frozen 3rd joint on 5th digit substantially limit the major life activities of holding and grasping, such as handlebars or handrails, pushing open doors, twisting the wrist as in using ball-type door hardware. (v) Pleurisy, when active, substantially limit the major life activity of breathing which in turn substantially limit life activities of walking, sanding, bending, climbing stairs, kicking, opening doors, holding and grasping, such as handlebars or handrails,

---

[1] **Relationship between ADA disability and a major life activity - causation:** "Where the barrier is *related* to the particular plaintiff's disability, an encounter with the barrier necessarily injures the plaintiff by depriving him of full and equal enjoyment of the facility". *Chapman* at n. 4, quoting to *Doran*, 524 F.3d at 1044 at n. 7 (referencing 42 U.S.C. §12182(a)) (emphasis supplied). The barrier, however, need not "prevent, or significantly or severely restrict, the individual from performing a major life activity". 28 C.F.R. 36.105(d)(v) ("An impairment does not need to prevent, or significantly or severely restrict, the individual from performing a major life activity in order to be considered substantially limiting."

pushing open doors, twisting the wrist as in using ball-type door hardware. (vi) Hyper blood pressure substantially limits Plaintiff's major life activity of exerting any physical activity. (vii) Renal cancer limits Plaintiff's ability to twist and bend the abdominal area.

5. Plaintiff alleges that that a determination of whether an impairment substantially limits a major life activity must be made without regard to the ameliorative effects of mitigating measures such as medications or prosthetics. 42 U.S.C. §12101 (4)(E)(i). *See also See Rohr v. Salt River Project Agricultural Improvement and Power District,* 555 F.3d 850, 21 A.D. Cases 964 (9th Cir. 02/13/2009) (Impairments are to be evaluated in their unmitigated state.) *Accord J.D. v. Colonial Williamsburg Foundation,* 18-1725 (4th Cir. 2019) (citing to *Rohr*).

6. Plaintiff further alleges that "[a]n impairment that is episodic or in remission is a disability if it would substantially limit a major life activity when active". 42 U.S.C. §12101 (4)(D).

7. Plaintiff is disabled as defined in the 2008 ADA Amendment Act and 28 C.F.R. 36.105 and requires the use of a wheelchair as defined.

8. When traveling, Plaintiff ferries the wheelchair as an assistive device in his car either in the trunk or behind the front passenger side, depending on luggage distribution:

9. When traveling, Plaintiff ferries a cane as an assistive device.

10. Plaintiff has been declared permanently disabled by the Arizona Department of Motor Vehicles:



11. The permanent disability placard grants Plaintiff the right to use properly configured parking spaces and properly configured passenger loading zones at hotels and other public accommodations.

12. Plaintiff is disability as defined in 28 C.F.R. 36.105(a)(1)(i), (ii) and (iii).

13. Defendant, owns, operates leases or leases to a lodging business ("Hotel") located at 1630 Glorietta Blvd., Coronado, CA 92118 which is a public accommodation pursuant to 42 U.S.C. § 12181(7)(A) and Unruh.

**JURISDICTION**

14. District Court has jurisdiction over this case or controversy by virtue of 28 U.S.C. §§ 28-1331 and 42 U.S.C. § 12188 and 28 U.S.C. § 1367.

15. Plaintiff brings this action as a private attorney general who has been personally subjected to discrimination on the basis of his disability, *see* 42 U.S.C.12188 and 28 CFR §36.501.

16. This Court has continuing subject matter jurisdiction by virtue of, *inter alia,* Plaintiff's claim for equitable nominal damages.

4

17. Venue is proper pursuant to 28 U.S.C. § 1391.

18. The ADAAG violations in this Complaint relate to barriers to Plaintiffs mobility as indicated in the graph above. This impairs Plaintiff's full and equal access to the Hotel which, in turn, constitutes discrimination satisfying the "injury in fact" requirement of Article III of the United States Constitution.

19. Plaintiff is deterred from visiting the Hotel based on Plaintiff's knowledge that the Hotel is not ADA compliant as such compliance relates to Plaintiff's disability. Plaintiff alleges additional factual enhancements as required by the Order, Dkt. 17:

   a. Plaintiff is retired and spends his retirement years traveling for recreation, pleasure and ADA testing.

   b. Plaintiff has travelled and lodged in California over 200± times.

   c. Just since January 23, 2019, Plaintiff travelled to California and lodged and/or visited there as follows:

      **i.**     **2019-01-23 – San Diego**
      ii.     2019-02-16-17 – Solvang
      iii.     2019-03-14-17 – Anaheim
      iv.     2019-04-05 – Santa Barbara
      v.     2019-04-06 – Santa Clara
      vi.     2019-04-07 – Carmel
      vii.     2019-04-16 – Healdsburg
      viii.     2019-04-17 – Calistoga
      ix.     2019-04-18 – Napa
      **x.**     **2019-05-20 – La Jolla**
      **xi.**     **2019-05-21 – San Diego**
      **xii.**     **2019-05-22 – Sorento Valley**
      xiii.     2019-06-05 – Bakersfield
      xiv.     2019-06-06 – Redding
      xv.     2019-06-07 – Sacramento
      xvi.     2019-06-07 – Fresno and Visalia
      **xvii.**     **2019-07-25 – Coronado**
      xviii.     2019-11-22 – Ventura
      xix.     2019-11-23 – Burlingame
      xx.     2019-11-24 – Napa
      xxi.     2019-11-25 – Beverly Hills
      **xxii.**     **2019-12-10 - San Diego**
      **xxiii.**     **2020-02-24 – San Diego**
      xxiv.     2020-02-09 – Paso Robles
      xxv.     2020-02-10 – Palo Alto

xxvi.   2020-02-11 – Pasadena
**xxvii. 2020-02-20 – San Diego**

d.  When traveling to San Diego,  Plaintiff is required to lodge there because the distance of returning to Plaintiff's home is approximately 350 miles which evokes the likelihood of lodging there.

e.  In addition to traveling to the San Diego area as indicated above, Plaintiff has travelled from Phoenix to the San Diego area numerous times and lodged there estimated 30-40 times.

f.  Plaintiff intends to visit San Diego on April 10, 2020  and then again on March 23, 2021 and at other times as directed by the District Court in this and other case. To the extent Plaintiff is assured that the Hotel is compliant with 28 C.F.R. 36 and the 2010 Standards for Accessibility Design, he will lodge at the Hotel.

20. Plaintiff intends to visit Defendant's Hotel as indicated above at a specific time when the Defendant's noncompliant Hotel becomes fully compliant with the ADA; just as a disabled individual who intends to return to a noncompliant facility suffers an imminent injury from the facility's existing or imminently threatened noncompliance with the ADA, a plaintiff who is deterred from patronizing a hotel suffers the ongoing actual injury of lack of access to the Hotel.

21. Plaintiff is deterred from visiting the Hotel because he is aware that the hotel is not ADA compliant as alleged in the tables below.

22. Plaintiff has plans to visit San Diego in late January / Early February, 2021, and would book a room at Defendant's hotel but for the fact that Defendant's Hotel is unable to accommodate Plaintiff's mobility requirements.

**COUNT ONE**
**Violation of Plaintiff's Civil Rights under the ADA**

23. Plaintiff realleges all allegations heretofore set forth.

24. By virtue of his disability, Plaintiff requires an ADA compliant lodging facility particularly applicable to his mobility, both ambulatory and/or wheelchair assisted.

25. Plaintiff visited Coronado area on June 25 and 26, 2019.

6

26. Plaintiff encountered barriers to accessibility documented below:

| DEFENDANT'S INFORMATIONAL AND BOOKING WEBSITE 28 C.F.R. 36.302(e)(1)(ii) DISCLOSURES |
| :---: |
| **NO ACCESSIBILITY INFORMATION** |
| BOOKING WEBSITES –ACCESSIBILITY INFORMATION |
| HOTELS.COM |
| Accessibility        Accessible bathroom \| In-room accessibility \| Roll-in shower |
| **INSUFFICIENT ACCESSIBILITY DISCLOSURE** |
| **Informational and booking website** does not identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs. Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff, as a mobility impaired individual, to assess independently whether the hotel or guest room meets his accessibility needs. |
| **The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about July 26-27, 2019. |

| PERSONAL BARRIER ENCOUNTERS |
| :---: |



1. **Inaccessible route to entry with no signage to accessible route:** This violates Standard §402. The violation relates to Plaintiff's impairments which substantially limit his ability walk, a major life activity. Because of Plaintiff's substantial limitation of walking, Plaintiff uses a wheelchair. When encountering barriers as the one documented above, Plaintiff is unable to access the entrance.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



**2. Improperly configured handrails throughout property.** This violates Standards at §505.7. This violation relates to Plaintiff's impairments which substantially limit his ability to climb stairs and grasping, both major life activities. This violation relates to Plaintiff's disabilities because the support provided by non-compliant handrails significantly impact his ability to grasp them for support.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19



20  **3. Improperly Configured Stairs.** This is a violation of Standard at §504.2 and
21  504.6. This violation relates to Plaintiff's impairments which substantially limit his
     ability to climb stairs and grasping, both major life activities. This violation relates
22  to Plaintiff's disabilities because the support provided by non-compliant handrails
     significantly impact his ability to grasp them for support.
23
24
25
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17



18   **4. Inaccessible Route with no Signage to Accessible Route:** This violates Standard
19      §402. The violation relates to Plaintiff's impairments which substantially limit his
       ability walk, a major life activity. Because of Plaintiff's substantial limitation of
20      walking, Plaintiff uses a wheelchair. When encountering barriers as the one
       documented above, Plaintiff is unable to access the entrance.
21   **5. The nosings on the stairs violate Standard at 504.5**. This violation relates to
22      Plaintiff's impairments which substantially limit his ability walk and climb stairs,
       both major life activity. Because of Plaintiff's substantial limitation of walking and
23      climbing stairs, he runs the risk of inserting his foot too deep into the step, injuring
24      his shin on the subsequent step.
25
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



**6. Improperly configured handrails throughout property.** This violates Standards at §505.7. This violation relates to Plaintiff's impairments which substantially limit his ability to climb stairs and grasping, both major life activities. This violation relates to Plaintiff's disabilities because the support provided by non-compliant handrails significantly impacts his ability to grasp them for support.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



7. **Inaccessible check in counter**: This violates Standards at §904.3.2.  This violation relates to Plaintiff's impairments which substantially limit his ability walk, a major life activity. When using a wheelchair, the check in counter is not accessible.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20



21   **8. Inaccessible breakfast counter**: This violates Standards at §904.3.2.   This
22   violation relates to Plaintiff's impairments which substantially limit his ability walk,
     a   major   life   activity.   When   using   a   wheelchair,   the   check   in   counter   is   not
23   accessible.

24
25
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



**9. Inaccessible Buffet Bar.** This violates Standards at §904.3.2.  This violation relates to Plaintiff's impairments which substantially limit his ability walk, a major life activity. When using a wheelchair, the check in counter is not accessible.



10. **Inaccessible Route with no Signage to Accessible Route**: This violates Standard §402. The violation relates to Plaintiff's impairments which substantially limit his ability walk, a major life activity. Because of Plaintiff's substantial limitation of walking, Plaintiff uses a wheelchair. When encountering barriers as the one documented above, Plaintiff is unable to access the entrance.

11. The nosings on the stairs violate Standard at 504.5. This violation relates to Plaintiff's impairments which substantially limit his ability walk and climb stairs, both major life activity. Because of Plaintiff's substantial limitation of walking and climbing stairs, he runs the risk of inserting his foot too deep into the step, injuring his shin on the subsequent step.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



12. **Improperly configured handrails throughout property.** This violates Standards at §505.7. This violation relates to Plaintiff's impairments which substantially limit his ability climb stairs and grasping, both major life activity. This violation relates to Plaintiff's disabilities because the support provided by non-compliant handrails significantly impacts his ability to grasp them for support.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18



19  **13. Accessibility signage on the allegedly accessible space is too low:** This violates
    Standards at §502.6.

20  The requirement of signage at a certain heights is designed to (1) alert fully abled
    individuals that the space is reserved for persons with disabilities, like Plaintiff,
21  and (2) to permit enforcement agents to see that a space is reserved and to issue
    tickets.

22  This violation relates to Plaintiff's impairments which substantially limit his ability
23  walk, a major life activity. Because of Plaintiff's substantial limitation of walking,
    Plaintiff suffers the risk of injury when fully abled individuals occupy accessible
24  parking.

25

26  27. The ADA and Unruh accessibility violations described in the preceding paragraph

27      relate to Plaintiff's disabilities and interfere with Plaintiff's full and complete

28

enjoyment of the Hotel; for the details of the relation between Plaintiff's disabilities and ADA violations, Plaintiff incorporates above tables.

28. The removal of accessibility barriers listed above is readily achievable.

29. As a direct and proximate result of ADA Violations, Defendant's failure to remove accessibility barriers prevented Plaintiff from equal access to the Defendant's public accommodation.

**WHEREFORE,** Plaintiff prays for all relief as follows:

A. Relief described in 42 U.S.C. §2000a – 3; and

B. Relief described in 42 U.S.C. § 12188(a) and (b) and, particularly -

C. Injunctive relief order to alter Defendant's place of public accommodation to make it readily accessible to and usable by ALL individuals with disabilities; and

D. Requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods, to the extent required by Subchapter III of the ADA; and

E. Equitable nominal damages; and

F. For costs, expenses and attorney's fees; and

G. All remedies provided for in 28 C.F.R. 36.501(a) and (b).

### REQUEST FOR TRIAL BY JURY

Plaintiff respectfully requests a trial by jury in issues triable by a jury.

RESPECTFULLY SUBMITTED this 26th  day of January 2021

**PETER STROJNIK**
*/s/ Peter Strojnik*
Plaintiff

MAILED to the district court this 26th day of January 2021. Copy emailed to:

Philip H. Stillman
STILLMAN & ASSOCIATES
3015 North Bay Road, Suite B
Miami Beach, Florida 33140
pstillman@stillmanassociates.com

18

# Exhibit 2

motoman4540-04.13.2021-12-04

| caseYear | courtId | firstName | generation | lastName | caseNumberFull | caseTitle | dateFiled | natureOfSuit | caseLink |
|---|---|---|---|---|---|---|---|---|---|
| 2018 | caedc | Peter | Sr. | Strojnik | 1:2018cv01620 | Strojnik v. The Victus Group, Inc. | 2018-11-08 | 440 | https://ecf.caed.uscourts.gov/cgi-bin/iqquerymenu.pl?3347179 |
| 2019 | caedc | Peter | Sr. | Strojnik | 1:2019cv01096 | Peter Strojnik v. JW World Enterprises, Inc. Best Western Bakersfield North | 2019-08-12 | 446 | https://ecf.caed.uscourts.gov/cgi-bin/iqquerymenu.pl?3359640 |
| 2019 | caedc | Peter | Sr. | Strojnik | 2:2019cv01587 | (PS) Strojnik v. Capitol Regency, LLC | 2019-08-15 | 446 | https://ecf.caed.uscourts.gov/cgi-bin/iqquerymenu.pl?3359743 |
| 2019 | caedc | Peter | Sr. | Strojnik | 2:2019cv01877 | (PS) Strojnik v. Azul Hospitality Group, LLC et al | 2019-09-18 | 446 | https://ecf.caed.uscourts.gov/cgi-bin/iqquerymenu.pl?3361686 |
| 2019 | caedc | Peter | Sr. | Strojnik | 2:2019cv02041 | (PS) Strojnik v. Sacramento Hotel, LLC | 2019-10-11 | 446 | https://ecf.caed.uscourts.gov/cgi-bin/iqquerymenu.pl?3362697 |
| 2019 | caedc | Peter | Sr. | Strojnik | 2:2019cv02044 | (PS) Strojnik v. Kaidan Hospitality LP | 2019-10-11 | 446 | https://ecf.caed.uscourts.gov/cgi-bin/iqquerymenu.pl?3362713 |
| 2018 | caedc | Peter | | Strojnik | 3:2018cv06777 | Strojnik v. 574 Escuela, LLC | 2018-11-08 | 446 | https://ecf.caed.uscourts.gov/cgi-bin/iqquerymenu.pl?3344518 |
| 2020 | candc | Peter | | Strojnik | 5:2020cv00354 | Strojnik v. R.F. Weichert V, Inc. | 2020-01-16 | 446 | https://ecf.cand.uscourts.gov/cgi-bin/iqquerymenu.pl?3354067 |
| 2020 | candc | Peter | | Strojnik | 4:2020cv01291 | Strojnik v. Moraya Investments, LLC | 2020-02-20 | 446 | https://ecf.cand.uscourts.gov/cgi-bin/iqquerymenu.pl?3355776 |
| 2020 | candc | Peter | | Strojnik | 5:2020cv03204 | Strojnik v. Woodside Hotel Group LTD | 2020-05-11 | 446 | https://ecf.cand.uscourts.gov/cgi-bin/iqquerymenu.pl?3359315 |
| 2020 | candc | Peter | | Strojnik | 3:2020cv03142 | Strojnik v. BW RRI II, LLC | 2020-05-07 | 446 | https://ecf.cand.uscourts.gov/cgi-bin/iqquerymenu.pl?3359787 |
| 2019 | casdc | Peter | (Sr.) | Strojnik | 3:2019cv02212 | Strojnik v. Kamla Hotels, Inc. | 2019-11-20 | 446 | https://ecf.casd.uscourts.gov/cgi-bin/iqquerymenu.pl?7656785 |
| 2020 | casdc | Peter | | Strojnik | 3:2020cv00358 | Strojnik v. San Diego Farah Partners, L.P. | 2020-02-26 | 446 | https://ecf.casd.uscourts.gov/cgi-bin/iqquerymenu.pl?7670361 |
| 2020 | casdc | Peter | | Strojnik | 3:2020cv00387 | Strojnik v. Lafayette Landlord, LLC | 2020-02-28 | 446 | https://ecf.casd.uscourts.gov/cgi-bin/iqquerymenu.pl?7670680 |
| 2020 | casdc | Peter | | Strojnik | 3:2020cv00868 | Strojnik v. Pacifica Stratford Three, LLC | 2020-05-07 | 446 | https://ecf.casd.uscourts.gov/cgi-bin/iqquerymenu.pl?7677897 |