1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10

PETER STROJNIK,

11
                                                    Plaintiff,

Case No. 19-cv-02210-BAS-MSB

12
          v.

**ORDER FINDING PLAINTIFF PETER STROJNIK IN CIVIL CONTEMPT**

13

VILLAGE 1107 CORONADO, INC.,

14
                                                   Defendant.

15
16

    Defendant filed an Application regarding Plaintiff Peter Strojnik's contempt of this

17

Court's order awarding Defendant Village 1107 Coronado, Inc. attorney's fees in the

18

underlying action.  Having received no response from Mr. Strojnik to the Court's Order to

19

Show Cause and additional evidence from Defendant establishing Mr. Strojnik's

20

noncompliance, the Court finds Mr. Strojnik in contempt of the Court's order.

21

**I.       BACKGROUND**

22

    Plaintiff Peter Strojnik brought this action on November 20, 2019 alleging one count

23

of negligence and three counts of disability discrimination under the Americans With

24

Disabilities Act ("ADA"), California's Unruh Civil Rights Act, and California's Disabled

25

Persons Act.  (ECF No. 1.)  The Court granted Defendant's motion to dismiss the action

26

for Plaintiff's lack of standing under the ADA and declined to exercise supplemental

27

jurisdiction over the state law claims.  (ECF No. 15.)  Defendant subsequently brought a

28

motion for attorney's fees and, alternatively, sanctions.  (ECF No. 17.)  On January 13,

2021, the Court denied the request for sanctions but awarded Defendant $21,995 in attorney's fees that Plaintiff was ordered to pay forthwith.  (Order Granting Def.'s Mot. for Attorney's Fees ("Attorney's Fees Order"), ECF No. 22.)

On February 22, 2021, Defendant filed an Application for an Order to Show Cause Re: Contempt of the Court's Attorney's Fees Order.  (ECF No. 26.)  Defendant stated that "despite repeated reminders," Plaintiff had not paid the $21,995 in attorney's fees.  The Court granted the application and issued an Order to Show Cause ("OSC") why Mr. Strojnik should not be held in contempt for failing to comply with the Court's Attorney's Fees Order.  (ECF No. 27.)  Mr. Strojnik was required, by April 5, 2021, to either file a sworn affidavit affirming that he paid the attorney's fees or a response to the OSC explaining his noncompliance.  (*Id.*)  Mr. Strojnik did not file the affidavit or any response to the OSC by this date.  In light of this, Defendant requests that this Court hold Mr. Strojnik in contempt and issue a bench warrant for his arrest.  (ECF No. 28.)

The Court thereafter independently reviewed Defendant's argument regarding contempt and, having found Defendant had not provided clear and convincing evidence to meet its burden, allowed Defendant to submit additional evidence.  (ECF No. 29.)  Defendant has now submitted a declaration from Philip H. Stillman, counsel for defense, detailing Mr. Strojnik's failure to pay the attorney's fees owed and his non-responsiveness to defense counsel's direct inquiry about payment.  (Decl. of Philip H. Stillman ("Stillman Decl.") ¶¶ 3–8, ECF No. 30.)  Further, Defendant provides evidence for Mr. Strojnik's ability to pay, including his recent, extensive travel and hotel stays in California and the cumulative amount of his ADA settlements, both of which are detailed in public court records.  (*Id.* ¶¶ 13–15; Exs. 1, 2 to Stillman Decl.)

## II.   LEGAL STANDARD

"A district court has the power to adjudge in civil contempt any person who willfully disobeys a specific and definite order of the court." *Gifford v. Heckler*, 741 F.2d 263, 265 (9th Cir. 1984).  "The contempt 'need not be willful,' and there is no good faith exception

to the requirement of obedience to a court order." *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993).

"To establish a prima facie case for civil contempt, the moving party must show, by clear and convincing evidence, that the non-moving party disobeyed a specific and definite court order, and that such disobedience was (1) beyond substantial compliance, and (2) not based on a good faith and reasonable interpretation of the Court's order." *DeMichiel v. AEG Live NJ, LLC*, No. CV 16-00913-BRO (AGRx), 2017 WL 8114930, at *3 (C.D. Cal. Jan. 24, 2017) (citing *In re Dual-Deck*, 10 F.3d at 695). If the moving party makes its prima facie case, the burden shifts to the alleged contemnor to demonstrate an inability to comply. *Stone v. City & Cty. of S.F.*, 968 F.2d 850, 856 n.9 (9th Cir. 1992). The accused party must demonstrate that it was unable to comply despite taking all reasonable steps to do so. *Id.* at 856. To determine whether the non-moving party has met its burden, the Court may consider evidence, including any history of noncompliance. *Id.* at 857.

"A court may wield its civil contempt powers for two separate and independent purposes: (1) to coerce the defendant into compliance with the court's order; and (2) to compensate the complainant for losses sustained." *Shell Offshore Inc. v. Greenpeace, Inc.*, 815 F.3d 623, 629 (9th Cir. 2016) (quotations omitted); *see also In re Dyer*, 322 F.3d 1178, 1192 (9th Cir. 2003) ("Civil penalties must either be compensatory or designed to coerce compliance."). "Because civil compensatory sanctions are remedial, they typically take the form of unconditional monetary sanctions; whereas coercive civil sanctions, intended to deter, generally take the form of conditional fines." *Id.* (citing *Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 780 (9th Cir. 1983). "Where a fine is not compensatory, it is civil only if the contemnor is afforded an opportunity to purge." *Int'l Union, United Mine Workers of Am. v. Bagwell* ("*Bagwell*"), 512 U.S. 821, 828–29 (1994) (providing "the contemnor is able to purge the contempt and obtain his release by committing an affirmative act").

### III.   ANALYSIS

The Court finds the Stillman Declaration sufficient to establish, by clear and convincing evidence, that Mr. Strojnik disobeyed a specific and definite order of this Court, and that his disobedience was beyond substantial compliance and not based on a good faith and reasonable interpretation of the Court's order. *See In re Dual-Deck*, 10 F.3d at 695. First, this Court's Attorney's Fees Order mandating that Strojnik pay attorney's fees to Defendant "forthwith" required that he do so "within a reasonable time." *See Marich v. United States*, 84 F. Supp. 829, 832 (N.D. Cal. 1949) (noting "forthwith . . . ordinarily connotes the doing of the act within a reasonable time"); *see also Smyer v. United States*, No. 1782-WTS, 1977 WL 6476135, at *2 (N.D. Cal. Mar. 2, 1978) (citing definition of "forthwith" as "immediately, without delay, or as soon as the object may be accomplished by reasonable exertion"). The Court finds that three months is beyond a reasonable time to remit the required payment, particularly in the absence of any explanation of the delay by Mr. Strojnik.

Further, to account for the possibility that Strojnik was unable to comply, the Court's OSC afforded Strojnik an opportunity to explain any such circumstances in lieu of complying with the Attorney's Fees Order. (*See* ECF No. 27.) However, aside from failing to make the required payment, Mr. Strojnik has not responded to the OSC. As such, Mr. Strojnik has not demonstrated that he is unable to comply despite taking all reasonable steps to do so. *See Stone*, 968 F.2d at 856. Nor has he demonstrated that his noncompliance was somehow based on a reasonable interpretation of this Court's Attorney's Fees Order. *See In re Dual-Deck*, 10 F.3d at 695.

The Court finds that a monetary civil sanction to coerce Mr. Strojnik into compliance with the Court's Attorney's Fees Order is appropriate. To determine the amount and duration of a coercive fine, courts "consider the character and magnitude of the harm threatened by continued contumacy, and the probable effectiveness of any suggested sanction in bringing about the result desired." *Bagwell*, 330 U.S. at 304. As part of this analysis, the Court is required to "consider the amount of defendant's financial resources

and the consequent seriousness of the burden to that particular defendant." *Id.* Defendant has presented evidence that Mr. Strojnik has received approximately $350,000 in ADA settlements over the last three years and continues to litigate these cases in federal court. (*See* Exs. 1, 2 to Stillman Decl.)  Considering the evidence of Mr. Strojnik's financial resources and the magnitude of harm accruing to Defendant in the absence of its $21,995 attorney's fees award, the Court finds that a sanction of $220.00 per day is appropriate to coerce Mr. Strojnik to comply with this Court's Attorney's Fees Order.

Although Defendant requests that a bench warrant issue, the Court finds that Mr. Strojnik's noncompliance, at this time, does not merit this coercive measure.  However, if Mr. Strojnik remains noncompliant, the Court will consider this sanction in the future.  *See, e.g.*, *Bd. of Trustees of Laborers Health & Welfare Tr. Fund for N. California v. Loza*, No. 17-CV-06474-HSG, 2019 WL 11790534, at *1 (N.D. Cal. Sept. 4, 2019) (granting motion for issuance of a bench warrant after defendant failed to pay monetary sanctions).

## IV.   CONCLUSION AND ORDER

Accordingly, the Court **FINDS** Mr. Strojnik in **CIVIL CONTEMPT** of the Court's January 13, 2021 Order Granting Defendant's Motion for Attorney's Fees and its March 29, 2021 OSC.  Mr. Strojnik will be fined $220.00 for each day of noncompliance from the date of this Order until the date that he pays the attorney's fees amount in full to Defendant and provides proof of payment to the Court.

**IT IS SO ORDERED.**

**DATED: April 13, 2021**

**Hon. Cynthia Bashant**
**United States District Judge**