1 | Philip H. Stillman, Esq. SBN# 152861
2 | STILLMAN & ASSOCIATES
3015 North Bay Road, Suite B
3 | Miami Beach, Florida 33140
Tel. and Fax:  (888) 235-4279
4 | pstillman@stillmanassociates.com

Attorneys for defendant VILLAGE 1107 CORONADO, INC.

**UNITED STATES DISTRICT COURT FOR THE**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PETER STROJNIK,<br><br>                              Plaintiff,<br><br>            vs.<br><br>VILLAGE 1107 CORONADO, INC.,<br><br>                      Defendant. | Case No. 19-cv-2210 BAS MSB<br><br>**MOTION TO MODIFY THIS COURT'S ORDER GRANTING MOTION FOR RECONSIDERATION**<br><br>**NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT.**<br><br>Date:  None set<br>Courtroom: 4B, 4th Fl.<br><br>Hon. Cynthia A. Bashant |

**TO PLAINTIFF AND HIS ATTORNEYS OF RECORD**:

PLEASE TAKE NOTICE THAT VILLAGE 1107 CORONADO, INC. and Philip H. Stillman hereby apply to this Court to modify its Order granting Reconsideration of its Order holding Plaintiff in Contempt as follows:

1.    Paragraph 2 of this Court's April 16, 2021 Order requires that plaintiff Peter Strojnik produce, by May 17, 2021, "at minimum, bank statements reflecting the current of value of all accounts in his name and a list of all assets held in Plaintiff's name or in the name of any entity he controls."

2.    Defendant has evidence that plaintiff deposits his settlements in various non-profits and other companies that may not list him as a signatory.  For example, in *Advocates for Individuals with Disabilities LLC v. MidFirst Bank*, 279 F. Supp.3d 891, 893 (D. Ariz. 2017), a case where Strojnik was counsel, the court identified four such similar sounding nonprofits:

> AID has pursued upwards of 160 cookie-cutter lawsuits in federal court and, from early to later 2016, more than 1,700 such suits in Arizona state court. They come under the heading of different organizations with closely related names: "Advocates for Individuals with Disabilities Foundation," "Advocates for Individuals with Disabilities LLC," and "American Advocates for Disabled Individuals." (Doc. 42-1 at 4.) (Some have also been filed under the name "Advocates for American Disabled Individuals LLC."

*Id. See also, Advocates for Individuals with Disabilities LLC v. WSA Props. LLC*, 210 F. Supp. 3d 1213 (D. Ariz. 2016). Strojnik also has claimed that he has donated $1.2 million from his ADA lawsuits to an unnamed nonprofit corporation.  *See* Strojnik Response to Order to Show Cause, *Strojnik v. IA Napa Lodging First, LLC*, Case 4:19-cv-03983-DMR (N.D.Cal. March 21, 2020), Dkt. 56, p. 9. Strojnik does not identify the name of the nonprofit to which he claims to have allegedly donated $1.2 million.  Moreover, in his disbarment testimony before the Arizona State Bar, Strojnik claimed that he:

> worked for free, under an arrangement with AID, he would demand attorney fees and those attorney fees were paid directly to AID and given to other individuals unknown to Mr. Strojnik. [158:7-18.] He swore he was never paid or given anything for attorney fees. Instead he testified, " The attorney fees were assigned to AID." He then added "I never saw the check."

Order of Interim Suspension, p. 9, *In re Peter Strojnik*, Case No. PDJ 2019-9018, attached

hereto as <u>Exhibit 2.</u> *See also*, *MidFirst Bank*, 279 F. Supp. 3d at 897 ("Strojnik also maintains that all of the fees collected in his cases are donated to charity, though no details are given.").

3.    Accordingly, Defendant requests that this Court slightly modify that portion of the Order to also include bank statements for all bank accounts into which he has deposited any settlements received from January 1, 2018 through the present, including without limitation, bank statements for all nonprofit corporations showing his purported "donation" of $1.2 million as represented to the court in *Strojnik v. IA Napa Lodging First.* That way, both the Court and Defendant will have a more accurate picture of the amount of money and location of that money.

WHEREFORE, defendant VILLAGE 1107 CORONADO, INC. and Philip H. Stillman respectfully request that this Court modify its April 16, 2021 Order Granting Reconsideration as set forth above.

Respectfully Submitted,

STILLMAN & ASSOCIATES

Dated: April 16, 2021          By:_____
                                        Philip H. Stillman, Esq.
                                        Attorneys for defendant VILLAGE 1107
                                        CORONADO, INC.

1

## PROOF OF SERVICE

2       I, the undersigned, certify under penalty of perjury that on April 16, 2021 or as soon

3  as possible thereafter, copies of the foregoing Motion to Modify This Court's Order

4  Granting Reconsideration was served electronically by the Court's ECF notice to all

5  persons/entities requesting special notice or otherwise entitled to the same and via email to

6  Plaintiff's email address listed with this Court.

7                         By: _/s/ Philip H. Stillman_

8                         Attorneys for VILLAGE 1107 CORONADO, INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Motion to Modify Contempt Reconsideration Order       -2-

**Exhibit 1**

Peter Strojnik (Sr.)
7847 N. Central Ave.
Phoenix, Arizona 85020
Telephone: (602) 524-6602
PS@strojnik.com

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| | Case No: 4:19-cv-03983-DMR |
| | **PLAINTIFF'S RESPONSE TO COURT'S QUESTIONS 1-4 [40]** |
| PETER STROJNIK, | |
| Plaintiff, | |
| vs. | |
| IA LODGING NAPA FIRST LLC, DBA ANDAZ NAPA, | |
| Defendant. | |

Plaintiff responds to Court's Questions [40] as follows:

**QUESTION 1:**

How many ADA cases has Strojnik filed in the Northern District of California? How many ADA cases has he filed in California? For each case, provide the following information:

    a. A detailed description of the alleged barriers, including the date(s) that Strojnik encountered the barriers;

    b. Details regarding any investigation Strojnik performed regarding the alleged barriers, such as visiting a site and/or personally taking photographs, as well as the dates of the investigations;

    c. Whether Strojnik dismissed the case voluntarily before any court action, and if so, the reason for dismissal (e.g., settlement);

d.  Whether the complaint(s) was challenged on a motion to dismiss, and if so, whether any portion of the motion was granted and on what basis;

e.  Whether any of the cases have been tried on the merits.

**ANSWER:**

Please see attached spreadsheet.

a.  The barriers are described in detail s indicated in the attached Exhibits.

b.  Strojnik conducts all accessibility investigations personally.  See Exhibits.

c.  Please refer to Exhibit 1.

d.  Please see Exhibit 1. There are particularly 2 defense counsel (Warren, Stillman) who file Motions to Dismiss as a matter of course. While Strojnik does not believe that any of the complaints are subject to dismissal, he nonetheless either (1) files an amended complaint to resolve Defense's concerns, or (2) responds to the Motion.

California District Courts have issued conflicting decisions on the sufficiency of *CREEC* based Complaints *See, e.g., Johnson v. Alhambra & O Associates* (2019 E.D. Cal. 2:19-cv-00103 at Dkt. 15), *Strojnik v. The Victus Group* (E.D. Cal. 1:18-cv-01620 at Dkt. 15), and ***Strojnik v. GF Carneros Tenant, LLC* (N.D. Cal. 3:19-cv-03583 at Dkt. 28)**[1]. Where the Court disagrees, Strojnik appeals:

| Case | Dist. Ct. No. | Appeal No. |
|------|---------------|------------|
| *Strojnik v. Singpoli Group, LLC* | Central 2:19-cv-00066 | 19-55310 |
| *Strojnik v. Four Sisters Inns* | Central 2:19-cv-02991 | 19-56523 |
| *Strojnik v. Orangewood, LLC* | Central 8:19-cv-00946 | 20-55162 |
| *Strojnik v. Pasadena Robles Acquisition, LLC* | Central 2:19-cv-02067 | 19-56037 |

e.  No cases have been tried on the merits.

**QUESTION 2:**

What is the total amount of money Strojnik has recovered in settlements of his ADA cases filed in this district? What is the average recovery in those cases?

---

[1] This is a ND District Case.

2

**ANSWER:**

Please see attached spreadsheet, Exhibit 1.

**QUESTION 3:**

What is the total amount of money Strojnik has recovered in settlements of his ADA
cases filed in California? What is the average recovery in those cases?

**ANSWER:**

Please see attached spreadsheet, Exhibit 1:

| | |
|---|---:|
| Total Settlement /Judgment Recovery for 117 cases | $249,079 |
| (Filing and Service Fees) | (55,960) |
| ($58,000 investigative fees) | (58,000) |
| (Equipment, paper, mailing, printing costs at $465 per case) | (5,800) |
| (Travel Costs Averaged at $450 per hotel) | (52,000) |
| **NET FROM SETTLEMENTS FOR 117 CASES** | **$77,119** |
| **NET PER CASE** | **$664.81** |

Also of note is that in the past several years Strojnik has donated $1.2M± of his ADA fees to a 501(c)(3) organization for the disabled.

**QUESTION 4:**

Explain Strojnik's process for drafting his complaints, including the following information:

    a. Does Strojnik tailor each complaint to the specific facts of a case?

    b. Who assists in preparing his complaints?

    c. Does he personally review each complaint before it is filed to ensure its accuracy?

    d. Does he personally take the photographs he attaches to his complaint? If not, who does?

**ANSWER:**

Strojnik has carefully studied the 9th Circuit Court of Appeals decision *Civil Rights Educ. & Enforce. Ctr. V. Hosp. Properties Trust*, 867 F.3d 1093, 1098 (9th Cir. 2017) and the cases cited therein, particularly regarding the jurisdictional and standing requirements. Plaintiff then reviews the facts applicable to the jurisdictional standing in ADA cases and incorporates them into a Complaint. Strojnik further reviews the pre-filing due diligence report and incorporates the factual matters documented in the pre-filing DD Report into the Complaint.

a.  Yes.

b.  No one.

c.  Yes. Each Complaint is personally prepared and reviewed by Strojnik who strives that any complaint is factually indisputable through photographic evidence.

d.  Yes or as otherwise indicated in the Pre-Filing Due Diligence Report, e.g., when the Complaint alleges violations of 28 C.F.R. 36.302(e).  If the photographs come from a different source, such as a website, the source of the photographs is indicated in the Complaint. Strojnik's current practice is, and continues to be, to personally visit the public accommodation and personally experience barriers to accessibility and documents the same with personally taken photographs.

DATED this 21st day of March, 2020.

**PETER STROJNIK**

_____

Peter Strojnik
Plaintiff

FILED AND SERVED THROUGH PACER

4

Strojnik has carefully studied the 9th Circuit Court of Appeals decision *Civil Rights Educ. & Enforce. Ctr. V. Hosp. Properties Trust*, 867 F.3d 1093, 1098 (9th Cir. 2017) and the cases cited therein, particularly regarding the jurisdictional and standing requirements. Plaintiff then reviews the facts applicable to the jurisdictional standing in ADA cases and incorporates them into a Complaint. Strojnik further reviews the pre-filing due diligence report and incorporates the factual matters documented in the pre-filing DD Report into the Complaint.

a.  Yes.

b.  No one.

c.  Yes. Each Complaint is personally prepared and reviewed by Strojnik who strives that any complaint is factually indisputable through photographic evidence.

d.  Yes or as otherwise indicated in the Pre-Filing Due Diligence Report, e.g., when the Complaint alleges violations of 28 C.F.R. 36.302(e).  If the photographs come from a different source, such as a website, the source of the photographs is indicated in the Complaint. Strojnik's current practice is, and continues to be, to personally visit the public accommodation and personally experience barriers to accessibility and documents the same with personally taken photographs.

DATED this 21st day of March, 2020.

**PETER STROJNIK**

_____

Peter Strojnik
Plaintiff

FILED AND SERVED THROUGH PACER

4

| | Case Title | Court | Descript ion of Barriers | Dates Encou ntere d | Dismi ssal? | Why? | M2 D? | Basis? | FF + 65 SF + 505 AF | INVESTIG ATION COST FIXED | EQUIPME NT, PAPER, MAILING, PRINTING COST AVERAGE | TRAVEL COSTS AVERAGE | TOTAL COSTS | SETTLEMEN T AMOUNT | NET FROM CASES |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | STROJNIK CALIFORNIA ADA DISTRICT COURT CASES AS OF 2020-03-20 | | | | | | | | | | | | | | |
| 1 | Peter Strojnik v. Marriott International, Inc. | CD | SEE DD REPORT | | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 | | |
| 2 | Peter Strojnik Sr. v. Best Western Hotels and Resorts | CD | SEE DD REPORT | | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 | | |
| 3 | Peter Strojnik Sr. v. Zislis Boutique Hotels, LLC | CD | SEE DD REPORT | | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 | | |
| 4 | Peter Strojnik Sr. v. Second Street Corporation | CD | SEE DD REPORT | | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 | | |
| 5 | Peter Strojnik Sr. v. Singpoli Group, LLC | CD | SEE DD REPORT | | Yes | Appeal | Yes | 12(b)( 1) | $970 | $500 | $50 | $450 | $1,970 | | |
| 6 | Peter Strojnik Sr. v. Hyatt Hotels Corp. | CD | SEE DD REPORT | | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 | | |
| 7 | Peter Strojnik, Sr. v. Burton Way Hotels LLC | CD | SEE DD REPORT | | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 | | |
| 8 | Peter Strojnik, Sr. v. Georgian Hotel, Inc. | CD | SEE DD REPORT | | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 | | |
| 9 | Peter Strojnik v. Dole Food Company, Inc. | CD | SEE DD REPORT | | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 | | |
| 10 | Peter Strojnik v. Urban Commons Cordova, LLC | CD | SEE DD REPORT | | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 | | |

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 11 | Peter Strojnik Sr v. Pasadena Robles Acquisition, LLC | CD | SEE DD REPORT | No | Appeal | Yes - On Appeal | 12(b)(1) | $970 | $500 | $50 | $450 | $1,970 |
| 12 | Peter Strojnik v. Aung Solvang LLC | CD | SEE DD REPORT | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 13 | Peter Strojnik v. Ayres-Orange, L.P. | CD | SEE DD REPORT | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 14 | Peter Strojnik Sr. v. Orangewood LLC | CD | SEE DD REPORT | No | Appeal | Yes - On Appeal | 12(b)(1) | $970 | $500 | $50 | $450 | $1,970 |
| 15 | Peter Strojnik v. Pacifica Hotel Company, Inc. | CD | SEE DD REPORT | No | NA | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 16 | Peter Strojnik v. Four Sisters Inns, Inc | CD | SEE DD REPORT | No | Appeal | Yes - On Appeal | 12(b)(1) | $970 | $500 | $50 | $450 | $1,970 |
| 17 | Peter Strojnik v. Landmark Marriott Suites LLC | CD | SEE DD REPORT | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 18 | Peter Strojnik, Sr. v. Bent Olsen et al | CD | SEE DD REPORT | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 19 | Peter Strojnik Sr. v. King Frederick Motel, LLC | CD | SEE DD REPORT | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 20 | Peter Strojnik Sr. v. Khanna Enterprises, LTD | CD | SEE DD REPORT | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 |

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 21 | Peter Strojnik, Sr. v. SCG America Construction Inc. | CD | SEE DD REPORT | No | NA | Yes | 12(b)(1) | $465 | $500 | $50 | $450 | $1,465 |
| 22 | Peter Strojnik Sr. v. Salone Development Corporation | CD | SEE DD REPORT | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 23 | Peter Strojnik Sr. v. Interstate Hotels and Resorts Inc. | CD | SEE DD REPORT | No | NA | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 24 | Peter Strojnik Sr. v. Interstate Hotels and Resorts, Inc. | CD | SEE DD REPORT | No | NA | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 25 | Peter Strojnik Sr. v. DMD Lodging Inc | CD | SEE DD REPORT | No | NA | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 26 | Peter Strojnik Sr. v. CMP 1 Santa Ana Owner LP | CD | SEE DD REPORT | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 27 | Peter Strojnik Sr. v. Shandilya, Inc. | CD | SEE DD REPORT | No | NA | Yes | 12(B)(1) | $465 | $500 | $50 | $450 | $1,465 |
| 28 | Peter Strojnik Sr. v. Lee Family Trust | CD | SEE DD REPORT | No | NA | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 29 | Peter Strojnik Sr. v. President Hotel Investment, LLC | CD | SEE DD REPORT | No | NA | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 30 | Peter Strojnik Sr. v. SWK Properties, LLC | CD | SEE DD REPORT | No | NA | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 31 | Peter Strojnik v. Shakti Investments, LLC | CD | SEE DD REPORT | No | NA | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 32 | Peter Strojnik v. Dario Pini Trust | CD | SEE DD REPORT | No | NA | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 33 | Peter Strojnik v. Ventura Seaward Hotel, LP | CD | SEE DD REPORT | No | NA | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 34 | Peter Strojnik v. Ventura BV Inn, LLC | CD | SEE DD REPORT | No | NA | No | NA | $465 | $500 | $50 | $450 | $1,465 |

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 35 | Strojnik v. Evergreen Destination Holdings, LLC | ED | SEE DD REPORT | No | NA | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 36 | Strojnik v. 574 Escuela, LLC | ED | SEE DD REPORT | Yes | Settle | Yes | 12(B)(1) | $465 | $500 | $50 | $450 | $1,465 |
| 37 | Strojnik v. Ravensbrook Inn Yosemite | ED | SEE DD REPORT | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 38 | Strojnik v. Griffin et al | ED | SEE DD | No | NA | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 39 | Strojnik v. The Victus Group, Inc. | ED | SEE DD REPORT | No | NA | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 40 | Strojnik v. BRE Newton Hotels Property Owner, LLC | ED | SEE DD REPORT | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 41 | Strojnik v. Bakersfield Convention Hotel I, LLC | ED | SEE DD REPORT | Yes | Settle | Yes | 12(b)(1) | $465 | $500 | $50 | $450 | $1,465 |
| 42 | Strojnik v. Integrated Capital, LLC | ED | SEE DD REPORT | No | NA | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 43 | Peter Strojnik v. JW World Enterprises, Inc. | ED | SEE DD REPORT | No | NA | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 44 | (PS) Strojnik v. Capitol Regency, LLC | ED | SEE DD REPORT | No | NA | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 45 | Strojnik v. Shivkrupa Investments, Inc. | ED | SEE DD REPORT | Yes | Settle | Yes (withdrawn) | NA | $465 | $500 | $50 | $450 | $1,465 |
| 46 | Strojnik v. Uniwell Fresno Hotel, LLC | ED | SEE DD REPORT | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 47 | Peter Strojnik, Sr. v. 1309 West Shaw, LLC | ED | SEE DD REPORT | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 48 | Strojnik v. Hi Fresno Hotel Holdings, LLC | ED | SEE DD REPORT | No | NA | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 49 | Strojnik v. Hotel Circle GL Holdings, LLC | ED | SEE DD REPORT | No | NA | Yes | 12(b)(1) | $465 | $500 | $50 | $450 | $1,465 |
| 50 | Strojnik v. BRE SSP Property Owner, LLC | ED | SEE DD REPORT | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 |

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 51 | Strojnik v. Stone Creek Lodging, L.P. | ED | SEE DD REPORT | No | NA | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 52 | (PS) Strojnik v. Azul Hospitality Group, LLC et al | ED | SEE DD REPORT | No | NA | Yes | 12(b)(1) | $465 | $500 | $50 | $450 | $1,465 |
| 53 | Strojnik v. Kanhaiya, LLC | ED | SEE DD REPORT | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 54 | Strojnik v. Weaver Enterprises, LP | ED | SEE DD REPORT | Yes | Settle | Yes | 12(b)(1) Settle | $465 | $500 | $50 | $450 | $1,465 |
| 55 | (PS) Strojnik v. Kanhaiya, LLC | ED | SEE DD REPORT | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 56 | (PS) Strojnik v. Sacramento Hotel, LLC | ED | SEE DD REPORT | No | NA | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 57 | (PS) Strojnik v. Vantage Pointe Inc. | ED | SEE DD REPORT | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 58 | (PS) Strojnik v. Wickstrom Hospitality, LLC | ED | SEE DD REPORT | No | NA | Yes | 12(b)(1) | $465 | $500 | $50 | $450 | $1,465 |
| 59 | (PS) Strojnik v. Kaidan Hospitality LP | ED | SEE DD REPORT | No | NA | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 60 | (PS) Strojnik v. Izabella Investment, LLC | ED | SEE DD REPORT | Yes | Settle | No | Settle | $465 | $500 | $50 | $450 | $1,465 |
| 61 | Strojnik v. Joie de Vivre Hospitality LLC | ND | SEE DD REPORT | Yes | Settle | No | Settle | $465 | $500 | $50 | $450 | $1,465 |
| 62 | Strojnik v. Marriott International Inc | ND | SEE DD REPORT | Yes | Settle | No | Settle | $465 | $500 | $50 | $450 | $1,465 |
| 63 | Strojnik v. 574 Escuela, LLC | ND | SEE DD REPORT | No | NA | Yes | 12(b)(1) | $465 | $500 | $50 | $450 | $1,465 |
| 64 | Strojnik v. Benchmarck Conference Resorts of California, LLC | ND | SEE DD REPORT | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 65 | Strojnik v. ML San Jose Holding LLC | ND | SEE DD REPORT | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 66 | Strojnik v. Ensemble Hotel Partners, LLC | ND | SEE DD REPORT | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 |

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 67 | Strojnik v. Bernardus LLC | ND | SEE DD REPORT | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 68 | Strojnik v. JMA Ventures LLC | ND | SEE DD REPORT | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 69 | Strojnik, Sr. v. Mirabel Hotel and Restaurant Group LLC | ND | SEE DD REPORT | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 70 | Strojnik v. VY Verasa Commercial Company LLC et al | ND | SEE DD REPORT | No | NA | Yes | 12(b)(1) | $465 | $500 | $50 | $450 | $1,465 |
| 71 | Strojnik v. Hyatt International Corporation | ND | SEE DD REPORT | Yes | Settle | Yes | 12(b)(1) | $465 | $500 | $50 | $450 | $1,465 |
| 72 | Strojnik v. Xenia Hotels & Resorts, Inc. | ND | SEE DD REPORT | No | NA | Yes | 12(b)(1) | $465 | $500 | $50 | $450 | $1,465 |
| 73 | Strojnik, Sr. v. First & Mission Properties LLC | ND | SEE DD REPORT | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 74 | Strojnik v. Wilson | ND | SEE DD | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 75 | Strojnik v. Madrona Manor | ND | SEE DD REPORT | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 76 | Strojnik v. Fowler LLC | ND | SEE DD | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 77 | Strojnik v GF Carneros Tenant, LLC | ND | SEE DD REPORT | Yes | Settle | Yes | Denied | $465 | $500 | $50 | $450 | $1,465 |
| 78 | Strojnik v. WCH Napa LLC | ND | SEE DD REPORT | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 79 | Strojnik v. IA Lodging Napa First LLC | ND | SEE DD REPORT | No | NA | Yes | NA | $465 | $500 | $50 | $450 | $1,465 |
| 80 | Strojnik v. 539 Johnson Street, LLC | ND | SEE DD REPORT | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 81 | Strojnik v. Resort at Indian Springs, LLC | ND | SEE DD REPORT | No | NA | Yes | 12(b)(1) | $465 | $500 | $50 | $450 | $1,465 |
| 82 | Strojnik v. Homestead Inn LLC | ND | SEE DD REPORT | No | NA | Yes | 12(b)(1) | $465 | $500 | $50 | $450 | $1,465 |
| 83 | Strojnik v. Classic Hotels & Resorts LLC et al | ND | SEE DD REPORT | No | NA | No | NA | $465 | $500 | $50 | $450 | $1,465 |

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 84 | Strojnik v. Mount View Hotel Partners | ND | SEE DD REPORT | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 85 | Strojnik v. Portola Hotel, LLC | ND | SEE DD REPORT | No | NA | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 86 | Strojnik v. SWVP Monterey, LLC | ND | SEE DD REPORT | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 87 | Strojnik v. R.F. Weichert V, Inc. | ND | SEE DD REPORT | No | NA | Yes | 12(b)(1) | $465 | $500 | $50 | $450 | $1,465 |
| 88 | Strojnik v. Napa Hotel and Restaurant LLC | ND | SEE DD REPORT | No | NA | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 89 | Strojnik v. Napa Discovery Inn, LLC | ND | SEE DD REPORT | Yes | Settle | No | Settle | $465 | $500 | $50 | $450 | $1,465 |
| 90 | Strojnik v. Pacifica Hotel, Pacific, L.P. | ND | SEE DD REPORT | No | NA | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 91 | Strojnik v. Moraya Investments, LLC | ND | SEE DD REPORT | No | NA | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 92 | Strojnik v. Seema Will Rogers, LLC | ND | SEE DD REPORT | No | NA | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 93 | Strojnik v. The Inn at Jack London Square, LLC | ND | SEE DD REPORT | No | NA | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 94 | Strojnik v. Pendry San Diego, LLC | SD | SEE DD REPORT | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 95 | Strojnik v. Torrey Pines Club Corporation | SD | SEE DD REPORT | Judgment | Judgment | No | Judgment for PS | $465 | $500 | $50 | $450 | $1,465 |
| 96 | Strojnik v. Host Hotels and Resorts | SD | SEE DD REPORT | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 97 | Strojnik v. La Jolla Bed & Breakfast Inc. | SD | SEE DD REPORT | No | NA | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 98 | Strojnik v. GHALP Parnership, L.P. | SD | SEE DD REPORT | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 99 | Strojnik v. CWI 2 La Jolla Hotel, LP | SD | SEE DD REPORT | No | NA | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| ## | Strojnik v. Lizerbram | SD | SEE DD | No | NA | No | NA | $465 | $500 | $50 | $450 | $1,465 |

| ## | Case | | | | | | | | | | | | | |
|----|------|----|----|----|----|----|----|----|----|----|----|----|----|----|
| ## | Strojnik v. Prospect Hospitality, LP. | SD | SEE DD REPORT | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 | | |
| ## | Strojnik v. Bartell Hotels Management Company | SD | SEE DD REPORT | No | NA | No | NA | $465 | $500 | $50 | $450 | $1,465 | | |
| ## | Strojnik v. RNM Hospitality, Inc et al | SD | SEE DD REPORT | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 | | |
| ## | Strojnik v. Marla K Hicks Trust | SD | SEE DD REPORT | No | NA | Yes | 12(b)(1) | $465 | $500 | $50 | $450 | $1,465 | | |
| ## | Strojnik v. 1315 Orange LLC | SD | SEE DD REPORT | No | NA | No | NA | $465 | $500 | $50 | $450 | $1,465 | | |
| ## | Strojnik v. Barrigon Inc | SD | SEE DD | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 | | |
| ## | Strojnik v. Cherokee Lodge, LLC | SD | SEE DD REPORT | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 | | |
| ## | Strojnik v. Indoc Partners, LLC | SD | SEE DD REPORT | No | NA | No | NA | $465 | $500 | $50 | $450 | $1,465 | | |
| ## | Strojnik v. Village 1017 Coronado, Inc. | SD | SEE DD REPORT | No | NA | Yes | 12(b)(1) | $465 | $500 | $50 | $450 | $1,465 | | |
| ## | Strojnik v. Kamla Hotels, Inc. | SD | SEE DD REPORT | No | NA | Yes | 12(b)(1) | $465 | $500 | $50 | $450 | $1,465 | | |
| ## | Strojnik v. San Diego Farah Partners, L.P. | SD | SEE DD REPORT | No | NA | No | NA | $465 | $500 | $50 | $450 | $1,465 | | |
| ## | Strojnik v. Souldriver Lessee, Inc. | SD | SEE DD REPORT | No | NA | No | NA | $465 | $500 | $50 | $450 | $1,465 | | |
| ## | Strojnik v. RBI Investors L.P. | SD | SEE DD REPORT | No | NA | No | NA | $465 | $500 | $50 | $450 | $1,465 | | |
| ## | Strojnik v. Lafayette Landlord, LLC | SD | SEE DD REPORT | No | NA | No | NA | $465 | $500 | $50 | $450 | $1,465 | | |
| ## | Strojnik v. Driftwood Capital Partners LLC | SD | SEE DD REPORT | No | NA | No | NA | $465 | $500 | $50 | $450 | $1,465 | | |
| ## | Strojnik, Sr v. Cypress Inn Investors | SD | SEE DD REPORT | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 | | |
| | | | | | | | | $55,960 | $58,000 | $5,800 | $52,200 | $171,960 | $249,079 | $77,119 |
| | | | | | | | | | | | | CASE AVERAGE | | $664.81 |

**Exhibit 2**

# EXHIBIT A

## BEFORE THE PRESIDING DISCIPLINARY JUDGE

IN THE MATTER OF A MEMBER OF
THE STATE BAR OF ARIZONA,

**PETER STROJNIK,**
 **Bar No. 006464**

   Respondent.

**PDJ-2018-9018**

**ORDER OF INTERIM
SUSPENSION**

[State Bar No. 18-0615]

**FILED JULY 11, 2018**

### PROCEDURAL HISTORY

On March 6, 2018, the State Bar of Arizona moved for Interim Suspension
(Motion) of Respondent, Peter Strojnik, Bar No. 006464 under Rule 61, Ariz. R.
Sup. Ct.[1]  The allegations were verified and additionally supported by attached
Exhibits 1-14.  On March 27, 2018, Mr. Strojnik filed his response, arguing among
other things that there was no emergency because "the state and federal courts in
which Mr. Strojnik has made those filings are fully capable of dealing with them
according to law." [Respondent Response 1:22-24.] See also 6:7-12. The response
concludes that there is no risk of injury to the public when compared to the damage
Mr. Strojnik would suffer from an interim suspension. This Court disagrees. The

---

[1] Unless stated otherwise, all Rule references are to the Ariz. R. Sup. Ct.

1

testimony of Mr. Strojnik gives this judge little assurance that he will not continue to file or make claims against members of the public.

In conceding that interim suspension is warranted for "egregious" misconduct, Mr. Strojnik cited an article by Francis M. Dougherty (citations omitted). He also claims that interim suspension is also warranted for conduct "which cannot be easily corrected by other courts." Similarly, the response supports that interim suspension should be reserved for "the most extreme cases of lawyer misconduct" citing the West Virginia Supreme Court, (citations omitted). An evidentiary hearing was scheduled for April 11, 2018.

On April 3, 2018, Mr. Strojnik moved to continue the hearing because his health was greatly imperiled, and he would be unable to proceed. He was to undergo arterial embolization for kidney cancer which was scheduled for April 11, 2018 and would be unable to reasonably participate in the hearing due to his health. The hearing was continued.

On May 3, 2018, a hearing on the State Bar's Motion for Interim Suspension was held. Shauna Miller appeared on behalf of the State Bar of Arizona. Mr. Strojnik appeared, represented by Geoffrey Sturr and Joshua Bendor, *Osborn Maledon, P.A.*

## **GENERAL FINDINGS**

Any lawyer admitted to practice law in Arizona is subject to the disciplinary jurisdiction of the Arizona Supreme Court. Rule 46(a). Discipline proceedings are

*sui generis*, neither civil nor criminal. Rule 48(a). An attorney may be disciplined for any of the grounds stated in Rule 54. A discipline proceeding commences upon receipt by the State Bar of a charge against a respondent. Rule 55(a). Bar counsel conducts an initial evaluation of the information that comes to the State Bar's attention alleging lawyer lack of professionalism or misconduct. It is undisputed that the State Bar has received multiple charges from members of the public regarding the conduct of Mr. Strojnik.

If "the alleged conduct may warrant the imposition of a sanction" the matter is referred for a screening investigation. Rule 55(a)(2)(C). Mr. Strojnik has acknowledged various charges have been in a screening investigation and thereby that the State Bar has long held the view that the conduct of Mr. Strojnik may warrant the imposition of a sanction. [Respondent Closing Argument 3:5-7.]

Rule 61 is the governing rule regarding interim suspension. The State Bar may move for interim suspension at any time after a charge is received. Under Rule 61(a), an interim suspension may be entered upon a showing of probable cause that a lawyer "is engaging in conduct that has caused or is likely to cause immediate and substantial harm to clients, the public, or the administration of justice."

Rule 61(c)(2) sets forth the required procedural grounds by which an interim suspension may be sought. The procedural requirements were followed. The 339-page motion with attachments was supported by separate affidavits which were

based upon personal knowledge. The motion was timely served upon Mr. Strojnik.
He timely filed a 112-page response to the motion.

Under Rule 61(c)(2)(B), "The State Bar shall have the burden of establishing
probable cause that the basis of the requested relief exists and that interim suspension
is appropriate." In conducting the hearing, "The presiding disciplinary judge is not
bound by common law or rules of evidence or by technical or formal rules of
procedure and may conduct the hearing in any manner that will achieve substantial
justice." Probable cause exists.

## FINDINGS OF FACTS

Mr. Strojnik has filed over 1,700 complaints in State Court and over 160
complaints in District Court alleging violations of the Americans with Disabilities
Act (ADA) and the Arizonans with Disabilities Act (AzDA). The cases filed were
all very similar, alleging vague and non-specific violations. In cases brought in
District Court, Mr. Strojnik represented plaintiff Fernando Gastelum where they
targeted hotels. Mr. Strojnik represented the plaintiffs, generally referred to as AID
(Advocates of Individuals with Disabilities, LLC) and David Ritzenthaler in the
State Court cases which involved parking lot violations.

In each case, Mr. Strojnik would demand $5,000 in attorney's fees, regardless
if the business had remedied the violation. [SBA Exhibits 4-6.] Mr. Strojnik testified
that he has collected, in the parking lot cases, approximately $1.2 million in

settlements, which mainly consisted of attorney's fees. [Tr. 186:18-187:10.] In the Gastelum cases, as of the date of the hearing, Mr. Strojnik swore he had received "$384,000 net to me." [Id. 186:1-5.] After reflection that number increased by another $288,000. [Id. 187:8-10.] He plans to continue his pattern of conduct as he has always done. [Id. 188:25-189:10.]

Beau Roysden, an attorney with the Attorney General's office Civil Litigation Division, testified that the Attorney General's office became involved in these matters because of complaints by the public of the lawsuits being filed by Mr. Strojnik. In each suit, large attorney fees were claimed "and in some cases, potentially suing things like dirt lots or businesses that were not subject to the ADA." [Transcript, p. 73:13-23.] He also testified the suits were "copy and paste" and that some of the suits claimed they involved public lodging when it did not. Regardless, demands for $5,000 in attorney's fees and "some complaints claimed $5000 in damages as well." [Id. 76:8-20.]

Early in his testimony Mr. Strojnik acknowledged that with his method of "review" of the "investigative reports" he made errors and brought suit against dirt lots. [Id. 160:16-19.] Later when asked about the testimony of Mr. Roysden, Mr. Strojnik conceded that this had happened but claimed "rarely." He then claimed there was only one situation where this occurred as referred to by Mr. Roysden and

agreed it had occurred despite what he claimed to be a thorough investigation. [Tr. p. 196:9-14.]

Mr. Strojnik acknowledged he had a direct hand in this thorough investigation. He swore that he personally supervised the "investigators" that would go to the properties and ultimately their photographs would be delivered to him for review. [Id. 146:11-14.] Relying upon those "investigative reports" he personally determined if there were ADA violations. However, he later conceded he "did not know who the people were who actually went out to work." [Id. 148:10-11.] He testified he did not know how the instruments they used to take the photographs worked and that he had no expertise regarding this. He would rely on these "investigators" that he supervised, but never met, and for which he had no expertise of their methodology of the alleged violations in filing his lawsuits.

He also knew that this thorough investigation of the properties included simply hiring people from Craigslist to go take pictures of businesses that might be non-compliant. [Id. 144:11-17.] Throughout the hearing he called these individuals "investigators." They forwarded to him "approximately 10,000 violations filed on the businesses that were visited by these investigators." [Id. 145:1-6.] "Every case that was filed, I would review the investigative report given by the investigators." [Id 146:18-19.]

He swore he checked their work through the photographs that they provided

to him. He swore he personally reviewed 10,000 of these "reports" by investigators

certifying their accuracy to the court when suits were filed on any of them. Some

days he would receive 150 such reports that he would look over to make sure they

were accurate. [Id. 152:24-153:1.] Mr. Strojnik, in justifying this and his attorney

fees, claimed he worked, at times, 24 hours a day.

Q: 24 hours a day?

A: Yeah.

Q. You wouldn't go to sleep?

A. No.

Q. Okay.

A. And I would, you know, for a year and a half, that's all I did. [164:16-

22.]

He was later asked to verify these answers.

Q. You said you were doing the 24/7 for about a year, year and a half?

A. That's about a year and a half. 165:10-12.]

Mr. Roysden swore that a number of these suits involved "newer regulations"

that altered the height for handicapped parking signs. These governmental changes

caused once compliant businesses to fall out of compliance. Mr. Strojnik

summarized his viewpoint that "non-compliance with disability law is rampant in

Arizona." It is apparent Mr. Strojnik believes these business owners violate the ADA
without restraint. Even if there was no actual access issue, Mr. Strojnik claimed a
violation that the 2010 standards were not in place at the time were "irrelevant under
the ADA" even if a person had complete and unfettered access to the property. [Tr.
157:1-14.]

The time Mr. Strojnik spent on each case was minimal. For example, in the
parking lot cases, Mr. Strojnik would review the investigative report prepared by the
employees of AID. Then, if Mr. Strojnik determined that there was a violation, he
might prepare a complaint, sign it, and file it. Mr. Strojnik would review photographs
submitted. [Id. 192:21-194:5 and Ex. 31, vol. 1, Tab 5, Exhibit B, appendix B.] The
preparation and review of the complains was under thirty minutes. He is a "one-man
show" that does his own typing, has his investigators upload pictures of properties
that he claims to review and charges $650 per hours for "everything I do that an
attorney should do." [Id. p. 183:21-184:7.]

His state of mind was clarified by his response to questioning by his attorney.
He was asked whether all his other cases had factual support. Mr. Strojnik attempted
to testify about a hearing on standing. [Id. 199:24-25.] His attorney asked him, "Why
are you so thorough and careful in the preparatory work for the lawsuits that you are
filing on Mr. Gastelum's behalf?" He seethed, "I have learned in the last year and a
half that there is a clear subliminal, just under the surface, dislike of society against

people with disabilities. If you drive off the freeway and there is a guy in a wheel chair asking for money, how many drivers actually look at him and make eye contact? Nobody. The reason why I didn't do that…" The non-responsive answer was interrupted by the court. [Id. 208:13-21.]

In fact, Mr. Strojnik worked for free, under an arrangement with AID, he would demand attorney fees and those attorney fees were paid directly to AID and given to other individuals unknown to Mr. Strojnik. [158:7-18.] He swore he was never paid or given anything for attorney fees. Instead he testified, "The attorney fees were assigned to AID." He then added "I never saw the check." When pressed regarding this, he contradicted himself and swore the checks would either be written directly to his client or he would sign the check over. [167:6-168:12.]

In the hotel cases, Mr. Strojnik would pay Mr. Gastelum $350 per case to participate as the plaintiff. As of November 17, 2017, Mr. Gastelum had been paid a total of $1,500 by Mr. Strojnik. The fee agreement between Mr. Gastelum and Mr. Strojnik gave Mr. Strojnik the authority to accept settlements and keep all money offered without Mr. Gastelum's approval. [SB Exhibit 19-28.]

In these fee applications filed by Mr. Strojnik in the Gastelum federal lawsuits, each had identical terms including: 1) Strojnik's hourly rate is $650.00 per hour, based on several factors; 2) Strojnik would represent Plaintiff pro bono, but can seek the recovery of attorney's fees from the Defendant at the rate of $650 per hour; 3)

Strojnik has the unfettered discretion in all settlements, but the client's consent is required if the settlement amount is less than $350; and 4) an expense under "client expenses" is paying Mr. Gastelum $350 for mileage, time effort, reviews, collection of evidence, and other expenses as required.

Mr. Strojnik testified that he never had an application for attorney fees denied where he had provided no pre-suit notification. [Id. 192:7-10.] This relevant testimony introduced by Mr. Strojnik was undermined by the recent denials of his attorney fees. Under examination by his attorney, Mr. Strojnik testified he had never had a lawsuit involuntarily dismissed. Such testimony was acknowledged as relevant and material by Mr. Strojnik. [Id. 210:20-23.] Recent rulings are likewise relevant, material and undermine his position.

The District Court has held that Strojnik's tactics are "extortionate" stating in part, "[no] fee is the reasonable fee for an unnecessary lawsuit that a demand letter would have taken care of. A demand for a fee beyond what is reasonable is a demand without legal basis under the ADA." *Advocates for Individuals With Disabilities LLC v. MidFirst Bank*, 279 F. Supp. 3d 891, 898 (D. Ariz. 2017). Although most of the lawsuits filed have been dismissed, Mr. Strojnik stated that he wanted to file 10,000 ADA compliance lawsuits, and then file a million nationwide.[2]

---

[2] Stated in meeting with Lyndsay Leavitt who represented many defendants in the ADA/AzDA lawsuits. [Tr 18:12-19:25]

On May 25, 2018, Judge G. Murray Snow ordered a consolidated hearing to consider Mr. Gastelum's standing in the hotel cases. Judge Snow stated that Mr. Gastelum failed to meet the requirements for standing in every case. The Court concluded that Mr. Gastelum and Mr. Strojnik are engaged in a joint enterprise to file suits against Phoenix area lodgings that they believe to be out of compliance with ADA standards. The suits are filed without reference to whether Mr. Gastelum actually had intended to make future visits to those facilities or even if he potentially might be deterred from future visits by the type of non-compliance. Based on the lack of standing, Judge Snow dismissed all of the consolidated cases before him. However, since this ruling, Mr. Strojnik has filed an additional four ADA lawsuits in District Court. [SB Notice Supplementing the Record Re: *Gastelum v. Canyon Hospitality*.]

Judge David M. Talamante consolidated additional cases for the purpose of addressing issues of standing and possible sanctions. Judge Talamante also dismissed the consolidated cases based on a lack of standing. [SB Motion for Interim Suspension, Exhibit 8.] Shortly thereafter, Mr. Strojnik began filing Rule 60 Ariz. Civ. R. Pro. Motions for Relief from the Judgment in the cases dismissed with a lack of standing. On April 9, 2017, Judge Talamante issued an order directing Mr. Strojnik not to file any additional Rule 60 motions. Judge Talamante found that Strojnik committed a "serious due process violation" by failing to provide notice or

copies of the Motions for Relief from Judgment to the State. Judge Talamante also denied all relief sought by Strojnik. [SB Notice Supplementing the Record Re: Judge Talamante.]

## ANALYSIS

Mr. Strojnik argues on one hand that Rule 61 mandates that a Respondent must be actively engaging in case-specific litigation because, "The Bar cannot rely on past, completed conduct to support its request for interim suspension." [Respondent Closing Argument, p. 1:22-26.] Yet on the other hand he argued in the hearing and in his response that interim suspension should not be sought because the cases "should be handled by the court with jurisdiction over those cases." [Respondent Response, p. 3:7-9.] Presumably he means until the case is concluded, at which time that cannot be relied upon in seeking interim suspension.

Mr. Strojnik argued interim suspension should not issue because some of the matters have been in screening too long. [Respondent Closing, p. 2:5-7.] He also seems to argue interim suspension should not issue because some of the matters have not been in screening long enough. [Respondent Closing, p. 6:23-7:2.] Such circular arguments appear disingenuous and ignore the language of Rule 61. It is a course of conduct, not whether case specific motions have been resolved, that are at issue.

He also claims that this judge must make a definitive ruling of which ethical rules(s) were violated. "To suspend Mr. Strojnik, this Court would have to determine

that the Rule 60 motions violate some rule of professional conduct." [Id. 6:12-13.]
This court determines whether there is probable cause that a respondent "is engaging
in conduct that has caused or is likely to cause immediate and substantial harm to
clients, the public, or the administration of justice." If the State Bar meets its burden
of proof of establishing probable cause that the basis of the requested relief exists
and that interim suspension is appropriate, the PDJ may, but is not required to, order
either interim suspension or interim probation.

The determination of probable cause for interim suspension is not
substantially different from that of the Attorney Discipline Probable Cause
Committee, ("ADPCC"). Under Rule 55, that Committee "shall first determine
whether probable cause exists." Neither Rule 55 nor Rule 61 require a definitive
finding regarding an ER.

Mr. Strojnik initially emphasized that this Court should defer to the State or
Federal Court rulings as he expressed a concern that this Court "could reach
inconsistent conclusions about the merits of the motions." [Id. 6:16-18.] The
argument that the PDJ must specify which ERs were violated would do precisely
what Respondent initially argued against regarding the other courts. It would preset
the State Bar to prosecute specific ERs and preset the ADPCC to find probable cause
regarding those ERs, potentially resulting in conflicting orders. Rule 61 does not

require findings of fact and conclusions of law. It requires that the PDJ determine, if probable cause is established, whether interim suspension "is appropriate."

The response criticized the State Bar for claiming future harm, as being based on unsupported speculation. "[I]t is not clear how the Bar came to this belief or satisfied its obligation to make a reasonable inquiry. It did not, for example, ask Mr. Strojnik what he intended to do." Regarding the multiple lawsuits filed, the response asserts that Mr. Strojnik and his client Mr. Gastelum, "engage in a rigorous investigative process" and often file lawsuits when infractions are discovered. This is questionable. The response also emphasizes that only Judge Wake was critical of Mr. Strojnik and that case involved his representation of a different client. That argument has been severely undercut.

Based on the foregoing facts, the State Bar contends Mr. Strojnik is engaging in conduct that is likely to cause immediate and substantial harm to clients, the public, or the administration of justice.

## RULE 61 ANALYSIS

*Ethical Rules Violated*

Rule 61 does not explicitly state that violation of specific ethical rules must be found for an interim suspension. However, the State Bar has the burden of establishing that there is a reasonable belief that the basis of the requested relief exists, and that interim suspension is appropriate, i.e. Mr. Strojnik must be engaging

14

in unethical conduct and that interim suspension is appropriate. Further, interim suspension is like a preliminary injunction in that it requires the State Bar to show that it is likely to obtain a serious sanction after a full hearing on the merits. *In re Discipline of Trujillo*, 24 P.3d 972 (Utah 2001).

In its closing argument, the State Bar alleges that Mr. Strojnik has violated ERs 1.2, 1.4, 1.5(a), 3.3(a), 8.4(c), and 8.4(d).[3] Violation of these Rules would result in a significant sanction at the conclusion of the disciplinary process. One of the applicable standards for imposing sanctions, *Standard 7.2*, provides that suspension is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed to the profession and causes injury or potential injury to a client, the public, or the legal system.

Viewing Mr. Strojnik's conduct in its entirety, he has filed 1,700 complaints in State Court and over 160 complaints in District Court. Virtually all of the State Court lawsuits were dismissed.

*Immediate and Substantial Harm*

Mr. Strojnik has demonstrated that without action by this Court, he will continue to file ADA/AzDA lawsuits. [SB's Supplement Re: *Gastelum v. Canyon*

---

[3] The alleged ethical violations are not necessarily inclusive of what will be charged in the disciplinary complaint but are at the least sufficient to show that Mr. Strojnik has violated the Rules of Professional Conduct, that at the least will result in a long-term suspension.

*Hospitality*.] US District Court Judge Neil V. Wake issued an order in *Advocates for Individuals With Disabilities LLC, and David Ritzenthaler, vs. MidFirst Bank,* 2:16-cv-01969-PHX-NVW suggesting that sanctions were appropriate and that Mr. Strojnik's "extortionate practice ha[d] become pervasive," [SB Motion for Interim Suspension, Exhibit 11.] The District Court stated that "it is certain that Arizona courts would not waive the standing requirement and empower [Respondent's] unethical extortion of unreasonable attorney's fees from defendants" when Mr. Strojnik requested to remand the case to state court. [Exhibit 11 at pg. 10.]

The evidence and testimony show that Mr. Strojnik is partaking in a scheme that will cause imminent and substantial harm to the public and administration of justice. The additional lawsuits Mr. Strojnik has filed since the State Bar's Motion for Interim Suspension show that his conduct will continue without immediate action by this Court. Any potential damage to Mr. Strojnik is outweighed by the harm to the public and to the profession.

## CONCLUSION

The State Bar has met its burden demonstrating Mr. Strojnik is engaging in conduct that has caused or is likely to cause immediate and substantial harm to clients, the public, or the administration of justice. Mr. Strojnik has demonstrated that he will continue filing lawsuits, and has filed lawsuits, irrespective of rulings by other Courts.

Therefore:

**IT IS ORDERED** finding probable cause Peter Strojnik has engaged in conduct that has caused or is likely to cause immediate and substantial harm to clients, the public, or the administration of justice.

**IT IS FURTHER ORDERED Peter Strojnik, Bar No. 006464**, is suspended from the practice of law effective immediately on an interim basis and until further order of this Court.

**IT IS FURTHER ORDERED** such suspension shall continue in force until final disposition of all pending disciplinary proceedings against Peter Strojnik, unless vacated or modified.

**IT IS FURTHER ORDERED** under Rule 72(a) Peter Strojnik shall notify all his clients of the terms of this order within ten (10) days and shall timely file with the Disciplinary Clerk and the Court, notice of compliance with this Order as provided by Rule 72(e).

**IT IS FURTHER ORDERED** that the State Bar shall promptly prosecute this matter and it is set for telephonic status review on **Tuesday, January 15, 2019 at 10:00 a.m.**

**DATED** this 11th day of July, 2018.

*William J. O'Neil*
**William J. O'Neil, Presiding Disciplinary Judge**

Copies of the foregoing e-mailed
this 11th day of July, 2018, and
mailed July 12, 2018, to:

Shauna R. Miller
Senior Bar Counsel
*State Bar of Arizona*
4201 N. 24th Street, Suite 100
Phoenix, AZ  85016-6288
Email:  lro@staff.azbar.org

Geoffrey M.T. Sturr
Joshua D. Bendor
*Osborn Maledon, PA*
2929 N. Central Ave., Suite 2100
Phoenix, AZ 85012-2793
Emails: gsturr@omlaw.com,
 jbendor@omlaw.com
Respondent's Counsel

by: AMcQueen

18