# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER STROJNIK,<br><br>                        Plaintiff,<br><br>  v.<br><br>VILLAGE 1107 CORONADO, INC.,<br><br>                        Defendant. | Case No. 19-cv-02210-BAS-MSB<br><br>**ORDER RE: CIVIL CONTEMPT & COERCIVE INCARCERATION** |

For the following reasons, the Court orders Mr. Strojnik to appear on **June 28, 2021, at 3:15 p.m.**, for a contempt hearing. If Mr. Strojnik has not complied with the Court's order to pay $44,246 to Defendant by the hearing, **the Court will place him into coercive incarceration until his contempt is purged or the Court finds that continued incarceration no longer serves a coercive purpose**.

**I.   BACKGROUND**

Plaintiff Peter Strojnik brought this action on November 20, 2019, alleging one count of negligence and three counts of disability discrimination under the Americans With Disabilities Act ("ADA"), California's Unruh Civil Rights Act, and California's Disabled Persons Act. (ECF No. 1.) The Court granted Defendant's motion to dismiss the action for Plaintiff's lack of standing under the ADA and declined to exercise supplemental jurisdiction over the state law claims. (ECF No. 15.) Defendant subsequently brought a motion for attorney's fees and, alternatively, sanctions. (ECF No. 17.) On January 13,

2021, the Court denied the request for sanctions but awarded Defendant $21,995 in attorney's fees that Plaintiff was ordered to pay forthwith. (Order Granting Def.'s Mot. for Attorney's Fees ("Attorney's Fees Order"), ECF No. 22.)

On February 22, 2021, Defendant filed an Application for an Order to Show Cause Re: Contempt of the Court's Attorney's Fees Order. (ECF No. 26.) Defendant stated that "despite repeated reminders," Plaintiff had not paid the $21,995 in attorney's fees. The Court granted the application and issued an Order to Show Cause ("OSC") why Mr. Strojnik should not be held in contempt for failing to comply with the Court's Attorney's Fees Order. (ECF No. 27.) Mr. Strojnik was required, by April 5, 2021, to either file a sworn affidavit affirming that he paid the attorney's fees or a response to the OSC explaining his noncompliance. (*Id.*)

On April 13, 2021, the Court found Plaintiff was in civil contempt of the Court's Attorney's Fees Order. (ECF No. 31.) Thereafter, the Court received Mr. Strojnik's response to the OSC. (ECF No. 33.) Plaintiff alleged he received the Court's OSC via mail after his deadline to respond had passed, claimed he is subject to "a superior UCC spousal maintenance lien" arising from his 2013 marriage dissolution, and implied that payment of the attorney's fees would violate the lien and lead to a fraudulent transfer action against him. (*Id.*) Hence, the Court vacated its contempt order, ordered Plaintiff to provide evidence of his inability to pay, and set the matter for a hearing on June 14, 2021. (ECF Nos. 38, 41.)

The Court held the evidentiary hearing. (ECF No. 44.) Mr. Strojnik was placed under oath and examined by Defendant. After hearing testimony and considering the evidence submitted, the Court found the following:

    1. Mr. Strojnik is in civil contempt of the Court's Attorney's Fees Order;

    2. Mr. Strojnik has the ability to pay;

    3. Mr. Strojnik's testimony concerning his ability to pay is not credible; and

    4. A civil sanction of an additional $22,551 is appropriate to compensate Defendant for the cost of seeking a contempt finding against Mr. Strojnik.

Further, the Court stated it would set a criminal OSC hearing for June 28, 2021, at 3:15 p.m., if Mr. Strojnik does not pay the amount he owes by that date. The Court issues this order to formalize its findings and clarify that Mr. Strojnik will be placed into coercive incarceration at the June 28, 2021, hearing if he does not comply with the Court's orders set forth below.

## II.   ANALYSIS

"There can be no question that courts have inherent power to enforce compliance with their lawful orders through civil contempt." *Shillitani v. United States*, 384 U.S. 364, 370 (1966). "A court may wield its civil contempt powers for two separate and independent purposes: (1) to coerce the defendant into compliance with the court's order; and (2) to compensate the complainant for losses sustained." *Shell Offshore Inc. v. Greenpeace, Inc.*, 815 F.3d 623, 629 (9th Cir. 2016) (quotations omitted). "Given the remedial purpose of the sanction, a finding of contempt must be accompanied by conditions by which contempt may be purged, spelled out in either the original order or the contempt order. Moreover, although the district court generally must impose the minimum sanction necessary to secure compliance, the district court retains discretion to establish appropriate sanctions." *United States v. Bright*, 596 F.3d 683, 696 (9th Cir. 2010) (citations omitted).

<u>Compensatory Sanctions</u>. Defendant requests $20,340 in attorney's fees and $1,911 in expenses as compensation for drafting the motion for contempt and preparing for and attending the evidentiary hearing. Compensatory sanctions may be used to "compensate a party who has suffered unnecessary injuries or costs because of contemptuous conduct." *Shell*, 815 F.3d at 629 (quoting *Ohr ex rel. NLRB v. Latino Express, Inc.*, 776 F.3d 469, 479–80 (7th Cir. 2015)). They must be based on "actual losses sustained as a result of the contumacy." *Shuffler v. Heritage Bank*, 720 F.2d 1141, 1148 (9th Cir. 1983). "[T]he cost of bringing the violation to the attention of the court is part of the damages suffered by the prevailing party and those costs would reduce any benefits gained by the prevailing party from the court's violated order." *Inst. of Cetacean Research v. Sea Shepherd Conservation Soc'y*, 774 F.3d 935, 958 (9th Cir. 2014) (quoting *Perry v.*

*O'Donnell*, 759 F.2d 702, 705 (9th Cir. 1985)).  Hence, a trial court has discretion to "analyze each contempt case individually and decide whether an award of fees and expenses is appropriate as a remedial measure." *Perry*, 759 F.2d at 705.

Moreover, the court has broad discretion to determine the reasonableness of attorney's fees. *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992).  A court employs a two-step process to calculate a reasonable fee award. *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000).  First, the court calculates the lodestar figure, which represents the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  Second, the court determines whether to increase or reduce that figure based on several factors that are not subsumed in the lodestar calculation. *See Kelly v. Wengler*, 822 F.3d 1085, 1099 (9th Cir. 2016); *see also Kerr v. Screen Guild Extras, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975).  The lodestar figure is presumed reasonable. *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000).

Here, as indicated at the hearing, the Court finds Defendant's request for $20,340 in attorney's fees is reasonable and an appropriate compensatory sanction.  The Court previously found Defendant's counsel's billing rate of $500 to be a reasonable hourly rate for an attorney of Mr. Stillman's experience in San Diego. (Attorney's Fee Order 8:4–7.) As to the hours expended, Mr. Stillman's billing records show 40.68 hours were spent preparing the motion for contempt, reviewing documents produced by Mr. Strojnik, and preparing for and attending the Court's evidentiary hearing.  (Evid. H'rg Ex. 20.)  The Court finds the number of hours expended is reasonable, particularly in light of the significant documentary evidence involved in the contempt inquiry.  Therefore, the lodestar is $20,340, and the Court finds an adjustment to this amount is unnecessary.

Further, Defendant requests $1,911 in travel expenses.  (Evid. H'rg Ex. 20.) Defendant only suffered these expenses because of Mr. Strojnik's contemptuous conduct. Consequently, the Court finds they are appropriately included in a compensatory sanction against Mr. Strojnik. *See In re Covelli*, 550 B.R. 256, 269 (Bankr. S.D.N.Y. 2016) (noting

compensatory sanctions for civil contempt may include attorney's fees, litigation costs, and travel expenses). Accordingly, the Court awards Defendant $22,251 in attorney's fees and costs as a compensatory civil contempt sanction.

<u>Coercive Incarceration</u>. Beyond compensating Defendant for Mr. Strojnik's civil contempt, the Court finds it is necessary to impose an additional sanction to coerce Mr. Strojnik to comply with the Court's orders set forth below. "When imposing sanctions for civil contempt, a court "ha[s] numerous options, among them: a coercive daily fine, a compensatory fine, attorneys' fees and expenses . . . and coercive incarceration." *Citronelle-Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1304 (11th Cir. 1991). Coercive incarceration is an appropriate sanction for civil contempt so long as "the contemnor can avoid the sentence imposed on him, or purge himself of it, by complying with the terms of the original order." *Fed. Trade Comm'n v. Cardiff*, No. ED CV 18-2104-DMG (PLAx), 2020 WL 4390386, at *7 (C.D. Cal. July 24, 2020) (quoting *Hicks on Behalf of Feiock v. Feiock*, 485 U.S. 624, 635 n.7 (1988)); *see also Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 828 (1994) (quoting *Gompers v. Bucks Stove & Range Co.*, 221 U.S. 418, 442 (1911)) (noting contempt is coercive where "the contemnor is able to purge the contempt and obtain his release by committing an affirmative act, and thus 'carries the keys of his prison in his own pocket.'").

Here, the Court has already ordered Mr. Strojnik to pay money, and he refused to comply with the Court's order. And as mentioned, the Court found Mr. Strojnik has the ability to comply. Further, his testimony claiming otherwise was not credible. Therefore, the Court finds coercive incarceration is appropriate here. The Court will order Mr. Strojnik to comply with the Attorney's Fee Order and pay the additional $22,251 compensatory sanction by the hearing set for June 28, 2021. If he fails to do so, he will be incarcerated as a sanction for his continued civil contempt of this Court's orders.

//
//
//

### III. CONCLUSION AND ORDERS[1]

In light of the foregoing, the Court **ORDERS** as follows:

1. Mr. Strojnik is in civil contempt of the Court's Attorney's Fees Order (ECF No. 22).

2. In addition to the award of $21,995 in attorney's fees owed to Defendant, Mr. Strojnik shall pay Defendant $22,251 as a compensatory sanction for his civil contempt. **Hence, Mr. Strojnik shall pay Defendant a total of $44,246 immediately and without delay.**

3. **Mr. Strojnik is ordered to appear in Courtroom 4B on June 28, 2021, at 3:15 p.m., for a contempt hearing.** At the contempt hearing, the Court will determine whether Mr. Strojnik has complied with the Court's order to pay Defendant $44,246. If Mr. Strojnik does not appear for the hearing, the Court will issue a bench warrant for his arrest to secure his appearance at a contempt hearing.

4. Defendant may attend the hearing by Zoom. Further, the Court orders Defendant to file by 12:00 p.m. on June 28, 2021, a notice stating whether it has received payment in full from Mr. Strojnik.

5. **If the Court finds at the June 28, 2021, hearing that Mr. Strojnik has not complied with the Court's order to pay Defendant $44,246, the Court will place Mr. Strojnik into coercive incarceration until he complies with the Court's order or the Court finds that continued incarceration no longer serves a coercive purpose.** At any time, Mr. Strojnik will be able to purge his coercive incarceration by paying $44,246 to Defendant.

**IT IS SO ORDERED.**

**DATED: June 15, 2021**

Hon. Cynthia Bashant
United States District Judge

---

[1] For the reasons expressed at the evidentiary hearing, the Court also **DENIES** Mr. Strojnik's motion for an order to show cause regarding Defendant's claim for attorney's fees. (ECF No. 43.)