Philip H. Stillman, Esq. SBN# 152861
STILLMAN & ASSOCIATES
3015 North Bay Road, Suite B
Miami Beach, Florida 33140
Tel. and Fax: (888) 235-4279
pstillman@stillmanassociates.com

Attorneys for defendant VILLAGE 1107 CORONADO, INC.

**UNITED STATES DISTRICT COURT FOR THE**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PETER STROJNIK,<br><br>　　　　　　　Plaintiff,<br>　　vs.<br><br>VILLAGE 1107 CORONADO, INC.,<br><br>　　　　　　　Defendant. | Case No. 19-cv-2210 BAS MSB<br><br>**DEFENDANT'S RESPONSE TO CONTEMNOR'S "REQUEST FOR RELIEF**<br><br>Date: None set<br>Courtroom: 4B, 4th Fl.<br><br>Hon. Cynthia A. Bashant |

After an evidentiary hearing on June 14, 2021, this Court held Peter Strojnik in contempt, found that he was not credible, that based on the evidence presented, Strojnik had the ability to pay, and that his purported excuse that he could not pay the original $21,995 because of a lien by his purported ex-wife was a sham. [Dkt. 45]. Upon receipt by the undersigned through the Electronic Court Filing system on June 15, counsel immediately forwarded the order to Strojnik to prevent any delay, along with wire transfer instructions. Stillman Decl., ¶ 3. Strojnik confirmed receipt of that Order within a couple of minutes, thanking Mr. Stillman and stating that he was "playing with his grandkids." *Id.*

From June 14 until June 24, Mr. Stillman neither heard nor received anything from Strojnik. On June 24, Strojnik began to negotiate with Mr. Stillman, still claiming that he was unable to pay the award because (1) he did not have the money and (2) because he could be jailed by the family court judge for violating "Mrs. Stronik's" purported lien. Stillman Decl., ¶ 4. Strojnik did draw down $1,450 on a credit card and sent that via PayPal to Mr. Stillman, which was received. Stillman Decl., ¶ 4, 7. He is now seeking some sort of relief by paying the $45,000 over three years.

## STATEMENT OF FACTS

As this Court knows from the June 14, 2021 evidentiary hearing, Strojnik produced bank records for one bank account, in the name of Lunar Eclipse I, LLC, from September 1, 2018 through March 31, 2021, omitting the November 2020 bank statement. Those statements were submitted to the Court attached to Strojnik's May 4, 2021 Response to the Court's Order Modifying the OSC, and submitted as <u>Exhibit 10</u>.[1] At the hearing, Strojnik testified that all of the funds in the Lunar Eclipse I account were settlement proceeds of his ADA litigation. Those bank records alone establish his ability to pay and are summarized

---

[1] The bank statements were also submitted as Exhibits divided by year. As noted at the hearing, Strojnik was ordered to produce bank records into which settlements had been deposited from January 1, 2018 through the present, which he failed to do, and to produce evidence of his purported donation of $1.2 million in fees to a charity, which he also failed to do.

Response re Request for Relief -1-

for the Court in Exhibit 19.

Specifically, this Court ordered Strojnik to pay attorney's fees of $21,995 "forthwith." January 13, 2021 Attorney's Fees Order. Strojnik acknowledged that as he understood it, "forthwith" meant immediately. According to his testimony, he did not do so for two reasons: first, such a payment would be a "fraudulent transfer" in violation of a lien on all of his assets by his "ex-wife," with whom he acknowledged living both before their 2012 "divorce" and through the present, and second, because he did not have the money to do so. However, as detailed in Exhibit 19, in the period from January 1, 2021 through March 31, 2021 – the last date for which he produced bank records, Strojnik deposited $88,620 into that account. *See also*, Exhibit 7 (the 2021 bank records). According to those same 2021 records, Strojnik testified that he paid $11,000 to a checking account that he claimed belonged to an "assistant," whose name and purpose he was unsure of. Thus, one thing is clear – Strojnik clearly had the ability to pay the $21,995 between January 2021 and April 1, 2021.

The produced Lunar Eclipse I bank records also show that between September 1, 2018 and March 31, 2021, Strojnik deposited $1,777,845.20 in settlement proceeds into the account. *See* Exhibit 19. Of that, at least $312,065.17 went to a money market account that Strojnik believed belonged to "Mrs. Strojnik," although he denied that she was a signatory on the account and denied that he made the transfers. Also of the total amount, Strojnik also acknowledged that he had transferred $136,440.06 to this "assistant." He also testified that he paid litigation expenses out of the Lunar Eclipse I account. Accordingly, not only could he have paid the attorney's fees award, but Strojnik had no problems paying what he desired to pay, despite the purported lien by "Mrs. Strojnik."

To satisfy his burden of showing an "inability to comply," the contemnor must show "categorically and in detail" why he is unable to comply. *United States v. Rylander*, 656 F.2d 1313, 1318 (9th Cir. 1981). Mr. Strojnik not only has not shown "categorically and in detail" why was unable to comply, but he has not even explained where that $1,777,845.20 went, apart from the transfers to Mrs. Strojnik and Mr. Strojnik's assistant. For example, he

did not produce any cancelled checks, he did not produce the marital settlement agreement with Mrs. Strojnik, nor did he produce any records showing his donation of $1.2 million to some charity that he thought was called AID foundation, although there is no record of any such § 501(c)(3) organization with the IRS. The foregoing is sufficient to determine that Strojnik could have and should have complied.

In addition to the foregoing, Strojnik has continued to claim that the so-called Mrs. Strojnik lien prevents payment as ordered by this Court in its June 16, 2021 Order. He continues to contend that he will be subject to incarceration if he violates that so-called lien. The only import of that contention is that he somehow still believes that he has the ability to comply but that complying with this Court's order would be a fraudulent transfer. This is just more of the same. Having pocketed $1.77 million over a 2.5 year period, and without any accounting of where that enormous sum went, the *only* conclusion is that there is no reason for any "relief" whatsoever and this Court should make express findings to that effect.

Respectfully Submitted,

STILLMAN & ASSOCIATES

Dated: June 28, 2021   By:_____
Philip H. Stillman, Esq.
Attorneys for defendant VILLAGE 1107 CORONADO, INC.

## PROOF OF SERVICE

I, the undersigned, certify under penalty of perjury that on June 28, 2021 or as soon as possible thereafter, copies of the foregoing Response re Request for Relief was served electronically by the Court's ECF notice to all persons/entities requesting special notice or otherwise entitled to the same and via email to Plaintiff's email address listed with this Court.

By: /s/ *Philip H. Stillman*
Attorneys for VILLAGE 1107 CORONADO, INC.