Peter Strojnik (Sr.),
7847 N. Central Ave.
Phoenix, Arizona 85020
602-524-6602
ps@strojnik.com

FILED
JUN 28 2021
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ℰℬ      DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER STROJNIK,<br><br>Plaintiff,<br><br>vs.<br><br>VILLAGE 1017 CORONADO, INC. DBA HOTEL MARISOL CORONADO<br><br>Defendant. | Case No: 19-cv-2210 BAS MSB<br><br>**NOTICE OF PARTIAL PAYMENT WITH UNDERTAKING TO PAY FULL AMOUNT PLUS INTEREST**<br><br>**and**<br><br>**REQUEST FOR RELIEF** |

### FACTS LEADING UP TO THE ORDER OF COERCIVE INCARCERATION

On January 13, 2021, District Court entered its Order Granting Defendant's Motion for Attorney's Fees stating, at Dkt. 22, 8:21-23:

> For the reasons stated above, the Court GRANTS Defendant's Motion for Attorney's Fees (ECF No. 17) and awards Defendant $21,995 in attorney's fees. **Plaintiff is ordered to pay this amount forthwith.** (Emphasis supplied).

Plaintiff did not have the opportunity to object to the portion of the order requiring the attorney's fees debt to be paid "forthwith": The following Thursday, January 21, 2021, which was the 4th business day after the issuance of the Order [22], Defendant lodged a [Proposed] Final Judgment. Plaintiff had no objection to the [Proposed] Final Judgment because the Final Judgment omitted the requirement that Plaintiff "pay [attorney's fees] forthwith". By its omission of the requirement for payment "forthwith", the [Proposed]

Final Judgment accurately designated the award as a Judgment creating a debt and became the operative Final Judgment for attorney's fees.

The District Court signed the Final Judgment, Dkt. 25 on January 25, 2021. <u>The Final Judgment modified the Order [22] in two respects: First, it changed the attorney's fees beneficiary from "Defendant" to "Philip H. Stillman" and, Second, it deleted the requirement that the judgment be paid "forthwith"</u>:

> Therefore, pursuant to this Court's Order Granting Attorney's Fees, **JUDGMENT IS HEREBY ENTERED** in favor of Philip H. Stillman, attorney for Defendant Village 1107 Coronado, Inc. and against plaintiff Peter Strojnik, Sr., in the amount of $21,995.00, together with post-judgment interest accruing at 0.104% running from January 12, 2021 until the date of payment.

The Order [22] was modified by the Final Judgment [25]. Plaintiff did not appeal the Final Judgment because it accurately omitted the requirement of a payment "forthwith".

The Final Judgment established a "debt". Imprisonment for debt has been abolished in the United States. 28 U.S.C. §2007.

Subsequently, Mr. Stillman moved for contempt on the basis of the Order [22], but declined to confirm that the Order [22] had been modified and replaced by the Final Judgment [25].

Plaintiff was ordered to, and did in good faith, provide full documentation confirming that all his income and assets are subject to a first position U.C.C. lien, and provided documentary evidence he has no income or assets from which the Final Judgment could be satisfied.

At a hearing, Mr. Stillman produced another attorney's fee request which the Court granted without the opportunity for Plaintiff to object.

Following a hearing on Defendant's / Mr. Stillman's motion for civil contempt based on the Order [22] for not paying the attorney's fees forthwith, the District Court entered Order re: Civil Contempt & Coercive Incarceration. In it, the District Court stated:

> For the following reasons, the Court orders Mr. Strojnik to appear on **June 28, 2021, at 3:15 p.m.,** for a contempt hearing. If Mr. Strojnik has not complied with the Court's order to pay $44,246 to Defendant by the hearing,

**the Court will place him into coercive incarceration until his contempt is purged or the Court finds that continued incarceration no longer serves a coercive purpose.** (emphasis in original)

### PLAINTIFF'S ATTEMPTS TO COMPLY WITH THE ORDER

Plaintiff initially reasserts his view that the Order [22] was modified and substituted by the Final Judgment [25]. Plaintiff also reasserts his view that even if the Order were the operating document, imprisonment for non-payment of an award of attorney's fees runs afoul of 28 U.S.C. §2007. On these bases, Plaintiff objects to the issuance of the Coercive Incarceration Order.

Plaintiff provided proof that he is insolvent and that all his income and assets are subject to a priority U.C.C. lien.

Plaintiff fears incarceration. Therefore, Plaintiff in good faith reviewed the potential source of money with which to pay Mr. Stillman for the reason that Plaintiff does not look forward to incarceration. He discovered 3 sources that were not subject to the U.C.C. lien: Credit cards, loans, and social security.

Plaintiff had $5,500 in available credit on a Mastercard ($1,500.00) and a Visa ($4,000.00). He was able to secure a $16,000 loan payable in 4 equal monthly installments of $4,000.00 each, payable back to the lender in 16 equal monthly installments of $1,000.00. The payment for these installments would come from Plaintiff's social security benefits which are not otherwise subject to execution or the U.C.C. Lien.

Plaintiff immediately advised Mr. Stillman and offered to pay it forthwith. Plaintiff inquired whether Mr. Stillman has a merchant account against which the $5,500 could be paid. Mr. Stillman advised Plaintiff to become familiar with Venmo and PayPal, and pay him that way.

Plaintiff spent significant time familiarizing himself first with Venmo and then PayPal. He first attempted to send Mr. Stillman $1,500 through Venmo on his Visa Card, but the money went to a different Mr. Stillman who promptly returned the money. Plaintiff advised Mr. Stillman of this fact. Plaintiff then attempted to resend $1,500 to Mr. Stillman through PayPal, but the transfer fees imposed against the MC allowed

Plaintiff to send only $1,450.00. Mr. Stillman received the money and confirmed receipt of the payment. Plaintiff assured Mr. Stillman that the other $4,000.00 would be sent as soon as Plaintiff was advised that the account had been cleared.

Plaintiff also advised Mr. Stillman that Plaintiff can assign the entire remaining amount from his Social Security Account at the rate of $1,000 per month until paid in full. Mr. Stillman responded by demanding security, but Plaintiff has no security to offer.

Mr. Stillman then stated,

> I'm sorry Peter, I am not going to carry this for 3.5 years. I will do $45,000, payable 30K immediately and the remainder due on August 1, with no right to cure. A failure to pay the second payment will be deemed to be a violation of the court's order and you will be remanded to custody without further notice. This is subject to court approval.

Exhibit 1[1]. It became clear that Mr. Stillman's intent was to force Plaintiff's friends and family to pay the Final Judgment to keep Plaintiff free of incarceration. Mr. Stillman said that much. The Final Judgment, however, is an obligation of Plaintiff and not of his friends or family.

Plaintiff is unable to pay any amount absent his credit cards, loans and the assignment of otherwise protected social security checks.

## **REQUEST FOR RELIEF**

Plaintiff respectfully requests that the Court reconsider its Order re: Civil Contempt & Coercive Incarceration based on two facts: The Final Judgment omitted all reference to payment and (2) incarceration for debt created by the Final Judgment violates 28 U.S.C. §2007 before

Alternatively, Plaintiff respectfully request that the Court modify the order to provide for payment as follows: (1) $1,450.00 already paid plus (2) four (4) equal monthly payment of $4,000 commencing August 1, 2021, plus (3) the reminder at the rate of $1,000.00 per month from social security commencing on December 1, 2021, until the entire balance with interest is paid in full.

---

[1] This is just one email string. There were numerous others.

Plaintiff further request that, in the event the order of incarceration is entered, Plaintiff be permitted to return to Phoenix to submit to a CAT scan which had been scheduled by Simon Imaging for 8:30 on June 29, 2021. Plaintiff will then submit himself to the U.S. Marshall's office in Phoenix.

Plaintiff will provide the U.S. Marshall's Office with his medical files to assure continued treatment.

RESPECTFULLY SUBMITTED this 28th day of June 2021.

**PETER STROJNIK**

_/s/ Peter Strojnik_
Plaintiff

Personally filed this Court this 28th day of June, 2021.

Emailed to efile_bashant@casd.uscourts.gov.

Copy emailed to Mr. Stillman.

# EXHIBIT 1



Peter Strojnik <ps@strojnik.com>

# Venmo
12 messages

**Philip H. Stillman** <pstillman@stillmanassociates.com>  Fri, Jun 25, 2021 at 4:18 PM
To: Peter Strojnik <ps@strojnik.com>

FYI, I did not receive any notification that I have received a Venmo payment.

Philip H. Stillman | STILLMAN • ASSOCIATES
3015 North Bay Road | Suite B |
Miami Beach, FL 33140 |
V: 888.235.4279 | F: 888.235.4279
pstillman@stillmanassociates.com
www.stillmanassociates.com

NOTICE: This electronic mail transmission may contain confidential information and is intended only for the person(s) named. Any use, copying or disclosure by any other person is strictly prohibited. If you have received this transmission in error, please delete this email and notify the sender via e-mail. Sender is an attorney licensed only in California and Massachusetts.

---

**Peter Strojnik** <ps@strojnik.com>  Fri, Jun 25, 2021 at 4:29 PM
To: "Philip H. Stillman" <pstillman@stillmanassociates.com>

I sent you information in the other string that the money went to the wrong Stillman who was kind enough to return it. But when I try to resend it I was advised that I had reached my weekly limit and could not do so. Do you have a PayPal account?
[Quoted text hidden]

---

**Philip H. Stillman** <pstillman@stillmanassociates.com>  Fri, Jun 25, 2021 at 4:37 PM
To: Peter Strojnik <ps@strojnik.com>

PayPal is pstillman@stillmanassociates.com

Philip H. Stillman | STILLMAN • ASSOCIATES
3015 North Bay Road | Suite B |
Miami Beach, FL 33140 |
V: 888.235.4279 | F: 888.235.4279
pstillman@stillmanassociates.com
www.stillmanassociates.com

NOTICE: This electronic mail transmission may contain confidential information and is intended only for the person(s) named. Any use, copying or disclosure by any other person is strictly prohibited. If you have received this transmission in error, please delete this email and notify the sender via e-mail. Sender is an attorney licensed only in California and Massachusetts.
[Quoted text hidden]

---

**Peter Strojnik** <ps@strojnik.com>  Fri, Jun 25, 2021 at 4:38 PM
To: "Philip H. Stillman" <pstillman@stillmanassociates.com>

I'll try to get it to you soon as I can
[Quoted text hidden]

**Peter Strojnik** <ps@strojnik.com>  Fri, Jun 25, 2021 at 5:16 PM
To: "Philip H. Stillman" <pstillman@stillmanassociates.com>

You should have gotten the first $1,450.00. Please confirm.
[Quoted text hidden]

--
Cordially,



Peter Strojnik
STROJNIK
7847 N. Central Ave.
Phoenix, AZ 85020
Telephone: 602-524-6602
e-mail ps@strojnik.com
Twitter: @strojnikpeter

This message and any attachments are solely for the intended recipient and may contain confidential or privileged information. If you are not the intended recipient, any disclosure, copying, use, or distribution of the information included in this message and any attachments is prohibited. If you have received this communication in error, please notify us by reply e-mail and immediately and permanently delete this message and any attachments.

**Philip H. Stillman** <pstillman@stillmanassociates.com>  Sat, Jun 26, 2021 at 1:36 PM
To: Peter Strojnik <ps@strojnik.com>

Yes, received, thanks, through PayPal

Philip H. Stillman | STILLMAN • ASSOCIATES
3015 North Bay Road | Suite B |
Miami Beach, FL 33140 |
V: 888.235.4279 | F: 888.235.4279
pstillman@stillmanassociates.com
www.stillmanassociates.com

NOTICE: This electronic mail transmission may contain confidential information and is intended only for the person(s) named. Any use, copying or disclosure by any other person is strictly prohibited. If you have received this transmission in error, please delete this email and notify the sender via e-mail. Sender is an attorney licensed only in California and Massachusetts.
[Quoted text hidden]

**Peter Strojnik** <ps@strojnik.com>  Sun, Jun 27, 2021 at 10:12 AM
To: "Philip H. Stillman" <pstillman@stillmanassociates.com>
Bcc: Pete <pstrojnik@strojniklaw.com>

Great, thanks for letting me know.

There are three possible sources of money not subject to a fraudulent transfer claim: Borrow, transfer of credit, or social security.

Option 1: If we can resolve this without going to court - which will cost me about $750 for the car, lodging and meals - I can transfer you the other $4,000 when the hold on the Visa or PayPal is removed. If I have to go to court on Monday, I can only pay you about $3,250 minus transfer fees which is all that will remain on the Visa. In addition, I can borrow 4 monthly installments of $4,000 that I can forward to you; the installment loan is conditioned on my paying it back at the rate of $1,000.00 per month commencing August 1, 2021 out of my SS income.

Option 2: Instead of using the SS income to repay the lender under option one, I can pay you (1) $1,450.00 that you have already received plus $1,000 per month from SS until paid in full.

Let me know if either of these options is acceptable. Let me know ASAP so we can call the court to confirm. I have to leave here early to get to San Diego by 3:15, so let me know as soon as the court opens on Monday and we can get the Judge on the phone.

I see no other way out. Let me know either way.
[Quoted text hidden]

---

**pstrojnik@strojniklaw.com** <pstrojnik@strojniklaw.com>              Sun, Jun 27, 2021 at 11:36 AM
To: Peter Strojnik <ps@strojnik.com>

Youve done all that you can.

Sincerely yours,

Peter Kristofer Strojnik

---

**From:** Peter Strojnik <ps@strojnik.com>
**Sent:** Sunday, June 27, 2021 10:12:00 AM
**To:** Philip H. Stillman <pstillman@stillmanassociates.com>
**Subject:** Re: Venmo

[Quoted text hidden]

---

**Philip Stillman** <pstillman@stillmanassociates.com>                 Sun, Jun 27, 2021 at 3:45 PM
To: Peter Strojnik <ps@strojnik.com>

Hi Peter, I just saw your email. As I add up your proposal, it comes to about $21,000, which is less than half of what is owed. You surely don't think that you can make me jump through all of the hoops that I had to do to get to this point and walk away from those fees? As I have previously said, I am amenable to a payment plan but not at half the amount and without any assurance that we won't be back at the same point we are today. Perhaps the full amount with some sort of security . . .
[Quoted text hidden]

---

**Peter Strojnik** <ps@strojnik.com>                                   Sun, Jun 27, 2021 at 3:50 PM
To: Philip Stillman <pstillman@stillmanassociates.com>

The offer is for the full amount. See option 2. If you select Option 1, I have to borrow about $16,000. This means that I will have to pay it back this money over 16 months from my social security. On the other hand, Option 2 pays you in full.

Unfortunately, I have no security to give.
[Quoted text hidden]

---

**Philip Stillman** <pstillman@stillmanassociates.com>                 Sun, Jun 27, 2021 at 5:41 PM
To: Peter Strojnik <ps@strojnik.com>

I'm sorry Peter, I am not going to carry this for 3.5 years. I will do $45,000, payable 30K immediately and the remainder due on August 1, with no right to cure. A failure to pay the second payment will be deemed to be a violation of the court's order and you will be remanded to custody without further notice. This is subject to court approval.
[Quoted text hidden]

---

**Peter Strojnik** <ps@strojnik.com>                                   Sun, Jun 27, 2021 at 5:50 PM
To: Philip Stillman <pstillman@stillmanassociates.com>

Thank you for your response. In light of my best offers above that go beyond my ability and in light of my good faith payment already made, I will let the Judge decide.

[Quoted text hidden]