Peter Strojnik (Sr.),
7847 N. Central Ave.
Phoenix, Arizona 85020
602-524-6602
ps@strojnik.com

**FILED**

Jul 12 2021

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY          s/ Julieo          DEPUTY

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF CALIFORNIA

Case No: 19-cv-2210 BAS MSB

PETER STROJNIK,

Plaintiff,

vs.

VILLAGE 1017 CORONADO, INC. DBA
HOTEL MARISOL CORONADO

Defendant.

**VERIFIED**

**MOTION STAY ORDER DATED JUNE 28, 2021 [45] FOR LACK OF JURISDICTION**

**ALTERNATIVELY**

**MOTION TO STAY ORDER OF COURT DATED JUNE 28, 2021 TO DETERMINE THE CORRECT JUDGMENT CREDITOR**

1.  **Statement of the Case Relevant to Contempt Proceedings.**

On January 25, 2021, the Court entered Final Judgment awarding $21,996.50 directly to Mr. Stillman, counsel for Defendant. Dkt. at 25. (Hereafter "[25]")

The Final Judgment stated, in part:

Therefore, pursuant to this Court's Order Granting Attorney's Fees, **JUDGMENT IS HEREBY ENTERED** in favor of Philip H. Stillman, attorney for Defendant Village 1107 Coronado, Inc. and against plaintiff Peter Strojnik, Sr., in the amount of $21,995.00, together with post-judgment interest accruing at 0.104% running from January 12, 2021 until the date of payment.

The Final Judgment did not contain any order to pay. It was no more than a standard money judgment executable pursuant to Rule 69, Fed. R. Civ. P.

Plaintiff could not pay because he has no income and no assets. All his income and all his assets, were there any, are subject to a 2013 divorce decree granting Plaintiff's former wife a first position lien against all income and all assets.

Mr. Stillman, as the direct beneficiary of the Final Judgment, subsequently filed a Motion for Contempt for Plaintiff's failure to pay the Final Judgment. [26] The Court issued the Order to Show Cause. [27] Plaintiff responded, however, since he is not ECF authorized, his response did not make the docket until after the Court found Plaintiff in civil contempt and fined him $220.00 per day until the entire amount is paid in full [31]:

> Accordingly, the Court **FINDS** Mr. Strojnik in **CIVIL CONTEMPT** of the Court's January 13, 2021 Order Granting Defendant's Motion for Attorney's Fees and its March 29, 2021 OSC. Mr. Strojnik will be fined $220.00 for each day of noncompliance from the date of this Order until the date that he pays the attorney's fees amount in full to Defendant and provides proof of payment to the Court.

The Court subsequently set aside the contempt order [31], and scheduled a civil contempt hearing for June 14, 2021. [41]

At the time of the hearing on June 14, 2021, the Court was aware that the entirety of Plaintiff's income from whatever source and all his assets were subject to the Court Ordered Priority U.C.C. Lien that had been in place since December of 2013 by the Order of the Domestic Relations Judge in La Paz County Superior Court, cause number DO 2013-00120 styled *In Re The Marriage of Tanya C. Strojnik and Peter Strojnik*. [33] Plaintiff advised the Court that any payment to a subsequent judgment creditor, Defendant Village 1017, or Mr. Stillman, could constitute a fraudulent transfer in violation of the 2013 divorce decree. Id.

Plaintiff further provided bank statements showing that that as of March 31, 2021, Plaintiff's Lunar Eclipse I, LLC bank account balance stood at $93.42. Plaintiff subsequently demonstrated that as of April 19, 2021, the date of mailing disclosures to the Court, [40], *all* of Plaintiff's bank accounts, assets and income showed the following values:

1. **Bank Accounts:** Plaintiff has 2 accounts in his name. Current balances are reflected below:

a. Navy Federal Credit Union



b. Bank of Hawaii



**2. Assets** held in Plaintiff's name or entity(ies) he Controls:

**CHASE** for **BUSINESS**

TOTAL BUS CHK (...1293)
LUNAR ECLIPSE 1, LLC

$231.12          $0.00              $231.12
Available balance   Available credit   Available plus credit

$231.12
Present balance

Uncollected funds                                    Total  $0.00

**3. Other assets**

| DESCRIPTION | FMV |
|---|---|
| Computer & Phone | $800.00 |
| Leased Car | $0.00 |
| Clothing and Misc. | $250.00 |
| Cash on hand | $5.00 |

**4. Spousal Maintenance Liability - arrearages:** $481,476.10 as of 2021-04-01.

**5. U.C.C. First Position Divorce Lien:** All income and assets, now held or acquired in the future, are subject to a 2013 first position priority spousal maintenance lien disclosed in Dkt. 33.

Despite the documentary evidence produced by Plaintiff, the Court expressed her opinion, first on June 14, 2021, and then again on June 28, 2021, that Plaintiff was dishonest. At least twice, the Court stated, paraphrasing, "I do not believe anything you say, Mr. Strojnik". The Court's doubt is unexplainable. Plaintiff can only surmise that the Court's lack of credulity is based on Plaintiff's disclosure that during the 2016-2017 period, he donated $1.2M± to AID Foundation, a 501(c)(3) Organization for the disabled. This donation was made through direct assignment of attorney's fees earned by Plaintiff in his civil rights representation of the disabled[1]. It may also be based on the amount of funds deposited into the Lunar Eclipse account; however, the monthly statements produced by Plaintiff show unequivocally that the all the deposits paid into that account were paid out to third party vendors, Plaintiff's former wife, and for business expenses. As of March 31, Plaintiff's bank account with Lunar Eclipse stood at $93.42. As of April 19, 2021, the Lunar Eclipse account stood at $231.12.

On the other hand, at the June 14th hearing the Court accepted Mr. Stillman's request for an additional fee award of $20,340.00 for his 2 hour attendance at the hearing. [45] The Court found that Mr. Stillman's request for another $20,340 for the 2 hour hearing was "reasonable and appropriate". Id. Plaintiff was not granted the right to review Mr. Stillman's request for additional attorney's fees, nor was the motion for additional fees placed in the docket.

Court's June 14, 2021 Order 045] modified the sanction from payment of a $220.00 daily fine to a penalty of incarceration. The Court ordered Plaintiff to pay to Philip Stillman $44,246.00 by June 28, 2021. If Plaintiff did not pay Mr. Stillman, the $44,246.00, Plaintiff would be placed "into coercive incarceration until" Plaintiff pays

---

[1] The proof of these direct assignments is contained in the 239 page AID Foundation accounting which Plaintiff is producing to the District Court for in camera review, as ordered on June 28, 2021.

4

the money judgment. If Plaintiff did not pay $44,246.00 in 14 days, he would be placed in what has been historically known as a "debtor's prison".

Under a threat of incarceration, Plaintiff spent the two weeks between June 14 and June 28 desperately attempting to borrow from credit cards, family and friends, and was ultimately able to offer Mr. Stillman the entire sum of $44,246 payable out of his social security payments at the rate of $1,000.00 per month. As a gesture of good faith, he sent Mr. Stillman $1,450 through Venmo charged against his MasterCard. Fearing the loss of freedom, Plaintiff intended to send him another $4,000.00 through a Visa Card, but the Visa card had been blocked.

Mr. Stillman rejected Plaintiff's offer, stating,

> I'm sorry Peter, I am not going to carry this for 3.5 years. I will do $45,000, payable 30K immediately and the remainder due on August 1, with no right to cure. A failure to pay the second payment will be deemed to be a violation of the court's order and you will be remanded to custody without further notice. This is subject to court approval.

[55] In other words, Mr. Stillman, knowing that Plaintiff was about to be incarcerated, increased his demand by $2,204 over the amount ordered by the Court. As Plaintiff noted in his Notice of Partial Payment With Undertaking To Pay Full Amount Plus Interest [51], "[i]t became clear that Mr. Stillman's intent was to force Plaintiffs friends and family to pay the Final Judgment to keep Plaintiff free of incarceration. Mr. Stillman said that much. The Final Judgment, however, is an obligation of Plaintiff and not of his friends or family."

Prior to attending the hearing on July 28, 2021, Plaintiff stopped by the District Court's Clerk's Office and filed two documents in the following sequence: First, *Notice of Partial Payment with Undertaking to Pay Full Amount Plus Interest and Request for Relief* dated June 28, 2021. Subsequently, he filed his *Notice of Emergency Appeal with Request for Immediate Stay of the Order Re: Civil Contempt & Coercive Incarceration.* The *Notice of Partial Payment*, however, shows on the docket as being filed as [50] while the *Notice of Emergency Appeal* is docketed as [49].

Plaintiff then proceeded to the Courtroom where he noted six or seven U.S. Marshalls and assumed that they were there to arrest and incarcerate him as promised by

the district court Judge. Instead, the Court inquired whether Plaintiff still had $4,000.00 available on his Visa credit card. Plaintiff responded that he spent $505.00 for the Notice of Appeal fee and that there was only $3,500.00 left. The Court ordered Plaintiff to pay that money to Mr. Stillman. With U.S. Marshalls in the Courtroom. Plaintiff had no choice but to consent to this order.

## 2. It is Unclear Whether the Final Judgment is Due Defendant Village 1017 or to Mr. Stillman.

On May 17, 2021, Plaintiff alerted the Court that Mr. Stillman's attorney's fee agreement was not hourly as declared in his application under penalty of perjury, but a $2,500 flat fee agreement.

Defendant, through Mr. Stillman, filed the application for attorney's fees on June 30, 2020. [17] Along with the Application for Attorney's Fees, Ms. Stillman filed his own sworn declaration stating that on June 30, 2020, he billed his client for hourly services totaling $20,995.00. According to the invoice for fees from Mr. Stillman to Village 1017, the entire amount was due from Village 1017 the following day, July 1, 2020. Exhibit 1. Mr. Stillman stated in his own sworn declaration dated June 30, 2021 at Docket 17-2:

> 16. Accordingly, and as shown by the billing records for this case, I reasonably spent 40.49 hours from August 6, 2019 through the preparation of this Motion on June 30, 2020. Those hours multiplied by a reasonable hourly rate of $500 per hour yields a lodestar amount of $20,995 for my services in connection with this lawsuit. A true and correct copy of a printout for this case made up of my contemporaneously kept billing records is attached hereto as Exhibit 4. [Exhibit 1 here]
>
> ***
>
> I hereby declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct. Signed this 30th day of June, 2020 at Miami Beach, Florida.

Philip H. Stillman, Esq.

On the basis of Mr. Stillman's representations, the Court granted the application for attorney's fees to Defendant Village 1107, stating in part:

> **IV. CONCLUSION**
>
> For the reasons stated above, the Court GRANTS Defendant's Motion for Attorney's Fees (ECF No. 17) and awards Defendant $21,995 in attorney's fees. Plaintiff is ordered to pay this amount forthwith.
>
> **IT IS SO ORDERED.**
>
> DATED: January 12, 2021
>
> *Cynthia Bashant*
> Hon. Cynthia Bashant
> United States District Judge

Subsequently, Mr. Stillman submitted to the Court a [Proposed] Final Judgment. [24] The Court executed on January 25, 2021 [25]. Plaintiff did not object to the Final Judgment because it did not contain the language requiring him to pay "forthwith". The Final Judgment is troublesome, however, because Mr. Stillman substituted himself for Village 1017:

> Therefore, pursuant to this Court's Order Granting Attorney's Fees, **JUDGMENT IS HEREBY ENTERED** in favor of Philip H. Stillman, attorney for Defendant Village 1107 Coronado, Inc. and against plaintiff Peter Strojnik, Sr., in the amount of $21,995.00, together with post-judgment interest accruing at 0.104% running from January 12, 2021 until the date of payment.
>
> **IT IS SO ORDERED.**
>
> DATED: January 25, 2021
>
> *Cynthia Bashant*
> Hon. Cynthia Bashant
> United States District Judge

On May 12, 2021, Plaintiff discovered that Mr. Stillman does not charge his ADA clients hourly. As a partner with California's Hotel and Lodging Association, ("CHLA"), Mr. Stillman's services are advertised on the CHLA's website at a flat rate:

CHLA's website also discloses that Mr. Stillman's flat rate per case is $2,500 under the heading "ADA Protection Program:

**ADA Lawsuit Protection Program**

CHLA offers a legal support program for members who are victims of serial drive-by lawsuits that allege violations of the Americans with Disabilities Act. Our members who have been sued for Unruh Act or ADA claims now can hire CHLA's preferred attorney, who specializes in ADA lawsuits, for a flat legal fee of $2,500* per claim to defend them, dramatically less than the legal fees members otherwise would incur to defend such cases. Join CHLA to utilize this valuable program. If you have any questions on this program or how to join CHLA and utilize our ADA Lawsuit Protection Program, please email Sandra@calodging.com or complete the form below.

Plaintiff has expressed his doubts about whom he fees are due, if anyone, in a letter to Mr. John Murphy. Exhibit 2. Based on Mr. Stillman's surreptitious substitution of himself in the stead of Village 1017, it is now unclear who is and who is not, entitled to any fees over $2,500.00 as contracted between Mr. Stillman and Village 1017. It is similarly unclear whether any payments on the judgment are actually forwarded by Mr. Stillman to Village 1017 or whether he is keeping the payments to himself. In the latter event, Plaintiff runs the risk of making double payments on a single judgment.

**3.   There Was No Disobedience of the Final Judgment**

Final Judgment [25] is a money judgment for attorney's fees. It contains no order of payment.

To find a party in civil contempt, the court must find that the offending party knowingly violated a definite and specific court order, and the moving party has the burden of showing the violation by clear and convincing evidence. *In re Dyer*, 322 F.3d at 1190–91. The burden then shifts to the contemnors to demonstrate why they were unable to comply. *FTC v. Affordable Media*, 179 F.3d 1228, 1239 (9th Cir. 1999).; *Rosales v. Wallace (In re Wallace),* 490 B.R. 898 (B.A.P. 9th Cir. 2013)

There can be no finding of any violation of a "definite or specific court order" arising from the Final Judgment because Final Judgment contained no such order. Since there was no definite and specific court order, Defendant Village 1017 could not have proven the violation. Yet, since the district court considered the Final Judgment as if it

did contain a definite and specific court order, Plaintiff demonstrated through the disclosure of his bank accounts and the listing of assets that he was not able to pay the money judgment. Plaintiff further proved the La Paz County 2013 domestic relations judgment which granted his former wife a first position U.C.C. Lien against all income from whatever source and all assets to secure the spousal maintenance obligation.

**4.  28 U.S.C. §2007(a) Abolishes Imprisonment for Debt**

28 U.S.C. §2007(a) provides:

> (a) A person shall not be imprisoned for debt on a writ of execution or other process issued from a court of the United States in any State wherein imprisonment for debt has been abolished. All modifications, conditions, and restrictions upon such imprisonment provided by State law shall apply to any writ of execution or process issued from a court of the United States in accordance with the procedure applicable in such State.

California's Constitution abolished imprisonment for debt. *See* Cons, Section 10. ("A person may not be imprisoned in a civil action for debt or tort, or in peacetime for a militia fine.") The imprisonment for debt having been constitutionally abolished by the California Constitution in a manner particularly applicable to this case, Plaintiff cannot be imprisoned, nor threatened with imprisonment, for a simple money debt created by the Final Judgment [25].

**5.  Plaintiff Files Notice of Emergency Appeal**

In the morning of June 28, 2021, Plaintiff provided Court chamber with a copy of the Notice of Emergency Appeal With Request for Immediate Stay of the Order Re: Civil Contempt & Coercive Incarceration. [49]  The Notice was filed in person prior to the contempt hearing scheduled for 3:15 that day.

**6.  The Post Judgment Contempt Order is Appealable.**

"A district court's post-judgment contempt order is a final, appealable order. *Davies v. Grossmont Union High School Dist.*, 930 F.2d 1390, 1393 (9th Cir.), cert. denied, 111 S.Ct. 2892 (1991)." *Alves v. U.S. Dist. Court for Eastern Dist. of California-Fresno*, 967 F.2d 583 (9th Cir. 1992). ""Where the contempt proceeding is the sole proceeding before the district court, an order of civil contempt finding a party in

contempt of a prior final judgment and imposing sanctions is a final decision under section 1291." *Shuffler v. Heritage Bank*, 720 F.2d 1141, 1145 (9th Cir. 1983)

Here, the contempt order [45] was based on the Final Judgment [25] which remained the sole proceeding before the district court. The contempt order is appealable.

The filing of a notice of appeal divested the district court of jurisdiction. *Scott v. Younger*, 739 F.2d 1464, 1466 (9th Cir. 1984) (citing *Long v. Bureau of Economic Analysis*, 646 F.2d 1310 (9th Cir.), judgment vacated on other grounds, 454 U.S. 934, 102 S.Ct. 468, 70 L.Ed.2d 242 (1981); *Smith v. Lujan*, 588 F.2d 1304 (9th Cir. 1979).

## 7.  District Court Enters Post-Appeal Orders

At the June 28, 2021 hearing, the district court required Plaintiff to pay out $3,500 from his credit card to Mr. Stillman – and not to Defendant – and to pay additional $1,000.00 per month from his social security, again to Mr. Stillman and not to Defendant. Faced with U.S. Marshalls waiting to take Plaintiff into custody to imprison him, Plaintiff had no choice but to consent.

It was not long after the announcement of this verbal order that the Court expressed doubt whether she even had the authority to find Plaintiff in civil contempt. She verbally noted that she probably does not have jurisdiction. The following minute entry issued [54]:

> Minute Entry for proceedings held before Judge Cynthia Bashant: Contempt Hearing held on 6/28/2021. **Defendant ordered to brief whether contempt process is available in light of In re Wallace, 490 B.R. 898, 906 (B.A.P. 9th Cir. 2013), and Shuffler v. Heritage Bank, 720 F.2d 1141 (9th Cir. 1983).** Both parties may submit a brief by July 14, 2021. Mr. Strojnik ordered to overnight mail $3,500 payment to Defendant. Mr. Strojnik ordered to continue making prompt payments. Mr. Strojnik ordered to provide records from $1.2 million in donations to the Court by July 2, 2021. Mr. Strojnik also ordered to provide canceled checks for the Lunar Eclipse account by July 2, 2021. Contempt order (ECF No. 45) continued 8/2/2021 03:00 PM in Courtroom 4B before Judge Cynthia Bashant.(Court Reporter/ECR Ellen Simone). (Plaintiff Attorney Peter Strojnik - Pro Se and in person).(Defendant Attorney Philip Stillman - telephonic). (All non-registered users served via U.S. Mail Service)(no document attached) (sxm) (Entered: 06/29/2021) Emphasis supplied.

District Court's expression of doubt was well placed. In *In re Wallace*, 490 B.R. 898, 906 (B.A.P. 9th Cir. 2013), the Court confirmed that "the proper means to secure

compliance with a money judgment is to seek a writ of execution'", citing cases. And in *Shuffler v. Heritage Bank,* 720 F.2d 1141, 1148 (9th Cir. 1983), the Court held that '"to the extent the order of contempt [is] intended to enforce payment, it cannot be sustained."

"Process to enforce a judgment for the payment of money shall be a writ of execution, unless the court directs otherwise." The 9th Circuit Court of Appeals has noted that this sentence "seemingly leaves open the possibility of securing payment of a money judgment through the imposition of a contempt sanction". *Shuffler,* 720 F.2d at 1148. "Nonetheless", the 9th Circuit Court of Appeals has held, "we do not interpret the exception to execution to permit a federal court to 'enforce a money judgment by contempt or methods other than a writ of execution, except in cases where established principles so warrant' ". Id. (quoting 7 J. Moore & J. Lucas, Moore's Federal Practice p 69.03 (2d ed. 1982)). Thus, "[t]he proper means ... to secure compliance with a money judgment is to seek a writ of execution". Id. at 1147. See also *Gabovitch v. Lundy,* 584 F.2d 559, 560-61 (1st Cir. 1978) ("[T]he legislative history and judicial application of Rule 69(a) make clear that the first sentence of the Rule expresses a limitation on the means of enforcement of money judgments and does not create a general power to issue writs of execution in disregard of the state law incorporated by the rest of the Rule.... [T]he purpose of the first sentence of Rule 69(a) is to restrict remedies on money judgments to legal process and to avoid broad invocation of in personam relief, except where established principles warrant equitable relief."). *Hilao v. Estate of Marcos*, 95 F.3d 848 (9th Cir. 1996)

Plaintiff agrees that those district court orders which require disclosures of bank accounts in aid of execution of the Final Judgment, as Plaintiff has disclosed, or to disclose 5 year old accounting from a charitable organization to whom Plaintiff assigned attorney's fees, may be subject to a contempt citation. But here Plaintiff has faithfully and in good faith complied with all orders of the district court and has disclosed all documents and information requested to be disclosed.

Non-payment of a money judgment, particularly where Plaintiff shows irrefutable proof of his insolvency does not subject Plaintiff to a contempt citation.

**PRAYER FOR RELIEF**

Dkt. 25 is the operative Final Judgment. The Final Judgment contains no order of payment and does not provide basis for a contempt order. If, on the other hand, the Order [22] applies, then the fees are due to Defendant Village 1017 and not to Mr. Stillman. The Final Judgment is just that, a Final Judgment for attorney's fees with no attendant order to pay those fees. The execution on that Judgment is governed by Rule 69, Fed.R.Civ.P., and does not presuppose the sanction of civil contempt.

Therefore, Plaintiff respectfully requests that the Court stay the execution of its July 29, 2021 minute entry order until the Court of Appeals has issued its ruling.

Plaintiff further requests that the Court vacate the August 2, 2021 hearing.

RESPECTFULLY submitted this 30th day of June, 2021.

**PETER STROJNIK**

Plaintiff

**VERIFICATION**

By my signature above, I verify under the penalty of perjury that the above factual contentions are true to the best of my memory, knowledge and belief.

Overnight mailed to the Court this 30th day of June, 2021.

Copy overnight mailed to the Honorable Cynthia Bashant along with a copy of AID Foundation's accounting for in camera inspection.

Copy emailed to Mr. Stillman this day.



EXHIBIT 1

## Stillman & Associates

3015 North Bay Road, Suite B
Miami Beach, FL 33140-
Tel: 888-235-4279 Fax: 888-235-4279
pstillman@stillmanassociates.com
www.stillmanassociates.com

**Invoice**

John Murphy
1017 Park Place
Coronado, CA 92118

**Invoice Date:** Jun 30, 2020

**Invoice Num:** 1281

**Billing Through:** Jan 1, 2099

**Strojnik v. Village 1107 Coronado** (Village 1107 Coronado:) - Managed by (PHS)

**Professional Services**

| Date | Employee | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 8/8/2019 | PHS | CLIENT MEETING | 1.50 | $500.00 | $750.00 |
| | | Conference with John Murphy re letter and draft complaint received from Peter Strojnik alleging ADA violations (.8); review complaint (.5); prepare fee agreement (.2) | | | |
| 12/29/2019 | PHS | Conference | 0.83 | $500.00 | $415.00 |
| | | Conference with client re complaint as filed by Strojnik; | | | |
| 12/30/2019 | PHS | Draft | 8.00 | $500.00 | $4,000.00 |
| | | Begin draft of Memo in support of motion to dismiss (4); update legal research re Strojnik cases and review new cases (2.3); review of other Strojnik complaints filed in the Southern District (1.7; | | | |
| 12/31/2019 | PHS | Draft | 5.00 | $500.00 | $2,500.00 |
| | | Continue draft of Memo in support of motion to dismiss (2.5); draft Notice of Motion and Motion, Stillman Decl. and assemble exhibits to Declaration (2.4 | | | |
| 1/2/2020 | PHS | Draft | 1.33 | $500.00 | $665.00 |
| | | Finalize Motion to Dismiss and send to client for review (1.33) | | | |
| 1/4/2020 | PHS | Draft | 1.67 | $500.00 | $835.00 |
| | | review draft Motion to Dismiss (.8); conference with Client re motion to Dismiss (.8); | | | |
| 1/6/2020 | PHS | Draft | 0.83 | $500.00 | $415.00 |
| | | Final edits and file Motion to Dismiss (.8) | | | |
| 1/14/2020 | PHS | File Review | 1.50 | $500.00 | $750.00 |
| | | File Review of Strojnik Opposition (1); conference with client re Opposition (.5) | | | |
| 2/11/2020 | PHS | Draft | 5.00 | $500.00 | $2,500.00 |
| | | Draft Reply in support of Motion to Dismiss (4); update legal research on Strojnik cases (1); | | | |
| 2/12/2020 | PHS | CLIENT MEETING | 0.83 | $500.00 | $415.00 |
| | | review email from client regarding the lack of violations as alleged in Complaint (.3); conference with client re lack of violations (.5) | | | |
| 4/28/2020 | PHS | Draft | 0.83 | $500.00 | $415.00 |
| | | Draft Notice of Supplemental Authorities re new Strojnik decisions; | | | |
| 4/29/2020 | PHS | Draft | 0.50 | $500.00 | $250.00 |
| | | Draft Second Notice of Supplemental Authorities | | | |
| 5/6/2020 | PHS | File Review | 2.67 | $500.00 | $1,335.00 |
| | | File Review of new Strojnik "response to Supplemental Authorities and attachments (1.6); legal research re Surreplies and whether Strojnik's "response" is a surreply (1) | | | |

**Stillman & Associates**

3015 North Bay Road, Suite B
Miami Beach, FL 33140-
Tel: 888-235-4279 Fax: 888-235-4279
pstillman@stillmanassociates.com
www.stillmanassociates.com

# Invoice

**Invoice Date:** Jun 30, 2020

**Invoice Num:** 1281

**Billing Through:** Jan 1, 2099

John Murphy
1017 Park Place
Coronado, CA 92118

**Strojnik v. Village 1107 Coronado** (Village 1107 Coronado:) - Managed by (PHS)

**Professional Services**

| Date | Employee | Description | Hours | Rate | Amount |
|------|----------|-------------|-------|------|--------|
| 5/11/2020 | PHS | File Review | 1.00 | $500.00 | $500.00 |
| | | File Review of Strojnik Motion to Strike Supplemental Authorities (1) | | | |
| 5/27/2020 | PHS | Draft | 0.50 | $500.00 | $250.00 |
| | | Draft Third Notice of Supplemental Authorities | | | |
| 6/16/2020 | PHS | File Review | 1.50 | $500.00 | $750.00 |
| | | File Review of Order dismissing Complaint with prejudice (.5); conference with client re potential attorney's fees recovery (1) | | | |
| 6/29/2020 | PHS | Draft | 4.00 | $500.00 | $2,000.00 |
| | | Draft Motion for Attorney's Fees (2); review billing records for Motion for Attorney's fees (.9); legal research re prevailing market rates for San Diego County (1) | | | |
| 6/30/2020 | PHS | Draft | 4.50 | $500.00 | $2,250.00 |
| | | Draft Memo for attorney's fees; notice of motion, revise Stillman declaration in support of Motion for Attorney's Fees; | | | |

| | |
|---|---|
| **Total Service Amount:** | **$20,995.00** |
| **Amount Due This Invoice:** | **$20,996.00** |

*This invoice is due on 7/1/2020*

EXHIBIT 2



# PETER STROJNIK

7847 NORTH CENTRAL AVE
PHOENIX, ARIZONA 85020
TELEPHONE: 602-524-6602
E-MAIL PS@STROJNIK.COM

June 30, 2021

**TO:**

John C. Murphy
Village 1107 Coronado, Inc.
1017 Park Place
Coronado, CA 92118
*By process server*

John C. Murphy
Village 1107 Coronado, Inc.
840 Coronado Ave.
Coronado, CA 92118
*By process server*

**CC:**

Philip H. Stillman, Esq.
Stillman & Associates
3015 North Bay Road, Suite B
Miami Beach, Florida 33140
By regular mail.

Re: *Strojnik v. Village 1107 Coronado, Inc.* (S.D.Cal. # 3:19-cv-02210)
   **Demand to Preserve Evidence**

Dear Mr. Murphy:

As you may recall, I filed the above captioned case against Village 1107 Coronado, Inc. (Hereafter "Village 1107")The case was ultimately dismissed and Mr. Stillman filed an application for attorney's fees.

Along with the Application for Attorney's Fees, Ms. Stillman filed his own sworn declaration stating that on June 30, 2020, you were billed for Mr. Stillman's services the sum of $20,995.00 which amount was due on July 1, 2020. Exhibit 1 appended to this letter.

In connection with this billing, Mr. Stillman stated in his own sworn declaration dated June 30, 2021 at Docket 17-2:

> 16. Accordingly, and as shown by the billing records for this case, I reasonably spent 40.49 hours from August 6, 2019 through the preparation of this Motion on June 30, 2020. Those hours multiplied by a reasonable hourly rate of $500 per hour yields a lodestar amount of $20,995 for my services in connection with this lawsuit. A true and correct copy of a printout for this case made up of my contemporaneously kept billing records is attached hereto as Exhibit 4. [Exhibit 1 here]

> 17. In addition, I anticipate requiring an additional two hours at $500 per hour to prepare a Reply memorandum and prepare for any hearing on this Motion, for an additional $1,000. This amount does not include any travel time to San Diego from Miami Beach, FL, which travel time is normally billed to the clients. I am not seeking any costs in this matter as none have been incurred yet.

> 13. Thus, I respectfully request that the Court award the sum of $20,995 plus the estimated $1,000 for a total of $21,995. as my reasonable attorney's fees incurred in connection with this lawsuit.

> I hereby declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct. Signed this 30th day of June, 2020 at Miami Beach, Florida.

> By: _____
> Philip H. Stillman, Esq.

On the basis of Mr. Stillman's representations, the Court granted the application for attorney's fees to Defendant Village 1107, stating in part:

> ### IV. CONCLUSION
>
> For the reasons stated above, the Court GRANTS Defendant's Motion for Attorney's Fees (ECF No. 17) and awards Defendant $21,995 in attorney's fees. Plaintiff is ordered to pay this amount forthwith.
>
> **IT IS SO ORDERED.**
>
> DATED: January 12, 2021
>
> *Cynthia Bashant*
> Hon. Cynthia Bashant
> United States District Judge

Subsequently, Mr. Stillman submitted to the Court a [Proposed] Final Judgment which the Court executed on January 25, 2021 [25]. The [Proposed] Judgment is troublesome, however. In it, Mr. Stillman substituted Defendant for himself:

> Therefore, pursuant to this Court's Order Granting Attorney's Fees, JUDGMENT IS HEREBY ENTERED in favor of Philip H. Stillman, attorney for Defendant Village 1107 Coronado, Inc. and against plaintiff Peter Strojnik, Sr., in the amount of $21,995.00, together with post-judgment interest accruing at 0.104% running from January 12, 2021 until the date of payment.
>
> **IT IS SO ORDERED.**
>
> DATED: January 25, 2021
>
> *Cynthia Bashant*
> Hon. Cynthia Bashant
> United States District Judge

Mr. Stillman then filed several motions for the payment of the judgment. He doubled (your) fees from $21,995.00 to $44,246.00, ensuring, however, that all fees would be paid to him directly. He was able to secure an order threatening me with a debtor's prison unless the judgment was paid.

In the meantime, on May 12, 2021, I discovered that Mr. Stillman does not charge his ADA clients hourly. As a partner with California's Hotel and Lodging Association, ("CHLA"), Mr. Stillman's services are advertised on the CHLA's website at a flat rate:

## ADA Protection Program

- Serial drive-by/call-in lawsuits have substantially increased over recent years with plaintiffs alleging variations of several ADA violations.

- Recent lawsuits have centered on:
  - Website compliance (no accessibility description; no room description; no ability to reserve accessible rooms) and
  - Hearing impairment (failure to provide TTY's or assistive listening devices.)

- A handful of attorneys and plaintiffs are the primary source of these complaints.

- Through CHLA's partnership with Stillman & Associates, CHLA members who have been sued for Unruh Act or ADA claims can hire Philip Stillman for a flat legal fee to defend them in the case.

CHLA's website also discloses that Mr. Stillman's flat rate per case is $2,500 under the heading "ADA Protection Program:

## ADA Lawsuit Protection Program

CHLA offers a legal support program for members who are victims of serial drive-by lawsuits that allege violations of the Americans with Disabilities Act. Our members who have been sued for Unruh Act or ADA claims now can hire CHLA's preferred attorney, who specializes in ADA lawsuits, for a flat legal fee of $2,500* per claim to defend them, dramatically less than the legal fees members otherwise would incur to defend such cases. Join CHLA to utilize this valuable program. If you have any questions on this program or how to join CHLA and utilize our ADA Lawsuit Protection Program, please email Sandra@calodging.com or complete the form below.

You can well imagine that this set of facts raises serious legal and ethical issues that may well implicate you.

If the billing in Exhibit 1 is correct, and you paid $21,995.00 in attorney's fees to Mr. Stillman, there would be only one problem: Mr. Stillman's may have defrauded you and the Court by changing the beneficiary of the attorney's fees award from Village 1107 to himself.

But if you paid Mr. Stillman $2,500 as advertised on the CHLA website, and Mr. Stillman then secured an award in *Defendant's* favor in the amount of $20,995 claiming that these fees were actually incurred and due, then one of two scenarios is possible:

1. You and Mr. Stillman worked together to deceive the Court into granting $20,995 in fees; or

2. Mr. Stillman is attempting to abscond with fees legally payable to Village 1107.

I make no accusations at this time, I merely alert you that, depending on the depth of your involvement, if any, I have several fraud related causes of action against Village 1107 and Mr. Stillman. As a result, it is crucially important must secure potential evidence from both of you as indicated below.

To the extent that Mr. Stillman is perpetrating this series of events by himself and without your involvement, I request that you provide the following information:

1. Fee agreement; and
2. Cancelled check or other evidence of payment of attorney's fees; and
3. Confirmation of all entries on Exhibit 1, including dates, times and length of time conferencing with Mr. Stillman; and
4. All interim billing statements between August 8, 2019 and June 30, 2020; and
5. Your phone records for the period of August 8, 2019 to today's date showing the fact of any conferences with Mr. Stillman and the length thereof; and
6. All communications in whatever form, including recorded conversations on your smart phone between Mr. Stillman and you and any other agent, lawyer, manager or member of Village 1107.

In connection with item 6, I realize that such information may be subject to the attorney client privilege. However, I alert you to the crime fraud exception to the privilege. You should discuss this matter further with your independent counsel.

**Demand Against Spoliation Against Village 1107 and Mr. Stillman**

This letter requests your immediate action to preserve electronically stored information that may contain evidence important to the above legal matter. This notice applies to You, Village 1107, Coronado, Inc. on- and off-site computer systems and removable electronic media plus all computer systems, services, and devices (including all remote access and wireless devices) used for your and overall operations of Village 1107, Coronado, Inc. This includes, but is not limited to, e-mail and other electronic communications; electronically stored documents, records, images, graphics, recordings, spreadsheets, databases; calendars, system usage logs, contact manager information, telephone logs, internet usage files, deleted files, cache files, user information, and other data. Further, this

notice applies to archives, backup and disaster recovery tapes, discs, drives, cartridges, voicemail and other data. All operating systems, software, applications, hardware, operating manuals, codes, keys and other support information needed to fully search, use, and access the electronically stored information must also be preserved. The importance of immediate action cannot be overstated. Electronically stored information is easily corrupted, altered, and deleted in normal daily operations. Even booting a drive, running an application, or reviewing a document can permanently alter evidence. An important method for preserving data in its original state is to have a forensic image (mirror image or clone image) made of pertinent hard drives of both office and home computers used for business and of network servers. This image captures all current data, including the background or metadata about each document. Simply copying data to a CD-ROM or other common backup medium is not adequate. For each captured image file, record and identify the person creating the image and the date of creation. Secure the file to prevent subsequent alteration or corruption and create a chain of custody log. Once the forensic data image file is created, the pertinent computer or other device can be placed back into operation. This preservation notice covers the above items and information between your first contact with Mr. Stillman and into the future until the contemplated action is completed. Follow the above procedures to preserve electronic information created after this notice. Current law and rules of civil procedure clearly apply to the discovery of electronically stored information just as they apply to other evidence, and confirm the duty to preserve such information for discovery. Village 1107 Coronado, Inc. and its officers, employees, agents, and affiliated organizations must take all reasonable steps to preserve this information until the contemplated legal matter is finally resolved. Failure to take the necessary steps to preserve the information addressed in this letter or other pertinent information in your possession or control may result in serious sanctions or penalties. Further, to properly fulfill your preservation obligation, stop all scheduled data destruction, electronic shredding, rotation of backup tapes, and the sale, gift or destruction of hardware. Notify all individuals and affiliated organizations of this Anti-Spoliation letter.

By a copy of this letter to Mr. Stillman I am alerting him to the anti-spoliation demand which is directed equally to him.

Sincerely,

Peter Strojnik

Exhibit 1 next page.

# Stillman & Associates

3015 North Bay Road, Suite B
Miami Beach, FL 33140
Tel: 888-235-4279 Fax: 888-235-4279
pstillman@stillmanassociates.com
www.stillmanassociates.com

## Invoice

John Murphy
1017 Park Place
Coronado, CA 92118

**Invoice Date:** Jun 30, 2020

**Invoice Num:** 1281

**Billing Through:** Jan 1, 2099

---

Strojnik v. Village 1107 Coronado (Village 1107 Coronado:) - Managed by (PHS)

**Professional Services**

| Date | Employee | Description | Hours | Rate | Amount |
|------|----------|-------------|-------|------|--------|
| 4/8/2019 | PHS | CLIENT MEETING | 1.50 | $500.00 | $750.00 |
| | | Conference with John Murphy re letter and draft complaint received from Peter Strojnik alleging ADA violations (.8); review complaint (.5); prepare fee agreement (.2) | | | |
| 12/29/2019 | PHS | Conference | 0.83 | $500.00 | $415.00 |
| | | Conference with client re complaint re filed by Strojnik. | | | |
| 12/30/2019 | PHS | Draft | 8.00 | $500.00 | $4,000.00 |
| | | Begin draft of Memo in support of motion to dismiss (4); update legal research re Strojnik cases and review new cases (2.3); review of other Strojnik complaints filed in the Southern District (1.7); | | | |
| 12/31/2019 | PHS | Draft | 5.00 | $500.00 | $2,500.00 |
| | | Continue draft of Memo in support of motion to dismiss (2.5); draft Notice of Motion and Motion, Stillman Decl. and assemble exhibits to Declaration (2.4 | | | |
| 1/2/2020 | PHS | Draft | 1.33 | $500.00 | $665.00 |
| | | Finalize Motion to Dismiss and send to client for review (1.33) | | | |
| 1/4/2020 | PHS | Draft | 1.67 | $500.00 | $835.00 |
| | | review draft Motion to Dismiss (.8); conference with Client re motion to Dismiss (.8); | | | |
| 1/8/2020 | PHS | Draft | 0.83 | $500.00 | $415.00 |
| | | Final edits and file Motion to Dismiss (.8) | | | |
| 1/14/2020 | PHS | File Review | 1.50 | $500.00 | $750.00 |
| | | File Review of Strojnik Opposition (1); conference with client re Opposition (.5) | | | |
| 2/11/2020 | PHS | Draft | 5.00 | $500.00 | $2,500.00 |
| | | Draft Reply in support of Motion to Dismiss (4); update legal research on Strojnik cases (1); | | | |
| 2/12/2020 | PHS | CLIENT MEETING | 0.83 | $500.00 | $415.00 |
| | | review email from client regarding the lack of violations as alleged in Complaint (.3); conference with client re lack of violations (.5) | | | |
| 4/29/2020 | PHS | Draft | 0.83 | $500.00 | $415.00 |
| | | Draft Notice of Supplemental Authorities re new Strojnik decisions; | | | |
| 4/29/2020 | PHS | Draft | 0.50 | $500.00 | $250.00 |
| | | Draft Second Notice of Supplemental Authorities | | | |
| 5/6/2020 | PHS | File Review | 2.67 | $500.00 | $1,335.00 |
| | | File Review of new Strojnik "response to Supplemental Authorities and attachments (1.6); legal research re Surreplies and whether Strojnik's "response" is a surreply (1) | | | |

Page 07

# Stillman & Associates

3015 North Bay Road, Suite B
Miami Beach, FL 33140-
Tel: 888-235-4279 Fax: 888-235-4279
pstillman@stillmanassociates.com
www.stillmanassociates.com

## Invoice

John Murphy
1017 Park Place
Coronado, CA 92118

Invoice Date: Jun 30, 2020
Invoice Num: 1281
Billing Through: Jan 1, 2099

---

Strojnik v. Village 1107 Coronado (Village 1107 Coronado) - Managed by (PHS)

**Professional Services**

| Date | Employee | Description | Hours | Rate | Amount |
|------|----------|-------------|-------|------|--------|
| 5/11/2020 | FHS | File Review<br>File Review of Strojnik Motion to Strike Supplemental Authorities (1) | 1.00 | $500.00 | $500.00 |
| 5/27/2020 | FHS | Draft<br>Draft Third Notice of Supplemental Authorities | 0.50 | $500.00 | $250.00 |
| 6/15/2020 | FHS | File Review<br>File Review of Order dismissing Complaint with prejudice (.5); conference with client re potential attorney's fees recovery (1) | 1.50 | $500.00 | $750.00 |
| 6/29/2020 | FHS | Draft<br>Draft Motion for Attorney's Fees (2); review billing records for Motion for Attorney's fees (.9); legal research re prevailing market rates for San Diego County (1) | 4.00 | $500.00 | $2,000.00 |
| 6/30/2020 | FHS | Draft<br>Draft Memo for attorney's fees; notice of motion, revise Stillman declaration in support of Motion for Attorney's Fees; | 4.50 | $500.00 | $2,250.00 |

| | Total Service Amount: | $20,886.66 |
|--|--|--|
| | Amount Due This Invoice: | $20,886.66 |

This invoice is due on 7/1/2099

Peter Strojnik
7847 N Central Avenue
Phoenix, Arizona 85020

U.S. POSTAGE >> PITNEY BOWES

ZIP 85028 $ 002.00⁰
02 1W
0001394368 JUN 30 2021

Clerk of the Court
United Sates district Court
Southern District of California
333 West Broadway, Ste 420
San Diego, California 92101

Peter Strojnik
7847 N Central Avenue
Phoenix, Arizona 85020


U.S. POSTAGE >> PITNEY BOWES

ZIP 85028 $ 002.00⁰
02 1W
0001394369 JUN 30 2021


RECEIVED
JUL 0 8 2021

**Clerk of the Court**
**United Sates district Court**
**Southern District of California**
**333 West Broadway, Ste 420**
**San Diego, California 92101**


WV AZ PDC 850 ZIP
WED 30 JUN 2021 PM