1   Philip H. Stillman, Esq. SBN# 152861
    STILLMAN & ASSOCIATES
2   3015 North Bay Road, Suite B
    Miami Beach, Florida 33140
3   Tel. and Fax:  (888) 235-4279
    pstillman@stillmanassociates.com
4
    Attorneys for defendant VILLAGE 1107 CORONADO, INC.
5

6           UNITED STATES DISTRICT COURT FOR THE

7             SOUTHERN DISTRICT OF CALIFORNIA

8                                        Case No. 19-cv-2210 BAS MSB

9   PETER STROJNIK,                )
                                    )    **SUPPLEMENTAL MEMORANDUM RE**
10                     Plaintiff,   )    **ENFORCEMENT OF ATTORNEY'S**
            vs.                     )    **FEES AWARD BY CONTEMPT**
11                                  )
                                    )
12  VILLAGE 1107 CORONADO, INC.,    )
                                    )    Courtroom: 4B, 4th Fl.
13                     Defendant.   )
    _____)
14                                       Hon. Cynthia A. Bashant

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Supplemental Memo re Availability of Contempt

# TABLE OF CONTENTS

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    A.   The January 13, 2021 Attorney's Fee Order. . . . . . . . . . . . . . . . . . . 2

    B.   The April 27, 2021 Order. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    C.   The June 15, 2021 Order. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    D.   The June 28 Order. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    I.   THE ATTORNEY'S FEE ORDER IS ENFORCEABLE BY CONTEMPT . . 4

        A.   The Attorney Fee Order Was Lawful. . . . . . . . . . . . . . . . . . . . . . . . 4

        B.   Contempt Is An Appropriate Method For Enforcing An Attorney's Fee Award Made In Furtherance Of Congressional Policy. . . . . . . . . . . . . 6

        C.   In Re Wallace And Its Progeny Support Enforcement Of The Attorney's Fee Order By Contempt. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

        D.   Shuffler v. Heritage Bank Is Readily Distinguished From This Case. . 12

    II.   THIS COURT'S SUBSEQUENT ORDER IMPOSING $22,251 IN ADDITIONAL FEES FOR THE PROSECUTION OF THE OSC RE CONTEMPT IS SEPARATELY PROPER. . . . . . . . . . . . . . . . . . . . . . . . . 14

# TABLE OF AUTHORITIES

*Aetna Cas. & Sur. Co. v. Markarian*, 114 F.3d 346, 349 n.4 (1st Cir. 1997) . . . . . . . . . . . 7

*Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 420 (1978) . . . . . . . . . . . . . . . . . 8

*Cleveland Hair Clinic, Inc. v. Puig*, 106 F.3d 165, 166 (7th Cir. 1997) . . . . . . . . . . . . . . . 9

*Cook v. Ochsner Found. Hosp.*, 559 F.2d 270, 272 (5th Cir. 1977) . . . . . . . . . . . . . . . . . . 15

*CRST Van Expedited, Inc., v. E.E.O.C.*, 136 S. Ct. 1642, 1652 (2016) . . . . . . . . . . . . . . . . 8

*England v. GoodCents Holdings, Inc.*, 2009 U.S. Dist. LEXIS 77801, 2009 WL 2835201, at *2 (N.D. Ga. Aug. 31, 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*FDIC v. LeGrand*, 43 F.3d 163, 168 (5th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Fox v. Vice*, 563 U.S. 826, 836, 131 S. Ct. 2205, 2215 (2011) . . . . . . . . . . . . . . . . . . . . . . 8

*Golden Pisces, Inc. v. Fred Wahl Marine Constr., Inc.*, 495 F.3d 1078, 1081 (9th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*In re Hernandez*, No. SC-13-1301-PaJuKu, 2014 Bankr. LEXIS 1406 (B.A.P. 9th Cir. Apr. 4, 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 5, 9, 10

*In re Wallace*, 490 B.R. 898 (9th Cir. BAP 2013) . . . . . . . . . . . . . . . . . . . . . . . . . 1, 5, 8

*Innovation Ventures, LLC v. N2G Distrib., Inc.*, No. SA CV 12-00717-AB (Ex), 2014 U.S. Dist. LEXIS 184735, at *62-63 (C.D. Cal. Nov. 4, 2014) . . . . . . . . . . . . . . . . . . . . . 13, 15

*King v. Greenblatt*, 489 F. Supp. 105 (D. Mass. 1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Lovell v. Evergreen Res., Inc.*, No. C-88-3467 DLJ, 1995 U.S. Dist. LEXIS 22824 at *5 (N.D. Cal. Dec. 15, 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Maness v. Meyers*, 419 U.S. 449, 459, 95 S. Ct. 584, 42 L. Ed. 2d 574 (1975) . . . . . . . . . 5

*McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 194-95, 93 L. Ed. 599, 69 S. Ct. 497 (1949) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Optronic Techs., Inc. v. Ningbo Sunny Elec. Co.*, No. 5:16-cv-06370-EJD, 2020 U.S. Dist. LEXIS 116931, at *20-21 (N.D. Cal. July 2, 2020) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Parsons v. Ryan*, 949 F.3d 443, 455 (9th Cir. 2020) . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 13

*Rob Kolson Creative Prodctions v. Stander*, No. CV 18-6789 VAP (GJSx), 2020 U.S. Dist. LEXIS 135972, at *21-23 (C.D. Cal. May 19, 2020) . . . . . . . . . . . . . . . . . . . . . . . . . 5, 15

*Robbins v. Labar Transp. Corp.*, 599 F. Supp. 705, 708-09 (N.D. Ill. 1984) . . . . . . . . . 6, 7

*SEC v. AmeriFirst Funding, Inc.*, Civil Action No. 3:07-CV-1188-D, 2008 U.S. Dist. LEXIS 107560, at *14-17 (N.D. Tex. Dec. 11, 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Shell Offshore Inc. v. Greenpeace, Inc.*, 815 F.3d 623, 628-30 (9th Cir. 2016) . . . . . . . . . 2

*Shillitani v. United States*, 384 U.S. 364, 370, 86 S. Ct. 1531, 16 L. Ed. 2d 622 (1966) . . . 5

*Shuffler v. Heritage Bank*, 720 F.2d 1141, 1146-47 (9th Cir. 1983) . . . . . . . . . . . . . 1, 6, 12

*Strojnik v. 1017 Coronado, Inc.*, No. 19-cv-02210-BAS-MSB, 2021 U.S. Dist. LEXIS 6824, at *11 (S.D. Cal. Jan. 12, 2021) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Strojnik v. Vill. 1107 Coronado, Inc.*, No. 19-cv-02210-BAS-MSB, 2021 U.S. Dist. LEXIS 112456, at *2-3 (S.D. Cal. June 15, 2021) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Strojnik v. Vill. 1107 Coronado*, No. 19-cv-02210-BAS-MSB, 2021 U.S. Dist. LEXIS 115062, at *2 (S.D. Cal. Apr. 15, 2021) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**INTRODUCTION**

This Court requested supplemental briefing on whether the contempt process was available for the enforcement of an attorney's fee award, referring in particular to *Shuffler v. Heritage Bank*, 720 F.2d 1141, 1146-47 (9th Cir. 1983) and *In re Wallace*, 490 B.R. 898 (9th Cir. BAP 2013). As set forth more fully below, *Shuffler* involved a traditional money judgment with no order to pay it, and has been repeatedly distinguished by the courts, including the Ninth Circuit's own recent decision in *Parsons v. Ryan*, 949 F.3d 443, 455 (9th Cir. 2020)(noncompliance with OSC properly enforced by contempt and distinguishing *Shuffler* "because the district court made "no written statement of the purpose or purposes underlying its imposition of a $500 daily fine"). *In re Wallace* affirmed the bankruptcy courts ability to enforce an attorney's fee award by contempt. "Despite Civil Rule 69's mandate for the proper enforcement of money judgments, we are persuaded . . . that a court's monetary sanction for a contemnor's misconduct is not an "ordinary" money judgment, and therefore the use of the contempt power is a proper method to enforce a sanction for misconduct. *Id.* A year later, *In re Wallace* was followed by *In re Hernandez*, No. SC-13-1301-PaJuKu, 2014 Bankr. LEXIS 1406 (B.A.P. 9th Cir. Apr. 4, 2014) which also explicitly rejected the argument that an order to pay attorney's fees must be enforced through a writ of execution:

> Collect's argument that the Attorney Fee Order is a money judgment that must be enforced through a writ of execution under Civil Rule 69(a) is inconsistent with *In re Wallace*. We hold that the Attorney Fee Order was a definite and specific order that Collect knowingly elected to disregard. Accordingly, the bankruptcy court did not abuse its discretion in finding Collect in contempt. Id. at 908.

*Id.* at *21-24.

In the present case, Strojnik failed to comply with (1) the January 13, 2021 Attorney's Fee Order ordering payment of the attorney's fees "forthwith," (2) the Order to Show Cause requiring the production of specified bank records and financial information, including assets and all accounts into which settlement funds had been deposited and (3) this Court's further June 29, 2021 Order to pay $3500 via overnight mail, produce all

cancelled checks for the Lunar Eclipse account.  Not only is the Attorney's Fee Order enforceable by contempt as in *In re Wallace* and *In re Hernandez*, but the subsequent attorney's fees awarded against Strojnik incurred in pursuing the contempt are also separately enforceable by contempt. *Shell Offshore Inc. v. Greenpeace, Inc.*, 815 F.3d 623, 628-30 (9th Cir. 2016)(court authorized to award attorney's fees for contempt).

## STATEMENT OF FACTS

A.    The January 13, 2021 Attorney's Fee Order.

On January 13, 2021, this Court held that Strojnik's "conduct is clearly frivolous, unreasonable, and groundless." *Strojnik v. 1017 Coronado, Inc.*, No. 19-cv-02210-BAS-MSB, 2021 U.S. Dist. LEXIS 6824, at *11 (S.D. Cal. Jan. 12, 2021). Accordingly, the Court ordered the payment of $21,995 in reasonable attorney's fees pursuant to 42 U.S.C. § 12205  "forthwith." *Id.*  This Court noted that "Although the Court finds it is likely that Defendant can establish evidence to justify sanctions under [28 U.S.C. § 1927], because it has already found that attorney's fees are justified under § 12205, it does not reach this issue."  At the June 14 evidentiary hearing, Strojnik acknowledged that he received that Order, understood that "forthwith" meant immediately, and did not pay the attorney's fees because of a purported lien by his supposed ex-wife. *Strojnik v. Vill. 1107 Coronado, Inc.*, No. 19-cv-02210-BAS-MSB, 2021 U.S. Dist. LEXIS 112456, at *2-3 (S.D. Cal. June 15, 2021).  This Court make factual findings that (1) Mr. Strojnik is in civil contempt of the Court's Attorney's Fees Order; (2) Mr. Strojnik has the ability to pay; and (3) Mr. Strojnik's testimony concerning his ability to pay is not credible.  *Id.* at *2-3.

B.    The April 27, 2021 Order.

On April 15, 2021, this Court ordered Strojnik to "provide, at minimum, bank statements reflecting the current of value of all accounts in his name and a list of all assets held in Plaintiff's name or in the name of any entity he controls." *Strojnik v. Vill. 1107 Coronado*, No. 19-cv-02210-BAS-MSB, 2021 U.S. Dist. LEXIS 115062, at *2 (S.D. Cal. Apr. 15, 2021).  On April 27, 2021, this Court expanded that to require Strojnik to provide "(1) bank statements for all bank accounts into which he has deposited any settlements

1    received from January 1, 2018 through the present, including without limitation, bank

2    statements for all nonprofit corporations showing his purported 'donation' of $1.2 million

3    as represented to the court in *Strojnik v. IA Napa Lodging First*; and (2) an explanation of

4    how he finances his travel, his home, and other personal expenses." (ECF 38).

5         Despite that Order, Strojnik failed to produce any bank records from January 1, 2018

6    to September 2018, no bank records from April 1, 2021 through June 14, 2021, *see*

7    Defendant's Evidentiary Hearing Exhibit 10, no evidence of his purported donation of $1.2

8    million to a charity that he could not name at the evidentiary hearing, and no evidence of

9    how he finances his travel, his home or other expenses other than to say it was "by credit

10   card." No credit card statements were produced. Strojnik also admitted to transferring

11   $312,065.17 in settlement proceeds to JPMorganChase Money Market Account that he

12   "thought" belonged to his purported ex-wife, Tanya Strojnik,[1] but provided no bank records

13   of the deposit of settlement proceeds into that account, admitted to transferring

14   $136,774.06 in settlement proceeds into another Chase checking account that he "thought"

15   belonged to an assistant whose name and address he was unsure of and provided no records

16   for that account either. He also could not explain to whom he transferred $8,000 in July and

17   August, 2019. Furthermore, Strojnik failed to provide a list of assets, such as judgments he

18   had obtained, although acknowledging that those judgments were "assets." Accordingly,

19   Strojnik was in contempt of this Court's April 27, 2021 Order as well.

20   C.    The June 15, 2021 Order.

21        On June 15, 2021, this Court ordered Strojnik to pay "A civil sanction of an

22   additional $22,551 . . . to compensate Defendant for the cost of seeking a contempt finding

23   against Mr. Strojnik" (the "Contempt Fee Order"). *Strojnik v. Vill. 1107 Coronado, Inc.*,

24   2021 U.S. Dist. LEXIS 112456, at *3, and ordered him to pay *that* amount as well by June

25

---

26        [1] Cancelled checks subsequently show additional monthly payments to Tanya

27   Strojnik of over $38,000, in addition to checks to Strojnik personally for monthly expenses, further showing that his testimony at the evidentiary hearing regarding his belief that use of

28   the proceeds other than to pay Tanya Strojnik would be fraudulent transfers was false.

28, 2021, warning that this Court would incarcerate him until it was paid.  *Id.*  Strojnik paid $1,450 towards the attorney's fees on the Friday before the June 28 hearing.  Thus, Strojnik is in contempt of the June 15, 2021 Order.

D.    The June 28 Order.

On June 28, 2021, this Court made additional orders, stating that this Court "did not believe a word" that Strojnik said and requiring Strojnik to "to overnight mail $3,500 payment to Defendant," "to continue making prompt payments," "provide records from $1.2 million in donations to the Court by July 2, 2021"[2] and "to provide canceled checks for the Lunar Eclipse account by July 2, 2021." (ECF 54).

Strojnik (1) did not send $3500 whether by overnight or otherwise, (2) made no further payments, and (3) only produced cancelled checks beginning on *July 2, 2019* through May 16, 2021, intentionally omitting cancelled checks from September 2018-June 31, 2019.[3]  Accordingly, Strojnik is in contempt of the June 28 Order as well.

## ARGUMENT

## I.

## THE ATTORNEY'S FEE ORDER IS ENFORCEABLE BY CONTEMPT

A.    The Attorney Fee Order Was Lawful.

Unquestionably, a court can enforce its orders through contempt, and this Court has made the factual findings that Strojnik is plainly in contempt of the Attorney Fee Order. It

---

[2]  Counsel does not know what was provided to the Court regarding the alleged $1.2 million in donations.  However, there is no privilege and counsel is entitled to whatever records were produced in order to verify the veracity of Strojnik's representations.  For example, there is no record of a charity named "AID Foundation" listed with the IRS. https://www.irs.gov/charities-non-profits/exempt-organizations-business-master-file-extract-eo-bmf.  Counsel therefore requests that this Court provide whatever was provided by Strojnik to counsel.

[3]  Strojnik contends that he can only obtain checks going back two years from Chase. That is false.  Counsel checked with Chase Bank and cancelled checks are available for seven years.  Stillman Decl., ¶ 8.

is also plain that this Court can enforce the payment of attorney's fees, such as those for bad faith or otherwise by means of contempt. *Rob Kolson Creative Prodctions v. Stander*, No. CV 18-6789 VAP (GJSx), 2020 U.S. Dist. LEXIS 135972, at *21-23 (C.D. Cal. May 19, 2020)(holding party in contempt for failing to pay sanctions). Indeed, the only requirement for enforcing a court order by contempt is that the order must have been "lawful." *Shillitani v. United States*, 384 U.S. 364, 370, 86 S. Ct. 1531, 16 L. Ed. 2d 622 (1966). "But, in this context, 'lawfulness' is not a high standard, depending only on whether the court entering the order had subject matter jurisdiction over the action and personal jurisdiction over the parties affected by the order.

"If a person to whom a court directs an order believes that order is incorrect the remedy is to appeal, but, absent a stay, he must comply promptly with the order pending appeal." *In re Hernandez*, 2014 Bankr. LEXIS 1406, at *12-13. This principle was articulated by the U.S. Supreme Court in *Maness v. Meyers*, 419 U.S. 449, 459, 95 S. Ct. 584, 42 L. Ed. 2d 574 (1975)("an order issued by a court with jurisdiction over the subject matter and person must be obeyed by the parties until it is reversed by orderly and proper proceedings.").

Similarly, it is plain that the Attorney's Fee Order was lawful, Strojnik did not appeal it, did not seek a stay, and just ignored it.  Thus, the narrow issue presented is whether the Attorney Fee Order is akin to a money judgment between private parties or a sanctions order for misconduct.  "The distinctions between sanctions and money judgments are warranted in light of public policy. While sanctions for misconduct implicates [sic] the very integrity of the Court's processes, enforcement of a money judgment as between private parties is best left to the creditor-debtor mechanisms provided for in the Federal Rules of Civil Procedure." *In re Wallace*, 490 B.R. 898, 908 (B.A.P. 9th Cir. 2013).

In this case, the Attorney Fee Order is clearly akin to a sanction for misconduct, given that attorney's fees can only be awarded to a prevailing defendant if the ADA case was "clearly frivolous, unreasonable, and groundless." Each of those findings made by this Court implicate Fed.R.Civ.P. 11, 28 U.S.C. § 1927 and this Court's inherent powers.  As

1  this Court found, "it is likely that Defendant can establish evidence to justify sanctions"

2  although it did not need to reach the issue, given the attorney's fee award.

3  B.    Contempt Is An Appropriate Method For Enforcing An Attorney's Fee Award Made

4        In Furtherance Of Congressional Policy.

5        Generally, the proper means to secure compliance with a money judgment is to seek

6  a writ of execution. Fed.R.Civ.P. 69(a) provides that "[a] money judgment is enforced by a

7  writ of execution, unless the court directs otherwise." "[W]e do not interpret the exception

8  to execution to permit a federal court to 'enforce a money judgment by contempt or

9  methods other than a writ of execution, except in cases where established principles so

10  warrant.'" *Shuffler*, 720 F.2d at 1148.

11       One of the "established principles" identified by the courts is when attorney's fees

12  are imposed pursuant to a Congressional policy incorporated into a public interest statute

13  such as the Fair Labor Standards Act or a civil rights statute. *Robbins v. Labar Transp.*

14  *Corp.*, 599 F. Supp. 705, 708-09 (N.D. Ill. 1984). In *Robbins*, the court entered a judgment

15  after a trial ordering the defendant to make payment of back contributions to the Employee

16  Trust Fund. *Robbins*, 599 F.Supp. at 706. After trial, the plaintiffs sought and were

17  awarded attorney's fees pursuant to the Fair Labor Standards Act, 29 U.S.C. § 1132(g) and

18  directed that the fees be paid within 30 days. However, the defendant did not comply with

19  that portion of the judgment requiring it to satisfy its obligation for past due contributions

20  and had not complied with the order directing it to pay plaintiffs their attorneys' fees. The

21  plaintiffs sought an order to show cause why defendant should not be held in contempt for

22  its failures to comply with the judgment and to comply with the order awarding attorneys'

23  fees. *Id.*

24       Addressing first the contention that the plaintiffs were limited to a writ of execution

25  to collect on the judgment, the court held:

26       I conclude that the nature of the remedy sought and obtained by plaintiffs and
         the importance of the public policy embodied in the Employee Retirement
27       Income Security Program leave a district court no alternative in a situation
         such as this but to hold a hearing to determine whether the defendant is in civil
28       contempt. See generally Rule 65, Federal Rules of Civil Procedure; 7 Moore's

1    Federal Practice, p. 65-1 et seq.

2    *See also McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 194-95, 93 L. Ed. 599, 69 S. Ct.

3    497 (1949):

4        If the court is powerless to require the prescribed payments to be made, it has
         lost the most effective sanction for its decree and a premium has been placed

5        on violations.

6        The *Robbins* court then held that contempt for failing to pay the attorneys' fee award

7    as ordered was also appropriate.  Recognizing that an award of attorney's fees was

8    expressly authorized by statute and is "compensatory rather than punitive and constitutes an

9    appropriate item of damages to be awarded by courts in enforcement of the national labor

10   policy," the *Robbins* court issued the requested Order to Show Cause re Contempt on both

11   issues:

12       If the award of attorneys' fees placed an intolerable burden upon defendant, it
         could have moved the court for modification of the order. However, defendant

13       has filed no motion, has made no payment, and gives no indication that
         payment will be forthcoming. Thus, I conclude that a hearing should be held

14       on plaintiffs' motion for an order to defendant to show cause why it should not
         be held in contempt for its failure to pay plaintiffs their attorneys' fees.

15   *Robbins*, 599 F. Supp. at 709.

16       The *Robbins* court also cited *King v. Greenblatt*, 489 F. Supp. 105 (D. Mass. 1980)

17   as another example of the importance of a court's ability to enforce its decrees in public

18   benefit statutes.  In *King*, the court awarded attorney's fees to the plaintiff's counsel

19   pursuant to 42 U.S.C. § 1988 and the defendants refused to pay the fee award.  The court

20   authorized the plaintiff to institute civil contempt proceedings to compel payment of

21   attorneys' fees:

22       if a judgment for the payment of money represents a sum payable because of a
         defendant's failure to perform a public obligation imposed by a statute, then in

23       order to have "the most effective sanction" for the court's judgment, it is
         permissible to vindicate the public policy embodied in the statute by instituting

24       a proceeding for civil or criminal contempt. [citations omitted] That principle
         permits plaintiff King to institute a civil contempt proceeding to collect money

25       due his attorney under a judgment to pay attorneys' fees allowed pursuant to
         the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988.

26

27   *Id.*, 489 F. Supp. at 107. *Aetna Cas. & Sur. Co. v. Markarian*, 114 F.3d 346, 349 n.4 (1st

28   Cir. 1997)("One such situation is where an action for contempt has been instituted for

1   failure to pay an obligation imposed by statute in order to enforce the public policies
2   embodied in the statutory scheme.")

3       Similarly, as this Court has already stated in the Attorneys' Fee Order, under the
4   ADA's statutory scheme, embodied in 42 U.S.C. §12205, the court may award a party who
5   prevails in a lawsuit filed under the ADA "a reasonable attorney's fee, including litigation
6   expenses and costs." There is a strong congressional policy in deterring a plaintiff such as
7   Strojnik from bringing ADA lawsuits without foundation.  "The purpose of awarding fees
8   to a prevailing defendant is "'to deter the bringing of lawsuits without foundation.'" *CRST*
9   *Van Expedited, Inc., v. E.E.O.C.*, 136 S. Ct. 1642, 1652 (2016) (quoting *Christiansburg*
10  *Garment Co. v. E.E.O.C.*, 434 U.S. 412, 420 (1978)).  *See also Fox v. Vice*, 563 U.S. 826,
11  836, 131 S. Ct. 2205, 2215 (2011)(noting, in the context of 42 U. S. C. §1988's closely
12  related provision, that Congress wanted "to relieve defendants of the burdens associated
13  with fending off frivolous litigation"). "The Court, therefore, has interpreted the statute to
14  allow prevailing defendants to recover [only] when the Plaintiff's 'claim was frivolous,
15  unreasonable or groundless.'" *Id.* (quoting *Christiansburg*, 434 U.S. at 421).

16      As this Court determined in its Attorney Fee Order, that standard was clearly met.
17  Thus, the Attorney Fee Order is enforceable by contempt just like an award of attorney's
18  fees to a plaintiff pursuant to the Civil Rights Act or the Fair Labor Standards Act. "[I]n
19  order to have 'the most effective sanction' for the court's judgment, it is permissible to
20  vindicate the public policy embodied in the statute by instituting a proceeding for civil or
21  criminal contempt." *King*, 489 F. Supp. at 107.

22  C.   *In Re Wallace* And Its Progeny Support Enforcement Of The Attorney's Fee Order
23       By Contempt.

24      In *In re Wallace*, 490 B.R. 898 (9th Cir. BAP 2013), a creditor was found by the
25  bankruptcy court to have violated the § 524(a) discharge injunction. The court ordered the
26  creditor to pay sanctions to the debtor, including attorney's fees, within sixty days. The
27  creditor did not pay. The debtor filed a contempt motion to compel payment. The creditor
28  argued that the first order was a money judgment that could only be enforced by a writ of

execution under Civil Rule 69(a). After a hearing, the bankruptcy court found creditor in contempt and order them to pay the original sanctions order. Creditor then appealed to the BAP. *Id.* at 904. The *Wallace* court held that "what is clearly an order to pay monetary sanctions within a specified time period" did not turn the attorney's fee award into a money judgment." *Id.* at 906. The Panel ultimately ruled that Civil Rule 69(a) did not apply to a bankruptcy court's monetary sanction for violation of a previous order:

> Despite Civil Rule 69's mandate for the proper enforcement of money judgments, we are persuaded . . . that a court's monetary sanction for a contemnor's misconduct is not an "ordinary" money judgment, and therefore the use of the contempt power is a proper method to enforce a sanction for misconduct.

*Id. See also, Cleveland Hair Clinic, Inc. v. Puig*, 106 F.3d 165, 166 (7th Cir. 1997)("Use of the contempt power is an appropriate way to enforce a sanction for misconduct, which is not an ordinary money judgment."); *England v. GoodCents Holdings, Inc.*, 2009 U.S. Dist. LEXIS 77801 at *2 (N.D. Ga. Aug. 31, 2009)(rejecting plaintiff's argument that a writ of execution was exclusive remedy to collect on an award for attorney's fees and holding that contempt proceeding was proper remedy for plaintiff's failure to comply with the order awarding defendant attorney's fees for plaintiff's unreasonable continuation of litigation).

Following closely after *In re Wallace*, the Ninth Circuit Bankruptcy Appellate Panel was again faced with a party's claim that the court could not enforce an attorney's fee award through contempt but was limited by Rule 69(a) to a writ of execution in *In re Hernandez*, 2014 Bankr. LEXIS 1406 (B.A.P. 9th Cir. Apr. 4, 2014). In that case, after a creditor violated the automatic stay, the court awarded the debtor attorney's fees incurred as a result of the creditor's violation of the automatic stay to be paid within 15 days. The Creditor did not pay the attorney's fees as ordered. The debtor then filed a Motion to hold the creditor in contempt, which, after briefing and a hearing was granted, and held the creditor in contempt, citing *In re Wallace*. The BAP affirmed.

In the Contempt Order, the bankruptcy court explained:

> Even if the court was incorrect in entering an order rather than a judgment for damages, which it was not, this is no defense to Collect's noncompliance with the Attorney Fee Order. If Collect thought the Attorney Fee Order was in error,

> it was incumbent upon it to submit briefing before the Court ruled, or appeal the Attorney Fee Order and seek to stay the order pending appeal. (Citations omitted). . . . In short, the evidence is clear and convincing that Collect knowingly violated a definite and specific court order by ignoring the Court's clear rejection of his judgment theory and refusing to pay the attorney's fees ordered by the Attorney Fee Order.

*In re Hernandez,* 2014 Bankr. LEXIS 1406, at *12. "In its analysis, the bankruptcy court correctly invokes a long-standing rule of law: 'If a person to whom a court directs an order believes that order is incorrect the remedy is to appeal, but, absent a stay, he must comply promptly with the order pending appeal.'" *Id.* "This rule applies even when the statute or case law underlying the trial court's order is later ruled unconstitutional. And disregard of the requirements of the rule is punishable by contempt proceedings." *Id.*

Germane to this proceeding, the creditor, Collect, "apparently decided that because the Attorney Fee Order was a 'judgment,' and not an order, it need not voluntarily obey it but, instead, the onus was on Hernandez to use execution or some other enforcement means to collect the sums due under the Attorney Fee Order. Collect's decision was incorrect and had consequences." *Id.* at*14.

> If Collect believed that order was improper in some respect, its sole option was to appeal the order, and to seek a stay of its duty to perform pending that appeal. Instead, as the bankruptcy court correctly observed, Collect consciously decided not to comply with the Attorney Fee Order, it did not appeal, and it did not seek a stay. Effectively, Collect did nothing, and doing nothing when the Attorney Fee Order clearly and definitely compelled it to pay Hernandez for the attorneys fees and costs he incurred in prosecuting the stay violation motions amply demonstrates Collect's contempt.

*Id.* Collect made two arguments in support of why contempt was improper: It first contended that the bankruptcy court's Attorney Fee Order was a "money judgment," and therefore, it must be enforced as a judgment, not via contempt proceedings. Second, Collect argued that the bankruptcy court erred in finding Collect in contempt for failing to pay a compensatory order. The BAP rejected both arguments.

The bankruptcy court found in the Attorney Fee Order that Collect had willfully violated the automatic stay by declining to release the seized funds to Hernandez, and awarded Hernandez compensatory sanctions under § 362(k). Collect did not appeal that order. Although Collect argued that the Attorney Fee Order was not a "sanction order" for

misconduct, the BAP called this "quibbling." The Attorney Fee Order directed Collect to pay the damages it had caused Hernandez to incur, consisting of attorneys fees and costs, in response to Collect's violation of the § 362(a) automatic stay. "Simply put, Collect's conduct was inappropriate when measured against the Code, and the Attorney Fee Order cannot fairly be characterized as anything other than a sanction. The cases cited by Collect all deal with judgments entered in business disputes, not sanctions for misconduct." *Id.* at *20-21.

Specifically, the BAP distinguished *Shuffler*, stating that *Shuffler* dealt with enforcement of a money judgment, plus $500 per day in fines. "Although there is dicta in the decision about Civil Rule 69(a), the court did not base its decision on Civil Rule 69(a), but only ruled that the party was in contempt for noncompliance with the earlier judgment, and remanded to the district court for determination of the amount of fine." *Id.* at *19-20.

"As compared to the dearth of support for Collect's position, BAP case law supports the bankruptcy court's view that when a party's willful failure to comply with an order constitutes misconduct it may be remedied via contempt sanctions." *Id.* citing *In re Wallace*.

> Collect's argument that the Attorney Fee Order is a money judgment that must be enforced through a writ of execution under Civil Rule 69(a) is inconsistent with *In re Wallace*. We hold that the Attorney Fee Order was a definite and specific order that Collect knowingly elected to disregard. Accordingly, the bankruptcy court did not abuse its discretion in finding Collect in contempt.

*Id.*, at *23-24.

*In re Hernandez* is closely analogous to the present case. The Attorney's Fee Order was imposed on Strojnik because of his misconduct in pursing the litigation against Village 1107 Coronado, and persisted unreasonably and vexatiously in litigating what this Court held was a frivolous lawsuit. The Attorney's Fees Order effectuated a clear Congressional policy to impose attorney's fees on plaintiffs who file frivolous ADA cases. It was a clear and definite order that Strojnik did not seek to appeal, obtain a stay or take any action other to intentionally ignore it, at his peril. Contempt is appropriate to enforce the Attorney's Fee Order.

D.    _Shuffler v. Heritage Bank_ Is Readily Distinguished From This Case.

*Shuffler* did not involve an effort to enforce an attorney's fee award.  Instead, *Shuffler* involved a contempt fine imposed for the Shufflers' interference with a foreclosure sale that was reversed because the district court failed to make factual findings to support a $500 per day fine.

In *Shuffler*, a money judgment was entered against the defendant on a debt secured by real property for $190,000 and required that defendants pay the $190,000 by February 15, 1982. It further provided that, if they did not, Heritage had the "right" to immediate foreclosure on the Shufflers' two properties on February 17 and 18. "The judgment, in effect, gave the Shufflers a period of time to produce the $ 190,000, and, in return, Heritage was assured it would be able in fact to foreclose on the two properties without delay if Shufflers failed to make timely payment." *Shuffler v. Heritage Bank*, 720 F.2d 1141, 1146-47 (9th Cir. 1983). While the February judgment by its terms simply gave Heritage a right, the district court correctly construed the order to impose on Shufflers the obligation not to impede enforcement of the right.  Shuffler did not pay the $190,000.  Instead, Shufflers interfered with Heritage Bank's foreclosure by seeking a temporary restraining order further postponing the foreclosure, and conveyed the two properties to a third party. In other words, the Shufflers directly impeded Heritage's right to a speedy and unobstructed foreclosure.

The court held the Shufflers in contempt and imposed a $500 per day fine on them until ending upon Shufflers' compliance with the February judgment. The court stated that either the Shufflers' deposit of $190,000 plus 7 percent interest from February 16, 1982, or "the sale of the residences pursuant to, and in accordance with, the terms of" the February judgment would constitute compliance with the February judgment. *Id.* at 1144.  Thus, the Shufflers had a choice – pay the amount owed and stop the foreclosure, or take the necessary steps to allow the foreclosure.  It was *not* a fine requiring the Shufflers to pay a money judgment.

On appeal, the Shufflers contended that, although the imposition of some sanction

was not outside the discretion of the district court, the order of contempt lacked the findings necessary to sustain the sanction imposed below.  Because the court made no written statement of the purpose or purposes underlying its imposition of a $ 500 daily fine, the Ninth Circuit remanded for entry of a statement of the purpose or purposes for the fine and adjustment of the sanction to comply with the legal standards governing contempt penalties.  *Id.* at 1147.  Notably, the Ninth Circuit did not hold that contempt was improper here.  In fact, the Ninth Circuit only stated in dicta that to the extent that the $500 per day fine was intended to force the Shufflers to pay the amount owned on the loan, *i.e.*, the $190,000, it would be improper.  However, the judgment was an either/or: either the Shufflers paid the amount outstanding on the loan or they had to refrain from interfering with the foreclosure. Because they interfered with the foreclosure sale, contempt was appropriate, so long as the district court made findings to support the $500 per day fine. Thus, the Shufflers could have purged the contempt in one of two ways: either they could have paid the $190,000 and the bank would not have the right to foreclose, or they could reverse their conveyance to the third party and not interfere with the bank's foreclosure.  As stated in *In re Hernandez*, the discussion of Fed.R.Civ.P. 69(a) was purely dicta as it was totally unnecessary to the resolution of the appeal.  As also summarized by *Parsons v. Ryan*, 949 F.3d 443, 457 (9th Cir. 2020), "In [*Shuffler*], we vacated contempt sanctions because the district court made 'no written statement of the purpose or purposes underlying its imposition of a $500 daily fine' and the appellee "'ha[d] not pointed to any portion of the record demonstrating that the district court imposed the fine after a reasoned consideration of these criteria.'" *See also*, *Innovation Ventures, LLC v. N2G Distrib., Inc.*, No. SA CV 12-00717-AB (Ex), 2014 U.S. Dist. LEXIS 184735, at *62-63 (C.D. Cal. Nov. 4, 2014)("AJDs' contention that contempt is uniformly prohibited in a judgment debtor proceeding is also unpersuasive. Shuffler v. Heritage Bank, 720 F.2d 1141 (9th Cir. 1983), upon which AJDs rely does not counsel a different result.").

Here, by contrast, this Court explained why it was holding Strojnik in contempt and supported that finding with detailed factual findings. The Attorney's Fee Order was not

akin to a money judgment like the $190,000 in *Shuffler* because the attorney's fees award was the result of his misconduct in litigating the underlying case, imposed pursuant to a strong public policy of protecting defendants from having to defend frivolous ADA lawsuits and Strojnik was properly ordered to pay the attorney's fees forthwith, and later, by June 28, 2021, but did not.  Accordingly, *Shuffler* does not preclude enforcement of the Attorney's Fees Order through contempt.

## II.

## THIS COURT'S SUBSEQUENT ORDER IMPOSING $22,251 IN ADDITIONAL FEES FOR THE PROSECUTION OF THE OSC RE CONTEMPT IS SEPARATELY PROPER

As discussed in the Statement of Facts, in addition to failing to pay the Attorney's Fees Order, Strojnik was in contempt of this Court's April 27, 2021 Order requiring the production of specific records and its June 15 Order, requiring the production of further records and the immediate payment of $3,500.  All of those violations of this Court's clear and definite orders are enforceable by contempt, and this Court held a hearing on the OSR re Contempt on June 14, 2021.

After the June 14, 2021 evidentiary hearing, this Court awarded an additional $22,251 in reasonable attorney's fees "as compensation for drafting the motion for contempt and preparing for and attending the evidentiary hearing. Compensatory sanctions may be used to 'compensate a party who has suffered unnecessary injuries or costs because of contemptuous conduct.'" *Strojnik v. Vill. 1107 Coronado, Inc.*, No. 2021 U.S. Dist. LEXIS 112456, at *4-5 (S.D. Cal. June 15, 2021) citing *Shell*, 815 F.3d at 629. "[T]he cost of bringing the violation to the attention of the court is part of the damages suffered by the prevailing party and those costs would reduce any benefits gained by the prevailing party from the court's violated order." *Id.*  This Court ordered that those additional fees be paid by June 28, 2021.  Strojnik failed to pay that fee award.  It is not subject to bona fide dispute that a failure to pay an award of attorney's fees incurred in connection with Strojnik's contempt is itself independently enforceable by contempt.  "A court may wield

its civil contempt powers for two separate and independent purposes: (1) 'to coerce the defendant into compliance with the court's order'; and (2) 'to compensate the complainant for losses sustained.'" *Shell Offshore Inc. v. Greenpeace, Inc.*, 815 F.3d 623, 628-30 (9th Cir. 2016).

Moreover, federal courts will award attorneys' fees even in the absence of an applicable statutory or contractual provision when, for example, the losing party acted in bad faith or willfully disobeyed a court order. "These exceptions are unquestionably assertions of inherent power in the courts to allow attorneys' fees in particular situations." *Golden Pisces, Inc. v. Fred Wahl Marine Constr., Inc.*, 495 F.3d 1078, 1081 (9th Cir. 2007). Thus, it is beyond any doubt that this Court is separately entitled to impose the additional $22,251 in attorney's fees incurred directly as a result of obtaining Strojnik's compliance with the several orders of this Court. *See e.g.*, *In re Wallace*, *supra*; *In re Hernandez*, *supra*; *Optronic Techs., Inc. v. Ningbo Sunny Elec. Co.*, No. 5:16-cv-06370-EJD, 2020 U.S. Dist. LEXIS 116931, at *20-21 (N.D. Cal. July 2, 2020)(imposing attorney's fees in connection with contempt motion for failing to pay sanctions); *Innovation Ventures, LLC v. N2G Distrib., Inc.*, No. SA CV 12-00717-AB (Ex), 2014 U.S. Dist. LEXIS 184735, at *62-63 (C.D. Cal. Nov. 4, 2014) ("The Court imposes a compensatory civil fine, and *Shuffler* is inapposite."); *Rob Kolson Creative Prodctions v. Stander*, No. CV 18-6789 VAP (GJSx), 2020 U.S. Dist. LEXIS 135972, at *21-23 (C.D. Cal. May 19, 2020)(holding party in contempt for failing to pay discovery sanctions); *Lovell v. Evergreen Res., Inc.*, No. C-88-3467 DLJ, 1995 U.S. Dist. LEXIS 22824 at *5 (N.D. Cal. Dec. 15, 1995)("An award of attorneys' fees and costs is also an appropriate remedy for civil contempt and is wholly independent of an award of compensatory damages."); *Cook v. Ochsner Found. Hosp.*, 559 F.2d 270, 272 (5th Cir. 1977) (holding that award of attorney's fees compensated party prevailing on contempt motion "for losses or damages" sustained because of noncompliance); *SEC v. AmeriFirst Funding, Inc.*, Civil Action No. 3:07-CV-1188-D, 2008 U.S. Dist. LEXIS 107560, at *14-17 (N.D. Tex. Dec. 11, 2008)("Therefore, the Fee Order, which imposes a lawful contempt sanction, is, like any other court order, enforceable

through contempt."); *FDIC v. LeGrand*, 43 F.3d 163, 168 (5th Cir. 1995) ("the court may order the civil contemnors imprisoned until they comply with the Fee Order or other conditions imposed by the court").

Since Strojnik was plainly in contempt, not only of the Attorney's Fee Order but the April 27, 2021 Order, the June 15, 2021 order and the June 28, 2021 Order, it is time to incarcerate this vexatious litigant until he complies with all of the orders of this Court. As is clear from his June 28, 2021 appearance before this Court, even the threat of incarceration did not motivate him to comply, and it is now time for this Court to show Mr. Strojnik that compliance with court orders is not optional, and use the only tool left in this Court's arsenal to convey that message. As shown by his complete disregard of this Court's June 28, 2021 Order, only coercive incarceration will suffice.

Respectfully submitted,

STILLMAN & ASSOCIATES

Dated: July 15, 2021                    By:_____
                                            Philip H. Stillman, Esq.
                                        Attorneys for defendant VILLAGE 1107
                                        CORONADO, INC.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

I, the undersigned, certify under penalty of perjury that on Jul6 15, 2021 or as soon as possible thereafter, copies of the foregoing Supplemental Memorandum re Contempt was served electronically by the Court's ECF notice to all persons/entities requesting special notice or otherwise entitled to the same and via email to Plaintiff's email address listed with this Court.

By: /s/ *Philip H. Stillman*

Attorneys for VILLAGE 1107 CORONADO, INC.