Peter Strojnik (Sr.),
7847 N. Central Ave.
Phoenix, Arizona 85020
602-524-6602
ps@strojnik.com

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER STROJNIK,<br><br>Plaintiff,<br><br>vs.<br><br>VILLAGE 1017 CORONADO, INC. DBA HOTEL MARISOL CORONADO<br><br>Defendant. | Case No: 19-cv-2210 BAS MSB<br><br>**(1) MOTION TO STRIKE ALL POST DISMISSAL ORDERS AND JUDGMENTS FOR LACK OF SUBJECT MATTER JURISDICTION (IN ADDITION TO CONTEMPT RULINGS VACATED BY ORDER DATED DECEMBER 21, 2021. ECF No. 62); AND**<br><br>**(2) REQUEST TO STRIKE SUPERFLUSOUS, DISPARAGING AND DEFAMATORY STATEMENTS FROM ORDER ECF 62 OR TO PROVIDE SOME BASIS FROM THE RECORD.** |

## INTRODUCTION

On June 16, 2020, the district court dismissed the above cause for lack of subject matter jurisdiction – standing. ECF No. 15. Subsequently, the district court issued two separate attorney's fees awards exceeding $40,000.00 directly to Defense Counsel Mr. Stillman. The district court lacked jurisdiction to issue any attorney's fees awards. *Feezor*, infra. The attorney's fees awards entered in this case are a nullity. *Morongo Band of Ind.*, infra.

Mr. Stillman did not use the writ of execution to collect the improvidently granted attorney's fees. Instead, he represented to the district court that the proper procedure for collecting on a debt is the civil contempt proceeding, coercive incarceration and a debtor's prison. At the time, the district court accepted Mr. Stillman's representations although, to district court's credit, it has now determined that the entire ugly contempt fiasco was based on Mr. Stillman's misuse of the civil contempt proceeding. *See* ECF No. 62 at 2:9-10 ("The proper recourse for Defendant[1] was to execute on the final judgment, not seek civil contempt".)

At a June 28, 2021 hearing, ECF No. 54, – with a squad of US Marshals milling about to take Plaintiff into custody and on to debtor's prison – the district court expressed doubt whether the civil contempt proceeding is the appropriate vehicle for collection of money judgments. District court invited both parties to brief the issue. Following briefing, on December 21, 2021, the district court issued its Order, ECF No. 62, recognizing that its acceptance of Mr. Stillman's contempt, incarceration and debtor's prison method of execution was a grievous error. The district court held that the attorney's fees judgment(s) entered in this case could not be enforced through civil contempt proceedings, coercive incarceration or debtor's prison. The district court also specifically found that "[t]he proper recourse for Defendant was to execute on the final judgment, not seek civil contempt." Dkt. at 2:10-11.

Unfortunately, in its Order, ECF. No 62, the district court again repeated, without any basis in fact and without any evidence or inference from the record, its personal beliefs that "Mr. Strojnik is concealing his substantial income" and that his "lack of candor is repugnant." Dkt. 2 at 2:3-9. The accusations of "concealment", "lack of candor" and "repugnancy" are baseless and defamatory. They must be stricken.

Current Motion seeks to (1) set aside attorney's fees awards and judgment for lack of subject matter jurisdiction and (2) delete factually unsupported defamatory

---

[1] Defendant itself was not actually involved in any part of attorney's fees issue. In fact, there is no indication that Defendant received any of the moneys Plaintiff paid on the judgment. It all went to Mr. Stillman.

statement directed to Plaintiff in Order, ECF No. 62, and particularly the statements found at 2:3-7, where the district court states:

> Ultimately, the Court held an evidentiary hearing. The Court determined that Mr. Strojnik is not credible, is concealing his substantial income, and can pay the attorney's fees award…
>
> …Mr. Strojnik's lack of candor is repugnant…

### 1. District Court Lacked Jurisdiction to Award Attorney's Fees Directly to Mr. Stillman

It is axiomatic that lack of subject matter jurisdiction can be raised at any time.

Once the district court determined that it lacked subject matter jurisdiction, it had to ask whether it retained *any* power to decide *any* matter over which it *had no jurisdiction*.

In *Morongo Band of Ind. v. Cal. St. Bd., Equal.*, 858 F. 2nd 1376, 1380-81 (9th Cir. 1980), the 9th Circuit Court of Appeals answered this question in the negative. The Appellate Court explained the district court loses all power to consider any matter once it finds lack of subject matter jurisdiction:

> If jurisdiction is lacking at the outset, the district court has "no power to do anything with the case except dismiss." 15 C. Wright, A. Miller, E. Cooper, *Federal Practice and Procedure*, § 3844, at 332 (1986) (footnote omitted); accord *United States v. Boe*, 543 F. 2nd 151, 159 (C.C.P.A. 1976) (**when subject matter jurisdiction is lacking, the district court "ha[s] no power to do anything, other than to dismiss the action," and any order other than to dismiss is a nullity**)…If jurisdiction [is] lacking, then the Court's various orders, including the granting to leave to amend the complaint, were nullities. (Emphasis supplied.)

Here, the district court found lack of jurisdiction – standing - but nonetheless considered and entered attorney's judgment against Plaintiff. It had no power to do this. The court does not have jurisdiction to hear a case where the plaintiff has no standing. *Bender v. Williamsport Area Sch. Dist.* 475 U.S. 534, 541-42 (1986). *See also Feezor v. Lopez* fees *De-Jesus*, 439 F. Supp. 2d 1109, 1110-11 (S.D. Cal. 2006) (holding that where district court lacks subject matter jurisdiction it is without power to ward attorney's fees in an ADA case). Accord, *Miles v. California,* 320 F. 3d 986, 988 (9th

Cir 2003) Where, as here, a court has dismissed a case for lack of subject matter jurisdiction, it retains no jurisdiction to award attorney's fees. *Smith v. Brady*, 972 F. 2d, 1095, 1097 (9th Cir. 1988).

The district court lacked jurisdiction to award attorney's fees. Its awards of attorney's fees and attorney's fees judgments are a nullity, *Morongo Band of Ind.,* supra, and must be set aside[2].

**2. Request to Strike Lines 3-7 on Page 2 of Order, ECF 62**

The Order. ECF No. 62, contains the following baseless defamatory statements:

> Ultimately, the Court held an evidentiary hearing. The Court determined that Mr. Strojnik is not credible, is concealing his substantial income, and can pay the attorney's fees award…
>
> …Mr. Strojnik's lack of candor is repugnant…

What is actually repugnant is that the district court's disregard of all authenticated and verified financial documents provided by Plaintiff, including a copy of his 2013 divorce decree, a copy of the first position UCC-1 statement securing spousal maintenance ordered by the domestic relations court, copies of checks and balance statements on all his accounts. Instead, the district court accepted Mr. Stillman's unverified and patently false but repetitive mantra of lies which the district court summarized, "Defendant moved for contempt, highlighting that Mr. Strojnik received hundreds of thousands of dollars in settlement payments just in the past two years." ECF No. 62 at 2:1-2.

The district court disregarded that checking accounts are operating accounts the entire purpose of which is to deposit income and distribute it to pay liabilities. District court also consciously disregarded Plaintiff's production of every check, deposit, and the balance of Plaintiff's operating account hundreds of pages of checks showing *where* the money went and also showing the *actual* balance which showed exactly $93.42 as of

---

[2] In this case, the award attorney's fees directly to Mr. Stillman in the amount of $21,995.00 is particularly troublesome because Mr. Stillman had a $2,500 flat fee agreement with his client. *Compare* ECF No 17-2 (Stillman Declaration falsely claiming that his client owes him hourly fees in the amount of $20,995) with ECF No. 57 (disclosing Mr. Stillman's actual $2,500 flat fee agreement).

March 31, 2021. Plaintiff produced every check, every monthly statement, every deposit to show that every dime, nickel and penny in that checking account was used for expenses and the payment of first position UCC-1 spousal maintenance lien dating back to 2013. ECF Nos. 50, 57. But district court had no interest in these verified and authenticated documents. Instead, it accepted Mr. Stillman's non verified, non-authenticated, but constant, unrelenting and false lies that Plaintiff had "hundreds of thousands of dollars."

Mr. Stillman created a false illusion through a relentlessly repetitive set of lies. The belief in the false illusion is not hearer's fault – the illusion is designed to persuade by repetitive lies. The fault is squarely on Mr. Stillman, the creator of the relentlessly false propaganda and the proponent of the lie that there are "hundreds of thousands of dollars" in Plaintiff's checking account when he knew full well that this was patently untrue because Plaintiff provided *him* with complete accounting.

Ultimately, what is repugnant about this case is the district court's unjustifiably threatening Plaintiff with debtor's prison. District court visually communicated the seriousness of her intent to sentence Plaintiff to debtor's prison by having an entire squad U.S. Marshalls waiting to arrest him at the June 28, 2021 hearing. *This* is what is repugnant about the case. But what is *even more* repugnant about the case is that on the very same day the district court summoned the entire squad of U.S. Marshalls to arrest and incarcerate Plaintiff, on June 28, 2021, the district court already knew it had no power to enforce payment of judgment through coercive incarceration in the debtor's prison. From the bench, the district court cited to *In Re Wallace,* 490 B.R. 898, 906 (B.A.P. 9th Cir 2013) and *Shuffer v. Heritage Bank,* 720 F. 2nd 1141 (9th Cir. 1983)³. Both cases confirm that

---

³ Minute Entry for proceedings held before Judge Cynthia Bashant: Contempt Hearing held on 6/28/2021. Defendant ordered to brief whether contempt process is available in light of In re Wallace, 490 B.R. 898, 906 (B.A.P. 9th Cir. 2013), and Shuffler v. Heritage Bank, 720 F.2d 1141 (9th Cir. 1983). Both parties may submit a brief by July 14, 2021. Mr. Strojnik ordered to overnight mail $3,500 payment to Defendant. Mr. Strojnik ordered to continue making prompt payments. Mr. Strojnik ordered to provide records from $1.2million in donations to the Court by July 2, 2021. Mr. Strojnik also

the proper collection process is through writ of execution, not the threat of coercive incarceration or intimidation of judgment debtor with a squad of US Marshalls. The district court specifically referenced the cases in its minute entry, ECF No. 54[4].

Plaintiff provided the district court with true and correct copies of every conceivably requested financial document requested, including a copy of his 2013 divorce decree which granted Plaintiff's former wife a first position UCC-1 security interest, the 344 page AID Foundation accounting showing that the moneys were assigned to AID, copies of checks and deposits made in Plaintiff's accounts. There is nothing in the record suggesting that *any* of the information provided by Plaintiff was not 100% accurate, authenticated, and documented.

Unless *anyone* can identify *any* evidence in the record that disputes *any* statement made or document produced by Plaintiff, the unwarranted and falsely disparaging statements in ECF No. 62 must be removed.

RESPECTFULLY SUBMITTED this 3rd day of January 2022.

**PETER STROJNIK**

Plaintiff

Mailed to the District Court this 3rd day of January, 2022.
Copy emailed to Mr. Stillman.

---

ordered to provide canceled checks for the Lunar Eclipse account by July 2, 2021. Contempt order (ECF No.45) continued 8/2/2021 03:00 PM in Courtroom 4B before Judge Cynthia Bashant... (Entered: 06/29/2021)

[4] In *In re Wallace*, 490 B.R. 898, 906 (B.A.P. 9th Cir. 2013), the Court confirmed that "the proper means to secure compliance with a money judgment is to seek a writ of execution'" (citing cases). And in *Shuffler v. Heritage Bank,* 720 F.2d 1141, 1148 (9th Cir. 1983), the Court held that ""to the extent the order of contempt [is] intended to enforce payment, it cannot be sustained."