**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PETER STROJNIK,<br><br>                        Plaintiff,<br><br>    v.<br><br>VILLAGE 1107 CORONADO, INC.,<br><br>                        Defendant. | Case No. 19-cv-02210-BAS-MSB<br><br>**ORDER DENYING MOTION TO STRIKE POST-DISMISSAL ORDERS AND STATEMENTS FROM ORDER (ECF No. 63)** |

Plaintiff Peter Strojnik, Sr. asks the Court to strike two sets of items from the record: (1) the Court's post-dismissal attorney's fee order and judgments; and (2) several statements from the Court's order vacating its contempt finding. The first request lacks merit because the Court already addressed its jurisdiction to award attorney's fees. The second request falters because Mr. Strojnik provides no authority to support it, and the Court's statements provide context for its ruling. Therefore, the Court denies Mr. Strojnik's motion to strike.

**I.   Background**

Although Mr. Strojnik was a practicing attorney in Arizona, he has been disbarred by that state, so he is representing himself. Most recently, the Court granted Mr. Strojnik's request to reconsider and vacate the Court's contempt rulings ("Reconsideration Order").

(ECF No. 62.) The Reconsideration Order details how this unremarkable disability discrimination case turned into a series of contempt hearings, and the Court incorporates that summary here. (*Id.* 1:23–7:22.)

Since then, the Ninth Circuit dismissed Mr. Strojnik's appeal for lack of jurisdiction because this Court vacated the order he challenged. (ECF No. 65.) Mr. Strojnik now returns to the Court with a request to strike various post-judgment items and remove certain statements from the Reconsideration Order. (Mot., ECF No. 63.) No additional briefing on the motion is necessary.[1]

**II.  Analysis**

    **A.  Post-Judgment Items**

Mr. Strojnik first argues the Court lacked jurisdiction to award attorney's fees after it determined he lacked standing to bring this suit. The Court already addressed this argument in awarding attorney's fees against Mr. Strojnik:

> Plaintiff argues first that Defendant was not the prevailing party in this case because the case was dismissed for lack of subject matter jurisdiction. However, as Mr. Strojnik well knows, the Ninth Circuit has rejected this argument. *Amphastar Pharmaceuticals Inc. v. Aventis Pharma SA*, 856 F.3d 696, 709 (9th Cir. 2017) (dismissing a case for lack of subject matter jurisdiction is "a significant victory and permanently changes the legal relationship of the parties"). He raised this exact argument in Advocates for Individuals with Disabilities, where the Arizona court pointed out to him that *Amphastar* allows a Defendant *to recover attorney's fees in similar circumstances*. 2018 U.S. Dist. Lexis 123795, at *13-14.

(Order 5:16–24 (emphasis added), ECF No. 22.) The Court will not revisit that issue, and to the extent Mr. Strojnik's motion is a request for reconsideration, it is both untimely and does not satisfy the reconsideration standard or any applicable rule for relief from an order or judgment. Hence, the first part of his motion is denied.

---

[1] The Court finds this motion suitable for determination on the papers submitted and without oral argument. *See* Fed. R. Civ. P. 78(b); Civ. L.R. 7.1(d)(1).

### B. Statements in Reconsideration Order

Mr. Strojnik next requests the Court strike statements from its Reconsideration Order. He provides no authority for this request, and the Court finds it unpersuasive on that basis. Regardless, the Court will not amend or strike parts of its Reconsideration Order because Mr. Strojnik disagrees with the Court's statements. The Court included those facts and determinations because they explain why the Court found Mr. Strojnik in contempt and threatened increasingly serious consequences. The fact that contempt was ultimately not the appropriate mechanism in this case does not excuse Mr. Strojnik's lack of candor to the Court. And the transcript of Mr. Strojnik's testimony, viewed in light of the Court's unfavorable assessment of his credibility, amply supports the Court's statements. (ECF No. 60.) The Court will not revisit those issues. Consequently, the second request in his motion lacks merit.

### III. Conclusion

For the foregoing reasons, the Court **DENIES** Mr. Strojnik's motion to strike (ECF No. 63).

**IT IS SO ORDERED.**

DATED: April 20, 2022

Hon. Cynthia Bashant
United States District Judge